UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0353 (JR) |
| ) | |
| CARLOS M. GUTIERREZ, Secretary, ) | |
| U.S. Department of Commerce, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION FOR ENLARGEMENT OF TIME

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendant Carlos M Gutierrez, Secretary, United States Department of Commerce, by and through undersigned counsel, respectfully moves this Court to enlarge the time to answer or otherwise respond to the Amended Complaint.

Defendant requests that the deadline for responding be extended by forty five days, from November 2, 2007 to December 17, 2007. This is Defendant's second request for an enlargement of time on his deadline for responding to Plaintiff's Amended Complaint in this case, and no scheduling order has been entered. Pursuant to Local Rule 7(m), on November 2, 2007, the undersigned counsel for the Defendant called Plaintiff's counsel to discuss the above motion, and Plaintiff's counsel advised government counsel that he did not consent to the requested enlargement of time.

In support of this motion, Defendant avers the following:

1. On August 13, 2007, Plaintiff filed an Amended Complaint in this action. See Docket Entry Nos. 5 and 6. As a result of the filing of Plaintiff's Amended Complaint, Defendant's Answer or other response to Plaintiff's First Amended Complaint was originally due by August

30, 2007.  See Fed. R. Civ. Pro. 6(a), 6(e), 15(a).

2.  On August 23, 2007, the undersigned counsel was informed by Plaintiff's counsel of a shocking and saddening development: that his client had passed away.  On August 29, 2007, Plaintiff filed a Suggestion of Death with the Court.  See Docket Entry No. 7.

3.  On August 30, 2007, Defendant filed a Consent Motion for Enlargement of Time.  See Docket Entry No. 8.  In that Motion, Defendant respectfully requested that his deadline for responding to Plaintiff's Complaint be extended by thirty days, from August 30, 2007 to October 1, 2007, so that the parties could continue the settlement discussions which had begun and were at a very preliminary stage at that point.  Id.  This enlargement was also sought to enable counsel for Defendant and the agency counsel assigned to this matter to ascertain how, if at all, the death of Plaintiff might impact upon the settlement discussions then underway and any response that they might wish to file in response to Plaintiff's Amended Complaint, should the settlement discussions prove unavailing.  Id.

4.  In response to these developments, on August 31, 2007, the Court issued an order *sua sponte* instructing that the government could have until 21 days following the entry of a Rule 25(a)(1) substitution order within which to answer, move or otherwise plead to the complaint. See Docket Entry No. 9.  In its order, the Court explained that "[i]n view of the recent suggestion of plaintiff's death upon the record, and of Rule 25's allowance of a 90-day period for the substitution of parties, it seems prudent to extend the government's time to answer for longer than the period requested."  Id.  The court further noted that "[i]f the parties can use the additional time to work out a settlement, so much the better."  Id.

5.  On September 6, 2007, the undersigned counsel learned for the first time that the

agency counsel who had originally been assigned to this matter would be leaving the agency to take another job. On or around September 18, 2007, this case was reassigned to a different agency counsel.

6. On the morning of October 9, 2007, Plaintiff's counsel filed a Motion to Substitute the Estate of Gerald Grossman in place of the deceased Plaintiff Gerald Grossman. See Docket Entry No. 10. Plaintiff's counsel did not discuss this motion with the undersigned counsel for Defendant before he filed his Motion, as Local Civil Rule 7(m) requires.

7. On October 12, 2007, the Court granted Plaintiff's Motion to Substitute. See Minute Order dated October 12, 2007. Consequently, by operation of the Court's August 31, 2007 order, Defendant's Answer or other Response to Plaintiff's Amended Complaint is currently due by November 2, 2007.

8. The undersigned counsel engaged in good faith settlement negotiations between August 31, 2007 and the present. He did not use this period to work on a response to Plaintiff's Amended Complaint because he believed that it was possible that the parties would be able to reach an agreement in principle on a settlement of this action.

9. Through and including today, November 2, 2007, the parties attempted but were unable to reach a settlement agreement.

10. On November 1, 2007, the undersigned counsel unsuccessfully attempted to contact Plaintiff's counsel to discuss this case. After several attempts, on November 2, 2007, the undersigned counsel and agency counsel succeeded in reaching Plaintiff's counsel. During their conversation, Plaintiff's counsel informed the undersigned that he would not consent to this enlargement, and that he would recommend to his client that this matter proceed to litigation.

11. The undersigned counsel does not expect this case to settle, and no longer believes that further settlement negotiations will be fruitful.

12. Since August 31, 2007, in addition to attempting to negotiate a settlement in this matter, the undersigned counsel has contended with numerous deadlines in his other cases. During that period, he prepared and filed the following pleadings, among others: (1) a Motion to Dismiss, or in the Alternative, for Summary Judgment in West v. Jackson, Civil Action No. 07-0727 (D.D.C.) (filed on September 4, 2007); (2) a Reply brief in Bonaparte v. United States Department of Justice, Civil Action No. 07-749 (D.D.C.) (filed on September 7, 2007); (3) a Reply brief in Watts v. Gonzalez, Civil Action No. 06-777 (D.D.C.) (filed on September 12, 2007); (4) a Motion for Summary Judgment in Federal Cure v. Lappin, Civil Action No. 07-843 (D.D.C.) (filed on September 18, 2007); and (5) a Motion to Reconsider the Court's June 25, 2007 Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* in Isasi v. United States, Civil Action No. 06-2222 (D.D.C.) (filed on October 29, 2007). In addition, during this period, the undersigned counsel has participated in four depositions and contended with numerous discovery related deadlines in connection with two of his other cases: Von Muhlenbrock v. Billington, Civil Action No. 05-1921 (D.D.C.) ("Von Muhlenbrock") and Delgado v. Gonzales, Civil Action No. 07-0256 (D.D.C.) ("Delgado").
During this period, he also handled a number of additional matters related to his other case assignments.

13. Within the next forty five (45) days, the undersigned counsel for Defendant will have numerous briefing deadlines in his other cases, including: (1) a dispositive motion in response to the Amended Complaint in Murthy v. Conner, Civil Action No. 06-2208 (D.D.C.) (due by

November 8, 2007); and (2) an Answer or Other Response to the Complaint in <u>Keller v. Springer</u>, Civil Action No. 07-1388 (D.D.C.) (due by November 19, 2007).  During this period, the undersigned counsel will also need to contend with discovery related deadlines in connection with his <u>Von Muhlenbrock</u> and <u>Delgado</u> cases.  He will also be one of two attorneys responsible for representing the Defendant at a damages trial which is currently scheduled to begin on December 10, 2007 in <u>Dugar, et. al. v. Washington Metropolitan Area Transit Authority, et. al.</u>, 05-1500 (D.D.C.).

     14.   Due to the recent departure of the initial agency counsel, another agency counsel must familiarize herself with the facts underlying this case.  The agency counsel currently assigned to this matter will have imminent briefing deadlines in several EEO administrative cases.  Within the next 45 days, agency counsel will be required to travel out of state to attend depositions in <u>Victor Honda v. Department of Commerce</u>, Civil Action No. CV05-000391-HG/BMK.   Agency counsel is also involved in settlement negotiations in several additional EEO administrative cases.  Finally, agency counsel is currently responsible for numerous employee relations matters within the Department of Commerce, including advising program offices on potential litigation in a number of matters.  The agency counsel will need additional time to examine the Department of Commerce records and consider the merits of Plaintiff's legal claims and factual allegations concerning the twelve (12) vacancy announcements Plaintiff has placed at issue in its amended Complaint.

     This extension is sought in good faith and will not unfairly prejudice any party.  Allowing Defendant some additional time to formulate its response will aid both the parties and the Court in the development and resolution of this case.

WHEREFORE, based on the foregoing, Defendant respectfully requests that his time for answering or otherwise responding to Plaintiff's Amended Complaint be extended to December 17, 2007.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 2nd day of November, 2007, the foregoing *Motion for Enlargement of Time* was served upon Plaintiff's counsel pursuant to the Court's Electronic Case Filing System, addressed to:

    Nathaniel D. Johnson, Esq.
    Nathaniel D. Johnson & Associates, L.L.C.
    3475 Leonardtown Road
    Suite 200
    Waldorf, MD 20602


    __/s/_____
    JONATHAN C. BRUMER, D. C. BAR # 463328
    Special Assistant United States Attorney
    555 Fourth Street, N.W., Room E4815
    Washington, D.C. 20530
    (202) 514-7431
    (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS M. GUTIERREZ, Secretary, )<br>U.S. Department of Commerce, )<br>)<br>Defendant. )<br>                                            ) | Civil Action No. 07-0353 (JR) |

## **ORDER**

UPON CONSIDERATION of Defendant's *Motion for Enlargement of Time* to respond to the complaint, and the record herein, and it appearing that good cause exists for the requested extension, it is this _____ day of _____, 2007,

ORDERED, that Defendant's Motion be, and hereby is, GRANTED, and it is

FURTHER ORDERED, that Defendant shall have until December 17, 2007, to respond to the Amended Complaint.

_____
JAMES ROBERTSON
United States District Court Judge

Copies of this order to:

Nathaniel D. Johnson, Esq.
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530