UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN,   )<br>                                                        )<br>            Plaintiff,                       )<br>                                                        )<br>       v.                                        )       Civil Action No. 07-0353 (JR)<br>                                                        )<br>CARLOS M. GUTIERREZ, Secretary, )<br>U.S. Department of Commerce,     )<br>                                                        )<br>            Defendant.                   )<br>                                                        ) | |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Counsel for the parties conducted the meeting required by Local Civil Rule 16.3 on December 3, 2007, December 17, 2007, and December 18, 2007.  Pursuant to the rules of this Court, the parties submit this report regarding the conference:

Joint Statement of the Case: Plaintiff, the Estate of Gerald Grossman, successors of interest to the late Plaintiff, Gerald Grossman, claim that the Department of Commerce subjected Mr. Grossman to employment discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*.  Specifically, Plaintiff's Amended Complaint alleges that he applied for twelve (12) separate vacancies, and that individuals under the age of 62 were selected for eight (8) separate vacancies.  Defendant denies Plaintiff's allegations of discrimination, contends that there are legitimate, non-discriminatory reasons for each of the actions by the Department of Commerce about which Plaintiff complains, and notes that several of Plaintiff's allegations are untimely and fail to state a claim upon which relief can be granted.

Statement of Jurisdiction:  Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq*.

1. <u>Dispositive Motions</u>:  Defendant intends to file a pre discovery fully or partially dispositive Motion and proposes to do so within 30 days of the issuance of a scheduling order in this case.  Defendant requests that discovery be stayed until such time as a decision is issued on Defendant's pre discovery motion.

With respect to whatever claims survive Defendant's pre discovery dispositive motion, Defendant intends to file a dispositive motion following discovery.  Plaintiff anticipates that he will file an Opposition to any such motion.  Defense counsel anticipates that he will file a Reply brief in support of his pre discovery Motion.

Plaintiff opposes Defendant's request to stay discovery or Defendant's request to file a pre-discovery motion prior to the Court's Scheduling Order.

2. <u>Joinder/Amendment/Narrowing</u>:  The parties do not anticipate that it will be necessary or appropriate to join additional parties.  The parties do not foresee that the factual and legal issues can be agreed upon at this time.  However, Defendant anticipates that the legal issues will be substantially narrowed by pre discovery motion.  The parties do not anticipate any amendment of the pleadings at this stage, unless discovery reveals facts that may so require.

3. <u>Assignment To Magistrate Judge</u>:  The parties do not agree to the assignment of a Magistrate Judge for all purposes.

4. <u>Settlement Possibility</u>:  At this juncture, the parties do not anticipate early settlement of this matter.  The parties may revisit this issue once discovery is underway or upon participation in Alternative Dispute Resolution.

5. <u>Alternative Dispute Procedures</u>: The parties are amenable to any mediation or

Alternative Dispute Resolution ("ADR") which the Court may order, and believe that this case might benefit from ADR. Defendant believes that ADR would be most beneficial after Defendant has filed his pre discovery dispositive motion and prior to the commencement of discovery.

6. <u>Dispositive Motions</u>: Defendant proposes to file a pre discovery fully or partially dispositive motion within 30 days of the issuance of a scheduling order in this case. Defendant further proposes that Plaintiff file its Opposition within 30 days following the filing of Defendant's pre discovery dispositive motion, and that Defendant shall then file a Reply within 30 days after Plaintiff's filing of an Opposition.

Should Defendant deem the filing of a Motion to Dismiss, or in the Alternative, for Summary Judgment to be appropriate post discovery, Defendant proposes that he file this dispositive motion within 60 days after the close of discovery. Defendant further proposes that, in such an instance, Plaintiff shall file its Cross-Motion and/or Opposition within 30 days following the filing of Defendant's dispositive motion, and that Defendant shall then file a Reply and/or Opposition within 30 days after Plaintiff's filing of a Cross motion and/or Opposition. The parties agree that, if Plaintiff files a Cross Motion and Defendant then files an Opposition and/or Reply, Plaintiff's Reply shall be due within 15 days after Defendant's filing of his Opposition and/or Reply brief.

Plaintiff opposes the filing of a pre-discovery dispositive motion by Defendant.

7. <u>Initial Disclosures</u>: Defendant proposes that the parties <u>not</u> waive initial disclosures, and proposes that initial disclosures shall be exchanged within 30 days after the issuance of a decision on Defendant's pre discovery dispositive motion. Plaintiff proposes that the initial

disclosure requirement be waived.

8. Discovery:  Defendant proposes that discovery shall last for four months from the date that the Court issues a decision on Defendant's pre discovery fully or partially dispositive motion.  The parties agree that a protective order may be necessary at some point in this litigation in order to protect documents covered by the Privacy Act, 5 U.S.C. § 552a; and any other confidential documents and information.  The parties agree to a limit of 25 interrogatories and 10 depositions each.  Plaintiff proposes that discovery proceed for four months from the date of issuance of a scheduling order in this case.

9. Expert Witness Lists:  Although Defendant does not anticipate using expert witnesses, his position may change during the course of discovery in this case and/or if Plaintiff decides to designate one or more expert witnesses.  The parties agree to exchange expert reports as required by rule 26(a)(2) and that any expert depositions shall occur within the discovery period.

10. Class Action Procedures:  Not applicable.

11. Bifurcation of Discovery or Trial:  The parties agree that no bifurcation of the case is appropriate.

12. Proposed Date For The Pretrial Conference:  The parties believe that a pretrial conference should be set at a date convenient to the Court following the ruling on any post discovery dispositive motion or motions which may be filed by the parties.

13. Trial Date:  Should a trial be necessary in this case, the parties propose that the date should be set at the pretrial conference and that it be within 30 to 60 days after that pretrial conference.

14. Other Matters:  None.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

Counsel for Defendant

__/s/_____
Nathaniel D. Johnson (Federal 14729 MD)
Law Firm of Nathaniel D. Johnson. LLC
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602
(301) 645-9103
Fax: (301) 861-0411

Attorney for Plaintiff Estate of Gerald Grossman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0353 (JR) |
| ) | |
| CARLOS M. GUTIERREZ, Secretary, ) | |
| U.S. Department of Commerce, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S PROPOSED INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Joint Report of Local Rule 16.3 Conference submitted by the parties and the entire record herein, it is this ____ day of _____, 2007,

ORDERED that the parties shall abide by the following dates and deadlines:

| | |
|---|---|
| Defendant's Pre Discovery Partially or Fully Dispositive Motion | Within 30 days of the issuance of a scheduling order in this case |
| Plaintiff's Opposition to Defendant's Pre Discovery dispositive motion | Within 30 days following the filing of Defendant's pre discovery dispositive motion |
| Defendant's Reply Brief | Within 30 days after Plaintiff's filing of an Opposition to Defendant's pre discovery dispositive motion |
| Deadline for exchange of Initial Disclosures | Within 30 days after the issuance of a decision on Defendant's pre discovery dispositive motion |
| Close of all discovery | Four months after the date that the Court issues a decision on Defendant's pre discovery dispositive motion |
| Deadline for Defendant's Post Discovery Dispositive Motion | 60 days after the close of discovery |

| | |
|---|---|
| Deadline for Plaintiff's Cross-Motion and/or Opposition to Defendant's Post Discovery dispositive motion | 30 days after the filing of Defendant's dispositive motion |
| Deadline for Defendant's Reply and/or Opposition | 30 days after Plaintiff's filing of a Cross Motion and/or Opposition |
| Deadline for Plaintiff's Reply | 15 days after Defendant's filing of an Opposition and/or Reply brief |
| Pretrial Conference | A date convenient to the Court, following its ruling on the post-discovery dispositive motion(s) |
| Trial Date | Should a trial be necessary in this case, the date would be set at the pretrial conference, and it would be within 30 to 60 days after the pretrial conference |

_____
JAMES ROBERTSON
United States District Court Judge

Copies of this order to:

Nathaniel D. Johnson
Law Firm of Nathaniel D. Johnson. LLC
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0353 (JR) |
| ) | |
| CARLOS M. GUTIERREZ, Secretary, ) | |
| U.S. Department of Commerce, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>PLAINTIFF'S PROPOSED INITIAL SCHEDULING ORDER</u>**

UPON CONSIDERATION of the Joint Report of Local Rule 16.3 Conference submitted by the parties and the entire record herein, it is this ____ day of _____, 2007,

ORDERED that the parties shall abide by the following dates and deadlines:

| | |
|---|---|
| Close of all discovery | Four months after the date of issuance of a scheduling order in this case |
| Deadline for Defendant's Post Discovery Dispositive Motion | 60 days after the close of discovery |
| Deadline for Plaintiff's Cross-Motion and/or Opposition to Defendant's Post Discovery dispositive motion | 30 days after the filing of Defendant's dispositive motion |
| Deadline for Defendant's Reply and/or Opposition | 30 days after Plaintiff's filing of a Cross Motion and/or Opposition |
| Deadline for Plaintiff's Reply | 15 days after Defendant's filing of an Opposition and/or Reply brief |
| Pretrial Conference | A date convenient to the Court, following its ruling on the post-discovery dispositive motion(s) |

| | |
|---|---|
| Trial Date | Should a trial be necessary in this case, the date would be set at the pretrial conference, and it would be within 30 to 60 days after the pretrial conference |

_____
JAMES ROBERTSON
United States District Court Judge

Copies of this order to:

Nathaniel D. Johnson
Law Firm of Nathaniel D. Johnson. LLC
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530