## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF GERALD GROSSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0353 (JR) |
| | ) | |
| CARLOS M. GUTIERREZ, Secretary, | ) | |
| U.S. Department of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Carlos M. Gutierrez, Secretary, United States Department of Commerce, by and through undersigned counsel, respectfully moves this Court pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's claims in this action on the grounds that several of Plaintiff's claims fail to state a claim upon which relief can be granted. In the alternative, Defendant moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting Defendant summary judgment on the grounds that no genuine issue of material fact exists with respect to Plaintiff's claims and Defendant is entitled to judgment as a matter of law as to those claims. In support of this motion, Defendant respectfully refers the Court to the accompanying Statement of Material Facts As To Which There Is No Genuine Dispute, Memorandum of Points and Authorities, and Exhibits. A proposed order is also attached.

Dated: January 18, 2008

Respectfully submitted,

/s/ J. A Taur (by RC)

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/

JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

<div align="center">

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

</div>

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS M. GUTIERREZ, Secretary, )<br>U.S. Department of Commerce, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 07-0353 (JR) |

<div align="center">

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

**INTRODUCTION**

</div>

Defendant Carlos M. Gutierrez, Secretary, United States Department of Commerce, by and through the undersigned counsel, respectfully moves this Court for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56(c).

The Plaintiff in this action, the Estate of Gerald Grossman, successors of interest to the late former Plaintiff Mr. Gerald Grossman, claim that the United States Department of Commerce ("DOC") subjected Mr. Grossman to employment discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*. Specifically, Plaintiff's Amended Complaint alleges that Mr. Grossman applied for twelve (12) separate vacancies, and that individuals under the age of 62 were selected for eight (8) separate vacancies. See Docket Entry No. 6, Amended Complaint ("Am. Compl.") at 2-3, ¶¶ 9-10.

Defendant denies Plaintiff's allegations of discrimination, contends that there are legitimate, non-discriminatory reasons for each of the actions by the DOC about which Plaintiff

complains; and notes that several of Plaintiff's allegations are untimely and fail to state a claim upon which relief can be granted. This Court should dismiss Plaintiff's claims concerning every one of twelve (12) of the non-selections which Plaintiff has attempted to put at issue in this action for the reasons set forth in this brief – some on more than one basis.

First, Plaintiff failed to exhaust his administrative remedies in good faith because he failed to cooperate in the EEO investigation. Second, Plaintiff failed to timely exhaust its administrative remedies with regard to five (5) of these vacancies, and this case does not present (nor has Plaintiff alleged) any extraordinary circumstances which militate in favor of equitable tolling. Third, Plaintiff fails to state a claim upon relief can be granted with regard to four of the vacancies because the DOC did not make a selection for any of them. Fourth, Plaintiff fails to establish a *prima facie* case with regard to at least seven of the vacancies because: (a) Mr. Grossman did not even apply for some of them; (b) he withdrew his applications for one vacancy after applying; (c) NOAA did not find him qualified for some of the vacancies for which he applied; and (d) in at least one case, because the selectee was not substantially younger than the deceased applicant. Additionally, Defendant has legitimate, nondiscriminatory reasons all of its selections, and the Plaintiff can not establish that those reasons are a pretext for discrimination. Finally, Plaintiff's claim for compensatory damages and for damages for emotional distress should be dismissed as it is well established that such a recovery is unavailable as a matter of law under the ADEA.

## STATEMENT OF FACTS AND PRIOR PROCEEDINGS

## I.   BACKGROUND ON THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION AND THE NATIONAL WEATHER SERVICE

The Department of Commerce consists of various bureaus, one of which is the National Oceanic and Atmospheric Administration ("NOAA" or "the Agency"). See, e.g., Home Page of

the DOC, http://www.commerce.gov/ (listing bureaus within the DOC, including NOAA). NOAA is made up of a number of line offices, one of which is the National Weather Service ("NWS"). The NWS "provides weather, hydrologic, and climate forecasts and warnings for the United States, its territories, adjacent waters and ocean areas, for the protection of life and property and the enhancement of the national economy." See, e.g., Mission Statement of the NWS, available on the NWS's website at http://www.weather.gov/mission.shtml.

The National Centers for Environmental Prediction ("NCEP") is a specialized office within the NWS. See Listing of "NWS Offices and Centers" on NWS's website, *available at* http://www.nws.noaa.gov/organization.php. NCEP delivers national and global weather, water, climate and space weather guidance, forecasts, warnings and analyses. See Website of NWS's NCEP, page regarding "[t]he NCEP Mission," available at http://wwwt.ncep.noaa.gov/mission/.

NCEP itself is divided into several offices including the Hydrometeorological Prediction Center ("HPC"), which provides nationwide analysis and forecast guidance products out through seven days and the Ocean Prediction Center ("OPC"), which issues weather warnings and forecasts out to five days for the Atlantic and Pacific Oceans. See http://wwwt.ncep.noaa.gov/.

**II.    FACTUAL BACKGROUND ON PLAINTIFF, NOAA'S HIRING PROCESS, AND THE TWELVE VACANCIES PLAINTIFF HAS PLACED AT ISSUE**

Gerald Grossman was born on ▆▆▆▆▆▆, 1943. See, e.g., Exhibit ("Ex.") 4, Report of Investigation ("ROI"), Tab 8 at 2. Mr. Grossman was employed as a meteorologist at NOAA, NCEP between 1972 and August 1985. See Ex. 56 (All Applicant Data Report for Gerald Grossman for Vacancy Announcement NWS-NCEP-2005-0017) at 2; Ex. 9, Declaration of Robert W. Kelly, ¶ 4; see also Ex. 56 at 1 (response to question number 12). However, he left the agency in 1985, and was not an employee of NOAA (or any other branch of the DOC or federal government) at the time that he applied for any of the vacancies at issue in this action.

See Ex. 56 at 1 (response to question numbers 2 and 12); id. at 4; see also Ex. 9, Declaration of

Robert W. Kelly, ¶ 4. During his tenure at NOAA, Mr. Grossman never performed the sort of

duties that NCEP currently carries out. See Ex. 9, ¶ 4.

Between 1985 and 1995, Mr. Grossman worked as a "Commodity Trading Advisor who

managed funds and traded weather sensitive commodities" such as "agriculture and energy

futures markets." See Ex. 56 at 4. Between 1996 and the time that he applied for the vacancies

at issue in this case (the mid 2000s), he worked as "a weather forecasting consultant for large

commodity funds." Id. at 4; see also, e.g., Ex. 12 at 2 (indicating that Mr. Grossman was

working as a "sole proprietor" at the time of one of his applications); Ex. 13 at 2 (same).

In this action, Plaintiff alleges that Mr. Grossman applied for twelve (12) vacancies

within NOAA, that he was not selected for any of them, and that this was due to age

discrimination by the Agency. See Am. Compl. at 2, ¶ 9. In the next section, each of those

vacancies are discussed in turn.

NOAA's hiring process is automated. See Ex.10, Whitehead Decl. at ¶ 4. Applicants

submit their applications through an online system, which automatically scores each applicant

based on his or her responses to certain questions. See id. at ¶ 4. During the relevant period,

NOAA used the Commerce Opportunities On-Line ("COOL") system as its online hiring

system. Id. at ¶ 4. At present, NOAA uses a program known as QuickHire. Id. at ¶ 4. Both the

old and current hiring systems can create electronic vacancy announcements, can generate a List

of Applicants for each vacancy announcement, and can generate Applicant Referral Certificates,

which are sent to the relevant selecting official for a given vacancy announcement. Id. at ¶ 4.

**A.     Vacancy Announcement Number H-NWS-04101-GCM**

On August 17, 2004, NCEP issued Vacancy Announcement Number ("No.") H-NWS-

04101-GCM, for the position of Meteorologist, GS-1340-13, within the NWS, NCEP, HPC.  See Ex. 8, Vacancy Announcement No. H-NWS-04101-GCM. The vacancy closed on September 20, 2004.  Id. at 1.  The Vacancy Announcement indicated that the selectee would be expected to, among other things, "[p]repare meteorologically consistent, high quality, and timely forecast products including . . . model diagnostics discussion, quantitative precipitation forecasts, probabilistic snow/icing products, tropical storm tracks, excessive rainfall forecasts, and all accompanying narratives as required at each desk." Id. at 1.

The recommending official for this position (and for many of the other positions at issue in this action) was Robert Kelly, the Chief of the Hydrometeorological Prediction Center's Forecast Operations Branch. See Ex. 9, Declaration of Robert Kelly ("Kelly Decl.") at ¶¶ 1-2; see also Ex. 52, at 1.  Mr. Kelly's date of birth ("DOB") is ████████, 1950.  See, e.g., Ex. 52, ROI, Tab 12 at 1, Declaration of Robert Kelly, dated December 15, 2005. The selecting official for this position (and for many of the other positions at issue in this action) was Dr. James E. Hoke, the Director of the HPC.  See Ex. 9 at ¶ 2.  Mr. Hoke was born on ██████, 1948.  See Ex. 53, ROI, Tab 11 at 2, Declaration of James E. Hoke at 1.

Vacancy Announcement No. H-NWS-04101-GCM was advertised under both the Delegated Examining Authority ("DEU")[1] and Merit Assignment Plan ("MAP").[2]  Six applicants

---

[1]  The Delegated Examining Authority ("DEU") is the authority the Office of Personnel Management ("OPM") grants to agencies to fill competitive civil service jobs with:  (1) applicants applying from outside the Federal workforce, (2) Federal employees who do not have competitive service status, or (3) Federal employees with competitive service status. See, e.g., OPM's Delegated Examining Operations Handbook (May 2007), Chapter 1, *available at* https://www.opm.gov/deu/Handbook_2007/DEO_Handbook.pdf; see also 5 U.S.C. 1104(a)(2); 5 C.F.R. § 337.201.

[2]  The Merit Assignment Program ("MAP") accepts applications from status candidates, reinstatement eligibles, veterans with three or more years of honorable military service, and non-competitive appointing authority eligibles. See Ex. 10, Declaration of Sharon Whitehead ("Whitehead Decl.")  at ¶ 3.

applied for the position under the DEU announcement, and six applicants applied for the position under the MAP announcement. See Ex. 11, DEU List of Applicants for this vacancy; see also Ex. 12, MAP List of Applicants for this Vacancy. Mr. Grossman applied under the MAP announcement, but not the DEU announcement. Id.[3] After responding to the on-line questions under the MAP announcement, Mr. Grossman received a score of 44.46/100.[4] See Ex. 12 at 2. Mr. Grossman was placed on the MAP Applicant Referral Certificate and his application was designated a "Non-Competitive Referral[]." See Ex. 13. Four candidates were interviewed for the position. See id.

During the period that the various applications for this vacancy were under consideration, Mr. Kelly sent a memorandum to Mr. Hoke in which he recommended James A. Cisco for the position, and explained in detail why he believed him to be superbly qualified for it. See Ex. 15, September 30, 2004 Memorandum from Mr. Kelly to Dr. James Hoke. Among other things, Mr. Kelly noted the following in his memorandum: (1) that "Jim [Cisco] ha[d] been a meteorologist at HPC since 1994, and in that time has worked at the Surface Analyst position as well as his current position at Basic Weather"; (2) that Mr. Cisco "is already qualified to work QPF and Model Diagnostics, and has had training in Medium Range"; (3) that "[h]e has been [a] focal point for the Surface Analysis, Basic Weather, and Diversity Programs"; (4) that "[h]e was awarded a group Bronze Medal for his SPA work in 1999, and was included in the group awards for HPC restructuring (Organization Bronze, 2001) and Hurricane Floyd (Organization Gold, 2000)"; (5) that "he has been awarded several cash awards for job performance during the past

---

[3] As mentioned, Mr. Grossman had prior federal service and thus was reinstatement eligible. See Ex. 12.

[4] When applicants apply for a vacancy advertised under DEU, they are ranked in order of their scores. Unlike the MAP process, under DEU, points can be added to an applicant's score based on veterans preference. See Ex. 10 at ¶ 4.

two years"; (6) that "[b]efore coming to HPC[,] Jim worked at the Salt Lake City Forecast

Office, where he covered aviation shifts and trained on the public weather desk" and in this

capacity "was a focal point for climatology and medium range forecasts, and assisted the

Warning Preparedness Meteorologist" and finally (7) that "Jim demonstrates professionalism

and [a] well-reasoned understanding of meteorology and frontal structure" and "he is a very

good meteorologist." See Ex. 15. At the time of his application, Mr. Cisco was in fact working

as a meteorologist for NCEP, HPC. See Ex. 15; see also Ex.14, Notice of Personnel Action

"NOPA" (box 7, identifying Mr. Cisco's prior position as a NOAA meteorologist).

    Ultimately, Mr. Hoke selected James A. Cisco (DOB ████████, 1966) for the

position advertised under Vacancy Announcement No. H-NWS-04101-GCM. See Ex. 13 at 1

(indicating that the action on James Cisco's application was an "S" or selection); see also Ex. 14,

NOPA, Standard Form ("SF") 50, dated October 14, 2004.[5]

    The effective date of Mr. Cisco's selection was October 17, 2004. See Ex. 14, NOPA

(box 4). During the EEO administrative appeals process, the Office of Civil Rights ("OCR")

would later dismiss Mr. Grossman's discrimination claim concerning this vacancy, pursuant to

29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact because Plaintiff had not

contacted an EEO Counselor until June 2, 2005. See Exs. 1; 4 at 2, 6-7; see also infra at 20

(Section III of the background section, in which the procedural history of this action is

described).

**B.    Vacancy Announcement No. H-NWS-04102-GCM**

    On August 17, 2004, NCEP issued Vacancy Announcement No. H-NWS-04102-GCM,

for the position of Meteorologist, GS-1340-12, within the Forecast Operations Branch of NCEP,

---

[5]  Although Mr. Grossman had received a score of 44.46/100, Mr. Cisco had received a
score of 81.01/100. Ex. 12.

HPC. See Ex. 16, Vacancy Announcement No. H-NWS-04102-GCM. The vacancy closed on September 9, 2004. Id. The vacancy announcement indicated that selectee would be required to, among other things, generate "basic weather forecast charts" using "numerical model guidance." Id. at 1.

Nine applicants applied for the position under the DEU announcement, and five applicants applied for the position under the MAP announcement. See Ex. 17, DEU List of Applicants; see also Ex. 18, MAP List of Applicants. Mr. Grossman only applied under the MAP announcement. Id. After responding to the on-line questions under the MAP announcement, Mr. Grossman received a score of 49.78/100, the second lowest score received by the applicants who applied for the position under the MAP announcement. See Ex. 18 at 1. NOAA's human resources office did not place him on the Applicant Referral Certificate for this position. See Ex. 19, Applicant Referral Certificate for Vacancy Announcement No. H-NWS-04102-GCM.

NCEP did not select a candidate for this position. See id. On September 22, 2004, Mr. Kelly added a note to the certificate in which he explained that no selection had been made for the position and that a vacancy announcement would be reissued. Id. at 2. In Mr. Kelly's view, the Applicant Referral Certificate for Vacancy Announcement No. H-NWS-04102-GCM did not contain enough well qualified candidates to pursue the process, and consequently he decided to readvertise the position at a later date in hopes that a stronger field of candidates could be found. See Ex. 9 at ¶ 3.

The Agency's OCR would later dismiss Mr. Grossman's discrimination claim concerning this vacancy, pursuant to 29 C.F.R. § 1614.107(a)(1), on the grounds that no selection had been made. See Ex. 4 at 1, 6-7.

## C.    Vacancy Announcement No. H-NWS-04121-GCM

On September 22, 2004, NCEP issued Vacancy Announcement No. H-NWS-04121-GCM, for the position of Meteorologist, GS-1340-13, within its Ocean Prediction Center-Ocean Forecast Branch.  See Ex. 20, Vacancy Announcement No. H-NWS-04121-GCM.  The vacancy closed on October 21, 2004.  Id.  The vacancy announcement indicated that the selectee would be required to, among other things, provide "accurate and timely regional and oceanic-scale graphical analyses and forecasts for the waters adjacent to the U.S.," and to "[i]ssue[] offshore and high seas alphanumeric forecasts and warnings to marine users," to "quality control[] marine data."  Id.

Five individuals applied for Vacancy Announcement No. H-NWS-04121-GCM under the DEU announcement, and three persons applied for the position under the MAP announcement. See Ex. 21, DEU List of Applicants for this position; see also Ex. 22, MAP List of Applicants for this Vacancy.  Mr. Grossman applied under both announcements.  Id.  Mr. Grossman received a rating of 78/100 under the DEU announcement, a significantly lower rating than was received by two of the other individuals who applied under that announcement.  See Ex. 21. Under the MAP announcement, Mr. Grossman received a score of 30.81/100, by far the lowest score of the three applicants who applied for the position in response to the MAP announcement. See Ex. 22.

NOAA's Human Resources office issued two Applicant Referral Certificates for Vacancy Announcement No. H-NWS-04121-GCM – one for the DEU announcement and the second for the MAP announcement.  See Ex. 23, DEU Applicant Referral Certificate; see also Ex. 24, MAP Applicant Referral Certificate.  Mr. Grossman was not on either of the Applicant Referral Certificates.  Id.  On or about October 26, 2004, David M. Feit recommended, and Mr.

9

Hoke ultimately selected David W. Mills (DOB ███████, 1964) from the MAP Applicant

Referral Certificate. See Ex. 25, October 26, 2004 Memorandum from David M. Feit to Dr.

James Hoke; see also Ex. 24; Ex. 26 (NOPA, indicating that Mr. Mills's date of birth is ███████,

1964).

At the time of his selection, Mr. Mills was already employed as a Meteorologist at the

NCEP, Ocean Prediction Center. See Ex. 25. In a memorandum dated October 26, 2004, Mr.

Feit advised Mr. Hoke that he was recommending Mr. Mills. Id. In that memorandum, Mr. Feit

explained that Mr. Mills was an excellent candidate and stood out inasmuch "he has shown a

superior ability to produce marine forecasts, an extensive knowledge of synoptic meteorology

especially the effects of weather systems on sea state, and a strong understanding of the

performance characteristics of atmospheric numerical and wave models." Id. Mr. Feit further

noted: (1) that "[i]n his present position[,] Mr. Mills has gained extensive experience in the area

of marine forecasting"; (2) that Mr. Mills "has shown a great capacity for improving his skills by

taking training courses related to OPC activities and has displayed enthusiasm for the work at the

OPC by volunteering for several important duties including focal point responsibilities for IFPS

and the OPC station Duty Manual among others"; (3) that "[c]areful observation of his approach

to work has revealed him to be knowledgeable about marine forecast operations, a quick learner,

and a dedicated worker with leadership potential"; and finally (4) that "Mr. Mills is

recommended for selection because he is a highly competent marine forecaster who has first

hand knowledge of the OPC operations and is a team player with an excellent attitude." Id.

The effective date of Mr. Mills' selection was November 14, 2004. See Ex. 26, NOPA,

SF-50, dated November 19, 2004. NOAA's OCR later dismissed Mr. Grossman's

discrimination claim for investigation concerning Vacancy Announcement No. H-NWS-04121-

GCM, pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. See Ex. 4 at 2, 7.

### D.   Vacancy Announcement No. H-NWS-04122-GCM

On September 23, 2004, NCEP issued Vacancy Announcement No. H-NWS-04122-GCM, for the position of Meteorologist, GS-1340-12, within the Forecast Operations Branch of HPC. See Ex. 27, Vacancy Announcement No. H-NWS-04122-GCM. The vacancy announcement closed on October 22, 2004, and was a re-announcement of Vacancy Announcement No. H-NWS-04102-GCM. Id. The position was advertised under both DEU and MAP. Id. at 4.

Twelve applicants applied for the position under the DEU announcement, and nine applicants applied for the position under the MAP announcement. See Ex. 28, DEU List of Applicants; see also Ex. 29, MAP List of Applicants. Mr. Grossman applied under both announcements. Id. Mr. Grossman received a rating of 86/100 under the DEU announcement, a score below that of four other candidates. See Exhibit 28. Under the MAP announcement, Mr. Grossman received a score of 54.73/100, a score below five other applicants who applied under that announcement. See Exhibit 29. NOAA's Human Resources office issued two Applicant Referral Certificates – one for the DEU announcement and the second for the MAP announcement. See Ex. 30, DEU Applicant Referral Certificate; see also Ex. 31, MAP Applicant Referral Certificate. Mr. Grossman's name was included on both of the Applicant Referral Certificates. Id.

Mr. Kelly recommended, and Mr. Hoke selected, Paul Ziegenfelder (DOB ████████,

11

1961)[6] off of the MAP certificate and Todd Kimberlain (DOB ▮▮▮▮▮, 1972)[7] off of the

DEU certificate. See Ex. 30 at 3 (note by Mr. Kelly, explaining that "Peter Speicher withdrew

from consideration," that "he was offered a forecast position in Milwaukee . . . his home . . . and

that "[w]e are offering the position to Todd Kimberlain . . . in addition to Paul Ziegenfelder");

Ex. 31 at 3 (note by Mr. Kelly, indicating that he was "[s]electing Mr. Ziegenfelder"); Ex. 32,

NOPAs, SF-50s, dated December 14, 2004 and December 27, 2004 (noting the fact of the

selections, and identifying the selectees' birth dates and the effective dates of their selections);

see also Ex. 28; Ex. 29.

At the time of Mr. Ziegenfelder's selection, he worked in NWS, NCEP, HPC, in the

Forecast Operations Branch. See Ex. 29 at 1; see also Ex. 32 at 2 (NOPA, SF 50 for Mr.

Ziegenfelder, noting that his selection amounted to a "promotion"). At the time of Mr.

Kimberlain's selection, he was a Meteorologist with the NWS, Southern Region's San Juan,

Puerto Rico Weather Forecast Office. See Ex. 32 at 1. Mr. Ziegenfelder worked as an HPC

surface analyst since 1989. See Ex. 33, Memorandum from Bob Kelly to Jim Hoke, dated

November 3, 2004. During that period, Mr. Kelly noted in a memorandum to Mr. Hoke that he

was "particularly impressed with [Mr. Ziegenfelder's] work ethic and drive to improve". Id. In

addition, Mr. Kelly noted that he found that Mr. Kimberlain's "knowledge of tropical

meteorology is strong, and his varied experience in the private sector and government will be an

asset to the HPC." Id. at 2.

The effective date of both selections was December 26, 2004. See Ex. 32. As Mr.

Grossman did not contact an EEO Counselor until June 2, 2005, the Agency's OCR later

---

[6] Mr. Ziegenfelder received a score of 67.09/100 based on his answers to the on-line questions, a significantly higher score than Mr. Grossman had received. See Ex. 29 at 1.

[7] Mr. Kimberlain received a rating off 94/100, a significantly higher rating than Mr. Grossman had received. See Ex. 28 at 1.

dismissed Mr. Grossman's discrimination claim concerning  Vacancy Announcement No. H-NWS-04122-GCM for investigation pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact.  Exhibit 4 at 2, 7.

### E.    Vacancy Announcement No. H-NWS-04134-GCM

In 2004, NCEP issued Vacancy Announcement No. H-NWS-04134-GCM, for the position of Meteorologist, GS-1340-12/13, within NCEP, HPC.  See Ex. 34, DEU Lists of Applicants.  One applicant applied for the position at the GS-12 level under the DEU announcement, and four applicants applied for the position at the GS-12 level under the MAP announcement.  See Ex. 34 (List of DEU applicants for the GS-12 and GS-13 positions); see also Ex. 35, MAP Lists of Applicants (List of MAP applicants for the GS-12 and GS-13 positions).  Five applicants applied for the position at the GS-13 level under the DEU announcement; and three applicants applied for the position at the GS-13 level under the MAP announcement.  See Ex. 34; Ex. 35.  Mr. Grossman did not apply for the position at the GS-12 or GS-13 level for either the DEU or MAP announcements.  See Ex. 34; Ex. 35.

NOAA selected Alan Robson (DOB ▮▮▮▮▮, 1959) for Vacancy Announcement No. H-NWS-04134-GCM.  See Ex. 36, NOPA, SF-50, dated January 19, 2005.  At the time of Mr. Robson's selection, he was a Meteorologist with NCEP, HPC.  Id.  After interviewing candidates, the members of the interview committee unanimously agreed that Mr. Robson was the best qualified for the position.  See Ex. 37, Memorandum dated December 6, 2004 from Edwin Danaher to Mr. Hoke.  As one of the members of the Committee, Mr. Danaher, explained in a memorandum addressed to Mr. Hoke, Mr. Robson was particularly qualified for the position inasmuch as: (1) Mr. Robson had worked as a forecaster in HPC for the eight years prior to his selection and thus he knew the responsibilities and needs of the forecasters; (2) Mr. Robson had

13

a "strong technical background in supporting operational computer systems during his navy days, prior to joining the NWS"; (3) Mr. Robson had a "mix of technical expertise and operational experience" which they found to be "critical for this position"; (4) Mr. Robson was "the only candidate with previous experience in preparing requirements, an important function for the job" Id.

The effective date of Mr. Robson's selection for the position advertised under Vacancy Announcement No. H-NWS-04134-GCM was January 9, 2005. See Ex. 36. NOAA's OCR later dismissed Mr. Grossman's discrimination claim concerning this vacancy for untimely EEO contact. See Ex. 4 at 2, 7.[8]

F.    **Vacancy Announcement No. C-NWSC-04085-TMP**

On September 29, 2004, NWS issued a Vacancy Announcement, No. C-NWSC-04085.TMP, for the position of Meteorologist (Senior Forecaster), GS-1340-13, within the Jackson, Kentucky Weather Forecast Office of NOAA, NWS, Central Region. See Ex. 38, Vacancy Announcement No. C-NWSC-04085.TMP. The vacancy closed on October 13, 2004. Id. The Vacancy Announcement indicated that the selectee would be responsible for, among other things, the "quality and timeliness of all warning and forecast products prepared and issued by the Weather Forecast Office . . . shift staff." Id.

Seven applicants, including Mr. Grossman, applied for the position. See Ex. 39, List of Applicants. However, Mr. Grossman withdrew his application for this vacancy. Id. at 1. NOAA selected John Jacobson (DOB ███████, 1949) for the position. See Ex. 40, NOPA, SF-50, dated December 13, 2004. At the time of his selection, Mr. Jacobson worked at the

---

[8] OCR inadvertently listed Vacancy Announcement No. H-NWS-04134-GCM twice in its list of Mr. Grossman's claims, as claims numbers 7 and 8, see Ex. 4 at 2, and then reached different conclusions with respect to those two claim numbers. See id. at 6-7. However, because Mr. Grossman was untimely and someone was indeed selected for the position, it is clear that OCR dismissed it as untimely.

Pendleton, Oregon Weather Forecast Office as a Meteorologist. Id.

The effective date of Mr. Jacobson's selection for the position advertised under Vacancy Announcement, No. C-NWSC-04085.TMP was December 12, 2004. See Ex. 40. The Agency's OCR later dismissed Mr. Grossman's discrimination claim concerning this position, pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. See Ex. 4 at 2, 7.

### G.    Vacancy Announcement No. EWS-4090801-12.SDT

On September 26, 2004, the NWS issued Vacancy Announcement No. EWS-4090801-12.SDT[9], for the position of Meteorologist (General Forecaster), within the Eastern Region's Baltimore/Washington Weather Forecast Office. See Ex. 41, Vacancy Announcement No. EWS-4090801-12.SDT. The vacancy closed on October 12, 2004. Id.

Seven individuals applied for the position. See Ex. 42, List of Applicants. Despite receiving a score of just 9.03/100 points, by far the lowest score of all of the applicants for the position, Mr. Grossman was placed on the Applicant Referral Certificate. See Ex. 42; see also Ex. 43, Applicant Referral Certificate. However, he was neither contacted nor interviewed for the position. Id. The NWS did not select any of the candidates listed in the certificate issued for this vacancy announcement. Id. at 2. Instead, the selecting official selected Sarah Allen (DOB ████, 1982) from a vacancy announcement advertising the position at a lower level – EWS-4090801.7.SDT. See id.; see also Ex. 44, NOPA, SF-50, dated January 14, 2005. Ms. Allen was selected at the GS-7 level. Id. Prior to her selection, Ms. Allen had served as a Meteorologist in the Jackson, Mississippi Weather Forecast Office. Id.

The effective date of Ms. Allen's selection for the position advertised under Vacancy Announcement No. EWS-4090801-12.SDT was January 9, 2005. Id. The Agency's OCR later

---

[9] Plaintiff's Amended Complaint inadvertently refers to this vacancy as "WS-409081-12." See Am. Compl. At 2, ¶ 9.

dismissed Mr. Grossman's discrimination claim concerning this vacancy, pursuant to 29 C.F.R. § 1614.107(a)(2), for untimely EEO Counselor contact. Exhibit 4 at 7.

### H.    Vacancy Announcement No. H-NWS-05010-MFW

In 2004, the NWS issued Vacancy Announcement No. H-NWS-05010-MFW, for the position of Meteorologist, GS-1340-12, within the Office of Science and Technology, Meteorological Development Laboratory. See Ex. 45, List of Applicants. Twelve applicants applied for the position. Id. Notably, Mr. Grossman was not among them. Id. He did not even apply for the position. Id.

The selecting official, Harry Glahn, Director, Meteorological Development Laboratory, did not select anyone from the Applicant Referral Certificate. See Ex. 46, Applicant Referral Certificate; see also Ex. 1 at 1. Instead, Mr. Glahn selected an applicant from Vacancy Announcement No. H-NWS-05008-MFW at the GS-9 level. Id. at 2. When Mr. Grossman subsequently filed a discrimination complaint concerning this vacancy, NOAA's OCR inadvertently failed to include this vacancy in its list of vacancies at issue. See Ex. 4, ROI, Tab 8 at 2.[10]

### I.    Vacancy Announcement No. NWS-NCEP-2005-0015

On December 16, 2004, NCEP issued Vacancy Announcement No. NWS-NCEP-2005-0015, for the position of Meteorologist, GS-1340-07/09/11, within the Forecast Operations Branch of NCEP's HPC. See Ex. 47, Vacancy Announcement No. NWS-NCEP-2005-0015. The vacancy closed on January 14, 2005. Id. Mr. Grossman applied for this vacancy at both the GS-9 and GS-11 level and received a score of 84.20/100. See Ex. 48, Applicant Listings. Mr.

---

[10] OCR apparently mistyped the list of vacancies Mr. Grossman had put at issue, since it listed H-NWS-04134-GCM twice. Otherwise OCR's decision listed the vacancies in the same order as NOAA's EEO office had in its Notice of a Right to File a Discrimination Complaint. Compare Ex. 4, ROI, Tab 8 at 2 with Ex. 1. In place of one of the two instances of H-NWS-04134-GCM, OCR should have written Vacancy Announcement No. H-NWS-05010-MFW.

Grossman was on the Applicant Referral Certificate for both the GS-9 and GS-11 level. <u>See</u> Ex. 49, Applicant Referral Certificates.

NCEP did not make a selection for the position advertised under Vacancy Announcement No. NWS-NCEP-2005-15. <u>See</u> Ex. 1, Notice of Right to File, at 1. As no one was selected for this position, when Mr. Grossman later filed a discrimination complaint concerning the position, the Agency's OCR dismissed this claim for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1). <u>See</u> Ex. 4 at 2, 6-7.

**J.    Vacancy Announcement No. NWS-NCEP-2005-0017**

On December 22, 2004, NCEP advertised Vacancy Announcement No. NWS-NCEP-2005-0017 for the position of Meteorologist, GS-1340-12/13, within NCEP, HPC. <u>See</u> Ex. 50, ROI, Tab 14, Vacancy Announcement NWS-NCEP-2005-0017. The vacancy closed on January 20, 2005. <u>Id.</u> at 1. The selectee for the position would be responsible for journey-level meteorological services involved in forecasting programs or climatological studies. <u>See</u> Ex. 51, ROI, Tab 15 at 1, Position Description for Meteorologist, GS-1340-12. Based on the answers provided to various vacancy announcement questions, the applicants received scores, with a maximum score being 100. <u>See</u> Ex. 52 (ROI, Tab 12, Declaration of Robert Kelly, dated December 15, 2005) at 2.

In advance of receiving the certification of eligible candidates from NOAA's human resources office, the recommending official Mr. Kelly, decided that he wanted to interview at least three but no more than six eligible candidates. <u>Id.</u> Later, Mr. Kelly determined that no one with a score below 90 (after rounding up from 89.5 and above) would be interviewed. <u>Id.</u>; Ex. 53 (ROI, Tab 11, Declaration of James E. Hoke, dated December 14, 2005) at 2. Six of the twenty-one applicants received scores of 90 or above: Joshua Scheck (DOB ████, 1975),

Harlan Shannon (DOB ████████, 1972), Declan Cannon (DOB ████████ 1957), Gerald

Claycomb (DOB ████████, 1962), Lyle Alexander (DOB ████████, 1955), and Vijaya

Karyampudi (DOB ████████, 1951). <u>See</u> Ex. 52 at 2; Ex. 53 at 2; Ex. 54, ROI, Tab 17,

Applicant Listing. Mr. Kelly interviewed these candidates, except for Mr. Karyampudi because

he had recently worked in HPC and Mr. Kelly had extensive knowledge of Mr. Karyampudi's

qualifications. <u>See</u> Ex. 52 at 2-3; Exhibit 53 at 2. Mr. Grossman (DOB ████████, 1943)

received a score of 85.78 and was therefore not interviewed for the position. <u>See</u> Ex. 52 at 3; Ex.

53 at 2; Ex. 54.

     Mr. Kelly used the following ranking factors when evaluating the candidates who would

be interviewed and during the actual interviews: "Forecasting Experience and Skill; Leadership

(demonstrated and potential); Team Participation, and Growth (demonstrated and potential)."

<u>See</u> Ex. 52 at 3; <u>see also</u> Ex. 53 at 3. Mr. Hoke ultimately selected Mr. Shannon, however he

declined the position. <u>See</u> Ex. 52 at 3; Ex. 53 at 3. Mr. Scheck scored the next highest, but he

was hired for another vacancy in HPC's office. <u>See</u> Ex. 52 at 3; Ex. 53 at 3. The third highest-

scored candidate after the interview was Declan Cannon. <u>See</u> Ex. 52 at 3; Ex. 53 at 3. He was

offered the position and accepted. <u>See</u> Ex. 52 at 3-4; Ex. 53 at 3.

     When one considers and compares the responses of Mr. Grossman to the on-line hiring

questions to those provided by the selectee Mr. Cannon, it readily becomes apparent that Mr.

Cannon possessed experience that Mr. Grossman did not:

     For example, question 12 asked applicants whether they had "utilized AWIPS[11] or any

---

[11] AWIPS is an abbreviation for the "Advanced Weather Interactive Processing System,"
a "technologically advanced information processing, display, and telecommunications system
that is the cornerstone of the National Weather Service . . . modernization and restructuring."
<u>See</u>, <u>e.g.</u>, page on NOAA's NWS website concerning AWIPS, *available at*
http://www.nws.noaa.gov/ops2/ops24/awips.htm. "AWIPS is an interactive computer system
that integrates all meteorological and hydrological data, and all satellite and radar data, for the
first time, and enables the forecaster to prepare and issue more accurate and timely forecasts and

other integrated computer workstation platforms containing hydrometeorological data and

information for hydrometeorological analysis and forecasting, including basic operator uses such

as powering up and down workstations?" See Ex. 55 (ROI, Tab 24, All Applicant Data Reports

for Declan P. Cannon) at 4; Ex. 56 (All Applicant Data Reports for Gerald Grossman) at 3.  Mr.

Grossman indicated that he "[had] not had education, training or experience in performing this

task." See Ex. 56 (All Applicant Data Report for Gerald Grossman) at 3.[12]  By contrast, the

selectee Mr. Cannon responded as follows:

> I am considered highly skilled in performing this task.  I have supervised
> performance of this task or am consulted by other workers to assist them in doing
> this task because of my expertise.  Alternatively, I have taught or instructed in
> this task in a college lab.

See Ex. 55 at 4.

To take another example, in response to the question "[h]ave you successfully completed

NWS COMST modules," Mr. Grossman replied "I have not completed those courses." See Ex.

56 at 3 (response to question number 11).  By contrast, Mr. Cannon's response to this query was

"I have completed more than 7 modules." See Ex. 55 at 4 (response to question number 11).

To take yet another example, in response to the question "[h]ave you successfully

completed job related training, elective university courses . . . outside of a degree program," Mr.

Cannon indicated that he had successfully completed "3 or more courses" whereas Mr.

Grossman responded that he had only successfully completed "1 course." See Ex. 55 at 4

(response to question number 10); Ex. 56 at 3 (response to question number 10).

When Mr. Grossman later filed a discrimination complaint concerning the position,

NOAA's OCR accepted this claim for investigation. See Ex. 4 at 2; id. at 7.

---

warnings." Id.

[12] The All Applicant Data Report for Mr. Grossman which appears in the ROI is for a
different vacancy announcement.

### K.    Vacancy Announcement No. NOS-CCOS-2004-0015

Concerning Vacancy Announcement No. NOS-CCOS-2004-0015, the Agency's OCR

dismissed Mr. Grossman's discrimination claim, pursuant to 29 C.F.R. § 1614.107(a)(1), on the

grounds that no selection was made. Exhibit 4 at 2, 6-7; <u>see also</u> Exhibit 2 at 10-11; <u>see also</u> Ex.

1 at 1.[13]

### III.    PROCEDURAL HISTORY

On June 2, 2005, Mr. Grossman contacted the Civil Rights Office within the

DOC's National Oceanic and Atmospheric Administration and initiated Equal Employment

Opportunity ("EEO") counseling. During that counseling, Mr. Grossman alleged that his non-

selection for twelve (12) separate Meteorologist vacancies had constituted age discrimination by

the Agency. <u>See</u> Ex. 1, ROI, Tab 2, Notice of Right to File, dated June 15, 2005; <u>see also</u> Ex. 2,

ROI, Tab 4 at 2, EEO Counselor's Report, dated July 6, 2005.[14] On June 15, 2005, Mr.

Grossman was notified through his attorney that attempts at resolving Mr. Grossman's complaint

had been unsuccessful, that consequently EEO counseling was being concluded, and that Mr.

Grossman had a right to file a formal complaint of discrimination pursuant to 29 C.F.R. §

1614.105(d). <u>See</u> Ex. 1. Mr. Grossman was represented throughout the EEO administrative

proceedings by Mr. Nathaniel Johnson, who has also served as the Plaintiff's counsel in this

---

[13] Mr. Grossman alleges he also applied for Vacancy Announcement No. EWS-4090805-12.S. <u>See</u> Am. Compl. at 2, ¶ 9. The undersigned counsel has been advised that NOAA does not have any record of a vacancy with this number. <u>See</u> Ex. 10, ¶ 6. NOAA's OCR dismissed Mr. Grossman's claim for investigation regarding Vacancy Announcement No. EWS-4090802-12.S pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. <u>See</u> Ex. 4 at 2, 7.

[14] Specifically, Mr. Grossman complained about his non selection for twelve vacancies which were advertised under the following Vacancy Announcement Numbers: (a) NWS-NCEP-2005-0015; (b) NWS-NCEP-2005-0017; (c) H-NWS-04122-GCM; (d) H-NWS-04121-GCM; (e) H-NWS-04102-GCM; (f) H-NWS-04101-GCM; (g) H-NWS-04134-GCM; (h) H-NWS-05010-MFW; (i) NOS-CCOS-2004-0015; (j) C-NWSC-04085TMP; (k) WS-4090801-12; and (l) EWS-4090805-12.S. <u>See</u> Ex. 1, ROI, Tab 2, Notice of Right to File, dated June 15, 2005.

action. See, e.g., Exhibits ("Exs.") 1 and 3 (identifying Mr. Johnson as Mr. Grossman's representative).

On June 29, 2005, Mr. Grossman filed a formal complaint (which was designated # 05-54-00161) with the DOC's Office of Civil Rights ("OCR"). See Ex. 3 (ROI, Tab 3, Formal Complaint of Discrimination, dated June 29, 2005). In this complaint, he alleged that he had been "denied positions with [the] DOC" and contended that these non-selections had been motivated by age discrimination. Id.

On or about November 21, 2005, OCR sent Plaintiff a "Notice of Partial Acceptance for Investigation." See Ex. 4, ROI, Tab 8, Notice of Partial Acceptance for Investigation, dated November 21, 2005. In this Notice, OCR explained that, with respect to the four positions advertised under the Vacancy Announcement Numbers NWS-NCEP-2005-0015, H-NWS-04102-GCM, and NOS-CCOS-2004-0015, no selection had been made by the Agency, with the result that Mr. Grossman had failed to state to state a claim for which relief could be granted with respect to those vacancies. See id. at 6. Therefore, OCR dismissed these claims in accordance with 29 C.F.R. § 1614.107(a)(1). See id. at 6.

Second, OCR explained that Mr. Grossman had failed to seek EEO counseling within 45 days of his non-selection regarding at least six positions, namely those advertised under the Vacancy Announcement Numbers H-NWS-04122-GCM, H-NWS-04121-GCM, H-NWS-04101-GCM, C-NWSC-04085TMP, WS-4090801-12, and EWS-4090805-12.S. See id. at 6. Consequently, OCR found that Mr. Grossman's discrimination complaints concerning these vacancies were untimely and dismissed those claims pursuant to 29 C.F.R. § 1614.107(a)(2). See id. at 6.

Third, NOAA's OCR dismissed Mr. Grossman's discrimination claim concerning

Vacancy Announcement No. H-NWS-04134-GCM for untimely EEO contact. See Ex. 4 at 2, 7.[15]

OCR decided to accept only one of Mr. Grossman's claims: his claim that his non-selection for vacancy announcement NWS-NCEP-2005-0017 was motivated by age discrimination. See Ex. 4 at 7.

On December 7, 2005, the EEO Investigator sent interrogatories to Plaintiff in order to obtain information on his claims. Ex. 5. The Plaintiff's attorney was also informed that a "sworn statement of [his] client is required" and the complaint could be cancelled if he failed to provide the information. Id. The EEO Investigator requested responses no later than December 16, 2005 and he informed plaintiff's counsel that, if the response was not received by December 19, 2005, the complaint may be cancelled.. Id. The ROI reflects neither a submission of interrogatory responses nor of a sworn statement from Plaintiff. Id. Plaintiff had also failed to provide OCR with requested information concerning his claims earlier in the process. Ex. 4 at 7 ( "despite being provided the opportunity to provide information" concerning "the method and dates that [Mr. Grossman] learned of his non-selections, neither Complainant nor his attorney responded to OCR's request."); see also Ex. 60 (detailing OCR's attempts to obtain information from plaintiff and his counsel).

On February 9, 2006, the EEOC received a request for a hearing from Mr. Grossman. See Ex. 6, Order Directing Agency to Produce Complaint File, dated March 2, 2006.

---

[15] As has been previously noted, the basis of OCR's finding that the claim concerning Vacancy Announcement No. H-NWS-04134-GCM should be dismissed because OCR inadvertently listed Vacancy Announcement No. H-NWS-04134-GCM twice in its list of Mr. Grossman's claims, as claims number 7 and 8, see Ex. 4 at 2, and then reached different conclusions with respect to those two claim numbers. See id. at 6-7. As was also mentioned, OCR apparently mistyped the list of vacancies Mr. Grossman had put at issue, since it listed H-NWS-04134-GCM twice. Otherwise OCR's decision listed the vacancies in the same order as NOAA's EEO office had in its Notice of a Right to File a Discrimination Complaint. Compare Ex. 4, ROI, Tab 8 at 2 *with* Ex. 1.

On July 2, 2006, Plaintiff withdrew his hearing request and requested issuance of a Final Agency Decision ("FAD"). See Ex. 7, Withdrawal of Complaint, dated July 2, 2006.

On February 14, 2007, Mr. Grossman initiated this action by filing a Complaint in this Court. See Docket Entry No. 1, Civil Complaint ("Original Compl."). In his Complaint, Mr. Grossman vaguely and confusingly alleged that he "applied for the meteorologist positions and was denied the position notwithstanding his extensive years of experience and expertise" while the Agency "placed a similarly situated younger individuals [sic] in the position with lesser experience and qualifications than Plaintiff." See Original Compl. at 2, ¶¶ 10-11. This, he averred, constituted age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq. See id. at 1, ¶ 1; id. at 3, prayer for relief.

On August 13, 2007, Mr. Grossman filed an Amended Complaint, in which he provided specific information for the first time concerning which positions he claimed to have applied, but not been selected. See Docket Entry No. 6, Amended Complaint ("Am. Compl."). In his Amended Complaint, Mr. Grossman alleged that he had applied for the same twelve vacancies he had complained about during the EEO proceedings. See Am. Compl. at 2, ¶ 9. Both in its Original Complaint and Amended Complaint, Plaintiff seeks, *inter alia*, compensatory damages in excess of $60,000, backpay, interest, "emotional distress," and reasonable attorney's fees. See Docket Entry No. 1, Original Compl., prayer for relief; see also Docket Entry No. 6, Am. Compl., prayer for relief.

On August 29, 2007, Plaintiff's counsel filed a Suggestion of Death in which he notified the Court of a shocking and sad development: that Mr. Grossman had passed away on August 17, 2007. See Docket Entry No. 7, Suggestion of Death. On October 9, 2007, Plaintiff's counsel filed a Motion to Substitute the Estate of Gerald Grossman for the late former Plaintiff.

23

See Docket Entry No. 10. The Court granted this request on October 12, 2007. See Minute

Order dated October 9, 2007. On November 13, 2007, Defendant filed an Answer to the

Amended Complaint. See Docket Entry No. 16, Answer.

### ARGUMENT

**I.**    **LEGAL STANDARDS AND BURDENS OF PROOF**

    **A.**    **LEGAL STANDARD FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

As the Supreme Court recently observed, to survive a motion to dismiss, a

complaint must contain factual allegations which are "enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true." Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). The Court further held that "[w]hile a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Id. at 1964-65.

    **B.**    **LEGAL STANDARD FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(c).**

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record

shows that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986).

In determining whether there exists a genuine issue of material fact, the Court must view

all facts, and reasonable inferences to be drawn from them, in a light most favorable to the non-

moving party. Anderson, 477 U.S. at 255. If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50. Indeed, in order to withstand summary judgment, the non-moving party may not rest upon mere allegations or denials. Id. at 248. The mere existence of some factual dispute is insufficient to withstand summary judgment; there must be a genuine issue of material fact. Id. at 247-48. There is no genuine issue of material fact if the relevant evidence of record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the party opposing summary judgment. Id. at 248. That is, if the submitted evidence is of such a character that it would not permit a reasonable fact finder to find in favor of the non-moving party, summary judgment is appropriate. Id. at 251.

Rule 56 does not require the moving party to negate the non-movant's claim or to show the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Rather, when the movant files a properly-supported summary judgment motion, the burden shifts to the nonmoving party to show "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., 475 U.S. at 586, or with "conclusory allegations," "unsubstantiated assertions," or by only a "scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). See also Brown v. Small, 437 F.Supp.2d 125, 129-130 (D.D.C. 2006) (same).

### C.    BURDEN OF PROOF FOR ADEA CASES

The seminal case of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), establishes the burden of proof for Title VII employment discrimination cases. The framework established in McDonnell Douglas also governs ADEA claims in which the plaintiff lacks direct

evidence of discrimination. See Carter v. George Washington Univ., 387 F.3d 872, 878 (D.C. Cir. 2004) (citing Hall v. Giant Food, Inc., 175 F.3d 1074, 1077 (D.C. Cir. 1999)).

To prevail in his discrimination claim, a plaintiff "must carry the initial burden under the statute of establishing a prima facie case of . . . discrimination" by a preponderance of the evidence. McDonnell Douglas, 411 U.S. at 802-804.

If a plaintiff establishes a *prima facie* case, then the burden of production then shifts to "the employer to articulate some legitimate, nondiscriminatory reason" for its action. McDonnell Douglas, 411 U.S. at 802. If the Agency does so, the employee then must show that the employer's stated reason is a pretext for discrimination. Id. at 804. In addition, in an age discrimination case, plaintiff's "age must have 'actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). Although the burden of production does shift, the burden of persuasion, by a preponderance of the evidence, remains with the plaintiff at all times. Reeves, 530 U.S. at 143; Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Plaintiff can establish pretext by either showing that the Agency's proffered explanation is unworthy of belief, or that the Agency's proffered explanation is so unsupported by the record that discrimination was the more likely motivation. See Burdine, 450 U.S. at 256; Elam v. Board of Trustees of Univ. of District of Columbia, 2007 WL 4395530 (D.D.C. Dec. 18, 2007).

## II.    MR. GROSSMAN FAILED TO EXHAUST ADMINISTRATIVE REMEDIES BECAUSE HE FAILED TO COOPERATE WITH THE EEO INVESTIGATION

In addition to the time-limits and filing requirements sets forth *infra*, "[c]ourts have imposed on claimants a concurrent obligation of good faith participation in the administrative process prior to bringing a civil action." Matos v. Hove, 940 F. Supp. 67, 71 (S.D.N.Y. 1996).

"Exhaustion of administrative remedies certainly means something more than going through the motions; it means a thorough and specific presentation of the grievance and its development until a final decision is reached." McIntosh v. Weinberger, 810 F.2d 1411, 1425 (8th Cir. 1987);[16] see also Jordan v. United States, 522 F.2d 1128, 1131-33 (8th Cir. 1975) (failure to cooperate with EEO investigations constitutes failure to exhaust administrative remedies); Calvin L. Osborne v. Andrew Hove, Civil Action No. 97-1630 (HHK), slip op. at 5-9 (D.D.C. Jan. 11, 1999) (dismissing Title VII claims where the plaintiff cooperated at the informal stage but not in the agency's formal investigation) (attached hereto as Ex. 58); Clara S. Lee v. Carl V. D'Alessandro, Civil Action No. 92-1505 GHR, slip op. at 10-11 (D.D.C. July 7, 1993) (dismissing Title VII claims where plaintiff failed to cooperate in the administrative process, claiming instead that the investigator selected was unacceptable to her) (attached hereto as Ex. 59).

Uncooperative plaintiffs can fail to exhaust their administrative remedies by simply not participating in the administrative proceedings. Munoz v. Aldridge, 894 F.2d 1489, 1493 (5th Cir. 1990). Failure to provide a sworn statement to an EEO investigator constitutes a failure to cooperate and a failure to exhaust administrative remedies. See Morales v. Runyon, 844 F. Supp. 1435, 1437 (D. Kan. 1994). A court should not allow a claimant to circumvent the elaborate administrative process established by Congress and the EEOC because he knows he can get into Federal Court anyway. See Wade v. Army, 796 F.2d 1369, 1376 (11th Cir. 1986).

In a more recent decision, Rann v. Chao, 346 F.3d 192, 197 (D.C. Cir. 2003), the D.C. Circuit held that a plaintiff's failure to cooperate during the administrative process barred his age discrimination suit. In Rann, the Labor Department EEO investigator requested that Mr. Rann

---

[16] cert. denied, 487 U.S. 1217; cert. granted on other grounds and vacated, 487 U.S. 1212 (1988) (no availability of Bivens remedy against federal employer in light of comprehensive scheme available).

submit a sworn affidavit in his formal complaint against the agency. Id. at 194. Mr. Rann failed

to supply the affidavit. Id. The District Court dismissed the complaint finding, *inter alia*, that

Mr. Rann's "non-cooperation with the Labor Department's EEO investigator represented a failure

to exhaust his administrative remedies." Id. at 195. In affirming the district court's decision, the

Court of Appeals noted that Mr. Rann "in no way attempted to exhaust the administrative

process." Id. at 196. Despite the EEO investigator's request for a signed affidavit, Mr. Rann

"neither complied with [the] requests nor provided any information beyond his initial

submission"; instead, he simply filed his lawsuit once the 180-day period had run. Id. The

Court held that Mr. Rann's refusal to take part in the administrative process barred his

discrimination suit. Id. at 197.

      The case at bar is analogous. Other than Plaintiff's conclusory administrative

complaint, the administrative record is barren of information provided by Plaintiff. Although

OCR and later the EEO Investigator specifically requested information from Plaintiff concerning

facts about his claims, he failed to cooperate with such requests. Plaintiff's failure to cooperate

is now compounded by the unfortunate fact he is deceased. As a result, his failure to cooperate

deprives defendant and this Court of facts about his claims and responses to the agency's

inquiries. Consequently, Plaintiff's Amended Complaint should be dismissed for his failure to

cooperate.

## III.    MR. GROSSMAN FAILED TO TIMELY CONTACT AN EEO COUNSELOR REGARDING FIVE (5) OF THE VACANCIES; THEREFORE, THOSE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO TIMELY EXHAUST HIS ADMINISTRATIVE REMEDIES

      The procedures governing discrimination complaints brought by employees of the

Federal government under the ADEA are set forth in 29 C.F.R. Part 1614. See Robinson v.

Chao, 403 F. Supp. 2d 24, 28 (D.D.C. 2005); see 29 C.F.R.§ 1614.103.[17]  An employee may not file a formal discrimination complaint without first consulting an EEO counselor and working toward informal resolution of the matter.  Robinson, 403 F. Supp. 2d at 28; see 29 C.F.R. § 1614.105(a).  The counselor must be contacted no later than 45 days from the alleged discriminatory act or, in the case of a personnel action, within 45 days of its effective date.  See 29 C.F.R. § 1614.105(a)(1).

Exhaustion of administrative remedies is an indispensable requirement for ADEA claims. See, e.g., Washington v. Washington Metro. Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998); see also Rann v. Chao, 346 F.3d 192, 196 (D.C. Cir. 2003), cert. denied, 543 U.S. 809 (2004); Robinson, 403 F. Supp. 2d at 28.  In fact, compliance with the procedures and time lines set forth for administrative review are mandatory.  "Complainants must timely exhaust these administrative remedies before bringing their claims to court."  Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action").  As the U.S. Supreme

---

[17]  Under the ADEA, a federal employee who believes that he or she has been the victim of age discrimination has available two alternative avenues of exhaustion.  See 29 U.S.C. § 633a; Stevens v. Dep't of Treasury, 500 U.S. 1 (1991).  First, as set forth above, the employee may pursue an administrative remedy and then, if unsatisfied, he may bring a civil action.  29 U.S.C. § 633a(b).  Alternatively, the aggrieved employee may seek a remedy in federal district court in the first instance, provided (i) that the employee gives the Equal Employment Opportunity Commission ("EEOC") not less than 30 days' notice of intent to file such a civil action and (ii) that such notice is filed within 180 days after the alleged unlawful act occurred.  29 U.S.C. § 633a(c); see also Thorne v. Cavazos, 744 F. Supp. 348, 350 (D.D.C. 1990).  Proper exhaustion by one method or the other is required.  Rann v. Chao, 346 F.3d 192, 199 (D.C. Cir. 2003), cert. denied, 543 U.S. 809 (2004) (discussing the two methods of exhausting age claims and affirming dismissal of suit brought under ADEA for failure to exhaust administrative remedies).  Plaintiff has alleged no facts, and defendant is unaware of any, indicating that he satisfied the second avenue.

Court has stated, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

It is defendant's burden to show that plaintiff did not timely contact an EEO counselor. See Silver v. Leavitt, Case No. Civ.A. 05-0968 JDB, 2006 WL 626928 (D. D.C. March 13, 2006) (citing Bowden, 106 F.3d at 437). In Silver v. Leavitt, this Court explained that in a non-selection case, the proper focus for when the 45-day requirement begins is not on the date when plaintiff learns of his non-selection; rather, it is the date on which the personnel action became effective. 2006 WL 626928, at *7 (citing James v. England, 332 F. Supp. 2d 239, 244-46 (D.D.C. 2004); see also Scarborough v. Natsios, 190 F. Supp. 2d 5, 15 (D.D.C. 2002)). The effective date of a personnel action involving hiring would be the date on which a selection was made - i.e., the date on which [the selectees] were hired. See Silver, 2006 WL 626928, at *7.

In this case, Mr. Grossman contacted an EEO Counselor on or about June 2, 2005. See Ex. 1 (ROI, Tab 2) at 1; Ex. 2 (ROI, Tab 4) at 2; Ex. 4 (ROI, Tab 8) at 1. Therefore, any personnel action taken prior to April 18, 2005 is untimely pursuant to 29 C.F.R. § 1614.105. The following five nonselection claims were taken prior to April 18, 2005, and, therefore, are untimely and should be dismissed:

> H-NWS-04101-GCM – effective date of selection was October 17, 2004;
> H-NWS-04121-GCM – effective date of the selection was November 14, 2004;
> H-NWS-04122-GCM – effective date of the selection was December 26, 2004;
> C-NWSC-04085-TMP – effective date of the selection was December 12, 2004; and
> EWS-4090801-12.SDT – effective date of the selection was January 9, 2005.

See Exs. 14, 26, 32, 40, 44.

Nor should the 45-day period be equitably tolled. Pursuant to 29 C.F.R.

§ 1614.105(a)(2), the 45-day timeliness requirement may be tolled if the plaintiff did not know and reasonably should not have known that the alleged discriminatory personnel action had occurred. See Stewart v. Ashcroft, 352 F.3d 422, 425 (D.C. Cir. 2003); see also Robinson, 403 F.Supp.2d at 29; Duckett v. Martinez, Case No. Civ. 00-2745 (TFH), 2005 WL 327113 at *3 (D.D.C. Feb. 10, 2003). Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim. See Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998). The plaintiff bears the burden of proving facts sufficient to excuse non-compliance with the filing requirement. Williamson v. Shalala, 992 F. Supp. 454, 458 (D.D.C. 1998). This burden is "high"; a court's power to equitably toll time requirements may be exercised "only in extraordinary and carefully circumscribed instances." Smith-Haynie, 155 F.3d at 579-80; accord Aceto v. England, 328 F. Supp. 2d 1, 6 (D.D.C. 2004).

The instant case does not present (and Plaintiff has not alleged) any "extraordinary circumstances" for tolling. See Smith-Haynie, 155 F.3d at 579-80. Between five and six and one-half months lapsed between the effective date of the selections and when Mr. Grossman contacted the EEO counselor. Compare Exs. 14, 26, 32, 40, 44 with Exhibit 2. Surely it is reasonable to expect Mr. Grossman to inquire about his applications earlier than six months after he submitted them. Plaintiff cannot meet his burden to establish that an "extraordinary" circumstance exists to toll the 45-day timeliness requirement. Moreover, as this Court has noted, "there is a threshold of time beyond which it may be viewed as unreasonable for a plaintiff not to have inquired as to the status of a pending employment application." Silver, 2006 WL 626928 at *8.

Accordingly, because Mr. Grossman failed to comply with the legal requirement of

contacting an EEO Counselor within 45 days of the effective dates of the selections, his

reassignment, and cannot offer any extraordinary circumstances to toll the timeliness

requirement, Plaintiff's claim regarding the following vacancy announcements should be

dismissed: H-NWS-04101-GCM; H-NWS-04121-GCM; H-NWS-04122-GCM; C-NWSC-

04085-TMP; EWS-4090801-12.SDT.  Silver, 2006 WL 626928; Smith-Haynie, 155 F.3d at 579-

80.

## IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM REGARDING FOUR (4) OF THE VACANCIES BECAUSE NO SELECTION WAS MADE AND, THEREFORE, PLAINTIFF IS NOT AGGRIEVED.

When a complaint is based on a cancelled vacancy, the complaint should be dismissed

unless the plaintiff offers evidence that the Agency cancelled the vacancy to thwart his selection.

See Marshall v. James, 276 F.Supp. 2d 41, 56 (D.D.C. 2003); see also Morgan v. Federal Home

Loan Mortgage Corp., 172 F. Supp. 2d 98 (D.D.C. 2001), aff'd, 328 F.3d 647 (D.C. Cir. 2003),

cert. denied, 540 U.S. 881 (2003) (stating that no adverse employment action exists if there was

no vacancy at the time the plaintiff applied or the position was never filled).  In fact, the

McDonnell Douglas analysis requires that the plaintiff show that his "rejection did not result

from . . . the absence of a vacancy in the job sought."  See International Bhd. of Teamsters, 431

U.S. 324, 358 n. 44.

Here, NOAA did not select a candidate for four of the vacancies: H-NWS-04102-GCM,

H-NWS-05010-MFW, and NWS-NCEP-2005-0015.[18]  In fact, Plaintiff's counsel appeared to

concede this point during the administrative phase of Mr. Grossman's EEO Complaint.  At that

time, Mr. Grossman submitted, "Complainant's Comments on Partial Dismissal" in which he

"concedes that Agency properly dismissed four of his allegations for failure to state a claim

---

[18]  As mentioned above, Defendant has no evidence that a vacancy with the number NOS-CCOS-2004-0015 ever existed, much less that the Mr. Grossman ever applied.  See supra at 20 & n. 13.

assuming that the positions were never filled." See Ex. 57, Complainant's April 21, 2006

Comments on Partial Dismissal. Mr. Johnson was presumably referencing [Vacancy

Announcement Numbers NWS-NCEP-2005-0015, H-NWS-04102-GCM, H-NWS-05010-MFW,

and NOS-CCOS-2004-0015. Accordingly, Plaintiff's claims regarding these four vacancies

should be dismissed for failure to state a claim. See Morgan, 172 F. Supp. 2d 98.

**V.    MR. GROSSMAN DID NOT APPLY FOR OR ABANDONED FIVE OF THE VACANCIES LISTED IN PLAINTIFF'S AMENDED COMPLAINT; AND TWO VACANCIES DO NOT EXIST; THEREFORE, THOSE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A *PRIMA FACIE* CASE**

In cases such as this one, where there is no direct evidence of unlawful discrimination,

courts apply the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S.

792, 93 S. Ct. 1817 (1973); Holbrook v. Reno,196 F.3d 255, 260 (D.C. Cir. 1999).  Pursuant to

McDonnell Douglas, a plaintiff has the initial burden to establish a *prima facie* case of

discrimination by a preponderance of the evidence.  See McDonnell Douglas, 411 U.S. at 802.

To establish a *prima facie* case of unlawful discrimination under the ADEA in a non-selection

claim, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied

for and was qualified for an available position; (3) despite his qualifications, he was rejected;

and (4) either someone filled the position or it remained vacant and the employer continued to

seek applicants. Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).

Consequently, where the plaintiff fails to apply for the position at issue, he fails to

establish a *prima facie* case.  See id.; see also Thomas v. Natwar Gandhi, Office of the Chief

Financial Officer of Dist. of Columbia, 2007 WL 4210162 (Nov. 30, 2007) (granting summary

judgment for defendant where plaintiff did not apply for the positions that formed the basis of

his complaint because he could not claim discrimination in his non-selection).

Here, Mr. Grossman failed to submit an application for the following two vacancies:  H-

NWS-04134-GCM and H-NWS-05101-MFW.[19]  In addition, Mr. Grossman withdrew his

application for C-NWSC-04085-TMP[20] from consideration.

Finally, with regard to EWS-4090805-12.S and NOS-CCOS-2004-0015, although the

Agency's Office of Civil Rights dismissed Mr. Grossman's claim for investigation because of

untimely EEO Counselor contact, and because no one was selected, NOAA does not have any

record that these two vacancies existed, let alone that Mr. Grossman applied for them.  See

supra, at 20 & n. 13.  Thus, Plaintiff fails to establish a *prima facie* case, and its claims

concerning these five vacancies should be dismissed.  Thomas, 2007 WL 4210162.

## VI.    MR. GROSSMAN DID NOT MAKE THE APPLICANT REFERRAL CERTIFICATE FOR TWO (2) OF THE POSITIONS FOR WHICH HE APPLIED; THEREFORE, THOSE CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A *PRIMA FACIE* CASE

As stated above, to establish a *prima facie* case of unlawful discrimination in a non-

selection claim, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he

applied for and was qualified for an available position; (3) despite his qualifications, he was

rejected; and (4) either someone filled the position or it remained vacant and the employer

continued to seek applicants.  See Holcomb, 433 F.3d at 895.  Although Mr. Grossman applied

for the positions advertised under Vacancy Announcement Numbers H-NWS-04121 and H-

NWS-04102, he did not make the Applicant Referral Certificate and, therefore, Plaintiff cannot

establish that he was qualified for these two positions.

For the position advertised under Vacancy Announcement Number H-NWS-04121, Mr.

---

[19]  In addition to failing to establish a *prima facie* case regarding Vacancy Announcement No. H-NWS-05010-MFW, Plaintiff failed to state a claim because no one was selected.  See discussion supra at 32.

[20]  In addition to failing to establish a *prima facie* case regarding Vacancy Announcement No. C-NWSC-04085-TMP, Plaintiff failed to exhaust its administrative remedies because Mr. Grossman failed to timely contact an EEO investigator.  See discussion supra at 30.

Grossman scored a 30.81/100 on the MAP vacancy, and rated a 78/100 on the DEU vacancy. See Exs. 21-22. For the position advertised under the Vacancy Announcement Number H-NWS-04102, Mr. Grossman scored 49.78/100. See Ex. 18. As his scores were not high enough to place him on the Applicant Referral Certificate, he cannot establish that he was qualified, and Plaintiff's claims concerning these two vacancies should be dismissed. See Eason v. National Highway Traffic Safety Admin., 512 F.Supp. 1199 (D.D.C. 1981) (dismissing case, finding that plaintiff could not establish a *prima facie* case where he was not placed on the Certificate of Eligibles because the Office of Personnel did not find him minimally qualified).

## VII.  PLAINTIFF CANNOT ESTABLISH A *PRIMA FACIE* CASE REGARDING VACANCY ANNOUNCEMENT C-NWSC-04085 BECAUSE THE SELECTEE WAS NOT SUBSTANTIALLY YOUNGER THAN MR. GROSSMAN

NOAA selected John Jacobson for the Meteorologist position, advertised under Vacancy Announcement No. C-NWSC-04085. See Ex. 40. Mr. Jacobson's date of birth is ▮▮▮▮▮▮, 1949. Id. Mr. Grossman was born on ▮▮▮▮▮▮, 1943. If a plaintiff fails to establish that they are disadvantaged in favor of a substantially younger person who is in other meaningful respects comparable to plaintiff, he fails to establish a *prima facie* case of discrimination. See Dunaway v. International Bhd. of Teamsters, 310 F.3d 758, 767 (D.C. Cir. 2002) (determining that evidence that plaintiff was replaced by a woman who was seven years her junior, was insufficient to establish that plaintiff's termination constituted a violation of the ADEA). In fact, this Court has held that an age difference of less than ten years is not sufficient to support a *prima facie* inference of age discrimination. See Breen v. Mineta, 2005 WL 3276163 (D.D.C. Sept. 30, 2005) (citing Grosjean v. First Energy Corp., 349 F.3d 332, 338 (6th Cir. 2003) ("The overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination *prima facie* case.").

As Mr. Jacobson is only six years younger than Mr. Grossman, there is no inference of

discrimination. Id.; see also Schoen v. Consumers United Group, Inc., 670 F.Supp. 367, 372

(D.D.C. 1986) (finding plaintiff failed to show *prima facie* case of age discrimination where his

replacement was one or two years younger than plaintiff).

**VIII.  ASSUMING PLAINTIFF'S CLAIMS SURVIVE DEFENDANT'S MOTION TO DISMISS, SUMMARY JUDGMENT IS APPROPRIATE FOR SIX (6) VACANCY ANNOUNCEMENTS BECAUSE DEFENDANT'S LEGITIMATE, NONDISCRIMINATORY REASON FOR NOT SELECTING MR. GROSSMAN IS NOT A PRETEXT FOR DISCRIMINATION**

As stated above, Plaintiff's claims regarding Vacancy Announcement Nos. H-NWS-

04101-GCM; H-NWS-04121-GCM; H-NWS-04122-GCM; C-NWSC-04085-TMP; and EWS-

4090801-12.SDT are untimely because Mr. Grossman contacted an EEO Counselor more than

45 days after the effective date of the Agency's selections. See discussion supra at 28-32.

Additionally, Plaintiff failed to state a *prima facie* case regarding Vacancy Announcement No.

H-NWS-04134-GCM because Mr. Grossman did not submit an application for the position. See

discussion supra section at 33-34.

Assuming, arguendo, that this Court determines that Mr. Grossman did timely contact an

EEO Counselor regarding these vacancies, and/or that Plaintiff did establish a *prima facie* case

despite not applying to a vacancy, Defendant is still entitled to summary judgment because the

Agency has a legitimate, nondiscriminatory reason for making these six selections, and Plaintiff

cannot establish Defendant's reasons are a pretext for discrimination.

For all six positions, the Agency selected NOAA employees. These candidates had

current experience in the Agency; experience that Mr. Grossman lacked. For Vacancy

Announcement H-NWS-04101-GCM, the selectee, Mr. Cisco, worked in NCEP, HPC since

1994. For Vacancy Announcement No. H-NWS-04121-GCM, the selectee, Mr. Mills, worked

as a meteorologist in NCEP, OPC. For Vacancy Announcement No. H-NWS-04122-GCM, one

selectee, Mr. Ziegenfelder, worked in NCEP, HPC, Forecast Operations Branch, and the second

selectee, Mr. Kimberlain, worked as a meteorologist for a Weather Forecast Office in the NWS.

For Vacancy Announcement No. C-NWSC-04085-TMP, the selectee, Mr. Jacobson, worked as a

meteorologist in the NWS's Pendleton, Oregon Weather Forecast Office.  For Vacancy

Announcement No. EWS-4090801-12.SDT, the selectee, Ms. Allen, worked as a meteorologist

in the NWS's Jackson Mississippi Weather Forecast Office.  Finally, for Vacancy

Announcement No. H-NWS-04134-GCM, Mr. Robson worked as a meteorologist in NCEP,

HPC.  As Plaintiff cannot show that Mr. Grossman was "significantly better qualified" for these

positions, he cannot establish pretext.  Holcomb v. Powell, 433 F.3d 889, 897 (D.C. Cir. 2006)

(quoting Lathram v. Snow, 336 F.3d 1085 (D.C. Cir. 2003).

## IX.     SUMMARY JUDGMENT IS APPROPRIATE FOR VACANCY ANNOUNCEMENT NO. NWS-NCEP-2005-0017 BECAUSE DEFENDANT'S LEGITIMATE, NONDISCRIMINATORY REASON FOR NOT SELECTING MR. GROSSMAN FOR THE METEOROLOGIST POSITION IS NOT A PRETEXT FOR AGE DISCRIMINATION

There is no evidence that Mr. Grossman's non-selection for the Meteorologist position

which was advertised under Vacancy Announcement No. NWS-NCEP-2005-0017 was the

product of age discrimination, which is Plaintiff's ultimate burden to establish in this case.

Plaintiff's speculation and belief of Mr. Grossman's qualifications, no matter how sincerely held,

is simply not a sufficient basis for opposing a motion for summary judgment.  See McGill v.

Munoz, 203 F.3d 843, 846 (D.C. Cir. 2000) (speculation insufficient to avoid summary

judgment); Griffin v. Acacia Life Insurance Co., 151 F. Supp.2d 78, 81 (D.D.C. 2001).  Plaintiff

has failed to show that the Agency's rationale for its decision is pretextual, and that illegal

discrimination on the basis of age was the real reason.  St. Mary's Honor Center, 509 U.S. at 515

("a reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the

reason was false, and that discrimination was the real reason.") (emphasis in original).

NOAA has articulated a legitimate, nondiscriminatory reason for not selecting Mr. Grossman -- *i.e.*, he was not the best qualified candidate. Prior to reviewing the certificate of eligibles, Mr. Kelly determined to interview between three and six candidates. See Ex. 52 at 2. Once he received the certificate, he decided to interview those applicants who scored above 90/100 points. Id. Mr. Grossman received a score of 85.78. See Ex. 54. Mr. Kelly used the following ranking factors: Forecasting Experience and Skill; Leadership (demonstrated and potential); Team Participation; and Growth (demonstrated and potential). See Ex. 52 at 3.

Additionally, although Mr. Grossman had a degree in Meteorology and worked for NOAA in that capacity, quite importantly, he left NOAA in 1985 to become a commodity trading advisor, an industry he continued to work in until his death. See Ex. 56. Comparatively, the selectee, Mr. Cannon, was a meteorologist until 2001, and then again for a short time in 2004. See Ex. 55 at 6. Mr. Cannon also had significant experience with AWIPS, and Mr. Grossman did not. Compare id. with ROI, Tab 24. Mr. Kelly found Mr. Grossman's qualifications to be woefully out of date as science meteorology has radically changed as compared to twenty years ago. See Ex. 9 at ¶ 4. In Mr. Kelly's opinion, although employed by NOAA in the 1980s, Mr. Grossman never performed the job that NCEP currently carries out. Id. In contrast, Mr. Cannon had current meteorological experience and could perform the work that a national center such as NCEP is expected to perform. Id. at ¶ 4.

"'As courts are not free to second-guess an employer's business judgment,' a plaintiff's mere speculations are 'insufficient to create a genuine issue of fact regarding [an employer's] articulated reasons for [its decisions] and avoid summary judgment.'" See Brown v. Brody, 199 F.3d 446, 458-59 (D.C. Cir. 1999) (citing Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988). Additionally, in reviewing an employer's explanation for failure to hire, courts

have consistently declined to serve as a "super-personnel department that reexamines an entity's business decisions." Thomas, 2007 WL 4210162 (citing Barbour v. Browner, 181 F.3d 1342, 1346 (D.C. Cir. 1999). Although the fact finder can infer discrimination if the evidence showed that a plaintiff was "significantly better qualified" for the job than the selected candidate, the qualifications gap must be "wide and inexplicable." See Holcomb v. Powell, 433 F.3d 889, 897 (D.C. Cir. 2006) (quoting Lathram v. Snow, 336 F.3d 1085 (D.C. Cir. 2003).

In order to establish that the Agency's articulated reason for its decision was pretext for discrimination, Complainant must demonstrate that the articulated reason is unworthy of belief or unsupported by the record. See Burdine, 450 U.S. at 256. Complainant must offer specific, substantial evidence of pretext.

Accordingly, Plaintiff has failed to meet its burden to produce evidence that the Defendant's legitimate, non-discriminatory reason for not selecting Mr. Grossman was a pretext for discrimination. Plaintiff has failed to present any evidence that the Agency's stated reasons were false or a pretext for discrimination. In fact, Mr. Grossman never responded to the investigator's questions at the administrative level. See Ex. 5. Additionally, this Court is not charged with reexamining the Agency's selection decisions where the basis is qualifications, particularly when there is no other evidence that age played a part in the decision. See Stewart v. Ashcroft, 352 F.3d 422, 429-30 (D.C. Cir. 2003). Like the plaintiff in Stewart, Mr. Grossman "was simply not discernibly better" than the candidate selected. Id. at 429. Moreover, as external candidate, the decision-makers had no first-hand knowledge of his capabilities like they did for almost all of the selectees. Summary judgment should therefore be entered in favor of Defendant with respect to Vacancy Announcement No. NWS-NCEP-2005-0017.

In conclusion, there is nothing in the record establishing that the Agency's stated reason

for not selecting Mr. Grossman for the Meteorologist position, advertised under Vacancy

Announcement No. NWS-NCEP-2005-0017 was a pretext for and/or age discrimination. See

e.g., Woodruff v. Dimario, Case No. 01-5321, 2002 WL 449776 (D.C. Cir. 2002).

## X.    PLAINTIFF'S CLAIM FOR COMPENSATORY DAMAGES SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

In its Prayer for Relief, Plaintiff seeks compensatory damages under the

ADEA. See Am. Complaint at 4, Prayer for Relief. However, a successful ADEA plaintiff is

not entitled to recover compensatory damages. See, e.g., Prouty v. National Railroad Passenger

Corp., 572 F. Supp. 200, 208 (D.D.C. 1983) (observing that "[t]he overwhelming weight of legal

authority indicates that compensatory and punitive damages are not available under the

ADEA"); Carter v. Marshall, 457 F. Supp. 38, 42 (D.D.C. 1978); see also Vazquez v. Eastern

Air Lines, Inc., 579 F.2d 107, 109 (1st Cir. 1978); Johnson v. Al Tech Specialties Steel Corp.,

731 F.2d 143, 146-48 (2d Cir. 1984); Slatin v. Stanford Research Institute, 590 F.2d 1292, 1296

(4th Cir. 1979); Dean v. American Security Ins. Co., 559 F.2d 1036, 1038 (5th Cir. 1977); Hill v.

Spiegel, Inc., 708 F.2d 233, 235-36 (6th Cir. 1983); Pfeiffer v. Essex Wire Corp., 682 F.2d 684,

688 (7th Cir. 1982); Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806, 809-10 (8th Cir.

1982); Naton v. Bank of California, 649 F.2d 691, 698-99 (9th Cir. 1981); Perrell v. Finance

America Corp., 726 F.2d 654, 657 (10th Cir. 1984); Goldstein v. Manhattan Industries, Inc., 758

F.2d 1435, 1446 (11th Cir. 1985).

Indeed, Plaintiff's counsel admitted as much during the December 19, 2007, Status

Conference with Judge Robertson. However, as Plaintiff has not formally withdrawn its claim

for compensatory damages, Defendant requests that this claim be dismissed for failure to state a

claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's action, or in the alternative, grant summary judgment to the Defendant.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/

JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

Of Counsel:

Michelle Englar
U.S. Dept of Commerce
Office of the General Counsel
1315 East West Highway
OGC/ELLD, Room 5123
Silver Spring, MD 20910

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 18th day of January, 2008, the foregoing *Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, Defendant's Memorandum in Support of its Motion to Dismiss, or in the Alternative for Summary Judgment,* and Defendant's *Statement of Material Facts Not in Dispute,* and the accompanying  were served upon Plaintiff's counsel pursuant to the Court's Electronic Case Filing System, addressed to:

Nathaniel D. Johnson, Esq.
Nathaniel D. Johnson & Associates, L.L.C.
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

(Redacted)

___/s/___ _____

RUDOLPH CONTRERAS, D. C. BAR # 434122
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4226
Washington, D.C. 20530
(202) 514-7151
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0353 (JR) |
| ) | |
| CARLOS M. GUTIERREZ, Secretary, ) | |
| U.S. Department of Commerce, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), Defendant submits this statement of material facts as to which there is no genuine issue:

1. Gerald Grossman was born on ███████, 1943.  See, e.g., Exhibit ("Ex.") 4, Report of Investigation ("ROI"), Tab 8 at 2.

2. Mr. Grossman was employed as a meteorologist at NOAA, NCEP between 1972 and August 1985.  See Ex. 56 (All Applicant Data Report for Gerald Grossman for Vacancy Announcement NWS-NCEP-2005-0017) at 2; Ex. 9, Declaration of Robert W. Kelly, ¶ 4; see also Ex. 56 at 1 (response to question number 12).  However, he left the agency in 1985, and was not an employee of NOAA (or any other branch of the DOC or federal government) at the time that he applied for any of the vacancies at issue in this action.  See Ex. 56 at 1 (response to question numbers 2 and 12); id. at 4; see also Ex. 9, Declaration of Robert W. Kelly, ¶ 4.

3. During his tenure at NOAA, Mr. Grossman never performed the sort of duties that NCEP currently carries out.  See Ex. 9, ¶ 4.

4. Between 1985 and 1995, Mr. Grossman worked as a "Commodity Trading Advisor

who managed funds and traded weather sensitive commodities" such as "agriculture and energy futures markets." See Ex. 56 at 4. Between 1996 and the time that he applied for the vacancies at issue in this case (the mid 2000s), he worked as "a weather forecasting consultant for large commodity funds." Id. at 4; see also, e.g., Ex. 12 at 2 (indicating that Mr. Grossman was working as a "sole proprietor" at the time of one of his applications); Ex. 13 at 2 (same).

    5.   NOAA's hiring process is automated. See Ex.10, Whitehead Decl. at ¶ 4. Applicants submit their applications through an online system, which automatically scores each applicant based on his or her responses to certain questions. See id. at ¶ 4. During the relevant period, NOAA used the Commerce Opportunities On-Line ("COOL") system as its online hiring system. Id. at ¶ 4. At present, NOAA uses a program known as QuickHire. Id. at ¶ 4. Both the old and current hiring systems can create electronic vacancy announcements, can generate a List of Applicants for each vacancy announcement, and can generate Applicant Referral Certificates, which are sent to the relevant selecting official for a given vacancy announcement. Id. at ¶ 4.

### A.    Vacancy Announcement Number H-NWS-04101-GCM

    6.   On August 17, 2004, NCEP issued Vacancy Announcement Number ("No.") H-NWS-04101-GCM, for the position of Meteorologist, GS-1340-13, within the NWS, NCEP, HPC. See Ex. 8, Vacancy Announcement No. H-NWS-04101-GCM. The vacancy closed on September 20, 2004. Id. at 1. The Vacancy Announcement indicated that the selectee would be expected to, among other things, "[p]repare meteorologically consistent, high quality, and timely forecast products including . . . model diagnostics discussion, quantitative precipitation forecasts, probabilistic snow/icing products, tropical storm tracks, excessive rainfall forecasts, and all accompanying narratives as required at each desk." Id. at 1.

7. The recommending official for this position (and for many of the other positions at issue in this action) was Robert Kelly, the Chief of the Hydrometeorological Prediction Center's Forecast Operations Branch. See Ex. 9, Declaration of Robert Kelly ("Kelly Decl.") at ¶¶ 1-2; see also Ex. 52, at 1. Mr. Kelly's date of birth ("DOB") is ████████, 1950. See, e.g., Ex. 52, ROI, Tab 12 at 1, Declaration of Robert Kelly, dated December 15, 2005. The selecting official for this position (and for many of the other positions at issue in this action) was Dr. James E. Hoke, the Director of the HPC. See Ex. 9 at ¶ 2. Mr. Hoke was born on ██████, 1948. See Ex. 53, ROI, Tab 11 at 2, Declaration of James E. Hoke at 1.

8. Vacancy Announcement No. H-NWS-04101-GCM was advertised under both the Delegated Examining Authority ("DEU")[1] and Merit Assignment Plan ("MAP").[2] Six applicants applied for the position under the DEU announcement, and six applicants applied for the position under the MAP announcement. See Ex. 11, DEU List of Applicants for this vacancy; see also Ex. 12, MAP List of Applicants for this Vacancy.

9. Mr. Grossman applied under the MAP announcement, but not the DEU

---

[1] The Delegated Examining Authority ("DEU") is the authority the Office of Personnel Management ("OPM") grants to agencies to fill competitive civil service jobs with: (1) applicants applying from outside the Federal workforce, (2) Federal employees who do not have competitive service status, or (3) Federal employees with competitive service status. See, e.g., OPM's Delegated Examining Operations Handbook (May 2007), Chapter 1, *available at* https://www.opm.gov/deu/Handbook_2007/DEO_Handbook.pdf; see also 5 U.S.C. 1104(a)(2); 5 C.F.R. § 337.201.

[2] The Merit Assignment Program ("MAP") accepts applications from status candidates, reinstatement eligibles, veterans with three or more years of honorable military service, and non-competitive appointing authority eligibles. See Ex. 10, Declaration of Sharon Whitehead ("Whitehead Decl.") at ¶ 3.

announcement. Id.[3] After responding to the on-line questions under the MAP announcement,

Mr. Grossman received a score of 44.46/100.[4] See Ex. 12 at 2. Mr. Grossman was placed on the

MAP Applicant Referral Certificate and his application was designated a "Non-Competitive

Referral[]." See Ex. 13. Four candidates were interviewed for the position. See id.

10. During the period that the various applications for this vacancy were under

consideration, Mr. Kelly sent a memorandum to Mr. Hoke in which he recommended James A.

Cisco for the position, and explained in detail why he believed him to be superbly qualified for it.

See Ex. 15, September 30, 2004 Memorandum from Mr. Kelly to Dr. James Hoke. Among other

things, Mr. Kelly noted the following in his memorandum: (1) that "Jim [Cisco] ha[d] been a

meteorologist at HPC since 1994, and in that time has worked at the Surface Analyst position as

well as his current position at Basic Weather"; (2) that Mr. Cisco "is already qualified to work

QPF and Model Diagnostics, and has had training in Medium Range"; (3) that "[h]e has been [a]

focal point for the Surface Analysis, Basic Weather, and Diversity Programs"; (4) that "[h]e was

awarded a group Bronze Medal for his SPA work in 1999, and was included in the group awards

for HPC restructuring (Organization Bronze, 2001) and Hurricane Floyd (Organization Gold,

2000)"; (5) that "he has been awarded several cash awards for job performance during the past

two years"; (6) that "[b]efore coming to HPC[,] Jim worked at the Salt Lake City Forecast

Office, where he covered aviation shifts and trained on the public weather desk" and in this

---

[3] As mentioned, Mr. Grossman had prior federal service and thus was reinstatement
eligible. See Ex. 12.

[4] When applicants apply for a vacancy advertised under DEU, they are ranked in order of
their scores. Unlike the MAP process, under DEU, points can be added to an applicant's score
based on veterans preference. See Ex. 10 at ¶ 4.

capacity "was a focal point for climatology and medium range forecasts, and assisted the Warning Preparedness Meteorologist" and finally (7) that "Jim demonstrates professionalism and [a] well-reasoned understanding of meteorology and frontal structure" and "he is a very good meteorologist." See Ex. 15. At the time of his application, Mr. Cisco was in fact working as a meteorologist for NCEP, HPC. See Ex. 15; see also Ex.14, Notice of Personnel Action "NOPA" (box 7, identifying Mr. Cisco's prior position as a NOAA meteorologist).

11. Ultimately, Mr. Hoke selected James A. Cisco (DOB ▮▮▮▮▮▮▮, 1966) for the position advertised under Vacancy Announcement No. H-NWS-04101-GCM. See Ex. 13 at 1 (indicating that the action on James Cisco's application was an "S" or selection); see also Ex. 14, NOPA, Standard Form ("SF") 50, dated October 14, 2004.[5]

12. The effective date of Mr. Cisco's selection was October 17, 2004. See Ex. 14, NOPA (box 4).

**B.    Vacancy Announcement No. H-NWS-04102-GCM**

13. On August 17, 2004, NCEP issued Vacancy Announcement No. H-NWS-04102-GCM, for the position of Meteorologist, GS-1340-12, within the Forecast Operations Branch of NCEP, HPC. See Ex. 16, Vacancy Announcement No. H-NWS-04102-GCM. The vacancy closed on September 9, 2004. Id. The vacancy announcement indicated that selectee would be required to, among other things, generate "basic weather forecast charts" using "numerical model guidance." Id. at 1. Nine applicants applied for the position under the DEU announcement, and five applicants applied for the position under the MAP announcement. See Ex. 17, DEU List of

---

[5] Although Mr. Grossman had received a score of 44.46/100, Mr. Cisco had received a score of 81.01/100. Ex. 12.

Applicants; see also Ex. 18, MAP List of Applicants.  Mr. Grossman only applied under the

MAP announcement.  Id.

14.  After responding to the on-line questions under the MAP announcement, Mr.

Grossman received a score of 49.78/100, the second lowest score received by the applicants who

applied for the position under the MAP announcement.  See Ex. 18 at 1.  NOAA's human

resources office did not place him on the Applicant Referral Certificate for this position.  See Ex.

19, Applicant Referral Certificate for Vacancy Announcement No. H-NWS-04102-GCM.

15.  NCEP did not select a candidate for this position.  See id.  On September 22, 2004,

Mr. Kelly added a note to the certificate in which he explained that no selection had been made

for the position and that a vacancy announcement would be reissued.  Id. at 2.   In Mr. Kelly's

view, the Applicant Referral Certificate for Vacancy Announcement No. H-NWS-04102-GCM

did not contain enough well qualified candidates to pursue the process, and consequently he

decided to readvertise the position at a later date in hopes that a stronger field of candidates could

be found.  See Ex. 9 at ¶ 3.

**C.    Vacancy Announcement No. H-NWS-04121-GCM**

16.  On September 22, 2004, NCEP issued Vacancy Announcement No. H-NWS-04121-

GCM, for the position of Meteorologist, GS-1340-13, within its Ocean Prediction Center-Ocean

Forecast Branch.  See Ex. 20, Vacancy Announcement No. H-NWS-04121-GCM.  The vacancy

closed on October 21, 2004.  Id.  The vacancy announcement indicated that the selectee would be

required to, among other things, provide "accurate and timely regional and oceanic-scale

graphical analyses and forecasts for the waters adjacent to the U.S.," and to "[i]ssue[] offshore

and high seas alphanumeric forecasts and warnings to marine users," to "quality control[] marine

data." Id.

17. Five individuals applied for Vacancy Announcement No. H-NWS-04121-GCM

under the DEU announcement, and three persons applied for the position under the MAP

announcement. See Ex. 21, DEU List of Applicants for this position; see also Ex. 22, MAP List

of Applicants for this Vacancy. Mr. Grossman applied under both announcements. Id. Mr.

Grossman received a rating of 78/100 under the DEU announcement, a significantly lower rating

than was received by two of the other individuals who applied under that announcement. See Ex.

21. Under the MAP announcement, Mr. Grossman received a score of 30.81/100, by far the

lowest score of the three applicants who applied for the position in response to the MAP

announcement. See Ex. 22.

18. NOAA's Human Resources office issued two Applicant Referral Certificates for

Vacancy Announcement No. H-NWS-04121-GCM – one for the DEU announcement and the

second for the MAP announcement. See Ex. 23, DEU Applicant Referral Certificate; see also

Ex. 24, MAP Applicant Referral Certificate. Mr. Grossman was not on either of the Applicant

Referral Certificates. Id.

19. On or about October 26, 2004, David M. Feit recommended, and Mr. Hoke

ultimately selected David W. Mills (DOB ████, 1964) from the MAP Applicant Referral

Certificate. See Ex. 25, October 26, 2004 Memorandum from David M. Feit to Dr. James Hoke;

see also Ex. 24; Ex. 26 (NOPA, indicating that Mr. Mills's date of birth is ████, 1964).

20. At the time of his selection, Mr. Mills was already employed as a Meteorologist at

the NCEP, Ocean Prediction Center. See Ex. 25.

21. In a memorandum dated October 26, 2004, Mr. Feit advised Mr. Hoke that he was

recommending Mr. Mills. Id. In that memorandum, Mr. Feit explained that Mr. Mills was an

excellent candidate and stood out inasmuch "he has shown a superior ability to produce marine

forecasts, an extensive knowledge of synoptic meteorology especially the effects of weather

systems on sea state, and a strong understanding of the performance characteristics of

atmospheric numerical and wave models." Id. Mr. Feit further noted: (1) that "[i]n his present

position[,] Mr. Mills has gained extensive experience in the area of marine forecasting"; (2) that

Mr. Mills "has shown a great capacity for improving his skills by taking training courses related

to OPC activities and has displayed enthusiasm for the work at the OPC by volunteering for

several important duties including focal point responsibilities for IFPS and the OPC station Duty

Manual among others"; (3) that "[c]areful observation of his approach to work has revealed him

to be knowledgeable about marine forecast operations, a quick learner, and a dedicated worker

with leadership potential"; and finally (4) that "Mr. Mills is recommended for selection because

he is a highly competent marine forecaster who has first hand knowledge of the OPC operations

and is a team player with an excellent attitude." Id.

22. The effective date of Mr. Mills' selection was November 14, 2004. See Ex. 26,

NOPA, SF-50, dated November 19, 2004.

**D.    Vacancy Announcement No. H-NWS-04122-GCM**

23. On September 23, 2004, NCEP issued Vacancy Announcement No. H-NWS-04122-

GCM, for the position of Meteorologist, GS-1340-12, within the Forecast Operations Branch of

HPC. See Ex. 27, Vacancy Announcement No. H-NWS-04122-GCM. The vacancy

announcement closed on October 22, 2004, and was a re-announcement of Vacancy

Announcement No. H-NWS-04102-GCM. Id. The position was advertised under both DEU and

-8-

MAP. Id. at 4.

24. Twelve applicants applied for the position under the DEU announcement, and nine applicants applied for the position under the MAP announcement. See Ex. 28, DEU List of Applicants; see also Ex. 29, MAP List of Applicants. Mr. Grossman applied under both announcements. Id.

25. Mr. Grossman received a rating of 86/100 under the DEU announcement, a score below that of four other candidates. See Exhibit 28. Under the MAP announcement, Mr. Grossman received a score of 54.73/100, a score below five other applicants who applied under that announcement. See Exhibit 29. NOAA's Human Resources office issued two Applicant Referral Certificates – one for the DEU announcement and the second for the MAP announcement. See Ex. 30, DEU Applicant Referral Certificate; see also Ex. 31, MAP Applicant Referral Certificate. Mr. Grossman's name was included on both of the Applicant Referral Certificates. Id.

26. Mr. Kelly recommended, and Mr. Hoke selected, Paul Ziegenfelder (DOB ███████ ██, 1961)[6] off of the MAP certificate and Todd Kimberlain (DOB ███████, 1972)[7] off of the DEU certificate. See Ex. 30 at 3 (note by Mr. Kelly, explaining that "Peter Speicher withdrew from consideration," that "he was offered a forecast position in Milwaukee . . . his home . . . and that "[w]e are offering the position to Todd Kimberlain . . . in addition to Paul Ziegenfelder"); Ex. 31 at 3 (note by Mr. Kelly, indicating that he was "[s]electing Mr. Ziegenfelder"); Ex. 32,

---

[6] Mr. Ziegenfelder received a score of 67.09/100 based on his answers to the on-line questions, a significantly higher score than Mr. Grossman had received. See Ex. 29 at 1.

[7] Mr. Kimberlain received a rating off 94/100, a significantly higher rating than Mr. Grossman had received. See Ex. 28 at 1.

NOPAs, SF-50s, dated December 14, 2004 and December 27, 2004 (noting the fact of the selections, and identifying the selectees' birth dates and the effective dates of their selections); see also Ex. 28; Ex. 29.

27. At the time of Mr. Ziegenfelder's selection, he worked in NWS, NCEP, HPC, in the Forecast Operations Branch. See Ex. 29 at 1; see also Ex. 32 at 2 (NOPA, SF 50 for Mr. Ziegenfelder, noting that his selection amounted to a "promotion"). At the time of Mr. Kimberlain's selection, he was a Meteorologist with the NWS, Southern Region's San Juan, Puerto Rico Weather Forecast Office. See Ex. 32 at 1. Mr. Ziegenfelder worked as an HPC surface analyst since 1989. See Ex. 33, Memorandum from Bob Kelly to Jim Hoke, dated November 3, 2004. During that period, Mr. Kelly noted in a memorandum to Mr. Hoke that he was "particularly impressed with [Mr. Ziegenfelder's] work ethic and drive to improve". Id. In addition, Mr. Kelly noted that he found that Mr. Kimberlain's "knowledge of tropical meteorology is strong, and his varied experience in the private sector and government will be an asset to the HPC." Id. at 2.

28. The effective date of both selections was December 26, 2004. See Ex. 32.

E.    **Vacancy Announcement No. H-NWS-04134-GCM**

29. In 2004, NCEP issued Vacancy Announcement No. H-NWS-04134-GCM, for the position of Meteorologist, GS-1340-12/13, within NCEP, HPC. See Ex. 34, DEU Lists of Applicants. One applicant applied for the position at the GS-12 level under the DEU announcement, and four applicants applied for the position at the GS-12 level under the MAP announcement. See Ex. 34 (List of DEU applicants for the GS-12 and GS-13 positions); see also Ex. 35, MAP Lists of Applicants (List of MAP applicants for the GS-12 and GS-13 positions).

Five applicants applied for the position at the GS-13 level under the DEU announcement; and

three applicants applied for the position at the GS-13 level under the MAP announcement. See

Ex. 34; Ex. 35. Mr. Grossman did not apply for the position at the GS-12 or GS-13 level for

either the DEU or MAP announcements. See Ex. 34; Ex. 35.

    30. NOAA selected Alan Robson (DOB ▮▮▮▮, 1959) for Vacancy Announcement

No. H-NWS-04134-GCM. See Ex. 36, NOPA, SF-50, dated January 19, 2005. At the time of

Mr. Robson's selection, he was a Meteorologist with NCEP, HPC. Id.

    31. After interviewing candidates, the members of the interview committee unanimously

agreed that Mr. Robson was the best qualified for the position. See Ex. 37, Memorandum dated

December 6, 2004 from Edwin Danaher to Mr. Hoke. As one of the members of the Committee,

Mr. Danaher, explained in a memorandum addressed to Mr. Hoke, Mr. Robson was particularly

qualified for the position inasmuch as: (1) Mr. Robson had worked as a forecaster in HPC for the

eight years prior to his selection and thus he knew the responsibilities and needs of the

forecasters; (2) Mr. Robson had a "strong technical background in supporting operational

computer systems during his navy days, prior to joining the NWS"; (3) Mr. Robson had a "mix

of technical expertise and operational experience" which they found to be "critical for this

position"; (4) Mr. Robson was "the only candidate with previous experience in preparing

requirements, an important function for the job" Id.

    32. The effective date of Mr. Robson's selection for the position advertised under

Vacancy Announcement No. H-NWS-04134-GCM was January 9, 2005. See Ex. 36.

    **F.    Vacancy Announcement No. C-NWSC-04085-TMP**

    33. On September 29, 2004, NWS issued a Vacancy Announcement, No. C-NWSC-

04085.TMP, for the position of Meteorologist (Senior Forecaster), GS-1340-13, within the

Jackson, Kentucky Weather Forecast Office of NOAA, NWS, Central Region. See Ex. 38,

Vacancy Announcement No. C-NWSC-04085.TMP. The vacancy closed on October 13, 2004.

Id. The Vacancy Announcement indicated that the selectee would be responsible for, among

other things, the "quality and timeliness of all warning and forecast products prepared and issued

by the Weather Forecast Office . . . shift staff." Id.

34.   Seven applicants, including Mr. Grossman, applied for the position. See Ex. 39, List

of Applicants. However, Mr. Grossman withdrew his application for this vacancy. Id. at 1.

35.   NOAA selected John Jacobson (DOB ████████, 1949) for the position. See Ex. 40,

NOPA, SF-50, dated December 13, 2004. At the time of his selection, Mr. Jacobson worked at

the Pendleton, Oregon Weather Forecast Office as a Meteorologist. Id.

36.   The effective date of Mr. Jacobson's selection for the position advertised under

Vacancy Announcement, No. C-NWSC-04085.TMP was December 12, 2004. See Ex. 40.

**G.   Vacancy Announcement No. EWS-4090801-12.SDT**

37.   On September 26, 2004, the NWS issued Vacancy Announcement No. EWS-

4090801-12.SDT[8], for the position of Meteorologist (General Forecaster), within the Eastern

Region's Baltimore/Washington Weather Forecast Office. See Ex. 41, Vacancy Announcement

No. EWS-4090801-12.SDT. The vacancy closed on October 12, 2004. Id.

38.   Seven individuals applied for the position. See Ex. 42, List of Applicants. Despite

receiving a score of just 9.03/100 points, by far the lowest score of all of the applicants for the

---

[8]  Plaintiff's Amended Complaint inadvertently refers to this vacancy as "WS-409081-
12." See Am. Compl. At 2, ¶ 9.

position, Mr. Grossman was placed on the Applicant Referral Certificate. See Ex. 42; see also Ex. 43, Applicant Referral Certificate. However, he was neither contacted nor interviewed for the position. Id.

39. The NWS did not select any of the candidates listed in the certificate issued for this vacancy announcement. Id. at 2. Instead, the selecting official selected Sarah Allen (DOB ████, 1982) from a vacancy announcement advertising the position at a lower level – EWS-4090801.7.SDT. See id.; see also Ex. 44, NOPA, SF-50, dated January 14, 2005. Ms. Allen was selected at the GS-7 level. Id. Prior to her selection, Ms. Allen had served as a Meteorologist in the Jackson, Mississippi Weather Forecast Office. Id.

40. The effective date of Ms. Allen's selection for the position advertised under Vacancy Announcement No. EWS-4090801-12.SDT was January 9, 2005. Id.

**H.    Vacancy Announcement No. H-NWS-05010-MFW**

41. In 2004, the NWS issued Vacancy Announcement No. H-NWS-05010-MFW, for the position of Meteorologist, GS-1340-12, within the Office of Science and Technology, Meteorological Development Laboratory. See Ex. 45, List of Applicants. Twelve applicants applied for the position. Id. Notably, Mr. Grossman was not among them. Id. He did not even apply for the position. Id.

42. The selecting official, Harry Glahn, Director, Meteorological Development Laboratory, did not select anyone from the Applicant Referral Certificate. See Ex. 46, Applicant Referral Certificate; see also Ex. 1 at 1. Instead, Mr. Glahn selected an applicant from Vacancy Announcement No. H-NWS-05008-MFW at the GS-9 level. Id. at 2.

**I.    Vacancy Announcement No. NWS-NCEP-2005-0015**

43. On December 16, 2004, NCEP issued Vacancy Announcement No. NWS-NCEP-2005-0015, for the position of Meteorologist, GS-1340-07/09/11, within the Forecast Operations Branch of NCEP's HPC. <u>See</u> Ex. 47, Vacancy Announcement No. NWS-NCEP-2005-0015. The vacancy closed on January 14, 2005. <u>Id.</u>

44. Mr. Grossman applied for this vacancy at both the GS-9 and GS-11 level and received a score of 84.20/100. <u>See</u> Ex. 48, Applicant Listings. Mr. Grossman was on the Applicant Referral Certificate for both the GS-9 and GS-11 level. <u>See</u> Ex. 49, Applicant Referral Certificates.

45. NCEP did not make a selection for the position advertised under Vacancy Announcement No. NWS-NCEP-2005-15. <u>See</u> Ex. 1, Notice of Right to File, at 1.

**J.    Vacancy Announcement No. NWS-NCEP-2005-0017**

46. On December 22, 2004, NCEP advertised Vacancy Announcement No. NWS-NCEP-2005-0017 for the position of Meteorologist, GS-1340-12/13, within NCEP, HPC. <u>See</u> Ex. 50, ROI, Tab 14, Vacancy Announcement NWS-NCEP-2005-0017. The vacancy closed on January 20, 2005. <u>Id.</u> at 1. The selectee for the position would be responsible for journey-level meteorological services involved in forecasting programs or climatological studies. <u>See</u> Ex. 51, ROI, Tab 15 at 1, Position Description for Meteorologist, GS-1340-12.

47. Based on the answers provided to various vacancy announcement questions, the applicants received scores, with a maximum score being 100. <u>See</u> Ex. 52 (ROI, Tab 12, Declaration of Robert Kelly, dated December 15, 2005) at 2.

-14-

48. In advance of receiving the certification of eligible candidates from NOAA's human resources office, the recommending official Mr. Kelly, decided that he wanted to interview at least three but no more than six eligible candidates. Id. Later, Mr. Kelly determined that no one with a score below 90 (after rounding up from 89.5 and above) would be interviewed. Id.; Ex. 53 (ROI, Tab 11, Declaration of James E. Hoke, dated December 14, 2005) at 2.

49. Six of the twenty-one applicants received scores of 90 or above: Joshua Scheck (DOB █████, 1975), Harlan Shannon (DOB **November 20**, 1972), Declan Cannon (DOB █████ 1957), Gerald Claycomb (DOB █████, 1962), Lyle Alexander (DOB █████ █, 1955), and Vijaya Karyampudi (DOB █████, 1951). See Ex. 52 at 2; Ex. 53 at 2; Ex. 54, ROI, Tab 17, Applicant Listing. Mr. Kelly interviewed these candidates, except for Mr. Karyampudi because he had recently worked in HPC and Mr. Kelly had extensive knowledge of Mr. Karyampudi's qualifications. See Ex. 52 at 2-3; Exhibit 53 at 2.

50. Mr. Grossman (DOB █████, 1943) received a score of 85.78 and was therefore not interviewed for the position. See Ex. 52 at 3; Ex. 53 at 2; Ex. 54.

51. Mr. Kelly used the following ranking factors when evaluating the candidates who would be interviewed and during the actual interviews: "Forecasting Experience and Skill; Leadership (demonstrated and potential); Team Participation, and Growth (demonstrated and potential)." See Ex. 52 at 3; see also Ex. 53 at 3.

52. Mr. Hoke ultimately selected Mr. Shannon, however he declined the position. See Ex. 52 at 3; Ex. 53 at 3. Mr. Scheck scored the next highest, but he was hired for another vacancy in HPC's office. See Ex. 52 at 3; Ex. 53 at 3. The third highest-scored candidate after the interview was Declan Cannon. See Ex. 52 at 3; Ex. 53 at 3. He was offered the position and accepted. See Ex. 52 at 3-4; Ex. 53 at 3.

53. With respect to the on-line hiring questions, question 12 asked applicants whether they had "utilized AWIPS[9] or any other integrated computer workstation platforms containing hydrometeorological data and information for hydrometeorological analysis and forecasting, including basic operator uses such as powering up and down workstations?" See Ex. 55 (ROI, Tab 24, All Applicant Data Reports for Declan P. Cannon) at 4; Ex. 56 (All Applicant Data Reports for Gerald Grossman) at 3. Mr. Grossman indicated that he "[had] not had education, training or experience in performing this task." See Ex. 56 (All Applicant Data Report for Gerald Grossman) at 3.[10] By contrast, the selectee Mr. Cannon responded as follows:

> I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have taught or instructed in this task in a college lab.

See Ex. 55 at 4.

54. In response to the question "[h]ave you successfully completed NWS COMST modules," Mr. Grossman replied "I have not completed those courses." See Ex. 56 at 3 (response to question number 11). By contrast, Mr. Cannon's response to this query was "I have completed more than 7 modules." See Ex. 55 at 4 (response to question number 11).

---

[9] AWIPS is an abbreviation for the "Advanced Weather Interactive Processing System," a "technologically advanced information processing, display, and telecommunications system that is the cornerstone of the National Weather Service . . .modernization and restructuring." See, e.g., page on NOAA's NWS website concerning AWIPS, *available at* http://www.nws.noaa.gov/ops2/ops24/awips.htm. "AWIPS is an interactive computer system that integrates all meteorological and hydrological data, and all satellite and radar data, for the first time, and enables the forecaster to prepare and issue more accurate and timely forecasts and warnings." Id.

[10] The All Applicant Data Report for Mr. Grossman which appears in the ROI is for a different vacancy announcement.

55. In response to the question "[h]ave you successfully completed job related training, elective university courses . . . outside of a degree program," Mr. Cannon indicated that he had successfully completed "3 or more courses" whereas Mr. Grossman responded that he had only successfully completed "1 course." See Ex. 55 at 4 (response to question number 10); Ex. 56 at 3 (response to question number 10).

### K.    Vacancy Announcement No. NOS-CCOS-2004-0015

56. Concerning Vacancy Announcement No. NOS-CCOS-2004-0015, no selection was made. Exhibit 4 at 2, 6-7; see also Exhibit 2 at 10-11; see also Ex. 1 at 1.[11]

## PROCEDURAL HISTORY

57. On June 2, 2005, Mr. Grossman contacted the Civil Rights Office within the DOC's National Oceanic and Atmospheric Administration and initiated Equal Employment Opportunity ("EEO") counseling. During that counseling, Mr. Grossman alleged that his non-selection for twelve (12) separate Meteorologist vacancies had constituted age discrimination by the Agency. See Ex. 1, ROI, Tab 2, Notice of Right to File, dated June 15, 2005; see also Ex. 2, ROI, Tab 4 at 2, EEO Counselor's Report, dated July 6, 2005.

58. Mr. Grossman was represented throughout the EEO administrative proceedings by Mr. Nathaniel Johnson (or his designee). See, e.g., Exhibits ("Exs.") 1 and 3 (identifying Mr. Johnson as Mr. Grossman's representative).

---

[11] Mr. Grossman alleges he also applied for Vacancy Announcement No. EWS-4090805-12.S. See Am. Compl. at 2, ¶ 9. The undersigned counsel has been advised that NOAA does not have any record of a vacancy with this number. See Ex. 10, ¶ 6. NOAA's OCR dismissed Mr. Grossman's claim for investigation regarding Vacancy Announcement No. EWS-4090802-12.S pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. See Ex. 4 at 2, 7.

59. On June 29, 2005, Mr. Grossman filed a formal complaint (which was designated # 05-54-00161) with the DOC's Office of Civil Rights ("OCR"). See Ex. 3 (ROI, Tab 3, Formal Complaint of Discrimination, dated June 29, 2005). In this complaint, he alleged that he had been "denied positions with [the] DOC" and contended that these non-selections had been motivated by age discrimination. Id.

60. On or about November 21, 2005, OCR sent Plaintiff a "Notice of Partial Acceptance for Investigation." See Ex. 4, ROI, Tab 8, Notice of Partial Acceptance for Investigation, dated November 21, 2005. In this Notice, OCR explained that, with respect to the four positions advertised under the Vacancy Announcement Numbers NWS-NCEP-2005-0015, H-NWS-04102-GCM, and NOS-CCOS-2004-0015, no selection had been made by the Agency, with the result that Mr. Grossman had failed to state to state a claim for which relief could be granted with respect to those vacancies. See id. at 6. Therefore, OCR dismissed these claims in accordance with 29 C.F.R. § 1614.107(a)(1). See id. at 6.

61. Second, OCR explained that Mr. Grossman had failed to seek EEO counseling within 45 days of his non-selection regarding at least six positions, namely those advertised under the Vacancy Announcement Numbers H-NWS-04122-GCM, H-NWS-04121-GCM, H-NWS-04101-GCM, C-NWSC-04085TMP, WS-4090801-12, and EWS-4090805-12.S. See id. at 6. Consequently, OCR found that Mr. Grossman's discrimination complaints concerning these vacancies were untimely and dismissed those claims pursuant to 29 C.F.R. § 1614.107(a)(2). See id. at 6.

62. Third, NOAA's OCR dismissed Mr. Grossman's discrimination claim concerning Vacancy Announcement No. H-NWS-04134-GCM for untimely EEO contact. See Ex. 4 at 2,

-18-

7.[12]

63. OCR decided to accept only one of Mr. Grossman's claims: his claim that his non-selection for vacancy announcement NWS-NCEP-2005-0017 was motivated by age discrimination. See Ex. 4 at 7.

64. On December 7, 2005, the EEO Investigator sent interrogatories to Plaintiff in order to obtain information on his claims. Ex. 5. The Plaintiff's attorney was also informed that a "sworn statement of [his] client is required" and the complaint could be cancelled if he failed to provide the information. Id. The EEO Investigator requested responses no later than December 16, 2005 and he informed plaintiff's counsel that, if the response was not received by December 19, 2005, the complaint may be cancelled.. Id. The ROI reflects neither a submission of interrogatory responses nor of a sworn statement from Plaintiff. Id.

65. Plaintiff had also failed to provide OCR with requested information concerning his claims earlier in the process. Ex. 4 at 7 ( "despite being provided the opportunity to provide information" concerning "the method and dates that [Mr. Grossman] learned of his non-selections, neither Complainant nor his attorney responded to OCR's request."); see also Ex. 60 (detailing OCR's attempts to obtain information from plaintiff and his counsel).

66. On February 9, 2006, the EEOC received a request for a hearing from Mr. Grossman. See Ex. 6, Order Directing Agency to Produce Complaint File, dated March 2, 2006. On July 2,

---

[12] As has been previously noted, the basis of OCR's finding that the claim concerning Vacancy Announcement No. H-NWS-04134-GCM should be dismissed because OCR inadvertently listed Vacancy Announcement No. H-NWS-04134-GCM twice in its list of Mr. Grossman's claims, as claims number 7 and 8, see Ex. 4 at 2, and then reached different conclusions with respect to those two claim numbers. See id. at 6-7. As was also mentioned, OCR apparently mistyped the list of vacancies Mr. Grossman had put at issue, since it listed H-NWS-04134-GCM twice. Otherwise OCR's decision listed the vacancies in the same order as NOAA's EEO office had in its Notice of a Right to File a Discrimination Complaint. Compare Ex. 4, ROI, Tab 8 at 2 *with* Ex. 1.

2006, Plaintiff withdrew his hearing request and requested issuance of a Final Agency Decision

("FAD").  See Ex. 7, Withdrawal of Complaint, dated July 2, 2006.

Respectfully submitted,

_/s/_  V. A. Taul (by RC )
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN,    )<br>   )<br>Plaintiff,    )<br>   )<br>v.    )<br>   )<br>CARLOS M. GUTIERREZ, Secretary,    )<br>U.S. Department of Commerce,    )<br>   )<br>Defendant.    )<br>_____) | Civil Action No. 07-0353 (JR) |

## ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, or in the Alternative, for

Summary Judgment, Plaintiff's Opposition thereto, and the entire record herein, it is this ____

day of _____, 2008,

ORDERED that Defendant's Motion be and hereby is granted; and it is

FURTHER ORDERED that the above-captioned action should be, and hereby is

DISMISSED from the Court's docket, with prejudice..

 

                                  _____

                                  JAMES ROBERTSON
                                  United States District Court Judge

Copies of this order to:

Nathaniel D. Johnson, Esq.
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

Rudolph Contreras
Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4226
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN,      ) | |
| ) | |
| Plaintiff,      ) | |
| )      Civil Action No. 07-0353 (JR) | |
| v.      ) | |
| ) | |
| CARLOS M. GUTIERREZ, Secretary,      ) | |
| U.S. Department of Commerce,      ) | |
| ) | |
| Defendant.      ) | |
| _____) | |

## EXHIBIT LIST

DEFENDANT'S MOTION TO DISMISS OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT

| | |
|---|---|
| Exhibit 1 | Notice of Right to File, ROI, Tab 2, dated June 15, 2005 |
| Exhibit 2 | EEO Counselor's Report, ROI, Tab 4, dated July 6, 2005 |
| Exhibit 3 | Gerald Grossman's Formal Complaint of Discrimination, ROI, Tab 3, dated June 29, 2005 |
| Exhibit 4 | Notice of Partial Acceptance for Investigation, ROI, Tab 8, dated November 21, 2005 |
| Exhibit 5 | Investigator's Memorandum from Sandra Zanelotti, Chief Investigator, Agency's Office of Civil Rights, ROI, Tab 10, dated December 20, 2005 |
| Exhibit 6 | EEOC Order Directing Agency to Produce Complaint File, dated March 2, 2006 |
| Exhibit 7 | Gerald Grossman's Withdrawal of EEO Complaint, dated July 2, 2006 |
| Exhibit 8 | Vacancy Announcement H-NWS-04101-GCM |
| Exhibit 9 | Declaration of Robert Kelly |
| Exhibit 10 | Declaration of Sharon Whitehead |
| Exhibit 11 | DEU List of Applicants for Vacancy Announcement H-NWS-04101-GCM |

| Exhibit 12 | MAP List of Applicants for Vacancy Announcement H-NWS-04101-GCM |
| --- | --- |
| Exhibit 13 | MAP Applicant Referral Certificate for Vacancy Announcement H-NWS-04101-GCM |
| Exhibit 14 | SF-50, hiring James Cisco, dated October 14, 2004 |
| Exhibit 15 | Letter from Robert Kelly to Dr. James Hoke, Subject: Recommendation to Hire GS-1340-13 Forecaster, dated September 30, 2004 |
| Exhibit 16 | Vacancy Announcement H-NWS-04102-GCM |
| Exhibit 17 | DEU List of Applicants for Vacancy Announcement H-NWS-04102-GCM |
| Exhibit 18 | MAP List of Applicants for Vacancy Announcement H-NWS-04102-GCM |
| Exhibit 19 | Applicant Referral Certificate for Vacancy Announcement H-NWS-04102-GCM |
| Exhibit 20 | Vacancy Announcement H-NWS-04121-GCM |
| Exhibit 21 | DEU List of Applicants for Vacancy Announcement H-NWS-04121-GCM |
| Exhibit 22 | MAP List of Applicants for Vacancy Announcement H-NWS-04121-GCM |
| Exhibit 23 | DEU Applicant Referral Certificate for Vacancy Announcement H-NWS-04121-GCM |
| Exhibit 24 | MAP Applicant Referral Certificate for Vacancy Announcement H-NWS-04121-GCM |
| Exhibit 25 | Letter from David Feit to Dr. James Hoke, Subject: Recommended Selection for GS-13 Marine Forecaster Position, dated October 26, 2004 |
| Exhibit 26 | SF-50 hiring David Mills, dated November 19, 2004 |
| Exhibit 27 | Vacancy Announcement H-NWS-04122-GCM |
| Exhibit 28 | DEU List of Applicants for Vacancy Announcement H-NWS-04122-GCM |
| Exhibit 29 | MAP List of Applicants for Vacancy Announcement H-NWS-04122-GCM |

| Exhibit 30 | DEU Applicant Referral Certificate for Vacancy Announcement H-NWS-04122-GCM |
| --- | --- |
| Exhibit 31 | MAP Applicant Referral Certificate for Vacancy Announcement H-NWS-04122-GCM |
| Exhibit 32 | SF-50 hiring Paul Ziegenfelder, dated December 14, 2004, and SF-50 hiring Todd Kimberlain, dated December 27, 200 |
| Exhibit 33 | Letter from Bob Kelly to Jim Hoke, Subject: Recommendation for Basic Weather Forecaster (H-NWS-04122-GCM), dated November 3, 2004 |
| Exhibit 34 | DEU List of Applicants for Vacancy Announcement H-NWS-04134-GCM |
| Exhibit 35 | MAP List of Applicants for Vacancy Announcement H-NWS-04134-GCM |
| Exhibit 36 | SF-50 hiring Alan Robson, dated January 19, 2005 |
| Exhibit 37 | Letter from Edwin Danaher to Dr. James Hoke, Subject: Selection to Fill Meteorologist Vacancy in HPC/DTB, dated December 6, 2004 |
| Exhibit 38 | Vacancy Announcement C-NWSC-04085.TMP |
| Exhibit 39 | List of Applicants for Vacancy Announcement C-NWSC-04085.TMP |
| Exhibit 40 | SF-50 hiring John Jacobson, dated December 13, 2004 |
| Exhibit 41 | Vacancy Announcement EWS-4090801-12.SDT |
| Exhibit 42 | List of Applicants for Vacancy Announcement EWS-4090801-12.SDT |
| Exhibit 43 | Applicant Referral Certificate for Vacancy Announcement EWS-4090801-12.SDT |
| Exhibit 44 | SF-50 hiring Sarah Allen, dated January 14, 2005 |
| Exhibit 45 | List of Applicants for Vacancy Announcement H-NWS-05010-MFW |
| Exhibit 46 | Applicant Referral Certificate for Vacancy Announcement H-NWS-05010-MFW |
| Exhibit 47 | Vacancy Announcement NWS-NCEP-2005-0015 |

| Exhibit 48 | GS-9 and GS-11 Applicant Listings for Vacancy Announcement NWS-NCEP-2005-0015 |
| --- | --- |
| Exhibit 49 | GS-9 and GS-11 Applicant Referral Certificates for Vacancy Announcement NWS-NCEP-2005-0015 |
| Exhibit 50 | Vacancy Announcement NWS-NCEP-2005-0017, ROI Tab 14 |
| Exhibit 51 | Position Description for Meteorologist, GS-1340-12, ROI, Tab 15 |
| Exhibit 52 | Declaration of Robert Kelly, dated December 15, 2005, ROI, Tab 12 |
| Exhibit 53 | Declaration of James E. Hoke, dated December 14, 2005, ROI, Tab 11 |
| Exhibit 54 | Certificates of Eligibles |
| Exhibit 55 | All Applicant Data Report for Declan P. Cannon for Vacancy Announcement NWS-NCEP-2005-0017, ROI, Tab 24 |
| Exhibit 56 | All Applicant Data Report for Gerald Grossman for Vacancy Announcement NWS-NCEP-2005-0017 |
| Exhibit 57 | Complainant's Comments on Partial Dismissal, dated April 21, 2006, submitted by Gerald Grossman's counsel to the EEOC Administrative Judge |
| Exhibit 58 | Memorandum Opinion, dated January 11, 1999 |
| Exhibit 59 | Order, dated July 7, 1993 |
| Exhibit 60 | Memorandum For the Record, dated November 21, 2005 |

# EXHIBIT    1

Notice of Right to File, ROI, Tab 2, dated June 15, 2005



**UNITED STATES DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NOAA FINANCE AND ADMINISTRATION

JUN 1 5 2005

Nathaniel D Johnson
3195 Old Washington Road
Waldorf, MD 20602

Dear Mr. Johnson:

Your client Gerald Grossman contacted the NOAA Civil Rights Office for Equal Employment Opportunity (EEO) counseling on June 2, 2005. Mr. Grossman alleges the Agency discriminated against him when he was not selected for numerous positions because of his age (62). The positions are as follows:

| Position Title | Vacancy Announcement | Over 62 | Under 62 | Remarks |
|---|---|---|---|---|
| Meteorologist | NWS-NCEP-2005-0015 | | | No selection made |
| Meteorologist | NWS-NCEP-2005-0017 | | x | |
| Meteorologist | H-NWS-04122-GCM | | x | Two selections-both under 62 |
| Meteorologist | H-NWS04121-GCM | | x | |
| Meteorologist | H-NWS-04102-GCM | | | No selection made |
| Meteorologist | H-NWS-04101-GCM | | X | |
| Meteorologist | H-NWS-05010-MFW | | | No selection made |
| Meteorologist | H-NWS-04134-GCM | | X | |
| Senior Forecaster | NOS-CCOS-2004-0015 | | | No selection made |
| Senior Forecaster | C-NWSC-04085TMP | | X | |
| General Forecaster | WS-4090801-12 | | X | |
| General Forecaster | EWS-4090805-12.S | | X | |

Since attempts at resolving your allegations have been unsuccessful, I am required to conclude EEO counseling and give you this Notice of Right File. [29 C.F.R. §1614.105 (d) ] :

Printed on Recycled Paper

Attachment 7



EXHIBIT 2 PAGE 1

**You have the right to file a discrimination complaint within 15 calendar days of your receipt of this letter by using the enclosed Complaint Form CD-498, or by writing a letter which contains the same information requested in the CD-498.**

The complaint must be filed in person or by mail with either:

       Suzan Aramaki , Director
       Office of Civil Rights, Department of Commerce (OCR)
       Herbert Hoover Building, Room 6010
       14th Street and Constitution Avenue, NW
       Washington, D.C. 20230
       202-482-4993 (Tel.)
       202-501-2937 (Fax)

**\* If you decide to fax the CD 498, you must also mail a hard copy the Office of Civil Rights, Department of Commerce.**

       or

       Mr. Alfred A Corea, EEO Officer
       National Oceanic Atmospheric Administration
       CR– Building SSMC 4 Room 12222
       1305 East West Highway
       Silver Spring, MD 20910

You must notify the Agency immediately if you decided to retain counsel or a representative for your discrimination complaint. The name, address and telephone number of such representative must be provided in writing, along with your signature and date, to the Compliance Division, Office of Civil Rights, U.S. Department of Commerce, Herbert Hoover Building, Room 6010, Washington, D.C. 20230.

Enclosed
Complaint Form CD 498
Designation of Representative

                        Sincerely,

                        Jeanette Toledo
                        EEO Counselor

EXHIBIT 2 PAGE 2



UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NOAA FINANCE AND ADMINISTRATION



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nathaniel D Johnson
3195 Old Washington RD
Waldorf MD 20602

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery?    ☐ Yes

2. Article Number
(Transfer from service)    7001 2510 0000 9238 8429

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7001 2510 0000 9238 8429

Postage    $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees    $

Postmark
Here

Sent To
Nathaniel D Johnson
Street, Apt. No.;
or PO Box No.    3195 Old Washington RD
City, State, ZIP+4    Waldorf MD 20602

# EXHIBIT   2

EEO Counselor's Report, ROI, Tab 4, dated July 6, 2005



**UNITED STATES DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NOAA FINANCE AND ADMINISTRATION

JUL X 8 2005

MEMORANDUM FOR:     Susan Thomas
                    (Acting) Chief, Compliance Division

FROM:               Alfred A. Core
                    Equal Employment Opportunity Officer

SUBJECT:            Discrimination Complaint Filed by
                    Gerald Grossman #05-54-00161

Attached is the EEO Counselor's Report for the subject complaint. This complainant was filed in a timely manner.

Attachment

EXHIB : 4  PAGE  1



## EEO COUNSELOR'S REPORT

**DATE:**                    **June 17, 2005**

**MEMORANDUM FOR:**   Alfred A. Corea
                      Equal Employment Opportunity Officer

**FROM:**                    Jeanette Toledo
                             EEO Counselor

**SUBJECT:**    **REPORT OF COUNSELING ACTIVITY
                FOR ( Gerald Grossman #05-54-00161)**

**Job Title, Series, Grade:**    Applicant

**Organizational data:** Applied for positions within the National Weather Service.

**Home Address:** 6100 Westchester Park Dr
                  College Park MD 20740

**Home Phone:**  301-513-9379   **Office Phone:**

**Representative's Name:** Nathaniel D. Johnson          **Phone:** 301-645-9103

**Address:** 3195 Old Washington Rd
             Waldorf MD 20602

**Date of Initial Contact with Counselor:**  6-2-05

**Office Visit    Telephone Call X   By Correspondence**

**Date of first interview with Counselor:** 6-3-05

**Date Election of Forum Notice received:** 6-3-05 via fax

**Date Right to File Notice received:** 6-16-05

**PART A:  BASES - (Complete all that Counselee claims)**

**Race:**        **Color:**    **Sex:**      **Age:** 62    **DOB:** 2-10-43

**Religion:**

EXHIBIT 4 PAGE 2

**Physical Handicap:**

**Mental Handicap:**

**National Origin:**

**Reprisal: For participating in previous EEO activity**

**Dated:**

**PART B:  ISSUES - (Complete Part B for each allegation made by Counselee.)**

Mr. Grossman alleges that the Agency has discriminated against him based on his age (62) because he was not selected for numerous vacancies.  The vacancies are as follows:

| Position Title | Vacancy Announcement | Over 62 selectees | Under 62 selectees | Remarks |
|---|---|---|---|---|
| Meteorologist | NWS-NCEP-2005-0015 | | | No selection made |
| Meteorologist | NWS-NCEP-2005-0017 | | x | |
| Meteorologist | H-NWS-04122-GCM | | x | Two selections-both under 62 |
| Meteorologist | H-NWS04121-GCM | | x | |
| Meteorologist | H-NWS-04102-GCM | | | No selection made |
| Meteorologist | H-NWS-04101-GCM | | X | |
| Meteorologist | H-NWS-05010-MFW | | | No selection made |
| Meteorologist | H-NWS-04134-GCM | | X | |
| Senior Forecaster | NOS-CCOS-2004-0015 | | | No selection made |
| Senior Forecaster | C-NWSC-04085TMP | | x | |
| General Forecaster | WS-4090801-12 | | x | |
| General Forecaster | EWS-4090805-12.S | | x | |

AR 4 - 3

**2. What corrective action is Counselee seeking in this matter?**

Mr. Grossman is seeking a position with in the National Weather Service, monetary compensation and his attorney fees paid.

**3. Briefly describe your efforts toward resolving this issue? (Give the date, name and title of relevant contacts. Give date of each document request, and to whom made.)**

EEO Counselor made a limited inquiry on vacancy announcement number NWS-NCEP-2005-0017 Meteorologist by contacting Human resources (Attachment 1) Ms. Glenda Martin has since left the Agency. EEO Counselor obtained documents from Ms. Gertrude Shannon.

Vacancy announcement NWS-NCEP-2005-0017 (Attachment 2)
Certs list for GS-12 applicants (Attachment 3)
Certs list for GS-13 applicants (Attachment 4)
Mr. Grossman's application package (Attachment 5 )
Successful candidate's application package (Attachment 6)

The successful candidate was chosen from the delegate examine list. The successful candidate is male; age is unknown to EEO Counselor.

**4. What explanation did the agency officials give for the action Counselee believes was discriminatory? (List supporting documents in part 5C and attach.) Briefly describe alternative remedies made, if any, during attempted resolution. What reasons were given for not accepting the requested corrective action?**

On 6-9-05, EEO Counselor contacted selecting official Mr. James Hoke. Mr. Hoke stated he did not discriminate against Mr. Grossman. Mr. Hoke stated that the best candidate was selected based on the candidate's qualification not on his age.

**5. Provide the Counselee with an opportunity to comment on he Agency's explanation of its action. If the Counselee has any documents to support his/her belief that the reasons given by the Agency are not the true ones and that discrimination is, those documents should be attached.**

Mr. Grossman stated the Agency discriminated, when he was not selected for a position because of his age.

## PART C:  LIST OF ATTACHMENTS

| Attachment No. | Document Name or Description | Source |
|---|---|---|
| 1 | Memo Requesting MAP Application | EEO Counselor |
| 2 | Vacancy announcement NWS-NCEP-2005-0017 | Ms Shannon |
| 3 | Certs list for GS-12 applicants | Ms Shannon |
| 4 | Certs list for GS-13 applicants | Ms Shannon |
| 5 | Mr. Grossman's application package | Ms Shannon |
| 6 | Successful candidate's application package | Ms Shannon |
| 7 | Notice of Right to File | EEO Counselor |
| 8 | Rights and Responsibilities in the EEO Process | EEO Counselor |

# EXHIBIT   3

Gerald Grossman's Formal Complaint of Discrimination, ROI, Tab 3,
dated June 29, 2005

Form CD-498 (January 1997)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## AGAINST THE U.S. DEPARTMENT OF COMMERCE

For OCR Use
COMPLAINT NUMBER: 05-54-00161     FILING DATE: 06/29/2005

## INFORMATION ABOUT YOU

Name: Gerald Grossman     Social Security Number: [redacted]

Address: 6100 Westchester Park     Home Phone (301) 513 9379

City/State: College Park MD  Zip Code 20740  Work Phone ( )

## INFORMATION ABOUT YOUR REPRESENTATIVE

Representative's Name: Nathaniel Johns   NOTE: You do not have to have a representative.

Address: 3195 Old Washington Rd   Phone (301) 645 9103

Fax (301) 893 6880

City/State: Waldorf MD  Zip Code 20602  Is your representative an attorney? ☒ Yes ☐ No

## INFORMATION ABOUT THE COMPLAINT

In which bureau did the alleged discrimination take place? Department of Commerce

Did you work for the Department of Commerce at the time? ☐ Yes ☒ No  If yes, what was your position (title/series/grade), office, and bureau?

Describe the action(s) or policy(ies) you believe was (were) discriminatory. Be specific and include dates. If you need more space, attach an extra page(s).

Mr. Grossman was denied position with DOC, we contend, based upon his age. On March 11, 2005, complainant (representative) he with interview of computers.

What do you believe was (were) the reason(s) for the alleged discrimination? Check the appropriate box(es) and write in specific details. For example: If it was because of your race, what is your race? If it was because of your age, what is your date of birth?

| | |
|---|---|
| ☐ Race | ☐ National Origin |
| ☐ Color | ☒ Age  2-10-43 |
| ☐ Religion | ☐ Disability |
| ☐ Sex | ☐ Retaliation |

What remedy(ies) do you seek for the alleged discrimination? If you need more space, attach an extra page(s).

Position, monetary compensation and reasonable attorney fees

Did you discuss this(ese) issue(s) with an EEO Counselor? ☒ Yes ☐ No  Counselor's name? Jeanette Toledo

Did you file a grievance under a negotiated grievance procedure? ☐ Yes ☒ No  Filing date(s)?

Did you file a Merit Systems Protection Board (MSPB) appeal? ☐ Yes ☒ No  Filing date(s)?

SIGN HERE ( OR HAVE YOUR ATTORNEY SIGN FOR YOU)

6-23-05
DATE ( MONTH/DAY/YEAR)

EXHIBIT 3   PAGE 1

THE LAW FIRM OF

## NATHANIEL D. JOHNSON, L.L.C.

(LICENSED IN MD & D.C. FEDERAL BARS)

RICHARD L. THOMPSON, II
OF COUNSEL
MEMBER
MD AND D.C. BARS

3195 OLD WASHINGTON ROAD, WALDORF, MARYLAND 20602
TEL. 301-645-9103 FAX. 301-893-6890

LEONARD W. JONES
OF COUNSEL
MEMBER
IL AND NY BARS

June 29, 2005

*Via: Facsimile & First Class Mail*

Suzan Aramaki, Director
Office of Civil Rights
U.S. Department of Commerce
Herbert Hoover Building, Room 6010
14th Street and Constitution Avenue, N.W.
Washington, D.C.
20230

### Re: Gerald Grossman, Formal EEO Complaint

Dear Director Aramaki:

Enclosed for filing, please find Mr. Gerald Grossman's Request for Formal Complaint in a non-selection claim based upon his age. Further, I will forward you the propose amended complaint for your review before I file with the Court.

Should you have any questions, I can be reached directly at 301 645-9103. Thank you for your attention to this matter.

Respectfully submitted,

Nathaniel D. Johnson

CC: MR. GROSSMAN

MR. ALFRED COREA, EEO OFFICER

Email: NathanielEsquire@comcast.net
*www.nathanieljohnson com*

THE LAW FIRM OF
NATHANIEL D. JOHNSON L.L.C.
3195 OLD WASHINGTON ROAD
WALDORF, MARYLAND 20602
PHONE 301.645.9103 FAX 301.893.6890

## FACSIMILE TRANSMITTAL SHEET

| TO | FROM |
|---|---|
| Suzan Aramaki, Director | Nathaniel D. Johnson, Esq. |

| COMPANY: | DATE: |
|---|---|
| Office of Civil Rights | 6/29/05 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 202 501 2937 | 3 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| N/A | N/A |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Gerald Grossman | N/A |

_ URGENT_ FOR REVIEW_ PLEASE COMMENT_ PLEASE REPLY_ PLEASE RECYCLE

THIS IS A CONFIDENTIAL TRANSMISSION. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CALL
301.645.9103, IMMEDIATELY!

1

EXHIBIT 3 -of-3

# EXHIBIT   4

Notice of Partial Acceptance for Investigation, ROI, Tab 8,
dated November 21, 2005



NOV 2 1 2005

**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

Gerald Grossman,                    )
Complainant                          )
                                     )
v.                                   )        Complaint Number: 05-54-00161
                                     )
Carlos M. Gutierrez, Secretary       )
U.S. Department of Commerce          )
                                     )

## NOTICE OF PARTIAL ACCEPTANCE FOR INVESTIGATION

This is the Department's decision to accept, in part, and dismiss, in part, matters raised in the formal complaint of discrimination filed by Gerald Grossman (hereinafter Complainant), an applicant for employment.

### I.    Procedural History and Background

Complainant initiated contact with the EEO Office on June 2, 2005, and subsequently was counseled regarding his claims that due to his age (DOB: 2/10/43), he was not selected for positions listed under twelve different vacancy announcements. The complaint was not resolved and on June 15, 2005, Complainant (through his attorney) was issued a Notice of Right to File within 15 Calendar Days, by certified mail. The United States Postal Service's PS Form 3811 shows that Complainant (through his attorney) received the notice on June 16, 2005. On June 29, 2005, Complainant filed this complaint. The Office of Civil Rights (OCR) sent Complainant a request for information. The United States Postal Service's PS Form 3811 shows that the Complainant (through his attorney) received the request for information on September 16, 2005. To date, no response has been received from Complainant or his attorney.

05-54-00161

## II.    Statement of Claims

Complainant, an applicant for employment, alleges that he was discriminated against due to his age (DOB: 2/10/43), when he was not selected for the following positions:

1.  the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0015;

2.  the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0017;

3.  the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04122-GCM;

4.  the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04121-GCM;

5.  the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04102-GCM;

6.  the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04101-GCM;

7.  the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04134-GCM;

8.  the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04134-GCM;

9.  the position of Senior Forecaster, as advertised under Vacancy Announcement Number NOS-CCOS-2004-0015;

10. the position of Senior Forecaster, as advertised under Vacancy Announcement Number C-NWSC-04085TMP;

11. the position of General Forecaster, as advertised under Vacancy Announcement Number WS-4090801-12; and

2

EXHIBIT  8  PAGE  2

05-54-00161

12. the position of General Forecaster, as advertised under Vacancy Announcement Number EWS-4090802-12.S.

## III.    Procedural Dismissal

### a.    Applicable Regulations

The regulations of the Equal Employment Opportunity Commission (EEOC), which govern the processing of Equal Employment Opportunity Complaints by Federal agencies (hereafter, the regulations), provide for the processing of:

> Individual and class complaints of employment discrimination and retaliation prohibited by title VII (discrimination on the basis of race, color, religion, sex and national origin), the [Age Discrimination in Employment Act] ADEA (discrimination on the basis of age when the aggrieved individual is at least 40 years of age), the Rehabilitation Act (discrimination on the basis of handicap) or the Equal Pay Act (sex-based wage discrimination) . . . [and] . . . [c]omplaints alleging retaliation prohibited by these statutes . . .

Title 29, Code of Federal Regulations (C.F.R.) section (§)1614.103(a) (1999).

EEOC regulations mandate dismissal of complaints when certain circumstances exist. Specifically, complaints may be dismissed for: (1) untimely contact with an EEO counselor or failure to bring the matter to the attention of the counselor in a timely manner; (2) untimely filing of the formal complaint; (3) failure to state a claim; (4) abuse of process; (5) states the same claim as a previous complaint; (6) filing of a civil action; (7) issue has been decided by a court of competent jurisdiction; (8) claim previously raised in a negotiated grievance procedure;

3

05-54-00161

(9) election to appeal to the Merits System Protection Board; (10) complaint alleges a preliminary step; (11) complaint is moot; and (12) complaint alleges dissatisfaction with the EEO process. *See* 29 C.F.R. §1614.107.

29 C.F.R. § 1614.107(a)(1) provides for the dismissal of complaints for failure to state a claim where the Complainant fails to show that he is aggrieved. The U.S. Supreme Court has stated that an employee is aggrieved when some personal loss or harm has been suffered with a respect to a term, condition, or privilege of employment. *See Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205 (1972). The Equal Employment Commission's Federal sector case precedent has long defined an "aggrieved employee" as someone who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is an remedy. *See Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994). If a Complainant fails to identify an unresolved personal harm to a term, condition, or privilege of employment or to show that there is a potential for such harm, the person is not aggrieved and has failed to state a claim within the meaning of the regulations. *See Wait v. Aspin*, EEOC No. 05930848 (December 23, 1993).

29 C.F.R. § 1614.107(a)(2) requires that complaints of discrimination be brought to the attention of the EEO Counselor within 45 days of the alleged discriminatory event, the effective date of the alleged discriminatory personnel action, or the date the aggrieved knew or reasonably should have known of the alleged discriminatory event or personnel action.

The EEOC has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the 45-day limitation period is triggered. *See Ball v. U.S. Postal Service*, EEOC Request No. 05880247 (July 6, 1988). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

4

05-54-00161

In *Anisman v. Department of the Treasury,* EEOC Request No. 05A00283 (April 12, 2001), the Commission held that a complainant may not simply allege a continuing violation, but must present facts that are sufficient to show that he or she was subjected to an alleged ongoing unlawful employment practice which continued into the 45-day period for EEO Counselor contact. In other words, while the time requirements for initiating EEO counseling can be waived as to certain claims within a complaint, to do so, complainant must show these claims constitute a "continuing violation;" that is, a series of related discriminatory acts, having a common nexus or theme, one of which fell within the time period for contacting an EEO Counselor. Factors that must be considered to determine whether there is a nexus include: (1) the time interval between the timely and untimely events; (2) whether the events were of a similar nature; (3) whether the adverse actions were taken by the same individual or groups of individuals; or (4) whether the actions were motivated by the same discriminatory animus.

On June 10, 2002, however, the Supreme Court issued its decision in *National Railroad Passenger Corporation v. Morgan,* 536 U.S. 101 (2002), finding, in part, that an employee may not recover for discrete discriminatory or retaliatory acts that fall outside the limitation period for filing a charge, even if they are related to acts that occurred within the time period. *Id.* at 113. The Court determined that each discrete discriminatory act "starts a new clock for filing charges...." *Id.* at 113. Failure to promote was specifically listed by the court as an example of a discrete discriminatory act. *Id.* at 114.

Since the Court's decision in *Morgan* effectively overruled the EEOC's decision in *Anisman,* the EEOC reversed its prior decision. In *Anisman v. Department of the Treasury,* EEOC 01A40496 (May 18, 2004), the EEOC found, under *Morgan,* that each non-selection constitutes a separate actionable unlawful employment practice and these discrete acts are not actionable if time-barred. A non-selection that falls within the limitations period cannot be used to render timely time-barred non-selections. Nevertheless, in *Morgan,* the Court emphasized that untimely raised "prior acts may be used as background evidence in support of a timely claim." *Id.* at 113; *United Air Lines v. Evans,* 431 U.S. 553, 558 (1997) (noting that a discriminatory act not timely raised

5

05-54-00161

"may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue").

b.    Analysis.

At the outset, we note that with respect to the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0015; the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04102-GCM; the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04134-GCM; and the position of Senior Forecaster, as advertised under Vacancy Announcement Number NOS-CCOS-2004-0015, there were no selections made. The EEOC has consistently held that where no selection is made, claims of non-selection ordinarily fail to state a claim. *See Lander v. Department of the Treasury*, EEOC Appeal No. 01975681 (April 17, 1998). Since no selection was made in any of the four aforementioned vacancies, we find that Complainant is not aggrieved. Therefore, claims 1, 5, 7, and 9 fail to state a claim for which relief can be granted, pursuant to 29 C.F.R. § 1614.107(a)(1).

If and when a selection is made and if Complainant is not the selectee, he should seek EEO counseling through the NOAA Office of Civil Rights within 45 days of the date he becomes aware of his non-selection. The EEO Officer for the NOAA Office of Civil Rights is Al Corea. He may be reached at (301) 713-0500.

As part of her inquiry during counseling, the EEO Counselor requested the Agency provide the merit assignment packages for those vacancies identified by Complainant that had occurred within 45 days from the Complainant's contact with her. In response, the Agency provided information for one vacancy announcement number, NWS-NCEP-2005-0017. The Agency's Human Resources office's response shows that with the exception of NWS-NCEP-2005-0017, all of the other vacancies fell outside of the 45-day window.

6

05-54-00161

We find that the non-selections Complainant identifies in claims 2, 4, 6, 8, 10, 11, 12 are all discrete acts for which he should have reasonably suspected discrimination at the time of their occurrences, and should have presented those claims for counseling under established time limitations. *See Morgan, supra,* stating that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Moreover, despite being provided the opportunity to provide information to show the method and dates that he learned of his non-selections, neither Complainant nor his attorney responded to OCR's request.

Complainant fails to state a claim with respect to claims 1, 5, 7, and 9, pursuant to 29 C.F.R. § 1614.107(a)(1). Further, claims 2, 3, 4, 6, 8, 10, 11, and 12 are dismissed for untimely EEO contact, pursuant to 29 C.F.R. § 1614.107(a)(2).

## IV.    Decision

Claims 1, 5, 7, and 9 are dismissed because they fail to state a claim, pursuant to 29 C.F.R. § 1614.107(a)(1). Claims 2, 3, 4, 6, 8, 10, 11, and 12 are dismissed for untimely EEO contact pursuant to 29 C.F.R. § 1614.107(a)(2).

## V.    Claims Accepted for Investigation (Renumbered)

The Department of Commerce has decided to **accept** the following basis and claim for investigation:

Complainant, an applicant for employment, alleges that he was discriminated against due to his age (DOB: 2/10/43) when he was not selected for the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0017.

7

05-54-00161

## VI.    Attorney's Fees

Since no finding of discrimination has been made, an award of attorney's fees is not appropriate. *See* 29 C.F.R. §§ 1614.110 and 1614.501(e).

## VII.    Complainant's Rights and Responsibilities

➢    If Complainant believes that the issue(s) in his/her complaint has/have not been correctly identified, he/she must notify the Chief, Compliance Division at the address shown below, in writing, within **15 calendar days** after receipt of this Notice, specifying why he/she believes that the issue(s) in his/her case has/have not been correctly identified.

➢    An investigator will soon contact Complainant or the designated representative, if applicable, to receive Complainant's sworn or affirmed statement and the evidence he/she possess. Complainant and/or the designated representative will receive a copy of the final Report of Investigation upon its completion.

➢    The investigation must be completed by December 27, 2005, unless Complainant and the Department agree on an extension. *See* 29 C.F.R. § 1614.108(e). Therefore, it is essential that when the investigator asks for the information to support the complaint, Complainant or the designated representative promptly provide it.

➢    A formal complaint may be amended at any time before the investigation is completed. *See* 29 C. F.R. § 1614.106(d). New claims must be like or related to the claims raised in the original complaint. For example, if the original complaint concerns a Performance Improvement Plan, a new claim concerning a subsequent performance rating would be "like or related." A new claim concerning time and attendance would not. If the complaint is amended, the investigation must be completed within 180 days from the date of the amendment or no more than 360 days from the date the original complaint was filed,

8

05-54-00161

whichever comes first.  If it is determined that the new claim is not like or related to the original complaint, Complainant will be notified of his/her right to seek EEO counseling.

➢  If more than one complaint is filed, the Agency is required to consolidate all of the complaints for processing.  The investigation of consolidated complaints must be completed within 180 days of the filing date of the latest complaint or 360 days from the filing date of the first complaint, whichever comes first.

➢  Complainant may request a hearing before the Equal Employment Opportunity Commission (EEOC) at any time after 180 days have passed from the date he/she filed the original complaint.  Complainant must file his/her request with the EEOC office specified in the Acknowledgment Memorandum, dated August 12, 2005, and a copy of the request must be provided to this office.

➢  The complaint may be dismissed if Complainant fails to cooperate with the investigation.

➢  At this time, Complainant does not have the right to appeal the dismissed basis(es) or issue(s) cited above until final action is taken on the remainder of the complaint or consolidated complaints.  However, the dismissed portion is reviewable by an EEOC administrative if a hearing is requested or by this office if no hearing is requested.  Complainant will be fully advised of his/her appeal rights after adjudication of the entire complaint(s).

➢  If the EEO Officer/Counselor informed Complainant or his/her designated representative that Alternative Dispute Resolution, through mediation, is an appropriate option for this complaint, the designated representative, on behalf of Complainant, or Complainant, have a right to choose mediation at any time during the processing of this formal complaint, including during the investigation.  *(The DOC EEO Alternative Dispute Resolution: Mediation Guide* identifies the following cases where mediation is inappropriate:  cases involving applicants for employment, former employees, alleged violence, egregious harassment, adverse actions, class actions, when authoritative resolution of a matter is

05-54-00161

required in precedent-setting cases, when the matter in dispute has significant government policy implications, or when it is important to produce a full public record of the proceedings.)

For informational purposes, information sheets on EEO Complaint Investigations and EEO Mediation are enclosed.

Amendments to formal complaints, copies of hearing requests, requests for corrections to the statement of claims, and requests for mediation should be sent to:

> Susan E. Thomas
> Acting Chief, Program Implementation Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, D. C. 20230

Requests for ADR and a copy of the ADR Program Guide should be addressed to the servicing EEO Officer or:

> Bernadette M. Worthy
> Chief, Client Services and Resolution Division
> Office of Civil Rights, Room 6012
> U.S. Department of Commerce
> Washington, DC 20230

Sincerely,

Susan E. Thomas
Acting Chief, Program Implementation Division
Office of Civil Rights

Enclosures

10

# Complaint Investigations

The Office of Civil Rights (OCR) manages the Department of Commerce's Equal Employment Opportunity (EEO) and Sexual Orientation Discrimination complaint processes. This fact sheet includes basic information about complaint investigations.

**OCR Quick Facts**

**Q. Who conducts complaint investigations?**

A. OCR assigns Investigators to collect information on all EEO and Sexual Orientation Discrimination complaints that are accepted for processing.

**Q. What is the role of the investigator?**

A. Investigators develop evidence related to the complaint by interviewing complainants, management officials, and other witnesses and collecting documents. They do not determine whether a law has been violated, or give advice to the complainant or other witnesses.

**Q. What happens during the investigation?**

A. During each interview, investigators should:
• introduce themselves;
• show a letter of authority and explain the purpose of the interview;

• answer questions about the rights and obligations of witnesses;
• state the desire of the Department to process the complaint as promptly as possible;
• take testimony by asking questions; and
• collect documentary evidence and statistical data.

**Q. How is testimony taken during the investigation?**

A. Testimony is usually summarized in signed statements, also called declarations. Other methods may be used, including:
• sending interrogatories, or questions to be answered in writing; and
• gathering evidence through a fact-finding conference, in which testimony is recorded by a court reporter.

Whatever method is used, witnesses swear to the truth of their testimony under penalty of perjury.

OCR determines the method of investigation.

**Q. What is the deadline for completing investigations?**

A. OCR must complete its investigation within 180 calendar days after the date a complaint is filed.

In some cases, the deadline may be extended.

• **If the complainant and OCR agree that more time is needed**, it may be extended for up to 90 days.

• **If a complaint is amended**, i.e., the complainant adds new allegations that are accepted for processing, the deadline is adjusted so that the agency must complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing the original complaint.

• **When a complaint has been consolidated with an earlier filed complaint**, the agency must complete its investigations within the earlier of 180 days after the filing of the last complaint or 360 days after the filing of the original complaint.

*Office of Civil Rights, US Department of Commerce, Room 6012, Washington, DC 20230*
*www.osec.doc.gov/ocr | 202/482-4993 (V) TTY Users: Call via the Federal Relay Service at 1-800-877-8339.*

8    11

**Q. Is Alternative Dispute Resolution (ADR) available in the formal EEO complaint process?**

**A.** Yes. It is available if the Departmental EEO ADR Manager has determined the conflict is suitable for ADR. Complainants are informed through a Notice of Investigation memorandum of the possibility of ADR. If the employee elects ADR and management agrees to participate, arrangements will be made for a mediator and the mediation session.

**Q. What if resolution if not reached through mediation?**

**A.** If resolution is not reached through mediation, the complaint will be returned to the stage in the complaint process where it originated for further processing.

**Q. Are Commerce employees required to participate in investigations?**

**A.** Yes. All Department employees are required to cooperate with EEO Investigators.

An employee may have do the following:

• meet with the Investigator and answer questions;
• sign a sworn statement summarizing answers provided during the interview;
• give the Investigator the names of other people with information about the complaint; and/or
• provide documentary evidence related to the complaint.

**Q. Does the investigator file a report of investigation?**

**A.** Yes. The Report of Investigation (ROI) includes the Investigator's summary of the evidence, procedural correspondence, documents and statistics collected by the Investigator and declarations.

The ROI is sent by certified mail to the complainant and the complainant's representative, if any, unless other arrangements have been made with OCR.

*Unauthorized disclosure by anyone of personal information containing in the ROI is prohibited.*

**Q. What happens after the investigation?**

**A.** In most EEO complaints, complainants may choose to:
• have the Equal Employment Opportunity Commission (EEOC) conduct a hearing; or
• request a final decision by the Department of Commerce without a hearing.

In a Sexual Orientation Discrimination Complaint, the Department will issue a final decision within 60 days after the ROI is issued.

With the ROI, complainants are also sent a letter that outlines their rights and the next steps in the complaint process.

---

**Reasonable Accommodations:** Individuals who need an accommodation to participate in the EEO or Sexual Orientation Discrimination Complaint processes (e.g., sign language interpreter, print materials in accessible format) should inform the bureau EEO Office or OCR so appropriate arrangements can be made.

---

*Published January 2003*

---

*This document is intended as a general overview and does not carry the force of legal opinion.*

8    12



# *EEO Mediation*

***The Department of Commerce offers EEO Mediation as an alternative to the EEO and Sexual Orientation Discrimination Complaint Processes for current employees.***

***To find out if your case is appropriate for mediation, contact Bonnie Worthy, Chief of the Client Services and Resolution Division at 202/482-8121. (TTY Users, call via the Federal Relay Service at 1-800-877-8339.)***

EEO Mediation is a fair and efficient process that helps employees and managers resolve employment disputes. A trained mediator assists the parties in reaching a voluntary negotiated agreement. Choosing mediation does not suspend the EEO complaint in process. Your complaint continues to be processed during mediation. Complaint processes are not discontinued until a settlement agreement is finalized. To learn more about the EEO Mediation, see the OCR website at www.osec.doc.gov/ocr.

---

## CHOOSE EEO MEDIATION TO RESOLVE EMPLOYMENT DISCRIMINATION CLAIMS:

**Issues are Resolved Faster and More Efficiently** - Most Mediation is completed in one or two sessions with less financial and emotional cost to both parties.

**Mediation Offers More Flexibility and Control** - The process is informal and flexible: parties may bring attorneys or other representatives, but there are no rules of evidence and no witnesses. Parties negotiate their own settlement and have more control over the outcome of their dispute.

**Participants can Create Win-Win Solutions That Meet Both Parties' Needs** — Mediation settlements are mutually agreed upon and address the concerns of both parties.

**Mediation is a Confidential Process** — No records of discussions are kept and parties agree to keep the proceedings confidential.

**Preservation of Relationships** — The cooperative forum of mediation often preserves relationships in ways that would not be possible in traditional adversarial decision-making processes.

---

U.S. Department of Commerce - Office of Civil Rights
February 2005





## Certificate of Service

I attest that a copy of this Notice of Partial Acceptance for Investigation has been sent to the parties list below:

By Certified Mail:

Nathaniel Johnson, Esquire
3195 Old Washington Road
Waldorf, MD 20602

Other:

Gerald Grossman
6100 Westchester Park
College Park, MD 20740

Al Corea
EEO Officer, NOAA

Investigative Team

Complaint File (Tab F)

OCR Chron File

Signature

NOV 2 2 ...

Date

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Nathanial Johnson, Esquire
'95 Old Washington Road
Waldorf, MD 20602

# EXHIBIT   5

Investigator's Memorandum from Sandra Zanelotti, Chief Investigator, Agency's
Office of Civil Rights, ROI, Tab 10, dated December 20, 2005



**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer and**
**Assistant Secretary for Administration**
Washington, D.C. 20230

December 20, 2005

INVESTIGATOR'S MEMORANDUM

*Sandra Zanelotti*

FROM:     Sandra Zanelotti
          Chief Investigator
          Office of Civil Rights

SUBJECT:   Gerald Grossman's Interrogatories

Attached are the interrogatories sent to Gerald Grossman (Complainant) and his
representative, on December 7, 2005. No response from Complainant or his
representative has been received to date.

On December 7, 2005, I telephoned Richard Thompson, to check his address and inform
him of the interrogatories that were being sent to him and his client. I left Mr. Thompson
a voice mail message. Mr. Thompson never returned this telephone call. On
December 14, 2005, Mr. Thompson telephoned me requesting an extension to the
interrogatories. I explained to Mr. Thompson that an extension could not be granted due
to the regulatory time frame approaching and the Office of Civil Rights needing to
complete this investigation prior to the regulatory time frame. Mr. Thompson stated that
he would contact his client and inform him to answer the questions by the time requested.

EXHIBIT 10 PAGE 1



**UNITED STATES DEPARTMENT OF COMMERCE**
Chief Financial Officer and
 Assistant Secretary for Administration
Washington, D.C. 20230

FEDERAL EXPRESS

December 7, 2005

Ref: Gerald Grossman
Case Number: 05-54-00161

Richard L. Thompson, II
Law Firm of Nathaniel D. Johnson, L.L.C.
3195 Old Washington Road
Waldorf, MD 20602

Dear Mr. Thompson:

I am an EEO Investigator with the U.S. Department of Commerce, Office of Civil Rights. I have been assigned to investigate your client's complaint of discrimination against the National Oceanic and Atmospheric Administration. The purpose of this letter is to obtain your client's testimony and any evidence that your client possess.

The investigation of your client's discrimination complaint is required by Equal Employment Opportunity Commission Regulations (29 C.F.R. Part 1614), and Department of Commerce Administrative Order 215-9. Enclosed for your immediate attention is a questionnaire relating to your client's complaint of discrimination. Although some of the information requested may duplicate your client's complaint, a sworn statement of your client's claim is required. The regulations provide that your client's complaint may be cancelled if you fail to cooperate with this investigation

I have also enclosed the questionnaire on a disc in word perfect and word format. If you wish to answer using pin and ink and feel it necessary to add more pages to the questionnaire, do so by placing each additional page beneath the item being answered and **NUMBERING** it consecutively.

Upon completion of the questionnaire, **PRINT** if answering electronically. Your client should **INITIAL** each page on the bottom, **SIGN** and **DATE** the document where indicated on the last page **BEFORE** forwarding it to me at the Department of Commerce in the enclosed Federal Express envelope.

Please return your client's affidavit (questionnaire) to me no later than **Friday, December 16, 2005**. In addition to any other relevant information your client possess. Your client's response must include the answers to the enclosed list of questions.

If we do not receive your response in this office by **Monday, December 19, 2005,** we may cancel your client's complaint for failure to prosecute under the authority at 29 C.F.R. 1614.107.

EXHIBIT 10 MS 2

Please contact me on 202-482-5049 with any questions.

Sincerely,

*Sandra Zanelotti*

Sandra Zanelotti
Chief Investigator
Office of Civil Rights

Enclosure

cc: Gerald Grossman, with all attachments.

## CERTIFICATE OF SERVICE

FEDERAL EXPRESS, with disc and Fed Ex Return Envelope

Richard L. Thompson, II
Law Firm of Nathaniel D. Johnson, L.L.C.
3195 Old Washington Road
Waldorf, MD 20602

Gerald Grossman
6100 Westchester Park
College Park, MD 20740


*Sandra Zanelotti*
Sandra Zanelotti
Chief Investigator

December 8, 2005
Date

## DECLARATION OF GERALD GROSSMAN

Gerald Grossman

    v.

                                        Agency Case Number: 05-54-00161

U.S. Department of Commerce

I, Gerald Grossman, Applicant for Meteorologist, National Oceanic and Atmospheric Administration, U.S. Department of Commerce, pursuant to 28 U.S.C. § 1746, hereby declare:

I am submitting this in response to questions by Chief Investigator, Sandra Zanelotti regarding my complaint of discrimination.

I understand the claim accepted for investigation to be as follows:

> Gerald Grossman (Complainant), an applicant for employment, alleges that he was discriminated against due to his age (DOB: 2/10/43) when he was not selected for the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0017.

QUESTIONS:

1.    Is your date of birth February 10, 1943?

Answer:


2.    Did you apply for the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0017?

Answer:


3.    To your knowledge did you qualify for the position of Meteorologist advertised under Vacancy Announcement Number NWS-NCEP-2005-0017?

Answer:


Page _____ of _____ Pages                            Initials: _____

Exhibit 10 - 5

4.    Were you interviewed for the position of Meteorologist advertised under
      Vacancy Announcement Number NWS-NCEP-2005-0017? If yes were you
      interviewed in person or by telephone?

Answer:

5.    If you were interviewed for the position, when was your interview(s) conducted
      and who interviewed you for the position?

Answer:

6.    Do you know who was selected for the position of Meteorologist advertised
      under Vacancy Announcement Number NWS-NCEP-2005-0017? If yes who
      was selected, when and how were you made aware of their selection?

Answer:

7.    What specific qualifications do you have that makes you the best qualified
      candidate for the position? Please be specific.

Answer:

8.    Were the above qualifications made known to the agency? If yes when and
      how?

Answer:

9.    What relief are you seeking?

Answer:

Page _____ of _____ Pages                    Exhibit 10 at.    Initials: _____

10. Any witnesses you wish for me to interview?  The witness must have direct knowledge or involvement in the selection for the Meteorologist position advertised under Vacancy Announcement Number NWS-NCEP-2005-0017. Please provide the name of each witness, how to contact them and what specifically they can testify too.

Answer: .

11. Anything else to add to this statement?  If so please do so below.

Answer:

I have read the above statement consisting of _____ pages.  I declare under the penalty of perjury that my statement is true, correct and complete to the best of my knowledge and belief.  I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

_____          _____
Signature                                                         Executed on

Page _____ of _____ Pages                                    Initials: _____

**FedEx** Express    *US Airbill*    8482 8764 7178

**1 From**
Date 12|8|05    Sender's FedEx Account Number    1506-3924-7    4993

Sender's Name Sandy Zanelotti    Phone ( 202 ) 482-2886

Company OFFICE OF SECRETARY

Address 1401 CONSTITUTION AVE NW

City WASHINGTON    State DC    ZIP 20230-0001

**2 Your Internal Billing Reference** 06|0532000|1102|2240

**3 To**
Recipient's Name Richard Thompson    Phone ( 202 ) 415-7459

Company Law firm of Nathaniel Johnson

Recipient's Address 3195 old washington Rd

Address

City Waldorf    State MD    ZIP 20602

**4a Express Package Service**
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope
[X] FedEx Pak
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday at FedEx Location
[ ] HOLD Saturday at FedEx Location

[X] No    [ ] Yes    [ ] Yes    [ ] Dry Ice    [ ] Cargo Aircraft Only

**7 Payment** Bill to:
[X] Sender    [ ] Recipient    [ ] Third Party    [ ] Credit Card    [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $    .20

**8 Sign to Authorize Delivery Without a Signature**

Questions? Visit our Web site at fedex.com    466

FedEx | Track

Page 1 o

**FedEx**

| Package/Envelope Services | Office / Print Services | Freight Services | Expedited Services |
| --- | --- | --- | --- |

| Ship | Track | Manage My Account | International Tools |
| --- | --- | --- | --- |

**Track Shipments**
## Detailed Results

Printable Version    Quick Help

| | | | | |
| --- | --- | --- | --- | --- |
| Tracking number | 848287647178 | Reference | 06/0532000/1102 /2240 | **Wrong Address?** Reduce future mistakes by using FedEx Address Checker. |
| Signed for by | C.BRECK | | | |
| Ship date | Dec 8, 2005 | | | **Shipping Freight?** |
| Delivery date | Dec 9, 2005 11:11 AM | Delivered to | Shipping/Receiving | FedEx has LTL, air freight, surface and |
| | | Service type | Priority Pak | air expedited freight, multi piece package |
| | | Weight | 1.0 lbs. | deliveries, and ocean freight. |
| Status | Delivered | | | |

| Date/Time | | Activity | Location | Details |
| --- | --- | --- | --- | --- |
| Dec 9, 2005 | 11:11 AM | Delivered | | |
| | 9 13 AM | On FedEx vehicle for delivery | WALDORF, MD | |
| | 5 45 AM | At local FedEx facility | WALDORF, MD | |
| Dec 8, 2005 | 9 35 PM | At dest sort facility | DULLES, VA | |
| | 8 52 PM | Left origin | WASHINGTON, DC | |
| | 6 42 PM | Picked up | WASHINGTON, DC | |

**Need to track a FedEx SmartPost shipment?**

| Signature proof | Email results | Track more shipments |
| --- | --- | --- |

**Subscribe to tracking updates (optional)**

Your Name: [                    ]    Your Email Address: [                    ]

| Email address | Language | Exception updates | Delivery updates |
| --- | --- | --- | --- |
| [            ] | English | ■ | ■ |
| [            ] | English | ■ | ■ |
| [            ] | English | ■ | ■ |
| [            ] | English | ■ | ■ |

Select format:  ● HTML  ● Text  ● Wireless

Add personal message:

Not available for Wireless or non-English characters.

■ By selecting this check box and the Submit button, I agree to these Terms and Conditions    Submit

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and International law  All rights reserved  © 1995-2005 FedEx

EXHIBIT 10 of 9

**FedEx Express** US Airbill

Tracking Number: 8482 8764 7189

**1 From**
Date 12|8|05
Sender's FedEx Account Number 1506-3924-Z
Sender's Name Sandy Benedetti
Phone (202) 482-2885
4993

Company OFFICE OF SECRETARY

Address 1401 CONSTITUTION AVE NW

City WASHINGTON    State DC    ZIP 20230-0001

**2 Your Internal Billing Reference** 061/0532000/1102/2240

**3 To**
Recipient's Name Gerald Grossman    Phone 301 513-9379

Company

Recipient's Address 6100 Westchester Park

Address

City College Park    State MD    ZIP 20740

**4a Express Package Service**
[X] FedEx Priority Overnight
[ ] FedEx Standard Overnight
[ ] FedEx First Overnight
[ ] FedEx 2Day
[ ] FedEx Express Saver

**4b Express Freight Service**
[ ] FedEx 1Day Freight
[ ] FedEx 2Day Freight
[ ] FedEx 3Day Freight

**5 Packaging**
[ ] FedEx Envelope
[X] FedEx Pak
[ ] FedEx Box
[ ] FedEx Tube
[ ] Other

**6 Special Handling**
[ ] SATURDAY Delivery
[ ] HOLD Weekday
[ ] HOLD Saturday

[X] No    [ ] Yes
[ ] Yes    [ ] Dry Ice

**7 Payment**
[X] Sender
[ ] Recipient
[ ] Third Party
[ ] Credit Card
[ ] Cash/Check

Total Packages    Total Weight    Total Declared Value

**8 Sign to Authorize Delivery Without a Signature**

466

FedEx | Track

Page 1 o



United States Home

Information Center | Customer Support | Site Ma

Search                    Go!

Package/Envelope Services | Office & Print Services | Freight Services | Expedited Services

Ship | **Track** | Manage My Account | International Tools

Track Shipments
## Detailed Results

Printable Version    Quick Help

| | | | | |
|---|---|---|---|---|
| **Tracking number** | 848287647189 | **Reference** | 0610532000/1102 /2240 | **Wrong Address?** Reduce future mistakes by using FedEx Address Checker. |
| **Signed for by** | Signature release on file | | | |
| **Ship date** | Dec 8, 2005 | | | **Shipping Freight?** |
| **Delivery date** | Dec 9, 2005 6:20 PM | **Delivered to** | Residence | FedEx has LTL, air freight, surface and air expedited freight, multi piece package deliveries, and ocean freight. |
| | | **Service type** | Priority Pak | |
| | | **Weight** | 1.0 lbs. | |
| **Status** | Delivered | | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Dec 9, 2005 | 6:20 PM | Delivered | | Package delivered to recipient address - release authorized |
| | 10:21 AM | On FedEx vehicle for delivery | BELTSVILLE, MD | |
| | 10:10 AM | At dest sort facility | BALTIMORE, MD | |
| | 9:17 AM | At local FedEx facility | BELTSVILLE, MD | |
| | 1:40 AM | At dest sort facility | BALTIMORE, MD | |
| Dec 8, 2005 | 8:52 PM | Left origin | WASHINGTON, DC | |
| | 6:42 PM | Picked up | WASHINGTON, DC | |

**Need to track a FedEx SmartPost shipment?**

Signature proof | Email results | Track more shipments

Subscribe to tracking updates (optional)

Your Name:                    Your Email Address:

| Email address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | ■ | ■ |
| | English | ■ | ■ |
| | English | ■ | ■ |
| | English | ■ | ■ |

Select format: ● HTML  ● Text  ● Wireless

Add personal message:

Not available for Wireless or non-English characters.

By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under US and international law. All rights reserved. © 1995-2005 FedEx

# EXHIBIT   6

EEOC Order Directing Agency to Produce Complaint File, dated March 2, 2006



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Baltimore District Office

10 South Howard Street
3rd Floor
Baltimore, MD 21201
(410) 962-3932
TTY (410) 962-6065
FAX (410) 962-4270
1-800-669-4000

| | |
|---|---|
| Gerald Grossman<br>Complainant | ) EEOC No. Pending<br>) Agency No. 05-54-00161 . |
| v. | ) |
| Secretary,<br>Department of Commerce<br>Agency | ) |
| | ) Date:   March 2, 2006 |

### ORDER DIRECTING AGENCY TO PRODUCE COMPLAINT FILE

On February 9, 2006 this office received a hearing request from complainant in the above-referenced complaint.

The agency is ordered, within the earlier of fifteen (15) days from receipt of this Order or from receipt of complainant's request for a hearing, to provide this office a copy of the complete complaint file, including the report of investigation[1], if any, for the above-referenced complaint. The agency also shall send a copy of the complaint file including the report of investigation to the complainant, if it has not previously done so. 29 C.F.R. § 1614.108(g); EEO MD-110, Chapter 7, Sections I-II. The complaint file must be forwarded even where there has been no investigation or there is an incomplete investigation. If the agency cannot provide the complaint file within fifteen (15) days, it must show good cause in writing to the Administrative Judge.

If the agency fails to provide the requested materials within fifteen (15) days from the date of receipt of this Order or to show good cause why it has not done so, the Administrative Judge may require the agency to bear the costs of the complainant's discovery, including attorney's fees, or impose other sanctions as appropriate. 29 C.F.R. § 1614.109(f)(3); EEO MD-110, Chapter 7, Section III. Sanctions may also be imposed for failure to investigate the claims adequately pursuant to EEO MD-110, Chapter 6.

Charles G. Sbuhow
Administrative Judge
Telephone: (410) 962-7711
Facsimile: (410) 962-6633

---

[1] A disc may be submitted, however, you **must** include a hard copy.

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER DIRECTING AGENCY TO PRODUCE COMPLAINT FILE within five (5) calendar days after the date it was sent *via* first class mail. I certify that on the foregoing ORDER DIRECTING AGENCY TO PRODUCE COMPLAINT FILE was sent *via* first class mail to the following:

Gerald Grossman   (Not sent-no home address provided)


Nathaniel Johnson
3195 Old Washington Blvd.
Waldorf, MD 20602

NOAA Civil Rights Office/CR[2]
1305 East West Hwy., Room 12236
Silver Spring, MD 20910


Lynn A. Tognocchi
Legal Technician


---

[2] This request should be forwarded to the proper Agency contact for processing.

# EXHIBIT   7

Gerald Grossman's Withdrawal of EEO Complaint, dated July 2, 2006

JAN-04-2008 17:10 From:DOC OGC ELLD          3017132529          To:202 514 8780          P.2/35
                                              NATHANIEL JOHNSON & ASS.                    P.2
                                                                                          002/002

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### (BALTIMORE FIELD OFFICE)

GERALD GROSSMAN

Complainant,

v.                                            EEOC No.: 531-2006-00086X

U.S. DEPARTMENT OF COMMERCE

Agency.

## WITHDRAWAL OF COMPLAINT

NOW COMES, Complainant, Gerald Grossman, and withdraws his complaint from before

the U.S. EEOC and requests issuance of the agency's final decision in the above-captioned matter.

Date: July 2, 2006

Nathaniel D. Johnson
3195 Old Washington Road
Waldorf, Maryland 20602
(301) 645-9103
(301) 893-6890 (fax)

# EXHIBIT  8

Vacancy Announcement H-NWS-04101-GCM

U.S. DEPARTMENT OF COMMERCE

COMMERCE OPPORTUNITIES ON-LINE

## Vacancy Announcement H-NWS-04101-GCM

*For help, click here or on any of the field labels.*

<u>View Existing Certificates</u>

# NOTE: THE CLOSING DATE HAS BEEN EXTENDED TO READ 09/20/2004 Shift work is required for this position

| VACANCY ANNOUNCEMENT H-NWS-04101-GCM | | |
|---|---|---|
| Position: | Meteorologist, GS-1340-13 | Vacancy Number: H-NWS-04101-GCM Open Date: 08/17/2004 Close Date: (Midnight, U.S. Eastern Time Zone) 09/20/2004 Status as of 06/22/2007: *Inactive* |
| Salary Range: | $72108-$93742 | |
| Promotion Potential: | 13 | |
| Type of Appointment: | Career or Career Conditional | |
| Work Schedule: | Full Time | |
| Duty Location: | Camp Springs, MD | |
| Organization: | National Weather Service, National Centers for Environmental Prediction, Hydrometeorological Prediction Center | |
| Who May Apply: | All U.S. Citizens. | |
| Duties: | Prepare meteorologically consistent, high quality, and timely forecast products including the following: model diagnostics discussion, day 2 and day 3, 6- and 24 hour quantitative precipitation forecasts (QPFs), probabilistic snow/icing products, tropical storm tracks, excessive rainfall forecasts, and all accompanying narratives as required at each desk. As required the incumbent may lead map discussion emphasizing model performance/verification. Provide specialized forecasts as requested. When requested, staff and issue experimental forecast products. Coordinate products with other service centers, weather forecast offices/river forecast centers as necessary. Coordinate all products with the Senior Branch Forecaster (SBF) on duty before transmission. Cross-train and work other Branch functions, including SBF. Serve as interpretative expert on operational numerical models, winter weather, day 3-7 temperature and probability of precipitation forecasts, and QPFs. Incumbent serves as acting supervisor in his/her absence. | |
| Qualification Requirements: | Basic Requirements: A. Applicants must have a Degree in meteorology, atmospheric science, or other natural science major that included: 1). At least 24 semester (36 quarter) hours of credit in meteorology/atmospheric science including a minimum of: a . Six | |

semester hours of atmospheric dynamics and thermodynamics; b.six semester hours of analysis and prediction of weather systems (synoptic/mesoscale); c.three semester hours of physical meteorology; and d.two semester hours of remote sensing of the atmosphere and/or instrumentation. 2). Six semester hours of physics, with at least one course that includes laboratory sessions. 3). Three semester hours of ordinary differential equations. 4). At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, and computer science. There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major. OR B. Combination of education and experience--course work as shown in A above, plus appropriate experience or additional education. In addition to meeting the basic entry qualification requirements, applicants must have one year of specialized experience at the GS 12 grade level. Specialized experience must have equipped the applicant with the following knowledge, skills and abilities: (1) The ability to analyze meteorological conditions; (2) ability to keep abreast of the latest technology; (3) knowledge of numerical weather prediction (nwp) models; and (4) The ability to apply interpersonal communication techniques.

| Basis of Rating: | Applicants will be rated based upon an evaluation of their experience and/or education and their responses to the `Experience` and/or `Knowledge, Skills and Abilities` questionnaire. Your answers will be verified against information you provide on other forms (such as your application) and/or by reference checks. The level of education, experience, and/or training you claim must be supported in your application |
| --- | --- |
| What to File: | Status applicants and those with reinstatement eligibility must submit a copy of an SF 50B (Notification of Personnel Action) indicating applicable series, grade and salary. Veterans must fax the following documentation: DD 214, VA letter dated within one year, if receiving disability, and/or SF 15 and must complete the Military Service section of the COOL application. Applicants using education as part of their qualifications must submit all unofficial transcripts. To receive credit for education completed outside the United States you must show proof that the education has been submitted to a private organization that specializes in interpretation of foreign education and such education has been deemed at least equivalent to that gained in conventional U.S. education programs. The Council on Postsecondary Accreditation may be of assistance in providing information on these organizations (www.ed.gov/offices/OPE/accreditation/accredus.html). Applicants must ensure that courses indicated on transcript are equivalent to the required courses (see `Qualification Requirements`) in order to meet basic qualifications. Applicants called in for interview may be asked to provide additional documentation at time of interview. All documents requested must be received by the closing date of this |

| | announcement. |
|---|---|
| **How to Apply:** | Applications and supporting documents must be submitted using the Commerce Opportunities On Line (COOL) automated vacancy announcement system located at www.jobs.doc.gov. Applications will not be accepted outside of the COOl system. Responses to the COOL Experience questions will be verified in the content of the applicants resume. Failure to indicate related job experience in the resume may result in a lower rating score. |
| **Additional Requirements and Information:** | This position may be filled through means other than the competitive promotion process. This may include reassignments or repromotion of qualified eligibles or appointment from an Office of Personnel Management Certificate of Eligibles.

Applicants for vacancies announced under the agency's Merit Assignment Program must meet all time-in-grade and qualification requirements by the closing date of this announcement.

Many positions require the completion of additional forms and/or the submission of supplemental materials. Please thoroughly review the vacancy announcement and carefully follow all instructions. Failure to provide the required information and/or materials may result in you not being considered for the vacancy.

The Department of Commerce provides reasonable accommodations to applicants with disabilities. If you need a reasonable accommodation for any part of the application and hiring process, please notify Human Resources Office listed below. The decision on granting reasonable accommodation will be on a case-by-case basis.

Applications will be accepted from only United States citizens.

This position is in the competitive service.

For additional information on this announcement, please contact: Glenda C. Martin 301 713-0513 x104

Qualification requirements in the vacancy announcements are based on the U.S. Office of Personnel Management (OPM) Qualification Standards Handbook, which contains federal qualification standards. This handbook is available on the Office of Personnel Management's website located at http://www.opm.gov/qualifications.

"Status" refers to candidates who are eligible for noncompetitive movement within the competitive service because they either are now or were serving under career-type appointments in the competitive service.

Applicants will be notified of the outcome of the announcement only if selected.

Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B "Notification of Personnel Action". This |

document must be received, prior to the closing date of this announcement. The document must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Salaries shown for this vacancy include locality pay. Applicants interested in relocating to a different geographic location should be aware that their salary is subject to change.

Payment of relocation expenses IS authorized.

Male applicants born after December 31, 1959 must be registered with the Selective Service System or have an exemption. If selected, confirmation of registration status is required.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this vacancy under the Veterans Employment Opportunities Act (VEOA). Indicate your eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Disabled veterans, handicapped and other applicants eligible for noncompetitive appointment under special appointing authorities, must indicate eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants who are claiming veteran's preference for their non-status application under this vacancy announcement must complete the Military Service section of the COOL application. To receive 5-point veterans' preference, you must submit a copy of your DD-214. To receive preference if your service began after October 15, 1976, you must have: a Campaign Badge or Expeditionary Medal with an honorable discharge OR served on active duty during the Gulf War from August 2, 1990 - January 2, 1992, under the following conditions: honorably discharged, served a minimum of 2 years on active duty, or if a Reservist served the full period for which called to active duty (Reservists must include appropriate documentation). To receive 10-point veteran's preference for a service connected disability you must submit an SF-15, "Application for 10-Point Veterans' Preference" and documentary proof from the appropriate branch of the Armed Forces or the Veterans Administration, as well as a copy of your DD-214. Applicants claiming 10-point preference who do not submit the required documentation will receive 5-point veteran's preference assuming they meet the basic veteran's

preference requirements and submit the appropriate proof of military service. You must submit your proof of eligibility for veteran's preference prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants who meet the positive education requirements for this position must submit a copy of college transcripts. Unofficial copies are acceptable. Transcripts must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Selectees must be prepared to provide official college transcripts.

If you are currently a Department of Commerce employee who has received a Reduction in Force (RIF) separation notice or a Certificate of Expected Separation you may be entitled to special priority selection under Department of Commerce's Agency Career Transition Assistance Program (CTAP). To receive this priority consideration you must: (1) Be a current Department of Commerce career or career-conditional (tenure group I or II) competitive service employee who has received a RIF separation notice or a Certificate of expected Separation (CES) and, the date of the RIF separation has not passed and you are still on the rolls of Department of Commerce. You must submit a copy of the RIF separation notice or CES . (2) Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. (3) Have a current (or last) performance rating of record of at least fully successful or equivalent. (4) File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. (5) Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying physical, suitability, education, and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted copy of the RIF separation notice or CES must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

If you are a displaced Federal employee you may be entitled to receive special priority selection under the Interagency Career Transition Assistance Program (ICTAP). To receive this priority consideration you must: (1) Be a displaced Federal employee. You MUST submit a copy of the appropriate documentation such as a RIF separation notice, a letter from OPM or your agency documenting your priority consideration. The following categories of candidates are considered displaced employees. A. Current or former career or

career-conditional (tenure group I or II) competitive service employees who: (1) Received a specific RIF separation notice; or (2) Separated because of a compensable injury, whose compensation has been terminated, and whose former agency certifies that it is unable to place; or (3) Retired with a disability and whose disability annuity has been or is being terminated; or (4) Upon receipt of a RIF separation notice retired on the effective date of the RIF; and can submit a Standard Form 50 that indicates "Retirement in lieu of RIF"; (5) Retired under the discontinued service retirement option; or (6) Was separated because he/she declined a transfer of function or directed reassignment to another commuting area. OR B. Former Military Reserve or National Guard Technicians who are receiving a special Office of Personnel Management (OPM) disability retirement annuity under section 8337 (h) or 8456 of title 5 United States Code. 2. Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. 3. Have a current (or last) performance rating of record of at least fully successful or equivalent. (This requirement does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. 6. Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying all medical, physical, suitability, education, selective factors and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted proof of eligibility and performance appraisal must be annotated with the your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

| Merit Assignment Program | |
|---|---|
| Evaluation Methods | Maximum Point Value |
| Experience | 75% |
| Education | 15% |
| Training | 5% |
| Awards | 5% |
| Total: | 100% |

| Contact Information |
|---|
| National Oceanic & Atomospheric Administration |
| Human Resources Management Office |

NWS/OFA Human Resources Branch
SSMC-2 Room 11236
1325 East West Highway
Silver Spring, MD 20910

Glenda C. Martin
301 713-0513 ext 104

glenda.c.martin@noaa.gov

## AN EQUAL OPPORTUNITY EMPLOYER

The Department of Commerce does not condone or tolerate discrimination based on race, color, religion, sex, national origin, age, physical or mental disability, or sexual orientation.

### View Existing Certificates

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management,
http://ohrm.doc.gov

# EXHIBIT   9

Declaration of Robert Kelly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GERALD GROSSMAN,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Civil Action No. 1:07CV00353
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀(Judge James Robertson)
CARLOS M. GUTIERREZ,⠀⠀⠀)
Secretary of Commerce,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)
_____)

**DECLARATION OF ROBERT W. KELLY**

I, Robert W. Kelly, pursuant to 28 U.S.C. ' 1746, declare and state as follows:

1.⠀⠀⠀⠀I am employed by the Hydrometeorological Prediction Center ("HPC"), National Centers for Environmental Prediction ("NCEP"), National Weather Service ("NWS"), National Oceanic and Atmospheric Administration ("NOAA") U.S. Department of Commerce. I have worked for the Federal government and NOAA since June 1969. I am currently the Chief, NCEP, Hydrometeorological Prediction Center ("HPC"), Forecast Operations Branch.

2.⠀⠀⠀⠀As Chief, HPC, Forecast Operations Branch, I am the recommending official for vacancies within HPC, Forecast Operations Branch. I interview applicants and make a selection recommendation to Dr. James Hoke, Director of HPC. Dr. Hoke is the selecting official.

3.⠀⠀⠀⠀For Vacancy Announcement H-NWS-04102-GCM (Meteorologist, GS-1340-12), I recommended to Dr. Hoke that NCEP readvertise the vacancy. In my opinion, the list of candidates did not present enough well qualified candidates to pursue the process.

4.⠀⠀⠀⠀I found Mr. Grossman's qualifications to be significantly out of date as the science and technology of meteorology has radically changed as compared to twenty years ago. Although Mr. Grossman worked for NOAA in the 1980s, he never performed the job that NCEP currently carries out. The selectees for all of the positions at issue had current meteorological experience and relevant education and could perform the work that a national center such as NCEP is expected to perform.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: _Jan 11, 2008_    _RW Kelly_
             Date    Robert W. Kelly

# EXHIBIT   10

Declaration of Sharon Whitehead

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GERALD GROSSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07CV00353 |
| | ) | (Judge James Robertson) |
| CARLOS M. GUTIERREZ, | ) | |
| Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF SHARON WHITEHEAD**

I, Sharon Whitehead, pursuant to 28 U.S.C. ' 1746, declare and state as follows:

1.   I am employed by the U.S. Department of Commerce, National Oceanic and Atmospheric
Administration ("NOAA"), Workforce Management Office, Weather Client Services
Division. I have worked for the Federal Government for approximately 19 years, and I
have worked for the Agency for 8 years. I am currently a Human Resources Advisor.

2.   My duties include advising the National Weather Service, a line office within NOAA,
regarding employee relations matters. One of the offices within the National Weather
Service that I advise is the National Centers for Environmental Prediction ("NCEP").

3.   According to the NOAA's Merit Assignment Program, vacancies issued under this
authority accept applications from status candidates, reinstatement eligibles, veterans with
3 or more years of honorable military service and applicants eligible for non-competitive
appointments under special hiring authorities.

4.   NOAA's hiring process is automated. Applicants submit their applications through an
online system, which automatically scores each applicant based on their answers to
certain questions. From October 2001 to October 29, 2004, NOAA used Commerce
Opportunities On-Line ("COOL") as its online hiring system. From October 2004, until
the present, NOAA uses QuickHire. Both hiring systems create an electronic vacancy
announcement. The systems also generate a List of Applicants for each vacancy
announcement. In addition, the system generates Applicant Referral Certificates, which
are sent to the selecting official for each vacancy announcement.

1

5.    When applicants apply for a vacancy advertised under NOAA's Delegated Examining Authority, the system automatically places the applicants in the order of their scores, which are based upon the applicant's answers to the questions in the application. The Workforce Management Human Resources Advisor reviews the application and resume to assure that the applicant meets the basic qualifications for the position, including any educational requirements, specialized experience for the position as outlined in the vacancy announcement and that the applicant has supported his/her answers to the knowledge, skills and abilities questions in his/her work experience. In addition, under Delegated Examining Authority, points can be added to an applicant's score based on veterans preference.

6.    Although Mr. Grossman claims he applied for Vacancy Announcement Number EWS-4090805-12.S, NOAA does not have any record of this vacancy.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed on   01 / 16 / 2008                  _Sharon Whitehead_____
                                              Sharon Whitehead

2

# EXHIBIT   11

DEU List of Applicants for Vacancy Announcement H-NWS-04101-GCM

JAN-04-2008 17:11 From:DOC OGC ELLD          3017132529          To:202 514 8780          P.18/35
                                                                                          Page 1 of 2

[black redaction bar]

## DEU List of Applicants H-NWS-04101-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-13 |
| **Promotion Potential:** | 13 |
| **Type of Appointment:** | Career or Career Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04101-GCM |
| **Organization:** | National Weather Service, National Centers for Environmental Prediction, Hydrometeorological Prediction Center |
| **Duty Station:** | Camp Springs, MD |

### This job is closed with 6 DEU application(s).

[ Enter Application ]

[ Prepare Application Packet ]

[ Create Certificate ]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the 👓 to view the application.
- Click on the applicant's Rating in the *Rating* column for a breakdown of the applicant's Rating.

**Status of the Application**
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

[ Order Applicants ]    [ Update Applicant Order ]    [ Remove Applicant Ordering ]

| Order | Status | Applicant Name | Rating | Vet Pref | Referral Category | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|---|---|
| 1 | C | ® ✉ (SO) 👓 Cisco, James | 96 | NP | Competitive | | 301-763-8201 | |
| 2 | C | ® ✉ (SO) 👓 Speicher, Peter | 91 | TP | Competitive | | 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-549-829 | |
| 3 | C | ® ✉ (SO) 👓 Ziegenfelder, Paul | 89 | NP | Competitive | | 301-763-8201 | |
| 4 | C | ® ✉ (SO) 👓 | 85 | NP | Competitive | | (301) 763-8000 x7053 | |

https://204.193.232.51/pls/cool/cert_list_app_deu                                    6/22/2007

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Marshall, Curtis | | | | | | |
| 5 | C | Ⓡ 🖼 ⓈⒹ 👓 Scheck, Joshua | 85 | NP | Do Not Refer Reason: Does Not Meet Specialized/GS-12 level experience | | 3149773133 | |
| 6 | C | Ⓡ 🖼 ⓈⒹ 👓 Januario, Cassia | 73 | NP | Do Not Refer Reason: Does Not Meet Specialized | | | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT    12

MAP List of Applicants for Vacancy Announcement H-NWS-04101-GCM



### List of Applicants H-NWS-04101-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-13 |
| **Promotion Potential:** | 13 |
| **Type of Appointment:** | Career or Career Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04101-GCM |
| **Organization:** | National Weather Service, National Centers for Environmental Prediction, Hydrometeorological Prediction Center |
| **Duty Station:** | Camp Springs, MD |

### This job is closed with 6 Merit application(s).

[ Enter Application ]

[ Prepare Application Packet ]

[ Create Certificate ]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the ⬡ to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

**Status of the Application**
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | ⓡ ▭ ⓢⒹ  Cisco, James | ░░░░ | | Thomas Stone High School | 301-763-8201 |
| C | ⓡ ▭ ⓢⒹ  Nelson, Michael | ░░░░ | *Reinstatement* | NOAA/DOC/NWS NWSO GID | 402-462-2137 |
| C | ⓡ ▭ ⓢⒹ  Ziegenfelder, Paul | 63.86 | Competitive | National Weather Service NCEP HPC FOB | 301-763-8201 |
| C | ⓡ ▭ ⓢⒹ  Speicher, Peter | 56.41 | Competitive | Wisconsin Air National Guard | 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-549-829 |
| C | ⓡ ▭ ⓢⒹ  Aycock, Donald | 51.12 | Competitive | National Weather Service | (907) 458-3708 |

| | | 44.46 | Noncompetitive Reinstatement | Sole proprietor | | 3015139379 |
|---|---|---|---|---|---|---|
| ⓡ 📠 ⓢ Crossman, Gerald | | | | | | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   13

MAP Applicant Referral Certificate for
Vacancy Announcement H-NWS-04101-GCM



### View Certificate Vacancy Announcement H-NWS-04101-GCM



# U.S. Department of Commerce

## Applicant Referral Certificate #1

Issued 09/22/2004
Status: **Final**

Selection made: 04/26/2005

Last Modified: 04/26/2005

| | |
|---|---|
| Position: | Meteorologist |
| Pay Plan, Series, Grade: | GS-1340-13 |
| Promotion Potential: | 13 |
| Type of Appointment: | Career or Career Conditional |

| | |
|---|---|
| Announcement Number: | H-NWS-04101-GCM |
| Organization: | National Weather Service, National Centers for Environmental Prediction, Hydrometeorological Prediction Center |
| Duty Station: | Camp Springs, MD |

Number of Vacancies: *1*
Total Applicants Referred: *6*
Human Resources Representative: *Glenda Martin*
Phone Number: *301-713-0513 x104*
E-mail: *glenda.c.martin@noaa.gov*
Referred To: *James Hoke*
View Only Copies Sent To: *Robert Kelly,*

The candidates listed below have been determined to be the best qualified. If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative. Selection decisions should not be publicized prematurely. Please complete the "Action" column by selecting S for selected, NS for not selected, or D for declined. Please indicate if candidates were contacted or interviewed in the "Candidates were:" column.

| Competitive Referrals: | | | | | | |
|---|---|---|---|---|---|---|
| **Action** | | | **Candidates were:** | | | |
| NS | S | D | Contacted | Interviewed | Applicant Name | Employer | Work Phone |
| NS | | | NO | NO | (SD) (R) Avack, Donald James | National Weather Service | (907) 458-3708 |
| | S | | YES | YES | | Thomas Stone | 301-763-8201 |

| | | | | | | • ⌨ ⑤ Ⓡ Cisco, James Anthony | High School | |
|---|---|---|---|---|---|---|---|---|
| NS | | | | YES | YES | • ⌨ ⑤ Ⓡ Speicher, Peter James | Wisconsin Air National Guard | 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-549-829 |
| NS | | | | YES | YES | • ⌨ ⑤ Ⓡ Ziegenfelder, Paul Allen | National Weather Service NCEP HPC FOB | 301-763-8201 |

| Non-Competitive Referrals: (Non-Competitive authorities help) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Action | | | Candidates were: | | | | | |
| NS | S | D | Contacted | Interviewed | | Applicant Name | Employer | Work Phone |
| NS | | | NO | NO | | • ⌨ ⑤ Ⓡ Grossman, Gerald *Reinstatement* | Sole proprietor | 3015139379 |
| NS | | | YES | YES | | • ⌨ ⑤ Ⓡ Nelson, Michael Raymond *Reinstatement* | NOAA/DOC/NWS NWSO GID | 402-462-2137 |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. The selecting officials gave due weight to the performance appraisal(s) prior to making the selection decision. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a ⌨ next to their name by clicking on the ⌨.

SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

HUMAN RESOURCES NOTES

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

[ Save New Note ]

[ Return Certificate to Certificates Marked Final List ]

Click on one of the buttons below to close this certificate.

[ Close Certificate - Send to Audit ]

| Close Certificate - Send to Archive |

## View Existing Certificates

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   14

SF-50, hiring James Cisco, dated October 14, 2004

JAN-04-2008 17:12 From:DOC OGC ELLD       3017132529       To:202 514 8700       P.17/35
08/02/07 11:38:16       US DOC \ NOAA->       3017132529  US DOC \ NOAA       Page 604

## NOTIFICATION OF PERSONNEL ACTION

| | |
|---|---|
| (1570, JAMES A | 66  10/17/04 |
| 5-A. 1-B. Nature of Action  7C2  PROMOTION | 4-A. 4-B. Nature of Action |
| 5-C. 3-D. Legal Authority  NSK REG 335.102 COMP | 4-C. 5-D. Legal Authority |
| 5-E. 3-F. Legal Authority | 6-E. 4-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MTRLGST  01  3KDA0A | MTRLGST  01  3KCA90 |

|  | Grade/Level | Step/Rate | Total Salary |  |  | Grade/Level | Step/Rate | Total Salary/Award |  |
|---|---|---|---|---|---|---|---|---|---|
|  | 12 | 06 | 70,743.00 | PA | GS 1340 | 13 | 03 | 76,916.00 | PA |
| Basic Pay | Locality Adj | Basic Pay | Other Pay | Basic Pay | Locality Adj | Basic Pay | Other Pay | | |
| 61,714.00 | 9,029.00 | 70,743.00 | .00 | 67,099.00 | 9,817.00 | 76,916.00 | .00 | | |

Name and Location of Position's Organization:
NATIONAL OCEANIC AND ATMOSPHERIC ADMIN
NATIONAL WEATHER SERVICE
NATIONAL CENTERS FOR ENV PRED
HYDROMET PREDICTION CENTER

CM 54207000C331000900       PP 21 2004

| 22. Veterans Preference | 23. Tenure | 24. Agency Use | 25. |
|---|---|---|---|
| 1 | 1 | | YES ☒ NO |
| 27. FEGLI  D0. BASIC-STANDARD | 28. Annuitant Indicator  9  NOT APPLICABLE | | 29.  0 |
| 30. Retirement Plan  K  FERS AND FICA | 31. Service Comp Date  05/07/90 | 32. Work Schedule  F  FULL TIME | 33. Part-Time Hours Per |
| 34. Position Occupied  1 | 35. FLSA Category  E | 36. Appropriation Code | 37.  0193 |
| 38. Duty Station Code  24-0235-033 | 39. Duty Station (City-County-State or Overseas Location)  CAMP SPRINGS   PRINCE GEORGES   MD |
| 40. AGENCY DATA | 41. | 42. | 43. | 44. |

45. Remarks:
SELECTED FROM N-NWS-04101-6CM DATED 9/30/04
POSITION IS AT THE FULL PERFORMANCE LEVEL.

| 46. Employing Department or Agency  DEPARTMENT OF COMMERCE | 50. Signature/Authentication and Title of Approving Official  ZANE Z. SCHAUER  PERSONNEL OFFICER |
|---|---|
| 47. Agency Code  CM 54 | 48. Personnel Office ID  1012 | 49. Approval Date  10/14/04 |

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

CM 542C70CD030_C00000       PP 21 1*2004*BATCH 18125864 000-00 20L-04 AG/ED 54-1012

# EXHIBIT    15

Letter from Robert Kelly to Dr. James Hoke, Subject: Recommendation to Hire
GS-1340-13 Forecaster, dated September 30, 2004



**U.S. DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NATIONAL WEATHER SERVICE

National Centers for Environmental Prediction
5200 Auth Road
Camp Springs, Maryland  20746
Telephone: 301-763-8000

September 30, 2004

**MEMORANDUM FOR:**   W/NP3 – Dr. James E. Hoke

**FROM:**   W/NP31 – Robert W. Kelly

**SUBJECT:**   Recommendation to Hire GS-1340-13 Forecaster
(vice Nieremberg  H-NWS-04101.GCM)

I recommend you offer the vacant position of GS-1340-13 meteorologist to Jim Cisco.

Jim has been a meteorologist at HPC since 1994, and in that time has worked at the Surface Analyst position as well as his current position at Basic Weather. He is already qualified to work QPF and Model Diagnostics, and has had training in Medium Range. He has been focal point for the Surface Analysis, Basic Weather, and Diversity Programs. He was awarded a group Bronze Medal for his SPA work in 1999, and was included in the group awards for HPC restructuring (Organization Bronze, 2001) and Hurricane Floyd (Organization Gold, 2000). More recently, he has been awarded several cash awards for job performance during the past two years.

Before coming to HPC Jim worked at the Salt Lake City Forecast Office, where he covered aviation shifts and trained on the public weather desk. He was focal point for climatology and medium range forecasts, and assisted the Warning Preparedness Meteorologist.

Jim demonstrates professionalism and well-reasoned understanding of meteorology and frontal structure. He is a very good meteorologist.

I interviewed, and checked supervisory references on, the top four candidates based upon the Quality Ranking Factors as determined by a review of their applications. There were six candidates in total. It was a strong panel of applicants.

_____         _____         _____
Approve                          Disapprove                   Let's Discuss





**U.S. DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL WEATHER SERVICE

National Centers for Environmental Prediction
5200 Auth Road
Camp Springs, Maryland 20746
Telephone: 301-763-8000

Nov. 3, 2004

MEMORANDUM FOR:    Jim Hoke

FROM:    Bob Kelly

SUBJECT:    Recommendation for Basic Weather Forecaster
(H-NWS-04122-GCM)

I recommend offering the position to:

Paul Ziegenfelder

I am recommending the selection of Paul Ziegenfelder for the vacant forecaster position, vice
Jim Cisco. Paul has been an employee in HPC surface analyst in the HPC (formerly NMC) since
1989. I have been particularly impressed with Paul's work ethic and drive to improve in the two
years during which I have been his supervisor. He has worked the Basic Weather Desk on a
frequent basis, and is fully prepared to assume these duties immediately.

Paul has already shown skill with his surface prognostic charts, and Dr. Uccellini recently
complimented the quality of Paul's surface analyses. Paul has worked diligently on improving
his writing style, and his recent growth and demonstrated ability indicates he can continue to
develop in this area.

This decision was based on the following quality ranking factors:

Meteorological Knowledge and Forecasting Experience and Skill
Team Participation
Demonstrated Professional Growth and Growth Potential

I believe Paul will be a very strong forecaster in the Basic Weather program, and I recommend
you approve his selection for this position.

Approve    11/3/04    Disapprove _____    Let's Discuss _____



# EXHIBIT   16

Vacancy Announcement H-NWS-04102-GCM



U.S. DEPARTMENT OF COMMERCE
CAREER OPPORTUNITIES ON-LINE

### Vacancy Announcement H-NWS-04102-GCM

*For help, click here or on any of the field labels.*

Vacancy Announcement Listing

## This position requires working rotating shifts.

<table>
<tr><td colspan="3" align="center"><strong>VACANCY ANNOUNCEMENT<br>H-NWS-04102-GCM</strong></td></tr>
<tr><td>Position:</td><td>Meteorologist, GS-1340-12</td><td rowspan="6">Vacancy Number:<br>H-NWS-04102-GCM<br>Open Date:<br>08/17/2004<br>Close Date: (Midnight, U.S. Eastern Time Zone)<br>09/09/2004<br>Status as of 06/22/2007: <em>Inactive</em></td></tr>
<tr><td>Salary Range:</td><td>$60638-$78826</td></tr>
<tr><td>Promotion Potential:</td><td>GS-12</td></tr>
<tr><td>Type of Appointment:</td><td>Career/Career-Conditional</td></tr>
<tr><td>Work Schedule:</td><td>Full-time</td></tr>
<tr><td>Duty Location:</td><td>Camp Springs, MD</td></tr>
<tr><td>Organization:</td><td colspan="2">NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch</td></tr>
<tr><td>Who May Apply:</td><td colspan="2">All U. S. Citizens</td></tr>
<tr><td>Duties:</td><td colspan="2">Generate the 12, 24, 36, 48, and 72 hour basic weather forecasts charts. In preparing these charts make use of all available numerical model guidance having a firm understanding of model biases and limitations. The charts are to be fully coordinated with the Senior Branch Forecaster (SBF) before they are issued. In addition, you will review and approve the production of the 18 and 30 hour basic weather charts produced by the meteorological technicians. Maintain proficiency in preparing and disseminating North American surface analyses. Fill in on this desk when scheduled. Modify automated sea-level pressure analysis where the first guess numerical analysis is deficient. Use appropriate backup when needed to ensure product is disseminated. Review upper air data and analyses to ensure that surface analyses reflect 3-dimensional consistency. Incorporate new and developing frontal analysis theory into your analyses as appropriate. In addition, make sure the analysis depicts significant mesoscale features that are important in focusing convection. Coordinate with the SBF, Ocean Prediction Center (OPC) and Tropical Prediction Center (TPC) as needed to assure product consistency. Train and become certified in the forecast products of at least one other forecast desk.</td></tr>
<tr><td>Qualification</td><td colspan="2">Basic Qualification Requirements: A. Bachelor's degree in</td></tr>
</table>

| Requirements: | meteorology, atmospheric science, or other natural science major that included: 1) At least 24 semester hours in meteorology including six semester hours in weather analysis and prediction of weather systems (synoptic/mesoscale); six semester hours of atmospheric dynamics and thermodynamics*; three semester hours of physical meteorology; and two semester hours of remote sensing of the atmosphere and/or instrumentation. 2) Six semester hours of physics with at least one course that includes laboratory sessions*. 3) Three semester hours of ordinary differential equations*. 4) At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, computer science. *There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major. OR Combination of education and experience-course work shown above, plus appropriate experience or additional educationas follows: In addition to the basic requirements, applicants must have one year of Specialized Experience equivalent to at least the GS-11 grade level. Specialized experience must have equipped the applicant with the following knowledge, skills and abilities: (1) Knowledge of operational meteorology, hydrology and NWS service programs; (2) The ability to analyze meteorological conditions; (3) The ability to contribute to the understanding of hydro-meteorological knowledge through effective communication; and (4) The ability to work effectively in a team environment. |
| --- | --- |
| Basis of Rating: | Applicants will be rated based upon an evaluation of their experience and/or education and their responses to the knowledge, skills and abilities questionnaire. Your answers will be verified against information you provide on other forms (such as your application) and/or by reference checks. The level of education, experience, and/or training you claim must be supported in your application. |
| What to File: | Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B (Notification of Personnel Action) indicating applicable series, grade and salary. Veterans must fax the following documentation: DD-214, VA letter dated within one year, if receiving disability and/or SF-15 and must complete the Military Service section of the COOL application. Applicants using education as part of their qualifications must submit all unofficial transcripts. To receive credit for education completed outside the United States you must show proof that the education has been submitted to a private organization that specializes in interpretation of foreign education and such education has been deemed at least equivalent to that gained in conventional U.S. education programs. Applicants must ensure that courses indicated on transcript are equivalent to the required courses (see 'Qualifications Requirements') needed for basic qualifications. Applicants called in for interview may be asked to provide |

| | additional documentation at time of interview. All documents requested must be received by the closing date of this announcement. |
|---|---|
| How to Apply: | Applications must be submitted using the Commerce Opportunities On-Line (COOL) automated vacancy system located at www.jobs.doc.gov Applications will not be accepted outside of the COOL system. Responses to the COOL Experience questions, will be verified in the content of the applicant's resume. Failure to indicate related job experience in the resume may result in a lower rating score. |
| Additional Requirements and Information: | This position may be filled through means other than the competitive promotion process. This may include reassignments or repromotion of qualified eligibles or appointment from an Office of Personnel Management Certificate of Eligibles.

Applicants for vacancies announced under the agency's Merit Assignment Program must meet all time-in-grade and qualification requirements by the closing date of this announcement.

All qualified reassignment applicants who are eligible to apply will be referred for selection consideration. Employees competing for promotion are subject to the evaluation methods specified for this vacancy announcement.

Many positions require the completion of additional forms and/or the submission of supplemental materials. Please thoroughly review the vacancy announcement and carefully follow all instructions. Failure to provide the required information and/or materials may result in you not being considered for the vacancy.

Applications will be accepted from disabled applicants eligible for a Schedule A appointment, and from disabled veterans who are in receipt of compensation at the rate of 30% or more.

The Department of Commerce provides reasonable accommodations to applicants with disabilities. If you need a reasonable accommodation for any part of the application and hiring process, please notify Human Resources Office listed below. The decision on granting reasonable accommodation will be on a case-by-case basis.

Applicants who apply under the Merit Assignment Plan (MAP) announcement option must meet all time-in-grade requirements by the closing date of this announcement.

Applicants must meet all qualification requirements by the closing date of this announcement.

Applications will be accepted from only United States citizens.

This position is in the competitive service. |

For additional information on this announcement, please contact: Glenda C. Martin 301-713-0511x104

Shift work is required.

Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B "Notification of Personnel Action". This document must be received, prior to the closing date of this announcement. The document must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

This vacancy announcement is open under both the agency's Merit Assignment Plan (MAP) and under Delegated Examining authority, granted to this agency by the Office of Personnel Management. Status candidates (e.g. current Federal employees serving under a career or career conditional appointment, former Federal employees who served under a career or career conditional appointment who have reinstatement eligibility, applicants eligible under the Career Transition Assistance Program (CTAP) or the Interagency Career Transition Assistance Program (ICTAP), and veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after 3 or more years of continuous active service) may apply under both MAP and the Delegated Examining authority. Non-status applicants should apply only under the Delegated Examining authority. A status applicant who wishes to be considered under both the MAP and Delegated Examining authority must select the "Both Merit Assignment Plan and Delegated Examining authority" option, when applying for this vacancy announcement. Only one application needs to be completed for a status applicant to be considered under both processes.

Salaries shown for this vacancy include locality pay. Applicants interested in relocating to a different geographic location should be aware that their salary is subject to change.

Payment of relocation expenses IS authorized.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this announcement under the Veterans Employment Opportunities Act (VEOA).

Male applicants born after December 31, 1959 must be registered with the Selective Service System or have an exemption. If selected, confirmation of registration status is required.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three

years or more of continuous active service may apply for this vacancy under the Veterans Employment Opportunities Act (VEOA). Indicate your eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this announcement under the Veterans Employment Opportunities Act (VEOA). Applicants applying under the VEOA authority should be prepared to submit proof of eligibility upon request.

Applicants who meet the positive education requirements for this position must submit a copy of college transcripts. Unofficial copies are acceptable. Transcripts must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Selectees must be prepared to provide official college transcripts.

If selected for this vacancy, you may be required to complete a Declaration for Federal Employment (OF-306) to determine your suitability for federal employment and to authorize a background investigation. You may be required to sign and certify the accuracy of all the information in your application. If you make a false statement in any part of your application, you may not be hired; or you may be fired after you begin work; or you may be fined or jailed.

If you are currently a Department of Commerce employee who has received a Reduction in Force (RIF) separation notice or a Certificate of Expected Separation you may be entitled to special priority selection under Department of Commerce's Agency Career Transition Assistance Program (CTAP). To receive this priority consideration you must: (1) Be a current Department of Commerce career or career-conditional (tenure group I or II) competitive service employee who has received a RIF separation notice or a Certificate of expected Separation (CES) and, the date of the RIF separation has not passed and you are still on the rolls of Department of Commerce. You must submit a copy of the RIF separation notice or CES . (2) Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. (3) Have a current (or last) performance rating of record of at least fully successful or equivalent. (4) File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. (5) Be rated well-qualified

for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying physical, suitability, education, and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted copy of the RIF separation notice or CES must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

If you are a displaced Federal employee you may be entitled to receive special priority selection under the Interagency Career Transition Assistance Program (ICTAP). To receive this priority consideration you must: (1) Be a displaced Federal employee. You MUST submit a copy of the appropriate documentation such as a RIF separation notice, a letter from OPM or your agency documenting your priority consideration. The following categories of candidates are considered displaced employees. A. Current or former career or career- conditional (tenure group I or II) competitive service employees who: (1) Received a specific RIF separation notice; or (2) Separated because of a compensable injury, whose compensation has been terminated, and whose former agency certifies that it is unable to place; or (3) Retired with a disability and whose disability annuity has been or is being terminated; or (4) Upon receipt of a RIF separation notice retired on the effective date of the RIF; and can submit a Standard Form 50 that indicates "Retirement in lieu of RIF"; (5) Retired under the discontinued service retirement option; or (6) Was separated because he/she declined a transfer of function or directed reassignment to another commuting area. OR B. Former Military Reserve or National Guard Technicians who are receiving a special Office of Personnel Management (OPM) disability retirement annuity under section 8337 (h) or 8456 of title 5 United States Code. 2. Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. 3. Have a current (or last) performance rating of record of at least fully successful or equivalent. (This requirement does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. 6. Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying all medical, physical, suitability, education, selective factors and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted proof of eligibility and performance appraisal must be annotated with the your applicant COOL User ID. See "Faxing Instructions for Supporting

Documentation" later in this application process to print out the
FAX Cover Sheet with specific instructions.

| Merit Assignment Program | |
|---|---|
| Evaluation Methods | Maximum Point Value |
| Experience | 50% |
| Education | 25% |
| Training | 20% |
| Awards | 5% |
| Total: | 100% |

| Contact Information |
|---|
| Department of Commerce<br>NOAA<br>NWS/OFA HR Branch<br>1325 East/West Hwy SSMC2- Room: 11236<br>Silver Spring, MD 20910<br><br>Glenda C. Martin<br>301-713-0513x104<br><br>glenda.c.martin@noaa.gov |

AN EQUAL OPPORTUNITY EMPLOYER

The Department of Commerce does not condone or tolerate discrimination based on race, color,
religion, sex, national origin, age, physical or mental disability, or sexual orientation.

**HR Notes:**

Save New Note Changes

Vacancy Announcement Listing

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

# EXHIBIT   17

DEU List of Applicants for Vacancy Announcement H-NWS-04102-GCM



## DEU List of Applicants H-NWS-04102-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| Position: | Meteorologist |
|---|---|
| Pay Plan, Series, Grade: | GS-1340-12 |
| Promotion Potential: | GS-12 |
| Type of Appointment: | Career/Career-Conditional |

| Announcement Number: | H-NWS-04102-GCM |
|---|---|
| Organization: | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch |
| Duty Station: | Camp Springs, MD |

### This job is closed with 9 DEU application(s).

Enter Application

Prepare Application Packet

Create Certificate

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the ~~~ to view the application.
- Click on the applicant's Rating in the *Rating* column for a breakdown of the applicant's Rating.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

Order Applicants        Update Applicant Order        Remove Applicant Ordering

| Order | Status | Applicant Name | Rating | Vet Pref | Referral Category | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|---|---|
| 9999 | C | ℝ ▭ 🆂🅳 Speicher, Peter | 96 | TP | Competitive | | 49-6221-57-7688 | |
| 9999 | C | ℕ ▭ 🆂🅳 Kimberlain, Todd | 94 | NP | Competitive | | 787-253-4501 | |
| 9999 | C | ℂ ▭ 🆂🅳 Musonda, Frank | 90 | NP | Do Not Refer Reason: Does Not Meet Specialized | | 8089735277 | |
| 9999 | C | 🄴 ▭ 🆂🅳 | 83 | NP | Competitive | | (301) 763- | |

JAN-04-2008 17:14 From:DOC OGC ELLD          3017132529          To:202 514 8780          P.27/35

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Marshall, Curtis | | | | | 8000 x7053 |
| 9999 | C | 🅱 📧 SD Thompson, Jeffery | 82 | TP | Do Not Refer Reason: Lacks Specialized Experience: 4,5,6,1,2,3 | | 913-449-8907 |
| 9999 | C | 🅱 📧 SD Scheck, Joshua | 82 | NP | Do Not Refer Reason: Does Not Meet Specialized | | 3149773133 |
| 9999 | C | 🅱 📧 SD Brubaker, Nicole | 78 | NP | Do Not Refer Reason: Lacks Specialized Experience | | 256-961-7914 |
| 9999 | C | 🅱 📧 SD DePriest, William | 74 | NP | Do Not Refer Reason: Lacks Specialized Experience | | 443-618-0696 |
| 9999 | C | 🅱 📧 SD Januario, Cassia | 73 | NP | Do Not Refer Reason: Lacks Specialized Experience | | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   18

MAP List of Applicants for Vacancy Announcement H-NWS-04102-GCM

JAN-04-2008 17:14 From:DOC OGC ELLD          3017132529          To:202 514 8700          P.28/35

COPY - List of Applicants                                              Page 1 of 2



## List of Applicants H-NWS-04102-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-12 |
| **Promotion Potential:** | GS-12 |
| **Type of Appointment:** | Career/Career-Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04102-GCM |
| **Organization:** | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch |
| **Duty Station:** | Camp Springs, MD |

### This job is closed with 5 Merit application(s).

[ Enter Application ]

[ Prepare Application Packet ]

[ Create Certificate ]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the ▬▬ to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

Status of the Application
- N = Not ▆▆▆▆▆▆
- ▆▆▆▆▆ reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | Ⓡ ▭ ⑤ᴅ  Ziegenfelder, Paul | 67.09 | Competitive | National Weather Service NCEP HPC FOB | 301-763-8201 |
| C | Ⓡ ▭ ⑤ᴅ  Speicher, Peter | 64.36 | Competitive | 7th Weather Squadron | 49-6221-57-7688 |
| C | Ⓡ ▭ ⑤ᴅ  Alexander, Lyle | 55.63 | Withdrawn by Applicant  Noncompetitive *Reassignment* | ZID CWSU c/o IND ARTCC | 317-247-2469 |
| N | Ⓡ ▭ ⑤ᴅ ▆▆▆  Grossman, Gerald | | | Sole Proprietor | 3015139379 |
| ▆▆▆ | Ⓡ ▭ ⑤ᴅ | 36.75 | | Global Weather Services | 913-449-8907 |

JAN-04-2008 17:15 From:DOC OGC ELLD        3017132529        To:202 514 8780        P.29/35

CC'); List of Applicants

Page 2 of 2

| | Thompson, Jeffery | | | | | |

### Commerce Opportunities On-Line Privacy Statement

This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   19

Applicant Referral Certificate for Vacancy Announcement H-NWS-04102-GCM



## View Certificate Vacancy Announcement H-NWS-04102-GCM



# U.S. Department of Commerce

# Applicant Referral Certificate  #1

### Issued 09/14/2004
### Status: **Final**

### NO SELECTION: 04/22/2005

### Last Modified: 04/22/2005

| | |
|---|---|
| **Position:** Meteorologist | |
| **Pay Plan, Series, Grade:** GS-1340-12 | |
| **Promotion Potential:** GS-12 | |
| **Type of Appointment:** Career/Career-Conditional | |

| | |
|---|---|
| **Announcement Number:** H-NWS-04102-GCM | |
| **Organization:** NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch | |
| **Duty Station:** Camp Springs, MD | |

Number of Vacancies: *1*
Total Applicants Referred: *2*
Human Resources Representative: *Glenda Martin*
Phone Number: *301-713-0513 x104*
E-mail: *glenda.c.martin@noaa.gov*
Referred To: *Robert Kelly*
View Only Copies Sent To:

The candidates listed below have been determined to be the best qualified.  If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative. Selection decisions should not be publicized prematurely.  Please complete the "Action" column by selecting S for selected, NS for not selected, or D for declined.  Please indicate if candidates were contacted or interviewed in the "Candidates were:" column.

| Competitive Referrals: | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Action** | | | **Candidates were:** | | | | |
| **NS** | **S** | **D** | **Contacted** | **Interviewed** | **Applicant Name** | **Employer** | **Work Phone** |
| *NS* | | | *NO* | *NO* | | 7th | 49-6221-57- |

JAN-04-2008 17:15 From:DOC OGC ELLD    3017132529    To:202 514 8780    P.31/35

COOL - Certificate View

Page 2 of 3

| | NS | | NO | | NO | | ★ 📧 (SD) (R) Speicher, Peter James | Weather Squadron | 7688 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | ★ 📧 (SD) (R) Ziegenfelder, Paul Allen | National Weather Service NCEP HPC FOB | 301-763-8201 |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. The selecting officials gave due weight to the performance appraisal(s) prior to making the selection decision. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a 📧 next to their name by clicking on the 📧.

## SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

**On 09/22/2004, Robert W Kelly added:** No selection. Will reissue.

## HUMAN RESOURCES NOTES

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

[ Save New Note ]

[ Return Certificate to Certificates Marked Final List ]

Click on one of the buttons below to close this certificate.

[ Close Certificate - Send to Audit ]

[ Close Certificate - Send to Archive ]

View Existing Certificates

COOL - Certificate View

This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   20

Vacancy Announcement H-NWS-04121-GCM



## Vacancy Announcement H-NWS-04121-GCM

*For help, click here or on any of the field labels.*

### Vacancy Announcement Listing

| VACANCY ANNOUNCEMENT H-NWS-04121-GCM | |
|---|---|
| **Position:** | Meteorologist, GS-1340-13 |
| **Salary Range:** | $72108-$93742 |
| **Promotion Potential:** | 13 |
| **Type of Appointment:** | Career or Career Conditional |
| **Work Schedule:** | Full Time |
| **Duty Location:** | Camp Springs, MD |
| **Organization:** | National Weather Service, National Centers for Environmental Prediction, Ocean Prediction Center - Ocean Forecast Branch |
| **Who May Apply:** | All U.S. Citizens. |
| **Duties:** | The incumbent of this position provides accurate and timely regional and oceanic-scale graphical analyses and forecasts for the waters adjacent to the U.S. Issues offshore and high seas alphanumeric forecasts and warnings to marine users and quality controls marine data. Occasionally acts as lead meteorologist and coordinates with other parts of National Centers for Environmental Prediction (NCEP), field offices, and other National Oceanic and Atmospheric Administration (NOAA) units to ensure product compatibility. Conducts the Ocean Prediction Center's (OPC) map briefing. Assist in planning improvements to OPC's operational functions. |
| **Qualification Requirements:** | Basic Requirements: A. Applicants must have a Degree in meteorology, atmospheric science, or other natural science major that included: 1). At least 24 semester (36 quarter) hours of credit in meteorology/atmospheric science including a minimum of: a .Six semester hours of atmospheric dynamics and thermodynamics; b.six semester hours of analysis and prediction of weather systems(synoptic/mesoscale); c.three semester hours of physical meteorology; and d.two semester hours of remote sensing of the atmosphere and/or instrumentation. 2). Six semester hours of physics, with at least one course that includes laboratory sessions. 3). Three semester hours of ordinary differential equations. 4). At least nine semester hours of course work appropriate for a physical science major in any combination of |

The table above with the vacancy number information:

| |
|---|
| **Vacancy Number:** H-NWS-04121-GCM |
| **Open Date:** 09/22/2004 |
| **Close Date: (Midnight, U.S. Eastern Time Zone)** 10/21/2004 |
| **Status as of 06/22/2007:** *Inactive* |

|  | three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, and computer science. There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major. OR B. Combination of education and experience--course work as shown in A above, plus appropriate experience or additional education. In addition to meeting the basic entry qualification requirements, applicants must have 1 year of specialized experience at the GS 12 grade level. Specialized experience must have equipped the applicant with the following knowledge, skills and abilities: (1) The ability to lead, direct and motivate others in a team environment (including time management, task delegation, conflict resolution, performance management, diversity, and behavior issues); (2) knowledge of operational (both meteorological and hydrological) NWS forecast and warning programs, techniques, and procedures; (3) the ability to develop and/or improve forecasting techniques, processes and services; and (4) The ability to apply interpersonal communication techniques. |
| Basis of Rating: | Candidates will be rated based on an evaluation of knowledge, skills and abilities, in relation to the duties and requirements of the position, as indicated by the information provided in the Knowledge, Skills and Abilities section of your application form. |
| What to File: | Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B (Notification of Personnel Action) indicating applicable series, grade and salary. Veterans must fax the following documentation: DD-214, VA letter dated within one year, if receiving disability and/or SF-15 and must complete the Military Service section of the COOL application. Applicants using education as part of their qualifications must submit all unofficial transcripts. To receive credit for education completed outside the United States you must show proof that the education has been submitted to a private organization that specializes in interpretation of foreign education and such education has been deemed at least equivalent to that gained in conventional U.S. education programs. Applicants must ensure that courses indicated on transcript are equivalent to the required courses (see 'Qualifications Requirements') for basic qualifications. Applicants called in for interview may be asked to provide additional documentation at time of interview. All documents requested must be received by the closing date of this announcement |
| How to Apply: | File your application on-line through The Commerce Opportunities On-Line (COOL) application system at www.jobs.doc.gov |
| Additional Requirements and Information: | This position may be filled through means other than the competitive promotion process. This may include reassignments or repromotion of qualified eligibles or appointment from an Office of Personnel Management Certificate of Eligibles. |

JAN-04-2008 17:16 From:DOC OGC ELLD          3017132529              To:202 514 8780              P.35/35
View Vacancy Announcements

Applicants for vacancies announced under the agency's Merit Assignment Program must meet all time-in-grade and qualification requirements by the closing date of this announcement.

Many positions require the completion of additional forms and/or the submission of supplemental materials. Please thoroughly review the vacancy announcement and carefully follow all instructions. Failure to provide the required information and/or materials may result in you not being considered for the vacancy.

The Department of Commerce provides reasonable accommodations to applicants with disabilities. If you need a reasonable accommodation for any part of the application and hiring process, please notify Human Resources Office listed below. The decision on granting reasonable accommodation will be on a case-by-case basis.

Applications will be accepted from only United States citizens.

This position is in the competitive service.

For additional information on this announcement, please contact: Glenda C. Martin 301-713-0513 x104

Qualification requirements in the vacancy announcements are based on the U.S. Office of Personnel Management (OPM) Qualification Standards Handbook, which contains federal qualification standards. This handbook is available on the Office of Personnel Management's website located at http://www.opm.gov/qualifications.

"Status" refers to candidates who are eligible for noncompetitive movement within the competitive service because they either are now or were serving under career-type appointments in the competitive service.

Applicants will be notified of the outcome of the announcement only if selected.

Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B "Notification of Personnel Action". This document must be received, prior to the closing date of this announcement. The document must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Salaries shown for this vacancy include locality pay. Applicants interested in relocating to a different geographic location should be aware that their salary is subject to change.

Payment of relocation expenses IS authorized.

Male applicants born after December 31, 1959 must be registered with the Selective Service System or have an exemption. If selected, confirmation of registration status is required.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this vacancy under the Veterans Employment Opportunities Act (VEOA). Indicate your eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Disabled veterans, handicapped and other applicants eligible for noncompetitive appointment under special appointing authorities, must indicate eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants who are claiming veteran's preference for their non-status application under this vacancy announcement must complete the Military Service section of the COOL application. To receive 5-point veterans' preference, you must submit a copy of your DD-214. To receive preference if your service began after October 15, 1976, you must have: a Campaign Badge or Expeditionary Medal with an honorable discharge OR served on active duty during the Gulf War from August 2, 1990 - January 2, 1992, under the following conditions: honorably discharged, served a minimum of 2 years on active duty, or if a Reservist served the full period for which called to active duty (Reservists must include appropriate documentation). To receive 10-point veteran's preference for a service connected disability you must submit an SF-15, "Application for 10-Point Veterans' Preference" and documentary proof from the appropriate branch of the Armed Forces or the Veterans Administration, as well as a copy of your DD-214. Applicants claiming 10-point preference who do not submit the required documentation will receive 5-point veteran's preference assuming they meet the basic veteran's preference requirements and submit the appropriate proof of military service. You must submit your proof of eligibility for veteran's preference prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants who meet the positive education requirements for this position must submit a copy of college transcripts. Unofficial

copies are acceptable. Transcripts must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Selectees must be prepared to provide official college transcripts.

If you are currently a Department of Commerce employee who has received a Reduction in Force (RIF) separation notice or a Certificate of Expected Separation you may be entitled to special priority selection under Department of Commerce's Agency Career Transition Assistance Program (CTAP). To receive this priority consideration you must: (1) Be a current Department of Commerce career or career-conditional (tenure group I or II) competitive service employee who has received a RIF separation notice or a Certificate of expected Separation (CES) and, the date of the RIF separation has not passed and you are still on the rolls of Department of Commerce. You must submit a copy of the RIF separation notice or CES . (2) Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. (3) Have a current (or last) performance rating of record of at least fully successful or equivalent. (4) File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. (5) Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying physical, suitability, education, and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted copy of the RIF separation notice or CES must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

If you are a displaced Federal employee you may be entitled to receive special priority selection under the Interagency Career Transition Assistance Program (ICTAP). To receive this priority consideration you must: (1) Be a displaced Federal employee. You MUST submit a copy of the appropriate documentation such as a RIF separation notice, a letter from OPM or your agency documenting your priority consideration. The following categories of candidates are considered displaced employees. A. Current or former career or career- conditional (tenure group I or II) competitive service employees who: (1) Received a specific RIF separation notice; or (2) Separated because of a compensable injury, whose compensation has been terminated, and whose former agency certifies that it is unable to place; or (3) Retired with a disability and whose disability annuity has been or is being terminated; or (4) Upon receipt of a RIF separation notice retired on the effective date of the RIF; and can submit a Standard Form 50 that indicates "Retirement in lieu of RIF"; (5) Retired under the discontinued service retirement option; or (6) Was separated

because he/she declined a transfer of function or directed reassignment to another commuting area. OR B. Former Military Reserve or National Guard Technicians who are receiving a special Office of Personnel Management (OPM) disability retirement annuity under section 8337 (h) or 8456 of title 5 United States Code. 2. Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. 3. Have a current (or last) performance rating of record of at least fully successful or equivalent. (This requirement does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. 6. Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying all medical, physical, suitability, education, selective factors and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted proof of eligibility and performance appraisal must be annotated with the your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

| Merit Assignment Program | |
| --- | --- |
| Evaluation Methods | Maximum Point Value |
| Experience | 75% |
| Education | 10% |
| Training | 5% |
| Awards | 10% |
| Total: | 100% |

| Contact Information |
| --- |
| National Oceanic & Atmospheric Administration |
| Human Resources Management Office |
| NWS/OFA Human Resources Branch |
| SSMC-2 Room 11236 |
| 1325 East West Highway |
| Silver Spring, MD 20910 |
| |
| Glenda C. Martin |
| 301-713-0513 ext 104 |

glenda.c.martin@noaa.gov

## AN EQUAL OPPORTUNITY EMPLOYER

The Department of Commerce does not condone or tolerate discrimination based on race, color,
religion, sex, national origin, age, physical or mental disability, or sexual orientation.

**HR Notes:**

Save New Note Changes

Vacancy Announcement Listing

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

# EXHIBIT   21

DEU List of Applicants for Vacancy Announcement H-NWS-04121-GCM



## DEU List of Applicants H-NWS-04121-GCM

Review Applications Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| Position: | Meteorologist |
| Pay Plan, Series, Grade: | GS-1340-13 |
| Promotion Potential: | 13 |
| Type of Appointment: | Career or Career Conditional |

| | |
|---|---|
| Announcement Number: | H-NWS-04121-GCM |
| Organization: | National Weather Service, National Centers for Environmental Prediction, Ocean Prediction Center - Ocean Forecast Branch |
| Duty Station: | Camp Springs, MD |

### This job is closed with 5 DEU application(s).

[Enter Application]

[Prepare Application Packet]

[Create Certificate]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the 🖊 to view the application.
- Click on the applicant's Rating in the *Rating* column for a breakdown of the applicant's Rating.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

[Order Applicants]     [Update Applicant Order]     [Remove Applicant Ordering]

| Order | Status | Applicant Name | Rating | Vet Pref | Referral Category | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|---|---|
| 1 | C | Mills, David | 98 | NP | | | 301-763-8441 | |
| 2 | C | Kosier, David | 94 | NP | | | 301-763-8201 | |
| 3 | N | Grossman, Gerald | 78 | NP | | | 3015139379 | |
| 4 | N | Loo, Guang | 70 | NP | Withdrawn by Applicant | | 3016146253 | |
| | N | | 70 | NP | | | 574-753- | |

COOL : List of Applicants

| 5 | Ⓡ 📠 🔧 Palmer, Thomas | | | | | 2030 | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   22

MAP List of Applicants for Vacancy Announcement H-NWS-04121-GCM

COOL - List of Applicants

Page 1 of 1

## List of Applicants H-NWS-04121-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| Position: | Meteorologist |
| Pay Plan, Series, Grade: | GS-1340-13 |
| Promotion Potential: | 13 |
| Type of Appointment: | Career or Career Conditional |

| | |
|---|---|
| Announcement Number: | H-NWS-04121-GCM |
| Organization: | National Weather Service, National Centers for Environmental Prediction, Ocean Prediction Center - Ocean Forecast Branch |
| Duty Station: | Camp Springs, MD |

This job is closed ~~~~~ application(s).

Enter Application

Prepare Application Packet

Create Certificate

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the ~~~~ to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

Status of the Application

- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | (R) ▭ (SD) ~ Mills, David | 93.67 | Competitive | NOAA/NCEP/Ocean Prediction Center | 301-763-8441 |
| C | (R) ▭ (SD) ~ Kosier, David | 77.84 | Competitive | NOAA National Weather Service | 301-763-8201 |
| | (R) ▭ (SD) ~ Grossman, Gerald | 30.81 | | Sole Propietor | 3015139379 |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   23

DEU Applicant Referral Certificate for Vacancy Announcement H-NWS-04121-GCM

JAN-04-2008 17:17 From:DOC OGC ELLD      3017132529        To:202 514 8708        P.9/35
CUOL - Certificate View



View Certificate Vacancy Announcement H-NWS-04121-GCM

# U.S. Department of Commerce

## Applicant Referral Certificate – GCM050018

Issued: 10/26/2004
Expires: 01/24/2005
Status: New

| Position: | Meteorologist |
|---|---|
| Pay Plan, Series, Grade: | GS-1340-13 |
| Promotion Potential: | 13 |
| Type of Appointment: | Career or Career Conditional |

| Announcement Number: | H-NWS-04121-GCM |
|---|---|
| Organization: | National Weather Service, National Centers for Environmental Prediction, Ocean Prediction Center - Ocean Forecast Branch |
| Duty Station: | Camp Springs, MD |

Number of Vacancies: 1
Total Applicants Referred: 1
Human Resources Representative: Glenda Martin
Phone Number: 301-713-0513 x104
E-mail: glenda.c.martin@noaa.gov
Additional Req No:
Date CTAP/ICTAP Cleared: 10/26/2004
Issuing Official: Glenda Martin
Referred To: James Holt
View Only Copies Sent To: David Feit.
Appointing Official:
Signed:

The candidates listed below have been determined to be the best qualified. If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative. Selection decisions should not be publicized prematurely. Please complete the "Action" column by selecting the appropriate Action symbol from the drop down menu for each certified applicant.

For additional information, an explanation of the Action codes, and additional instructions on completing this certificate, click here.

### Competitive Referrals:

| Action | Rating | Vet Pref | Applicant Name | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|
| NS | 98 | NP | 📧 GS A Mills, David Warren | | 301-763-8441 | |

1 of 2

10/26/2004 10:50 AM

JAN-04-2008 17:18 From:DOC OGC ELLD        3017132529        To:202 514 8780        P.10/35
COOL - Certificate View



To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a 📧 next to their name by clicking on the 📧.

**View Only Certificates**

**Manager Main Menu**

If you need help on your use of Commerce Opportunities On-Line, you can contact the COOL Help Desk by phone at 1-800-478-8896 or by e-mail at the COOL_HELP@DOC.GOV address. The help desk is available MONDAY - FRIDAY, 8:00 AM to 4:00 PM (Eastern Time). You may call and leave a voice mail message at all other times. Voice mail messages and e-mails will be responded to as soon as possible.

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov
COOL_HELP@DOC.GOV

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

2 of 2                                                                    10/26/2004 10:50 AM

# EXHIBIT   24

MAP Applicant Referral Certificate for Vacancy Announcement H-NWS-04121-GCM

JAN-04-2008 17:18 From:DOC OGC ELLD        3017132529        To:202 514 8780        P.11/35

COOL; Certificate View



JF DEPARTMENT OF COMMERCE

View Certificate Vacancy Announcement H-NWS-04121-GCM

# U.S. Department of Commerce

# Applicant Referral Certificate  #1

### Issued 10/26/2004
### Status: **Final**

### Selection made: 04/21/2005

### Last Modified: 04/21/2005

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-13 |
| **Promotion Potential:** | 13 |
| **Type of Appointment:** | Career or Career Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04121-GCM |
| **Organization:** | National Weather Service, National Centers for Environmental Prediction, Ocean Prediction Center – Ocean Forecast Branch |
| **Duty Station:** | Camp Springs, MD |

Number of Vacancies: *1*
Total Applicants Referred: *2*
Human Resources Representative: *Glenda Martin*
Phone Number: *301-713-0513 x104*
E-mail: *glenda.c.martin@noaa.gov*
Referred To: *James Hoke*
View Only Copies Sent To: *David Feit,*

The candidates listed below have been determined to be the best qualified.  If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative.  Selection decisions should not be publicized prematurely.  Please complete the "Action" column by selecting S for selected, NS for not selected, or D for declined.  Please indicate if candidates were contacted or interviewed in the "Candidates were:" column.

| Competitive Referrals: | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Action** | | | **Candidates were:** | | | | |
| **NS** | **S** | **D** | **Contacted** | **Interviewed** | **Applicant Name** | **Employer** | **Work Phone** |
| NS | | | NO | NO | Kosier, David Paul | NOAA National Weather Service | 301-763-8201 |
| | S | | NO | NO | | NOAA/NCEP/Ocean | 301-763- |

JAN-04-2008 17:18 From:DOC OGC ELLD    3017132529    To:202 514 8780    P.12/35

COOL - Certificate View

Page 2 of 3

| | | | | ☑ ✉ SO R Mills, David Warren | Prediction Center | 8441 |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. The selecting officials gave due weight to the performance appraisal(s) prior to making the selection decision. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a ✉ next to their name by clicking on the ✉.

### SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

---

### HUMAN RESOURCES NOTES

---

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

Save New Note

---

Return Certificate to Certificates Marked Final List

Click on one of the buttons below to close this certificate.

Close Certificate - Send to Audit

Close Certificate - Send to Archive

View Existing Certificates

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

COOL : Certificate View

OMB Control No: 0690-0019

# EXHIBIT   25

Letter from David Feit to Dr. James Hoke, Subject: Recommended Selection for
GS-13 Marine Forecaster Position, dated October 26, 2004



**U.S. DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL WEATHER SERVICE

**National Centers for Environmental Prediction**
5200 Auth Road
Camp Springs, Maryland 20746
Telephone: 301-763-8000

October 26, 2004

MEMORANDUM FOR:   W/NP4 - Dr. James E. Hoke

FROM:             W/NP41 - Mr. David M. Feit

SUBJECT:          Recommended Selection for GS-13 Marine
                  Forecaster Position

    After careful evaluation of the qualifications, background,
and recent work history of the applicants for the subject
position, I recommend Mr. David W. Mills, Marine Meteorologist,
Ocean Prediction Center (OPC), be selected for the subject
position.

    Mr. Mills was one of two excellent applicants on the panel
provided by Human Resources.  Mr. Mills, however, stands out
because he has shown a superior ability to produce marine
forecasts, an extensive knowledge of synoptic meteorology
especially the effects of weather systems on sea state, and a
strong understanding of the performance characteristics of
atmospheric numerical and wave models.

    In his present position Mr. Mills has gained extensive
experience in the area of marine forecasting.  He has shown a
great capacity for improving his skills by taking training
courses related to OPC activities and has displayed enthusiasm
for the work at the OPC by volunteering for several important
duties including focal point responsibilities for IFPS and the
OPC Station Duty Manual among others.  Careful observation of his
approach to work has revealed him to be knowledgeable about
marine forecast operations, a quick learner, and a dedicated
worker with leadership potential.

    Mr. Mills is recommended for selection because he is a highly
competent marine forecaster who has first hand knowledge of OPC
operations and is a team player with an excellent attitude.

Attachment

Approve  1-12-04      Disapprove        Let's Talk



# EXHIBIT   26

SF-50 hiring David Mills, dated November 19, 2004

JAN-04-2008 17:19 From:DOC DGC ELLD        3017132529        To:202 514 8780        P.15/35

`88/82/87 11:38:34`    `US DOC \ NOAA->`    `3817132529 US DOC \ NOAA`    `Page 005`

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|
| MILLS, DAVID | | | 64 | 11/14/04 |

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 702 | PROMOTION | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N3N | RES 335.102 COMP | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MTRLGST | MTRLGST |
| 01    4KDAOK | 01    4KCAHB |

| | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | | | 19. Pay Plan | | 18. Grade/Level | 18.A Year/Time | 20. Total Salary/Award | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12 | 03 | 64,680.00 | PA | | GS | 1340 | 13 | 01 | 72,108.00 | PA |
| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj Basic Pay | 12D. Other Pay | | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay | | | |
| 56,425.00 | 8,255.00 | 64,680.00 | .00 | | 62,905.00 | 9,203.00 | 72,108.00 | .00 | | | |

21. Name and Location of Position's Organization

22. Name and Location of Position's Organization

NATIONAL OCEANIC AND ATMOSPHERIC ADMIN
NATIONAL WEATHER SERVICE
NATIONAL CENTERS FOR ENV PRED
OCEAN PREDICTION CENTER

CF 542070000401000000    FF 23 2004

| 22. Veterans Preference | | | | 23. Tenure | | 24. | 25. Agency Use | 26. Veterans Preference For RIF |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | | 1 | | | | YES ☐ NO ☒ |
| 27. FEGLI | | | | | | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
| C0 | BASIC-STANDARD | | | | 9 | NOT APPLICABLE | | 0 |
| 30. Retirement Plan | | | | 31. Service Comp Date | | 32. Work Schedule | | 33. Part Time Hours Per |
| K | FERS AND FICA | | | 10/08/01 | | F | FULL TIME | |
| 34. Position Occupied | | | | 35. FLSA Category | | 36. Appropriation Code | | 37. Bargaining Unit Status |
| 1 | | | | E | | | | 0193 |
| 38. Duty Station Code | | | | 39. Duty Station (City-County-State or Overseas Location) | | | | |
| 24-0235-033 | | | | CAMP SPRINGS    PRINCE GEORGES    MD | | | | |
| 40. Agency Data | | 41. | 42. | 43. | | | | |

SELECTED FROM R-NWS-04121-DCN DATED 10/26/04
POSITION IS AT THE FULL PERFORMANCE LEVEL.

| 44. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF COMMERCE | *[signature]* Jane E. Schauer |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | JANE B. SCHAUER |
| CM 54 | 1812 | 11/19/04 | PERSONNEL OFFICER |

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

CF 542070000401000000    FF 23 1-2004-BATCH 18125891 JOB-TO 201-04 AG/KD 54-1812

# EXHIBIT   27

Vacancy Announcement H-NWS-04122-GCM



## Vacancy Announcement H-NWS-04122-GCM

*For help, click here or on any of the field labels.*

<u>Vacancy Announcement Listing</u>

This is a re-announcement of vacancy announcement #H-NWS-04102-GCM. In order to be considered under this re-announcement, applicants need to reapply under this announcement. This position requires working rotating shifts.

| VACANCY ANNOUNCEMENT H-NWS-04122-GCM | | |
|---|---|---|
| Position: | Meteorologist, GS-1340-12 | Vacancy Number: H-NWS-04122-GCM Open Date: 09/23/2004 Close Date: (Midnight, U.S. Eastern Time Zone) 10/22/2004 Status as of 06/22/2007: *Inactive* |
| Salary Range: | $60638-$78826 | |
| Promotion Potential: | GS-12 | |
| Type of Appointment: | Career/Career-Conditional | |
| Work Schedule: | Full-time | |
| Duty Location: | Camp Springs, MD | |
| Organization: | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch | |
| Who May Apply: | All U. S. Citizens | |
| Duties: | Generate the 12, 24, 36, 48, and 72 hour basic weather forecasts charts. In preparing these charts make use of all available numerical model guidance having a firm understanding of model biases and limitations. The charts are to be fully coordinated with the Senior Branch Forecaster (SBF) before they are issued. In addition, you will review and approve the production of the 18 and 30 hour basic weather charts produced by the meteorological technicians. Maintain proficiency in preparing and disseminating North American surface analyses. Fill in on this desk when scheduled. Modify automated sea-level pressure analysis where the first guess numerical analysis is deficient. Use appropriate backup when needed to ensure product is disseminated. Review upper air data and analyses to ensure that surface analyses reflect 3-dimensional consistency. Incorporate new and developing frontal analysis theory into your analyses as appropriate. In addition, make sure the analysis depicts significant mesoscale features that are important in focusing convection. Coordinate with the SBF, Ocean Prediction Center (OPC) and Tropical | |

| | |
|---|---|
| | Prediction Center (TPC) as needed to assure product consistency. Train and become certified in the forecast products of at least one other forecast desk. |
| Qualification Requirements: | Basic Qualification Requirements: A. Bachelor's degree in meteorology, atmospheric science, or other natural science major that included: 1) At least 24 semester hours in meteorology including six semester hours in weather analysis and prediction of weather systems (synoptic/mesoscale); six semester hours of atmospheric dynamics and thermodynamics*; three semester hours of physical meteorology; and two semester hours of remote sensing of the atmosphere and/or instrumentation. 2) Six semester hours of physics with at least one course that includes laboratory sessions*. 3) Three semester hours of ordinary differential equations*. 4) At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, computer science. *There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major. OR Combination of education and experience-course work shown above, plus appropriate experience or additional educationas follows: In addition to the basic requirements, applicants must have one year of Specialized Experience equivalent to at least the GS-11 grade level. Specialized experience must have equipped the applicant with the following knowledge, skills and abilities: (1) Knowledge of operational meteorology, hydrology and NWS service programs; (2) The ability to analyze meteorological conditions; (3) The ability to contribute to the understanding of hydro-meteorological knowledge through effective communication; and (4) The ability to work effectively in a team environment. |
| Basis of Rating: | Applicants will be rated based upon an evaluation of their experience and/or education and their responses to the knowledge, skills and abilities questionnaire. Your answers will be verified against information you provide on other forms (such as your application) and/or by reference checks. The level of education, experience, and/or training you claim must be supported in your application. |
| What to File: | Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B (Notification of Personnel Action) indicating applicable series, grade and salary. Veterans must fax the following documentation: DD-214, VA letter dated within one year, if receiving disability and/or SF-15 and must complete the Military Service section of the COOL application. Applicants using education as part of their qualifications must submit all unofficial transcripts. To receive credit for education completed outside the United States you must show proof that the education has been submitted to a private organization that specializes in interpretation of foreign education and such education has been deemed at least equivalent to that gained in conventional U.S. |

| | education programs. Applicants must ensure that courses indicated on transcript are equivalent to the required courses (see 'Qualifications Requirements') needed for basic qualifications. Applicants called in for interview may be asked to provide additional documentation at time of interview. All documents requested must be received by the closing date of this announcement. |
|---|---|
| **How to Apply:** | Applications must be submitted using the Commerce Opportunities On-Line (COOL) automated vacancy system located at www.jobs.doc.gov Applications will not be accepted outside of the COOL system. Responses to the COOL Experience questions, will be verified in the content of the applicant's resume. Failure to indicate related job experience in the resume may result in a lower rating score. |
| **Additional Requirements and Information:** | This position may be filled through means other than the competitive promotion process. This may include reassignments or repromotion of qualified eligibles or appointment from an Office of Personnel Management Certificate of Eligibles.

Applicants for vacancies announced under the agency's Merit Assignment Program must meet all time-in-grade and qualification requirements by the closing date of this announcement.

All qualified reassignment applicants who are eligible to apply will be referred for selection consideration. Employees competing for promotion are subject to the evaluation methods specified for this vacancy announcement.

Many positions require the completion of additional forms and/or the submission of supplemental materials. Please thoroughly review the vacancy announcement and carefully follow all instructions. Failure to provide the required information and/or materials may result in you not being considered for the vacancy.

Applications will be accepted from disabled applicants eligible for a Schedule A appointment, and from disabled veterans who are in receipt of compensation at the rate of 30% or more.

The Department of Commerce provides reasonable accommodations to applicants with disabilities. If you need a reasonable accommodation for any part of the application and hiring process, please notify Human Resources Office listed below. The decision on granting reasonable accommodation will be on a case-by-case basis.

Applicants who apply under the Merit Assignment Plan (MAP) announcement option must meet all time-in-grade requirements by the closing date of this announcement.

Applicants must meet all qualification requirements by the closing date of this announcement. |

Applications will be accepted from only United States citizens.

This position is in the competitive service.

For additional information on this announcement, please contact: Glenda C. Martin 301-713-0511x104

Shift work is required.

This is a re-announcement of a vacancy. In order to be considered under this re-announcement, applicants need to reapply under this announcement who applied under announcement: H-NWS-04102-GCM

Status applicants and those with reinstatement eligibility must submit a copy of an SF-50B "Notification of Personnel Action". This document must be received, prior to the closing date of this announcement. The document must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

This vacancy announcement is open under both the agency's Merit Assignment Plan (MAP) and under Delegated Examining authority, granted to this agency by the Office of Personnel Management. Status candidates (e.g. current Federal employees serving under a career or career conditional appointment, former Federal employees who served under a career or career conditional appointment who have reinstatement eligibility, applicants eligible under the Career Transition Assistance Program (CTAP) or the Interagency Career Transition Assistance Program (ICTAP), and veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after 3 or more years of continuous active service) may apply under both MAP and the Delegated Examining authority. Non-status applicants should apply only under the Delegated Examining authority. A status applicant who wishes to be considered under both the MAP and Delegated Examining authority must select the "Both Merit Assignment Plan and Delegated Examining authority" option, when applying for this vacancy announcement. Only one application needs to be completed for a status applicant to be considered under both processes.

Salaries shown for this vacancy include locality pay. Applicants interested in relocating to a different geographic location should be aware that their salary is subject to change.

Payment of relocation expenses IS authorized.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this

announcement under the Veterans Employment Opportunities Act (VEOA).

Male applicants born after December 31, 1959 must be registered with the Selective Service System or have an exemption. If selected, confirmation of registration status is required.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this vacancy under the Veterans Employment Opportunities Act (VEOA). Indicate your eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this announcement under the Veterans Employment Opportunities Act (VEOA). Applicants applying under the VEOA authority should be prepared to submit proof of eligibility upon request.

Applicants who meet the positive education requirements for this position must submit a copy of college transcripts. Unofficial copies are acceptable. Transcripts must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Selectees must be prepared to provide official college transcripts.

If selected for this vacancy, you may be required to complete a Declaration for Federal Employment (OF-306) to determine your suitability for federal employment and to authorize a background investigation. You may be required to sign and certify the accuracy of all the information in your application. If you make a false statement in any part of your application, you may not be hired; or you may be fired after you begin work; or you may be fined or jailed.

If you are currently a Department of Commerce employee who has received a Reduction in Force (RIF) separation notice or a Certificate of Expected Separation you may be entitled to special priority selection under Department of Commerce's Agency Career Transition Assistance Program (CTAP). To receive this priority consideration you must: (1) Be a current Department of Commerce career or career-conditional (tenure group I or II) competitive service employee who has received a RIF separation notice or a Certificate of expected Separation (CES) and, the date of the RIF separation has not passed and you are still on the rolls

JAN-04-2008 17:20 From:DOC DGC ELLD          3017132529          To:202 514 8780          P.21/35

of Department of Commerce. You must submit a copy of the RIF separation notice or CES . (2) Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. (3) Have a current (or last) performance rating of record of at least fully successful or equivalent. (4) File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. (5) Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying physical, suitability, education, and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted copy of the RIF separation notice or CES must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

If you are a displaced Federal employee you may be entitled to receive special priority selection under the Interagency Career Transition Assistance Program (ICTAP). To receive this priority consideration you must: (1) Be a displaced Federal employee. You MUST submit a copy of the appropriate documentation such as a RIF separation notice, a letter from OPM or your agency documenting your priority consideration. The following categories of candidates are considered displaced employees. A. Current or former career or career- conditional (tenure group I or II) competitive service employees who: (1) Received a specific RIF separation notice; or (2) Separated because of a compensable injury, whose compensation has been terminated, and whose former agency certifies that it is unable to place; or (3) Retired with a disability and whose disability annuity has been or is being terminated; or (4) Upon receipt of a RIF separation notice retired on the effective date of the RIF; and can submit a Standard Form 50 that indicates "Retirement in lieu of RIF"; (5) Retired under the discontinued service retirement option; or (6) Was separated because he/she declined a transfer of function or directed reassignment to another commuting area. OR B. Former Military Reserve or National Guard Technicians who are receiving a special Office of Personnel Management (OPM) disability retirement annuity under section 8337 (h) or 8456 of title 5 United States Code. 2. Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. 3. Have a current (or last) performance rating of record of at least fully successful or equivalent. (This requirement does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy

announcement closing date and meet all the application criteria. 6. Be rated well-qualified for the position. To be considered well qualified, applicants must meet the basic qualification standards and eligibility requirements satisfying all medical, physical, suitability, education, selective factors and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted proof of eligibility and performance appraisal must be annotated with the your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

| Merit Assignment Program | |
|---|---|
| Evaluation Methods | Maximum Point Value |
| Experience | 50% |
| Education | 25% |
| Training | 20% |
| Awards | 5% |
| Total: | 100% |

| Contact Information |
|---|
| Department of Commerce<br>NOAA<br>NWS/OFA HR Branch<br>1325 East/West Hwy SSMC2- Room: 11236<br>Silver Spring, MD 20910<br><br>Glenda C. Martin<br>301-713-0513x104<br><br>glenda.c.martin@noaa.gov |

AN EQUAL OPPORTUNITY EMPLOYER

The Department of Commerce does not condone or tolerate discrimination based on race, color, religion, sex, national origin, age, physical or mental disability, or sexual orientation.

**HR Notes:**

Case 1:07-cv-00353-JR    Document 22-7    Filed 01/18/2008    Page 33 of 44
JAN-04-2008 17:21 From:DOC OGC ELLD    3017132529    To:202 514 8700    P.23/35
View Vacancy Announcements

Page 8 of 8

<div style="text-align:center">

[ Save New Note Changes ]

Vacancy Announcement Listing
</div>

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

<div style="text-align:center">

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov
</div>

# EXHIBIT   28

DEU List of Applicants for Vacancy Announcement H-NWS-04122-GCM

COOL - List of Applicants

## DEU List of Applicants H-NWS-04122-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-12 |
| **Promotion Potential:** | |
| **Type of Appointment:** | Career/Career-Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04122-GCM |
| **Organization:** | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center – Forecast Operations Branch |
| **Duty Station:** | Camp Springs, MD |

### This job is closed ▓▓▓▓ application(s).

**Enter Application**

**Prepare Application Packet**

**Create Certificate**

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the ☞ to view the application.
- Click on the applicant's Rating in the *Rating* column for a breakdown of the applicant's Rating.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

**Order Applicants**    **Update Applicant Order**    **Remove Applicant Ordering**

| Order | Status | Applicant Name | Rating | Vet Pref | Referral Category | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|---|---|
| 1 | C | ® 🖼 SD ☞ Speicher, Peter | 99 | TP | Competitive | | (574) 601-9586 | |
| 2 | C | ® 🖼 SD ☞ CANNON, DECLAN | 95 | NP | Do Not Refer Reason: Transcript Not Legible | | 205 910 0420 | |
| 3 | C | ® 🖼 SD ☞ Kimberlain, Todd | 94 | NP | Competitive | | 787-253-4501 | |
| 4 | C | ® 🖼 SD | 90 | NP | Do Not Refer Reason: Lacks | | (301)-394-3029 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | |  Evanego, Craig | | | Course Work For Meteorologist | | | |
| 5 | C |  | 86 | NP | Competitive | | 3015139379 | |
| 6 | N |  Karyampudi, Vijaya | 85 | NP | | | | |
| 7 | N |  Halcomb, Christopher | 80 | NP | | | | |
| 8 | N |  Armstrong, Aaron | 78 | TP | Not Eligible | | 301-865-3107 | |
| 9 | N |  Brubaker, Nicole | 76 | NP | | | 256-961-7914 | |
| 10 | N |  Januario, Cassia | 74 | NP | | | 703-303-3050 | |
| 11 | N |  McKinley, Alita | 70 | NP | Not Eligible | | 301-817-4145 | |
| 12 | N |  Stanley, Veronica | 70 | NP | Not Eligible | | 703-681-2098 | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

https://204.193.232.51/pls/cool/cert_list_app_deo                                    6/22/2007

JAN-04-2008 17:21 From:DOC OGC ELLD          3017132529          To:202 514 8780          P.26/35

COOL - List of Applicants

OMB Control No: 0690-0019

# EXHIBIT   29

MAP List of Applicants for Vacancy Announcement H-NWS-04122-GCM

[black redacted banner]

## List of Applicants H-NWS-04122-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, G...** | |
| **Promotion Potential:** | GS-12 |
| **Type of Appointment:** | Career/Career-Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04122-GCM |
| **Organization:** | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch |
| **Duty Station:** | Camp Springs, MD |

This job is closed with ~~redacted~~ plication(s).

[ Enter Application ]

[ Prepare Application Packet ]

[ Create Certificate ]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the [icon] to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

**Status of the Application**
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | (R) (□) (SD) [icon] Speicher, Peter | 68.98 | Competitive | Wisconsin Air National Guard | (574) 601-9586 |
| C | (R) (□) (SD) [icon] Ziegenfelder, Paul | 67.09 | Competitive | National Weather Service NCEP HPC FOB | 301-763-8201 |
| N | (R) (□) (SD) [icon] Karyampudi, Vijaya | 66.57 | Not Eligible | SAIC and EMC/NCEP/MWS/NOAA | |
| C | (R) (□) (SD) [icon] Evanego, Craig | 63.49 | Do Not Refer Reason: Lacks Education Requirements For Meteorologist | National Ice Center | (301)-394-3029 |
| C | | 55.63 | Noncompetitive | ZID CWSU c/o IND ARTCC | 317-247- |

JAN-04-2008 17:21 From:DOC OGC ELLD        3017132529        To:202 514 8780        P.28/35

COOL - List of Applicants

Page 2 of 2

| | | | | | |
|---|---|---|---|---|---|
| | Alexander, Lyle | | *Reassignment* | | 2469 |
| C | | 54.73 | Noncompetitive *Reinstatement* | Sol~~~~ | 3015139379 |
| N | | 22.58 | Not Eligible | Rolling Hills Athletic Club | 301-865-3107 |
| C | | 13.25 | Not Eligible Do Not Refer Reason: Transcript Not attached | National Oceanic and Atmospheric Administration | 301-817-4145 |
| N | Stanley, Veronica | 3.25 | Not Eligible | Defense Information Systems Agency | 703-681-2098 |

*(rows also labeled: Armstrong, Aaron; McKinley, Alita)*

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT  30

DEU Applicant Referral Certificate for
Vacancy Announcement H-NWS-04122-GCM



## View Certificate Vacancy Announcement H-NWS-04122-GCM

# U.S. Department of Commerce

## Applicant Referral Certificate  - GCM050022

Issued: **10/27/2004**
Expires: **01/25/2005**
Status: **Final**

Selection made: **04/22/2005**

Last Modified: **04/22/2005**

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-12 |
| **Promotion Potential:** | GS-12 |
| **Type of Appointment:** | Career/Career-Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04122-GCM |
| **Organization:** | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch |
| **Duty Station:** | Camp Springs, MD |

Number of Vacancies: *1*
Total Applicants Referred: *3*
Human Resources Representative: *Glenda Martin*
Phone Number: *301-713-0513 x104*
E-mail: *glenda.e.martin@noaa.gov*
Additional Req No:
Date CTAP/ICTAP Cleared: *10/27/2004*
Issuing Official: *Glenda Martin*
Referred To: *Robert Kelly*
View Only Copies Sent To: *James Hoke,*
Appointing Official:
Signed:

The candidates listed below have been determined to be the best qualified.  If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative.  Selection decisions should not be publicized prematurely.  Please complete the "Action" column by selecting the appropriate Action symbol from the drop down menu for each certified applicant.

COOL - Certificate View

For additional information, an explanation of the Action codes, and additional instructions on completing this certificate, click here.

| | | | Competitive Referrals: | | | |
|---|---|---|---|---|---|---|
| Action | Rating | Vet Pref | Applicant Name | SSNO | Work Phone | Home Phone |
| NS | 99 | TP | ✉ 🔲 (SD) (H) Speicher, ~~~~~~ | | (574) 601-9586 | ( |
| A | 94 | NP | ✉ 🔲 (SD) (H) Kimberlain, Todd Brian | | 787-253-4501 | |
| NS | 86 | NP | ✉ 🔲 (SD) (H) Grayman, Gerald | ( | 3015139379 | |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a ✉ next to their name by clicking on the ✉.

## SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

On 11/08/2004, Robert W Kelly added: Glenda, Peter Speicher withdrew from consideration, he was offered a forecast position in Milwaukee (his home). I stressed to him that he is on my very short list, but he was quite sure about his choice. I will forward you his email for the record. We are offering the position to Todd Kimberlain (in addition to Paul Ziegenfelder). Thanks. rwk

## HUMAN RESOURCES NOTES

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

[ Save New Note ]

---

[ Return Certificate to Certificate Marked Final List ]

[ Edit Action Codes on this Certificate ]

Click on one of the buttons below to close this certificate.

[ Close Certificate - Send to AHR ]

[ Audit Worksheet ]

COOL - Certificate View



## View Existing Certificates

#### Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   31

MAP Applicant Referral Certificate for
Vacancy Announcement H-NWS-04122-GCM



## View Certificate Vacancy Announcement H-NWS-04122-GCM



## U.S. Department of Commerce

## Applicant Referral Certificate #3

Issued 10/27/2004
Status: **Final**

Selection made: 04/22/2005

Last Modified: 04/22/2005

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan, Series, Grade:** | GS-1340-12 |
| **Promotion Potential:** | GS-12 |
| **Type of Appointment:** | Career/Career-Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04122-GCM |
| **Organization:** | NOAA National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center - Forecast Operations Branch |
| **Duty Station:** | Camp Springs, MD |

Number of Vacancies: *1*
Total Applicants Referred: *4*
Human Resources Representative: *Glenda Martin*
Phone Number: *301-713-0513 x104*
E-mail: *glenda.c.martin@noaa.gov*
Referred To: *Robert Kelly*
View Only Copies Sent To: *James Hoke,*

The candidates listed below have been determined to be the best qualified. If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative. Selection decisions should not be publicized prematurely. Please complete the "Action" column by selecting S for selected, NS for not selected, or D for declined. Please indicate if candidates were contacted or interviewed in the "Candidates were:" column.

| Competitive Referrals: | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Action** | | | **Candidates were:** | | | | |
| **NS** | **S** | **D** | **Contacted** | **Interviewed** | **Applicant Name** | **Employer** | **Work Phone** |
| *NS* | | | *YES* | *NO* | | Wisconsin | (574) 601- |

JAN-04-2008 17:26 From:DOC DGC ELLD    3017132529    To:202 514 8780    P.33/35

COOL - Certificate View

| | Action | | Candidates were: | | | Employer | Work Phone |
|---|---|---|---|---|---|---|---|
| | | | | | * 📧 SD R Speicher, Peter James | Air National Guard | 9586 |
| | | YES | NO | | * 📧 SD ...lder. | National Weather Service NCEP HPC FOB | 301-763-8201 |

| | | Non-Competitive Referrals: (Non-Competitive authorities help) | | | | | |
|---|---|---|---|---|---|---|---|

| | Action | | Candidates were: | | | | |
|---|---|---|---|---|---|---|---|
| NS | S | D | Contacted | Interviewed | Applicant Name | Employer | Work Phone |
| NS | | | YES | NO | * 📧 SD R Alexander, Lyle Stephen Reassignment | ZID CWSU c/o IND ARTCC | 317-247-2469 |
| NS | | | NO | NO | Reassignment | Sole Proprietor | 3015139379 |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. The selecting officials gave due weight to the performance appraisal(s) prior to making the selection decision. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a 📧 next to their name by clicking on the 📧.

### SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

**On 11/05/2004, Robert W Kelly added:** Glenda,
Selecting Paul Ziegenfelder. Louis Uccellini has approved two more selections, but I have not made the choices yet. I want to talk to you about it. Thanks.
Bob Kelly

### HUMAN RESOURCES NOTES

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

[ Save New Note ]

[ Return Certificate to Certificates Marked Final List ]

JAN-04-2008 17:22 From:DOC OGC ELLD   3017132529   To:202 514 8780   P.34/35

COOL - Certificate View

Click on one of the buttons below to close this certificate.



Close Certificate - Send to Audit

Close Certificate - Send to Archive

---

View Existing Certificates

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT    32

SF-50 hiring Paul Ziegenfelder, dated December 14, 2004, and
SF-50 hiring Todd Kimberlain, dated December 27, 2004

JAN-04-2008 17:22 From:DOC OGC ELLD    3017132529    To:202 514 8780    P.35/35

09/02/07 11:39:10    US DOC \ NOAA->    3017132529 US DOC \ NOAA    Page 007

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| KINGCLAIN, TODD B | | 72 | 12/25/04 |

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 501 | CONV TO CAREER COND APPT | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| BUA | OPM DEL AGR DOC1 | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MTRLGST | MTRLGST |
| 083    PKD5SJ | 01    3KDAGA |

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 11 | | 44,136.00 | PA | GS | 1340 | 12 | 01 | 60,638.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 44,136.00 | .00 | 44,136.00 | .00 | 52,899.00 | 7,739.00 | 60,638.00 | .00 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| NATIONAL OCEANIC AND ATMOSPHERIC ADMIN | NATIONAL OCEANIC AND ATMOSPHERIC ADMIN |
| NATIONAL WEATHER SERVICE | NATIONAL WEATHER SERVICE |
| SOUTHERN REGION | NATIONAL CENTERS FOR ENV PRED |
| SAN JUAN WFO (CAROLINA) PR | HYDROMET PREDICTION CENTER |
| | CN 5420700003010000000    FB 26 2004 |

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| | 2 | | YES [ ] NO [X] |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| CO  BASIC | 9  NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date | 32. Work Schedule | 33. Part-Time Hours Per |
|---|---|---|---|
| K  FERS AND FICA | 04/05/04 | F  FULL TIME | |

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| | E | | 0193 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 24-0235-033 | CAMP SPRINGS    PRINCE GEORGES    MD |

| 40. Agency Data | 41. | 42. | 43. |
|---|---|---|---|

45. Remarks

CREDITABLE MILITARY SERVICE: 00 YRS. 00 MOS.
PREVIOUS RETIREMENT COVERAGE:
POSITION IS AT THE FULL PERFORMANCE LEVEL.
APPOINTMENT IS SUBJECT TO COMPLETION OF ONE YEAR INITIAL PROBATIONARY
PERIOD BEGINNING 04/05/04.
FROZEN SERVICE: 00 YRS. 00 MOS.
SERVICE COUNTING TOWARD CAREER TENURE FROM 04/05/04.
SELECTED FROM        DATED
SERVICE COUNTING TOWARD CAREER TENURE FROM 04/05/04.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF COMMERCE | EDUARDO J. RIBAS |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | PERSONNEL OFFICER |
| CM 54 | 1812 | 12/27/04 | |

5-Part    SF-50B

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

08/02/07 11:37:36     US DOC \ NOAA->     3017132529 US DOC \ NOAA          Page 002

## NOTIFICATION OF PERSONNEL ACTION

1. Name (Last, First, Middle)
ZIEGENFELDER, PAUL A.

5-A. Code 5-B. Nature of Action
702    PROMOTION

5-C. Code 5-D. Legal Authority
N3M    REG 335.102 COMP

4. Effective Date
12/26/04

15. To: Position Title and Number
WFLO39
01          3XDBLP

| | | | | | |
|---|---|---|---|---|---|
| | | GS | 1340 | 12 | 02 | 62,659.00 | PA |

12A. Basic Pay          .00          12B. Locality Adj.    54,662.00    7,997.00 62,659.00    .00

21. Name and Location of Position's Organization
NATIONAL OCEANIC AND ATMOSPHERIC ADMIN
NATIONAL WEATHER SERVICE
NATIONAL CENTERS FOR ENV PRED
HYDROMET PREDICTION CENTER

CM 542070000301000000          FP 26 20c4

1          1-Yes

YES    NO

CD    BASIC          9    NOT APPLICABLE          0

E    PERS AND FICA          10/29/89          F    FULL TIME          0193

24-0235-033          CAMP SPRINGS    PRINCE GEORGES    MD

SELECTED FROM CERT# M-FVS-06122-GCX DATED 10/27/2004
FROM PROMOTION NTE 1/30/05
REMOVES TEMPORARY LIMITATION PLACED ON THE LAST ACTION.
POSITION IS AT THE FULL PERFORMANCE LEVEL.

DEPARTMENT OF COMMERCE          EDUARDO J. RIVAS    PERSONNEL OFFICER

CM 54    1812          12/14/04

CM 542070000301000000    FP 26 1.2004.BATCH 18.25827 005-00 201-03 AG/EO 54-1812

# EXHIBIT   33

Letter from Bob Kelly to Jim Hoke, Subject: Recommendation for Basic Weather
Forecaster (H-NWS-04122-GCM), dated November 3, 2004



**U.S. DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NATIONAL WEATHER SERVICE

National Centers for Environmental Prediction
5200 Auth Road
Camp Springs, Maryland 20746
Telephone: 301-763-8000

Nov. 3, 2004

MEMORANDUM FOR:     Jim Hoke

FROM:               Bob Kelly

SUBJECT:            Recommendation for Basic Weather Forecaster
                    (H-NWS-04122-GCM)

I recommend offering the position to:

   Paul Ziegenfelder

I am recommending the selection of Paul Ziegenfelder for the vacant forecaster position, vice Jim Cisco. Paul has been an employee in HPC surface analyst in the HPC (formerly NMC) since 1989. I have been particularly impressed with Paul's work ethic and drive to improve in the two years during which I have been his supervisor. He has worked the Basic Weather Desk on a frequent basis, and is fully prepared to assume these duties immediately.

Paul has already shown skill with his surface prognostic charts, and Dr. Uccellini recently complimented the quality of Paul's surface analyses. Paul has worked diligently on improving his writing style, and his recent growth and demonstrated ability indicates he can continue to develop in this area.

This decision was based on the following quality ranking factors:

Meteorological Knowledge and Forecasting Experience and Skill
Team Participation
Demonstrated Professional Growth and Growth Potential

I believe Paul will be a very strong forecaster in the Basic Weather program, and I recommend you approve his selection for this position.

Approve        11/3/04        Disapprove _____        Let's Discuss _____



C/OPC



**U.S. DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NATIONAL WEATHER SERVICE

National Centers for Environmental Prediction
5200 Auth Road
Camp Springs, Maryland 20746
Telephone: 301-763-8000

Nov. 3, 2004

MEMORANDUM FOR:    Jim Hoke

FROM:              Bob Kelly

SUBJECT:           Recommendation for Basic Weather Forecaster
                   (H-NWS-04122-GCM)

I recommend offering the position to:

   Todd Kimberlain

I am recommending the selection of Todd Kimberlain for the vacant forecaster position, vice Frank Pereira. Todd has a Master's Degree in Meteorology from Florida State University, and worked on a PhD program at Colorado State (under Bill Gray) before leaving due to a personal injury requiring surgery and rehabilitation. His area of research was in tropical meteorology.

Since then he has worked in the private sector forecasting medium range weather for commodities companies, and most recently has been a forecaster at the National Weather Service Forecast Office in San Juan, Puerto Rico.

Todd's knowledge of tropical meteorology is strong, and his varied experience in private sector and government will be an asset to the HPC.

This decision was based on the following quality ranking factors:

Meteorological Knowledge and Forecasting Experience and Skill
Team Participation
Demonstrated Professional Growth and Growth Potential

I believe Todd will be a very strong forecaster in the Basic Weather program, and I recommend you approve his selection for this position.

_____          _____          _____
Approve    11/3/04        Disapprove               Let's Discuss



# EXHIBIT   34

DEU List of Applicants for Vacancy Announcement H-NWS-04134-GCM

## DEU List of Applicants H-NWS-04134.12-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| Par(Jaxa) | Meteorologist |
| Pay Plan, Series, Grade | 2 |
| Promotion Potential: | 13 |
| Type of Appointment: | Career or Career Conditions! |

| | |
|---|---|
| Announcement Number: | H-NWS-04134.12-GCM |
| Organization: | National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center Development and Training Branch |
| Duty Station: | Camp Springs, MD |

This job is closed ▓▓▓▓▓▓▓▓▓ dication(s).

[ Enter Application ]

[ Prepare Application Packet ]

[ Create Certificate... ]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the 🐟 to view the application.
- Click on the applicant's Rating in the *Rating* column for a breakdown of the applicant's Rating.

**Status of the Application**
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

[ Order Applicants ]    [ Update Applicant Order... ]    [ Remove Applicant Ordering ]

| Order | Status | Applicant Name | Rating | Vet Pref | Referral Category | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|---|---|
| 9999 | C | ® 🖼 (SO) 🐟 Bailey, Christopher | 79 | NP | Competitive | | 301-763-8000x7365 | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

Control No: 0690-0019

193.232.51/pls/cool/cert_list_app_den

6/22/2007

JAN-04-2008 17:28 From:DOC OGC ELLD        3017132529        To:202 514 8780        P.4/49



### DEU List of Applicants H-NWS-04134-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| Position: | Meteorologist |
|---|---|
| Pay Plan, Series, Grade: | GS-1340-13 |
| Promotion Potential: | 13 |
| Type of Appointment: | Career or Career Conditional |

| Announcement Number: | H-NWS-04134-GCM |
|---|---|
| Organization: | National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center Development and Training Branch |
| Duty Station: | Camp Springs, MD |

#### This job is closed with 5 DEU application(s).

Enter Application

Process Application/Select Packet

Create Certificate

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the 👆 to view the application.
- Click on the applicant's Rating in the *Rating* column for a breakdown of the applicant's Rating.

**Status of the Application**
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

Order Applicants        Update Applicant Order        Remove Applicant Ordering

| Order | Status | Applicant Name | Rating | Vet Pref | Referral Category | SSNO | Work Phone | Home Phone |
|---|---|---|---|---|---|---|---|---|
| 1 | C | Iin, Han | 97 | NP | Competitive | | (831)469-1962 | |
| 2 | N | Marshall, Curtis | 96 | NP | Withdrawn by Applicant | | (301) 763-8000 x7053 | |
| 3 | C | Robson, Alan | 90 | TP | Competitive | | 3017638201 | |
| 4 | C | CANNON, DECLAN | 90 | NP | Do Not Refer Reason: Lacks Course Requirements | | 205 910 0420 | |
| 5 | C | | 82 | NP | Do Not Refer | | 865-475-8231 | |

Case 1:07-cv-00353-JR    Document 22-8    Filed 01/18/2008    Page 14 of 50

**COOL - List of Applicants**                                          Page 2 of 2

| | | McCarter, Michael | | | Reason. Transcript Required | | | | |
|---|---|---|---|---|---|---|---|---|---|

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT    35

MAP List of Applicants for Vacancy Announcement H-NWS-04134-GCM

JAN-04-2008 17:28 From:DOC OGC ELLD      3017132529          To:202 514 8700      P.6/49

COOL - List of Applicants                                    Page 1 of 2

**U.S. DEPARTMENT OF COMMERCE**

## List of Applicants H-NWS-04134.12-GCM

Review Applications/Create New Certificate | Human Resources Main Menu

| | |
|---|---|
| **Position:** | Meteorologist |
| **Pay Plan-Series-Grade:** | GS-1340-12 |
| **Promotion Potential:** | 13 |
| **Type of Appointment:** | Career or Career Conditional |

| | |
|---|---|
| **Announcement Number:** | H-NWS-04134.12-GCM |
| **Organization:** | National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center Development and Training Branch |
| **Duty Station:** | Camp Springs, MD |

### This job is closed with _____ application(s).

[Enter Application]

[Prepare Application Packet]

[Create Certificate]

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the ☞ to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| N | Ⓐ ▭ ⑤ᴰ ☞ Jin, Hao | 81.3 | Not Eligible | NRL/SAIC | (831)869-1962 |
| C | Ⓐ ▭ ⑤ᴰ ☞ Murphy, Michael | 68.65 | Competitive | The National Weather Service | 301-763-8000 x7861 |
| E | Ⓐ ▭ ⑤ᴰ ☞ Bolinski, Brandon | 50.23 | Noncompetitive *Reassignment* | NWS Tallahassee | 850-942-8835 |
| C | Ⓐ ▭ ⑤ᴰ ☞ Achorn, Frances | 43.23 | Do Not Refer Reason: SF-50 Required | DOC/NOAA/NWS/NCEP/OPC/OFB | 301-763-8441 |

JAN-04-2008 17:29 From:DOC DGC ELLD      3017132529          To:202 514 8780        P.7/49

COOL - List of Applicants

This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

JAN-04-2008 17:29 From:DOC OGC ELLD     3017132529     To:202 514 8780     P.8/49

COOL - List of Applicants                                              Page 1 of 1



### List of Applicants H-NWS-04134-GCM

Review Application/Create New Certificate | Human Resources Main Menu

| Position: | Meteorologist | | Announcement Number: | H-NWS-04134-GCM |
|---|---|---|---|---|
| Pay Plan: | | | Organization: | National Weather Service National Centers for Environmental Prediction Hydrometeorological Prediction Center Development and Training Branch |
| Promotion Potential: | 13 | | | |
| Type of Appointment: | Career or Career Conditional | | Duty Station: | Camp Springs, MD |

This job [████████████████████████] tion(s).

**Enter Application**

**Prepare Application Packet**

**Create Certificate**

- Click on the name of the applicant in the *Applicant Name* column to change the application.
- Click on the 🚗 to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

**Status of the Application**
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | 🅡 📧 🆂🅓 Bodner, Michael | 61.53 | Competitive | NCEP/HPC/Development Training Branch | 301-763-8000 |
| C | 🅡 📧 🆂🅓 Robson, Alan | 58.2 | Noncompetitive *Reassignment* | Hydrometeorological Prediction Center | 3017638201 |
| C | 🅡 📧 🆂🅓 Alexander, Lyle | 56.43 | Competitive | ZID CWSU c/o IND ARTCC | 317-247-2469 |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   36

SF-50 hiring Alan Robson, dated January 19, 2005

JAN-04-2008 17:29 From:DOC OGC ELLD          3017132529          To:202 514 8780          P.9/49
01/04/07 11:39:28          US DOC \ NOAA->          3017132529    US DOC \ NOAA          Page 008

U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4
**NOTIFICATION OF PERSONNEL ACTION**

| | | |
|---|---|---|
| 1. Name (Last, First, Middle)<br>ROBSON, ALAN JAMES | 2. Social Security Number | 3. Date of Birth — 59 | 4. Effective Date 01/09/05 |

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 721 | REASSIGNMENT | | |

| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
|---|---|---|---|
| N3M | REG 335.102 COMP | | |

| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
|---|---|---|---|

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| METRLGST<br>01      3KCAPP | METRLGST<br>03      1KCAPP |

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | | Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GS | 1340 | 13 | 07 | 89,736.00 | | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| .00 | | | .00 | 77,372.00 | 12,364.00 | 89,736.00 | .00 |

| 21. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| NATIONAL OCEANIC AND ATMOSPHERIC ADMIN<br>NATIONAL WEATHER SERVICE<br>NATIONAL CENTERS FOR ENV PRED<br>HYDROMET PREDICTION CENTER | NATIONAL OCEANIC AND ATMOSPHERIC ADMIN<br>NATIONAL WEATHER SERVICE<br>NATIONAL CENTERS FOR ENV PRED<br>HYDROMET PREDICTION CENTER<br><br>CN 9420700003020C00000          PP C1 2005 |

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 2 | 1 | | X YES [ ] NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| 90 BASIC+1X ADDITIONAL | 9 NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per... |
|---|---|---|---|
| X FERS AND FICA | 05/18/82 | F FULL TIME | |

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 | E | | 0193 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
|---|---|
| 24-035-033 | CAMP SPRINGS    PRINCE GEORGES    MD |

| 40. AGENCY DATA | 41. | 42. | 43. |
|---|---|---|---|

45. Remarks<br>SELECTED FROM E-NWS-04134-GCM CERT #1 DATED 11/1/04<br>POSITION IS AT THE FULL PERFORMANCE LEVEL.

| 46. Employing Department or Agency<br>DEPARTMENT OF COMMERCE | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | EDUARDO J. RIBAS |
| CM 54 | 1612 | 01/19/05 | PERSONNEL OFFICER |

2 - OFF Copy - Long-Term Record - DO NOT DESTROY

CN 5420700003C20000C0          PP 01 1-2005-BATCH 10125836 003-00 202-51 AG/ED 54-1612

# EXHIBIT 37

Letter from Edwin Danaher to Dr. James Hoke, Subject: Selection to Fill
Meteorologist Vacancy in HPC/DTB, dated December 6, 2004



**U.S. DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NATIONAL WEATHER SERVICE

**National Centers for Environmental Prediction**
5200 Auth Road
Camp Springs, Maryland 20746
Telephone: 301-763-8000

Hydrometeorological Prediction Center

December 6, 2004

MEMORANDUM FOR: W/NP3 - Dr. James E. Hoke

FROM:           W/NP32 - Edwin Danaher

SUBJECT:        Selection to Fill Meteorologist Vacancy in HPC/DTB

A committee of three managers from the HPC and OPC, including myself,
reviewed the qualifications of the seven applicants for the HPC Vice-
Carr position. Six of the seven candidates were interviewed. The
seventh was unavailable, but I have interviewed him in the past for a
similar position in the HPC.

After carefully reviewing the applicants' credentials, the three
committee members unanimously agreed that Alan Robson was best qualified
for the position. Among the applicants Alan had a background that best
prepared him for the position. For the past 8 years he has worked as a
forecaster in the HPC, so he knows the responsibilities and needs of the
forecasters. He also has a strong technical background in supporting
operational computer systems during his Navy days, prior to joining the
NWS. This mix of technical expertise and operational experience is
critical for this position.

Only one other applicant has a forecasting background, but his technical
skills were much more limited. Alan was the only candidate with
previous experience in preparing requirements, an important function for
the job.

The primary factors used in rating the applicants were the ability to:

    Identify forecaster needs for data presentations and dissemination.
    Generate and maintain Unix scripts in support or HPC operations.
    Prepare requirements based on forecaster needs and available
resources.

Based on his background and experience, I recommend that Alan Robson be
selected for the Vice-Carr position in the HPC Development and Training
Branch.



# EXHIBIT   38

Vacancy Announcement C-NWSC-04085.TMP

This position is also being advertised at the GS-12, GS-11 and GS-09 levels under announcement numbers C-NWSC-04085a.TMP, C-NWSC-04085b.TMP, and C-NWSC-04085c.TMP. To receive consideration at these levels, apply under the individual announcements through Commerce Opportunities On-Line (COOL).

| VACANCY ANNOUNCEMENT C-NWSC-04085.TMP | | |
|---|---|---|
| | Meteorologist (Senior Forecaster), GS-1340-13 | |
| | $69762-$90692 | |
| | None | 09/29/2004 |
| | Permanent | 10/13/2004 |
| | Full-Time (Shift Work) | |
| | Jackson, Kentucky | |
| | National Oceanic & Atmospheric Administration, National Weather Service (NWS) Central Region | |
| | Status applicants nationwide. This includes transfer, promotion, reassignment, change-to-lower grade, and reinstatement applicants. Applicants eligible for appointment under a special hiring authority (i.e., Handicapped or Veterans Employment Opportunities Act (VEOA) eligibles). Department of Commerce (DOC) Career Transition Assistance Program (CTAP) eligible applicants nationwide, and Interagency Career Transition Program (ICTAP) eligible applicants in the local commuting area of this vacancy may also apply. VEOA applicants are veterans who are preference eligibles or who have been separated from the Armed Forces under honorable conditions after 3 years or more of continuous active duty service. For verification of eligibility, VEOA applicants MUST submit a DD214 that reflects the type of discharge. | |
| | The incumbent is responsible for the quality and timeliness of all warning and forecast products prepared and issued by the Weather Forecast Office (WFO) shift staff. Conducts a weather watch which involves interpretation of Doppler radar data and satellite imagery and the analysis of other meteorological and hydrologic data. Provides weather advice and guidance to emergency | |

managers at the local and state levels during severe and hazardous weather situations. Handles general office administrative matters which may occur on shift. Also leads/coordinates WFO staff efforts and provides direction, guidance, instructions, and assistance to the shift staff.

Basic Qualification Requirements: Bachelor's degree in meteorology, atmospheric science, or other natural science major that included: 1) At least 24 semester hours in meteorology including six semester hours in weather analysis and prediction of weather systems (synoptic/mesoscale); six semester hours of atmospheric dynamics and thermodynamics*; three semester hours of physical meteorology; and two semester hours of remote sensing of the atmosphere and/or instrumentation. 2) Six semester hours of physics with at least one course that includes laboratory sessions*. 3) Three semester hours of ordinary differential equations*. 4) At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, computer science. *There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major. ***OR*** Combination of education and experience - completion of course work as shown above, PLUS appropriate experience or additional education. In addition to the basic requirements, applicants must have: One year of specialized experience equivalent to at least the GS-12 level in the Federal service. Specialized experience must have equipped the applicant with the following knowledge, skills and abilities: (1)The ability to lead, direct and motivate others in a team environment (including time management, task delegation, conflict resolution, performance management, diversity, and behavior issues); (2)Knowledge of operational (both meteorological and hydrological) NWS forecast and warning programs, techniques, and procedures; (3)The ability to develop and/or improve forecasting techniques, processes and services; and (4)The ability to apply interpersonal communication techniques.

Applicants for vacancies announced under the agency's Merit Assignment Program must meet all time-in-grade and qualification requirements by the closing date of this announcement.

Many positions require the completion of additional forms and/or the submission of supplemental materials. Please thoroughly

review the vacancy announcement and carefully follow all instructions. Failure to provide the required information and/or materials may result in you not being considered for the vacancy.

The Department of Commerce provides reasonable accommodations to applicants with disabilities. If you need a reasonable accommodation for any part of the application and hiring process, please notify Human Resources Office listed below. The decision on granting reasonable accommodation will be on a case-by-case basis.

You may be directed to FAX specific documentation to verify information about your civil service status, your education, your CTAP/ICTAP eligibility, your veteran's preference and/or other information. All documents must be annotated with your COOL USER ID. The documents must be FAXed using the FAX cover sheet, to the number listed on the cover sheet. The requested documents MUST be received by the closing date of this announcement. If you have previously FAXed in the supporting documents requested, AND you can view them in your COOL Applicant History, you need not FAX them again. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applications will be accepted from only United States citizens.

This position is in the competitive service.

Status applicants and those with reinstatement eligibility must be prepared to submit a copy of an SF-50B "Notification of Personnel Action" upon request.

For additional information on this announcement, please contact: Tina Palmerin, 816-426-5016 ext 337.

Agencies are barred from accepting or considering prohibited political recommendations, and are required to return to the individual any prohibited political recommendation with reference to statutory prohibition. Such officials may supply a statement which relates "solely to the character and residence" of the individual.

For any vacancy, employees of the Department of Commerce may be considered before other applicants, if no well-qualified DoC

CTAP eligibles apply.

Privacy Act Notice (PL 93-579): The information requested here is used to determine qualifications for employment and is authorized under Title 5 U.S.C. 3302 and 3361.

Shift work is required.

Qualification requirements in the vacancy announcements are based on the U.S. Office of Personnel Management (OPM) Qualification Standards Handbook, which contains federal qualification standards. This handbook is available on the Office of Personnel Management's website located at http://www.opm.gov/qualifications.

"Status" refers to candidates who are eligible for noncompetitive movement within the competitive service because they either are now or were serving under career-type appointments in the competitive service.

Applicants will be notified of the outcome of the announcement only if selected.

Applicants will not be notified of vacancy outcome, but may view the status of all NOAA vacancies at the NOAA Human Resources, Jobs and Career information, Status of Vacancies web site at http://www.rdc.noaa.gov/~hrmo/va-status.htm.

Salaries shown for this vacancy include locality pay. Applicants interested in relocating to a different geographic location should be aware that their salary is subject to change.

Payment of relocation expenses IS authorized.

Male applicants born after December 31, 1959 must be registered with the Selective Service System or have an exemption. If selected, confirmation of registration status is required.

Veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after three years or more of continuous active service may apply for this vacancy under the Veterans Employment Opportunities Act (VEOA). Indicate your eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in

this application process to print out the FAX Cover Sheet with specific instructions.

Disabled veterans, handicapped and other applicants eligible for noncompetitive appointment under special appointing authorities, must indicate eligibility in this application and submit proof of eligibility prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants who are claiming veteran's preference for their non-status application under this vacancy announcement must complete the Military Service section of the COOL application. To receive 5-point veterans' preference, you must submit a copy of your DD-214. To receive preference if your service began after October 15, 1976, you must have: a Campaign Badge or Expeditionary Medal with an honorable discharge OR served on active duty during the Gulf War from August 2, 1990 - January 2, 1992, under the following conditions: honorably discharged, served a minimum of 2 years on active duty, or if a Reservist served the full period for which called to active duty (Reservists must include appropriate documentation). To receive 10-point veteran's preference for a service connected disability you must submit an SF-15, "Application for 10-Point Veterans' Preference" and documentary proof from the appropriate branch of the Armed Forces or the Veterans Administration, as well as a copy of your DD-214. Applicants claiming 10-point preference who do not submit the required documentation will receive 5-point veteran's preference assuming they meet the basic veteran's preference requirements and submit the appropriate proof of military service. You must submit your proof of eligibility for veteran's preference prior to the closing date of this announcement. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants claiming 10-point veterans preference should fax a standard form 15 (SF-15) and the appropriate proof listed on that form prior to the closing date of this announcement. The documents must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with

specific instructions.

Applicants claiming 5-point veterans preference should fax a copy of their DD214 which reflects the qualifying service dates or appropriate campaign/expeditionary medal. Proof of eligibility must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

Applicants who meet the positive education requirements for this position must submit a copy of college transcripts. Unofficial copies are acceptable. Transcripts must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

If selected for this vacancy, you may be required to complete a Declaration for Federal Employment (OF-306) to determine your suitability for federal employment and to authorize a background investigation. You may be required to sign and certify the accuracy of all the information in your application. If you make a false statement in any part of your application, you may not be hired; or you may be fired after you begin work; or you may be fined or jailed.

If you are currently a Department of Commerce employee who has received a Reduction in Force (RIF) separation notice or a Certificate of Expected Separation you may be entitled to special priority selection under Department of Commerce's Agency Career Transition Assistance Program (CTAP). To receive this priority consideration you must: (1) Be a current Department of Commerce career or career-conditional (tenure group I or II) competitive service employee who has received a RIF separation notice or a Certificate of expected Separation (CES) and, the date of the RIF separation has not passed and you are still on the rolls of Department of Commerce. You must submit a copy of the RIF separation notice or CES , (2) Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. (3) Have a current (or last) performance rating of record of at least fully successful or equivalent. (4) File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. (5) Be rated well-qualified for the position. To be considered well qualified, applicants must meet

the basic qualification standards and eligibility requirements satisfying physical, suitability, education, and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted copy of the RIF separation notice or CES must be annotated with your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

If you are a displaced Federal employee you may be entitled to receive special priority selection under the Interagency Career Transition Assistance Program (ICTAP). To receive this priority consideration you must: (1) Be a displaced Federal employee. You MUST submit a copy of the appropriate documentation such as a RIF separation notice, a letter from OPM or your agency documenting your priority consideration. The following categories of candidates are considered displaced employees. A. Current or former career or career-conditional (tenure group I or II) competitive service employees who: (1) Received a specific RIF separation notice; or (2) Separated because of a compensable injury, whose compensation has been terminated, and whose former agency certifies that it is unable to place; or (3) Retired with a disability and whose disability annuity has been or is being terminated; or (4) Upon receipt of a RIF separation notice retired on the effective date of the RIF; and can submit a Standard Form 50 that indicates "Retirement in lieu of RIF"; (5) Retired under the discontinued service retirement option; or (6) Was separated because he/she declined a transfer of function or directed reassignment to another commuting area. OR B. Former Military Reserve or National Guard Technicians who are receiving a special Office of Personnel Management (OPM) disability retirement annuity under section 8337 (h) or 8456 of title 5 United States Code. 2. Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. 3. Have a current (or last) performance rating of record of at least fully successful or equivalent. (This requirement does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. 6. Be rated well-qualified for the position. To be considered well qualified, applicants must meet

the basic qualification standards and eligibility requirements satisfying all medical, physical, suitability, education, selective factors and experience questions (and multiple choice answers) that are designated in the COOL application with an asterisk. The submitted proof of eligibility and performance appraisal must be annotated with the your applicant COOL User ID. See "Faxing Instructions for Supporting Documentation" later in this application process to print out the FAX Cover Sheet with specific instructions.

NOTE: Relocation expenses are authorized for current status applicants only. Non-status applicants must serve a one year probationary period. Applicants not currently occupying positions with the NWS in the GS-1340 series must fax copies of college transcripts for verification of basic education. Faxed documents must be received by the closing date. See `Faxing Instructions` section for more information.

| Evaluation Methods | Maximum Point Value |
|---|---|
| Experience | 65% |
| Education | 5% |
| Training | 10% |
| Awards | 20% |
| | |

| Contact Information |
|---|
| National Oceanic and Atmospheric Administration |
| Central Administrative Support Center (CASC) |
| Human Resources Division, Room 1737 |
| 601 East 12th Street |
| Kansas City, MO 64106 |
| |
| Tina Palmerin, 816-426-5016 |
| |
| Tina.M.Palmerin@noaa.gov |

AN EQUAL OPPORTUNITY EMPLOYER

The Department of Commerce does not condone or tolerate discrimination based on race, color, religion, sex, national origin, age, physical or mental disability, or sexual orientation.

# EXHIBIT   39

List of Applicants for Vacancy Announcement C-NWSC-04085.TMP



### List of Applicants C-NWSC-04085.TMP

[ Back ]

| Position: | Meteorologist (Senior Forecaster) |
| Pay Plan, Series, Grade: | GS-1340-13 |
| Promotion Potential: | None |
| Type of Appointment: | Permanent |

| Announcement Number: | C-NWSC-04085.TMP |
| Organization: | National Oceanic & Atmospheric Administration, National Weather Service (NWS) Central Region |
| Duty Station: | Jackson, Kentucky |

**This job is closed with 7 application(s).**

- Click on the ⌐⌐ to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | Reynolds, James | 71.51 | Noncompetitive *Reassignment* | National Weather Service | 541-776-4303 |
| C | Speicher, Peter | 67.53 | Not Eligible Do Not Refer Reason: Lacks spec. exp. equivalent to GS-12 level. | Wisconsin Air National Guard | (574) 601-9586 |
| R | Burton, Robert | 66.59 | Withdrawn by Applicant | National Weather Service | 361-289-0959 |
| C | Shaffer, Wayne | 62.55 | Competitive | NOAA-National Weather Service | 252-223-2328 |
| C | Jacobson, John | 61.78 | Competitive | National Weather Service | 541-276-4493 |
| C | Aycock, Donald | 51.24 | Competitive | National Weather Service | (907) 458-3708 |
| N | ~~Withdrawn by Applicant~~ | 29.66 | Withdrawn by Applicant | Sole Propietor | 3015139379 |



Gerald

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   40

SF-50 hiring John Jacobson, dated December 13, 2004

09/02/07 11:30:52    US DOC \ NOAA->      3017132529   US DOC \ NOAA      Page 005

# NOT   CATION OF PERSONNEL   CTION

| 1. Name (Last, First, Middle) | | | | | | | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|---|---|---|---|
| JACOBSON, JOHN E | | | | | | | 69 | 12/12/04 |

| 5-A. Code | 5-B. Nature of Action | | | 6-A. Code | 6-B. Nature of Action | | | |
|---|---|---|---|---|---|---|---|---|
| 702 | PROMOTION | | | | | | | |

| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
|---|---|---|---|
| N3M | REG 335.102 COMP | | |

| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
|---|---|---|---|

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MTRL3ST  #160    TKBASC | MTRL6ST  AT25    RKCASI |

| 8. Pay Plan | 9. Occ. Code | 10.Grade/Level | 11.Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19.Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12 | 02 | 60,620.00 | PA | GS | 1340 | 13 | 02 | 69,762.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 54,662.00 | 5,958.00 | 60,620.00 | .00 | 62,905.00 | 6,857.00 | 69,762.00 | .00 |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| NATIONAL OCEANIC AND ATMOSPHERIC ADMIN NATIONAL WEATHER SERVICE WESTERN REGION PENDLETON WFO OREGON | NATIONAL OCEANIC AND ATMOSPHERIC ADMIN NATIONAL WEATHER SERVICE CENTRAL REGION JACKSON WFO KENTUCKY |
| | CN 54203099560000008   PP 25 2004 |

| 23. Veterans Preference | | | | 24. Tenure | | 25. Agency Use |
|---|---|---|---|---|---|---|
| 2 | | | | 2 | | YES ☒   NO ☐ |

| 27. FEGLI | 28. Annuitant Indicator | 26. Pay Rate Determinant |
|---|---|---|
| C0  BASIC | 9   NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part Time Hours Per |
|---|---|---|---|
| K   FERS AND FICA | 09/02/03 | F   FULL TIME | |

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit |
|---|---|---|---|
| 1 | E | | 0193 |

| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) | 40 | 41 | 42 | 43 | 44 |
|---|---|---|---|---|---|---|
| 21-1720-025 | JACKSON  BREATHITT  KY | | | | | |

45. Remarks

SELECTED FROM C/WWSC/04086.IMP      DATED 1010/14/04.
POSITION IS AT THE FULL PERFORMANCE LEVEL.
CONGRATULATIONS ON YOUR PROMOTION

| 46. Employing Department or Agency | 50. Signature/Authentication |
|---|---|
| DEPARTMENT OF COMMERCE | B. Gwen Revels |

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | |
|---|---|---|---|
| CM 54 | 1423 | 12/13/04 | B. GWEN REVELS  PERSONNEL OFFICER |

2 - OPF Copy - Long-Term Record - DO NOT DESTROY

CM 54203099560000000      PP 25 2*2004*BATCH I4235811 030-00 201-06 RS/EO 54-1423

# EXHIBIT   41

Vacancy Announcement EWS-4090801-12.SDT

Case 1:07-cv-00353-JR    Document 22-8    Filed 01/18/2008    Page 39 of 50
JAN-17-2008 12:25 From:DOC OGC ELLD    3017132529    To:202 514 8780    P.6/12

USAJobs                                                                Page 1 of 4



## National Oceanic And Atmospheric Administration

Department: Department Of Commerce
Agency: National Oceanic and Atmos
Job Announcement Number: EWS-4090?

Related Job Link: EWS-4090?

OPENING DATE: 09/26/2004
CLOSING DATE: 10/12/2004
ANNOUNCEMENT NUMBER: EWS-4090801-12.SDT
OCCUPATIONAL SERIES: 1340
JOB TITLE: Meteorologist (General Forecaster)
PAY PLAN: GS
GRADE: 12
DUTY LOCATION: Sterling, VA


**HOW TO APPLY:**
This vacancy is posted through Commerce Opportunities On-Line (COOL).
COOL is a web-based vacancy announcement and application system, which allows you to search and apply for Department of Commerce jobs on-line. To review the Department of Commerce jobs advertised in COOL, go to the web site at www.jobs.doc.gov and click on Search. To apply for this COOL job, and read the full text vacancy announcement, click on t vacancy announcement number displayed here - EWS-4090801-12.SDT. Applicants unable t access the COOL website must contact the Human Resources Office representative listed below. Application under this announcement requires the applicant to complete and submit specially designed COOL application. The submission of anything other than the COOL application will result in your application not being considered under this vacancy announcement.

**WHO MAY APPLY:**
Permanent Federal employees in the competitive service, former Federal employees with reinstatement eligibility, persons with non-competitive appointment eligibility (e.g., 30% or more disabled veterans, persons with disabilities, Peace Corps, VISTA volunteers, etc.), Car Transition Assistance Plan (CTAP) and Interagency Career Transition Assistance Plan (ICTAP eligibles within the local commuting area (see definition of CTAP and ICTAP under Additiona Requirements section).

**WHAT TO FILE:**
Applicants should submit the COOL On-Line Application form and any additional supporting documentation specified in the COOL vacancy announcement for this position at the www.jobs.doc.gov web site. To apply for this COOL job, and read the full text vacancy announcement, click on this vacancy announcement number displayed here - EWS-409080J 12.SDT. Applicants unable to access the COOL website must contact the Human Resources

# EXHIBIT   42

List of Applicants for Vacancy Announcement EWS-4090801-12.SDT

JAN-04-2008 17:34 From:DOC OGC ELLD        3017132529        To:202 514 8700        P.24/49

**COOL - List of Applicants**

Page 1 of 2



US DEPARTMENT OF COMMERCE

**COMMERCE OPPORTUNITIES ON-LINE**

List of Applicants EWS-4090801-12.SDT

Back

| | | | |
|---|---|---|---|
| Position: | Meteorologist (General Forecaster) | Announcement Number: | EWS-4090801-12.SDT |
| Pay Plan, Series, Grade: | GS-1340-12 | Organization: | NOAA/National Weather Service |
| Promotion Potential: | None | Duty Station: | Sterling, VA |
| Type of Appointment: | Career/Career Conditional | | |

This job is closed with 7 application(s).

- Click on the 🖐 to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Score | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | Mann, David | 70.02 | Noncompetitive *Reinstatement* | YOUniversal Truth | 757 397-1383 |
| C | Alexander, Lyle | 56.02 | Noncompetitive *Reassignment* | ZID CWSU c/o IND ARTCC | 317-247-2469 |
| C | Kimberlain, Todd | 41.73 | Do Not Refer Reason: Does not meet TIG. | NOAA | 787-253-4501 |
| N | Carroll, Kevin | 40.41 | Withdrawn by Applicant | Meteorological Development Laboratory | (301) 713-0023 ext. 176 |
| C | Lynn, John | 35.27 | Noncompetitive *Reinstatement* | Channel 25 (ABC) KAVU - TV - Victoria | 361-575-2500 |
| N | Greeney, Christopher | 31 | Not Eligible | Scientific Applications International Corporation | 571-643-9446 |
| C | Grossman, Gerald | 9.03 | Noncompetitive *Reinstatement* | Sole Proprietor | 3015139379 |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0010

# EXHIBIT   43

Applicant Referral Certificate for Vacancy Announcement EWS-4090801-12.SDT

**U.S. DEPARTMENT OF COMMERCE**

**CAREER OPPORTUNITIES ON-LINE**

View Certificate Vacancy Announcement EWS-4090801-12.SDT



# U.S. Department of Commerce

## Applicant Referral Certificate  #1

### Issued 10/26/2004
### Status: Archive

### NO SELECTION: 11/12/2004

### Last Modified: 11/15/2004

| Position: | Meteorologist (General Forecaster) | | Announcement Number: | EWS-4090801-12.SDT |
|---|---|---|---|---|
| Pay Plan, Series, Grade: | GS-1340-12 | | Organization: | NOAA/National Weather Service |
| Promotion Potential: | None | | Duty Station: | Sterling, VA |
| Type of Appointment: | Career/Career Conditional | | | |

Number of Vacancies: *1*
Total Applicants Referred: *4*
Human Resources Representative: *Human Resources Specialist-S*
Phone Number: *757-441-3618*
E-mail: *recruitment.ewsc@noaa.gov*
Referred To: *James Lee*
View Only Copies Sent To: *Mickey Brown, David Manning, Donna Nezke, Steven Zubrick*

The candidates listed below have been determined to be the best qualified. If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative. Selection decisions should not be publicized prematurely. Please complete the "Action" column by selecting S for selected, NS for not selected, or D for declined. Please indicate if candidates were contacted or interviewed in the "Candidates were:" column.

| Non-Competitive Referrals: (Non-Competitive authorities help) | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Action** | | | **Candidates were:** | | | | |
| NS | S | n | Contacted | Interviewed | Applicant Name | Employer | Work Phone |
| NS | | | YES | YES | • 🖃 (SD)(R) Alexander, Lyle Stephen *Reassignment* | 21D CWSU c/o IND ARTCC | 317-247-2469 |
| NS | | | NO | NO | • 🖃 (SD)(R) Grossman, Gerald *Reinstatement* | Sole Proprietor | 3015139379 |
| NS | | | NO | NO | | Channel 25 | 361-575-2500 |

**COOL - Certificate View**                                                    **Page 2 of 2**



| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | 📧 SD R Lynn, John James *Reinstatement* | (ABC) KAVU - TV - Victoria | | |
| NS | | | NU | AO | 📧 SD R Mom, David Dale *Reinstatement* | YOUniversal Truth | 757 397-1383 |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. The selecting officials gave due weight to the performance appraisal(s) prior to making the selection decision. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a 📧 next to their name by clicking on the 📧.

### SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

### HUMAN RESOURCES NOTES

**On 11/15/2004, Lynn T LaChance added:** Cert returned unused. Selection made from EWS-4090801-7.SDT.

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

[ Save New Note ]

### Archive/Audit Certificates

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT 44

SF-50 hiring Sarah Allen, dated January 14, 2005

JAN-04-2008 17:34 From:DOC OGC ELLD    3017132529    W-MU NORFOLK    To:202 514 8780    P.28/49
U.S.Office of Personnel Management    PAGE 03/23
FPM Supp. 296-33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|
| ALLEN, SARAH ELISE | | | '82 | 01/30/05 |

| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| 721 | REASSIGNMENT | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N3M | REG 335.102 COMP | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| MTRLGST | MTRLGST |
| 132    PKXCSK | 04    NKDDSJ |

| 8. Pay Plan | 9. Occ Code | 10.Grade/Level | 11.Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18.Grade/Level | 19.Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 34,149.00 | PA | GS | 1340 | 07 | 01 | 35,452.00 | PA |
| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | | | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay | | |
| 1,582.00 | 34,149.00 | | .00 | | | 30,557.00 | 4,895.00 | 35,452.00 | .00 | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| NATIONAL OCEANIC AND ATMOSPHERIC ADMIN | NATIONAL OCEANIC AND ATMOSPHERIC ADMIN |
| NATIONAL WEATHER SERVICE | NATIONAL WEATHER SERVICE |
| SOUTHERN REGION | EASTERN REGION |
| JACKSON WFO MISSISSIPPI | BALTIMORE/WASHINGTON WFO |
| | CN 562010993100000000    PP 01 2005 |

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1    1-None    3-10 Point/Disability    5-10 Point/Other | 2    0-None    2-Conditional | | YES  X NO |
|      2-5 Point    4-10 Point/Compensable   6-10 Point/Compensable/30% |   1-Permanent  3-Indefinite | | |
| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
| DO  BASIC-STANDARD | 9  NOT APPLICABLE | 0 |
| 30. Retirement Plan | 31. Service Comp Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
| K  FERS AND FICA | 06/03/02 | F  FULL TIME | |
| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
| 1    1-Competitive Service    3-SES General | N    E-Exempt | | 0193 |
|      2-Excepted Service    4-SES Career Reserved |      N-Nonexempt | | |
| 38. Duty Station Code | 39. Duty Station (City-County-State or Overseas Location) |
| 51-2345-107 | STERLING   LOUDOUN   VA |
| 40. AGENCY DATA | 41. | 42. | 43. | 44. |

45. Remarks
SELECTED FROM MAP CERTIFCATE NWS-409-001.MDT ISSUED
10/26/2004.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF COMMERCE | |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | EDUARDO J. RIBAS |
| CM 54 | 3173 | 01/24/05 | PERSONNEL OFFICER |

5-Part 50-316    2 ~ OPF Copy ~ Long-Term Record ~ DO NOT DESTROY    Editions Prior to 7/80 Are Not Usable After 6/30/93    NSN 7540-01-333-6238

N 562010993100000000    PF 01 1*2005*BATCH 31735835 000-00 202-Q1 AG/NO 54-3173

# EXHIBIT   45

List of Applicants for Vacancy Announcement H-NWS-05010-MFW

JAN-04-2008 17:35 From:DOC OGC ELLD    3017132529    To:202 514 8700    P.29/49
COOL - List of Applicants

U.S. DEPARTMENT OF COMMERCE
COMMERCE OPPORTUNITIES ON-LINE

### List of Applicants H-NWS-05010-MFW

[Back]

| | |
|---|---|
| Position: | Meteorologist |
| Pay Plan, Series, Grade: | GS-1340-12 |
| Promotion Potential: | GS-12 |
| Type of Appointment: | Career or Career-Conditional |

| | |
|---|---|
| Announcement Number: | H-NWS-05010-MFW |
| Organization: | Dept. of Commerce/National Weather Service (NWS), Office of Science and Technology (OST), Meteorological Development Laboratory (MDL) |
| Duty Station: | Silver Spring, MD |

This job is closed with 12 application(s).

- Click on the ~ to view the application.
- Click on the applicant's score in the *Score* column for a breakdown of the applicant's score.

Status of the Application
- N = Not reviewed
- R = HR reviewed but not complete
- C = HR review completed
- E = Applicant edited after HR review

| Status | Applicant Name | Rating | Referral Category | Employer | Work Phone |
|---|---|---|---|---|---|
| C | Sun, Zi-Ping | 98.5 | Competitive | Jet Propulsion Laboratory | 818 354 4668 |
| C | Fiety, Charles | 97.49 | Competitive | Montgomery County Community College | 301-405-7668 |
| C | wang, bei | 96.71 | Do Not Refer Reason: Does have course requirements for meteorologist | RSIS | 3017131768x170 |
| N | Weiss, Mitchell | 95.19 | | RSIS Information Systems Inc. | 301-713-0023 |
| C | Sfanos, Benjamin | 94.92 | Competitive | RS Information Systems | 301-713-0224x109 |
| C | Lou, Guang | 94.91 | Competitive | Sciences Application International Corporation/NASA/GSFC | 3016146253 |

JAN-04-2008 17:35 From:DOC OGC ELLD          3017132529          To:202 514 8780          P.30/49

**COOL - List of Applicants**

Page 2 of 2

| N | | 94 | | WeatherSmith, LLC | 6025956559 |
|---|---|---|---|---|---|
| | Smith, Kip | | | | |
| N | | 93.43 | | SAIC/NCEP/EMC | 301-763-8000x7252 |
| | Baker, Michael | | | | |
| N | | 93.41 | | World Meteorological Organization (WMO) | 301 754-1766 |
| | Fortune, Michael | | | | |
| N | | 92.51 | | National Center for Atmospheric Research | 303-497-1412 |
| | Lyjak, Lawrence | | | | |
| N | | 88.61 | | Artysis, Inc. | 443-995-8729 |
| | Hakim, Mary | | | | |
| N | | 73.6 | | Dept. Of Transportation/ FAA | 787-253-8719 |
| | Melon, Jose | | | | |

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Ctrl-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No: 0690-0019

# EXHIBIT   46

Applicant Referral Certificate for Vacancy Announcement H-NWS-05010-MFW



View Certificate Vacancy Announcement H-NWS-05010-MFW

## U.S. Department of Commerce

## Applicant Referral Certificate - CM541812MFW050031

Issued: 11/22/2004
Expires: 02/20/2005
Status: Archive

NO SELECTION: 12/01/2004

Last Modified: 12/10/2004

| Position: | Meteorologist |
| --- | --- |
| Pay Plan, Series, Grade: | GS-1340-12 |
| Promotion Potential: | GS-12 |
| Type of Appointment: | Career or Career-Conditional |

| Announcement Number: | H-NWS-05010-MFW |
| --- | --- |
| Organization: | Dept. of Commerce/National Weather Service (NWS), Office of Science and Technology (OST), Meteorological Development Laboratory (MDL) |
| Duty Station: | Silver Spring, MD |

Number of Vacancies: 1
Total Applicants Referred: 2
Human Resources Representative: Mary Walden
Phone Number: 301-713-0511
E-mail: francine.walden@noaa.gov
Additional Req No:
Date CTAP/ICTAP Cleared: 11/22/2004
Issuing Official: Mary Walden
Referred To: Harry Glahn
View Only Copies Sent To: J. Dallavalle,
Appointing Official:
Signed:

The candidates listed below have been determined to be the best qualified. If you have any questions or concerns pertaining to this certificate, please contact your Human Resources Representative. Selection decisions should not be publicized prematurely. Please complete the "Action" column by selecting the appropriate Action symbol from the drop down menu for each certified applicant.

For additional information, an explanation of the Action codes, and additional instructions on completing this certificate, click here.

JAN-04-2008 17:35 From:DOC OGC ELLD    3017132529    To:202 514 8780    P.32/49

**COOL - Certificate View**

| | | | Competitive Referrals: | | | |
|---|---|---|---|---|---|---|
| Action | Rating | Vet Pref | Applicant Name | SSNO | Work Phone | Home Phone |
| NS | 99 | NP | Sun, Zi-Ming | | 818 354 4668 | |
| NS | 97 | TP | Piety, Charles Andrew | | 301-405-7668 | |

The selection(s) indicated above is (are) based solely on merit, fitness and qualifications and does not involve discrimination based on race, religion, color, national origin, marital status, sex, age, physical handicap, political affiliation, employee organization affiliation, sexual orientation, or personal favoritism. Selecting decisions should not be publicized prematurely. Contact your Human Resources Representative before taking any further action.

To view the on-line application for each of the candidates listed on this certificate, click on each applicant's name. If your browser is properly configured you can send an e-mail message to candidates who have a ✉ next to their name by clicking on the ✉.

### SELECTING OFFICIAL NOTES TO HUMAN RESOURCES OFFICE

---

### HUMAN RESOURCES NOTES

On 12/10/2004, Mary Francine Walden added: SELECTION MADE FROM H-NWS-05008-MPW AT THE GS09 LEVEL/DEU

---

Add a NEW Note in the text area below:

Click the button below to save your NEW note.

[ Save New Note ]

---

### Archive/Audit Certificates

Commerce Opportunities On-Line Privacy Statement
This site is maintained by the Department of Commerce, Office of Human Resources Management.
http://ohrm.doc.gov

Press "Cmd-P" to Print
Press "Ctrl-C" to Copy Selected Text
Press "Ctrl-V" to Paste at Cursor

OMB Control No. 0690-0019

# EXHIBIT   47

Vacancy Announcement NWS-NCEP-2005-0015



# Vacancy Information



| | |
|---|---|
| **Announcement Number:** | NWS-NCEP-2005-0015 |
| **Vacancy Description:** | Meteorologist |
| **Open Period:** | 12/16/2004 - 01/14/2005 |
| **Series/Grade:** | GS-1340-07/09/11 |
| **Salary:** | $34,194.00 TO $65,769.00 |
| **Promotion Potential:** | GS-11 |
| **Hiring Agency:** | NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION |
| **Duty Locations:** | 1 vacancy in Prince Georges County , MD |
| **For more information, Contact:** | Glenda Martin, 301-713-0511 glenda.c.martin@noaa.gov |

**Additional Information**

**Who May Apply:** All U.S. Citizens

**Job Summary:**
The National Centers for Environmental Prediction (NCEP) is seeking a
highly motivated, creative individual who will bring new ideas to
their Center.  The individual will be working in the
Hydrometeorological Prediction Center (HPC) in Camp Springs, Maryland
under the direction of the Surface Analysis Focal Point.

This position is located in the Forecast Operations Branch of the
Hydrometeorological Prediction Center of NCEP.   Performs a wide
range of conventional assignments requiring considerable planning,
individual analysis of data and information, and careful
interpretation of findings and results.

**Key Requirements:**
* Shift Work is required
* Must be a U.S. Citizen in order to qualify for this position.
* Ensure that courses on transcript are equivalent to the requirements
* Time-in-grade requirements must be met by the closing date.
* Position may be filled at either GS-07,  GS-09 or GS- 11 grade level

**Position Information:**
Full-time
Permanent

**Major Duties:**
**GS-7 Grade Level & GS-9 Grade Level**

Incumbent trains under the direction of the HPC Surface Analysis Focal Point to become proficient in producing a meteorologically consistent North American Surface Analysis. Incumbent trains in the preparation of performing the duties at the basic weather desk. Employee is expected to prepare storm summaries when needed. Incumbent participates in the test and evaluation of new systems, techniques and models.

**GS-11 Grade Level**

Incumbent of this position is responsible for the preparation and distribution of Hydrometeorological Prediction Center's (HPC) surface analyses following established Station Duty Manual for the surface desk. Incumbent is proficient in producing a meteorologically consistent North American Surface Analysis. Prepares and improves proficiency in performing the duties at the Basic Weather desk. Prepares storm summaries when needed and occasionally lead the daily map discussion. Incumbent participates in the test and evaluation of new systems, techniques and models. Incumbent completes the final phase of the National Weather Service training program as directed by HPC's senior officer on duty.

**Qualifications and Evaluations:**
Basic Qualification Requirements: Bachelor's degree in meteorology, atmospheric science, or other natural science major that included:

1) At least 24 semester hours in meteorology including six semester hours in weather analysis and prediction of weather systems (synoptic/mesoscale); six semester hours of atmospheric dynamics and thermodynamics*; three semester hours of physical meteorology; and two semester hours of remote sensing of the atmosphere and/or instrumentation.
2) Six semester hours of physics with at least one source that includes laboratory sessions*.
3) Three semester hours of ordinary differential equations*.
4) At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, computer science.

*There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major.

OR

Combination of education and experience-course work shown above, plus appropriate experience or additional education.

Applicants must provide documentation containing evidence that courses indicated on transcript are equivalent to the required courses (see "Qualifications and Evaluations") for basic qualifications.

To receive credit for education completed outside the United States you must show proof that the education has been submitted to a private organization that specializes in interpretation of foreign education and such education has been deemed at least equivalent to that gained in conventional U.S. education programs.

In addition to the basic requirements, applicants must have:

One Year of Specialized Experience equivalent to at least the GS-5 level in order to be eligible for the GS-7 grade level OR 1 year of graduate-level education or superior academic achievement.

One Year of Specialized Experience equivalent to at least the GS-7 level in order to be eligible for the GS-9 grade level OR 2 years of progressively higher level graduate education leading to a master's degree or masters or equivalent graduate degree.

One Year of Specialized Experience equivalent to at least the GS-9
level in order to be eligible for the GS-11 grade level OR 3 years of
progressively higher level graduate education leading to a Ph.D.
degree or PH.D. or equivalent doctoral degree.

Specialized experience must have equipped the applicant with the
knowledge, skills and abilities as related to the experience
questions listed below.

Applicants must meet all qualification requirements by the closing
date of this announcement. Qualification requirements in the vacancy
announcement are based on the U.S. Office of Personnel Management
(OPM) Qualification Standards Handbook, which contains federal
qualification standards. This handbook is available on the Office of
Personnel Management's website located at
http://www.opm.gov/qualifications.

In addition to the basic requirements, applicants must have: One Year
of Specialized Experience equivalent to the next lower grade level or
it's equivalent. Specialized experience must have equipped the
applicant with the knowledge, skills and abilities as related to the
experience questions listed below.

How You Will Be Evaluated:
The Human Resources Division's review of applications is a three-step
process. First, all candidates are evaluated to determine if they
meet the basic eligibility requirements (i.e., are you a U.S.
citizen, meet the "who may apply" description). If the candidate
meets the basic eligibility requirements, their application is
reviewed again to determine if their background and/or education
meets the OPM qualification requirements as described above. If so,
they are considered basically qualified for the position. The
candidates responses to the experience questions are used to evaluate
their work experiences, which could be expected to significantly
enhance their performance for the position to be filled. The answers
to these questions determine which candidates are best qualified for
the Position and will be referred to the selecting official for
consideration. No one is rated ineligible or not qualified solely for
failure to possess a positive response to an experience, training, or
awards question. Candidates are encouraged to provide supplemental
information in their experience statement which will be taken into
consideration by the selecting official in the selection process. The
best-qualified candidates will then be identified, or ranked, for
referral to the selecting official.

How to Apply:
Application under this announcement requires the applicant to
complete and submit a specially designed Quick Hire application. The
submission of anything other than the Quick Hire application will
result in your application not being considered under this vacancy
announcement.

All documents requested must be received by the closing date of this
announcement.

Applicants called in for interview may be asked to provide additional
documentation at time of interview.

Applicants must provide documentation containing evidence that
courses indicated on transcript are equivalent to the required
courses (see "Qualifications and Evaluations") for basic
qualifications.

Required Documents:
If you are qualifying based on education or if the position has
positive education requirements, you must also fax a copy of your
college transcripts. If you are claiming veterans' preference, you
must fax supporting documentation (i.e., DD-214, SF-15, VA letter) by
the closing date of this vacancy announcement. Please fax the
appropriate cover sheet and a legible copy of the corresponding
document to 301-562-8989. Each document must be dialed and faxed in
separately as each sheet includes an identification number, which
ensures your document is processed correctly.

Status applicants and those with reinstatement eligibility must be
prepared to submit a copy of an SF-50b "Notification of Personnel
Action" upon request.

Applicants must provide documentation containing evidence that
courses indicated on transcript are equivalent to the required
courses (see "Qualifications and Evaluations") for basic
qualifications.

What to Expect Next:
Applicants will receive notice that their application has been
received. Applicants can check the status of their application by
accessing the Department of Commerce, Quick Hire, Applicant Site at
https://jobs1.quickhire.com/scripts/doc.exe and clicking on "View My
Application Status".

Benefits:
This is a full-time PERMANENT position. You will be employed by a
Federal Organization; you are eligible for benefits such as:

- A varied selection of cost-shared health insurance plans
- Life insurance coverage options
- Comprehensive retirement benefits
- A tax-deferred Thrift Savings Plan (401K)
- Annual leave
- Sick leave
- Paid holidays
- You may be eligible for flexible work schedules
- Overtime pay/ Compensatory time
- Participate in a Flexible Spending Account
- Transportation subsidy
- Payment of relocation expenses IF authorized

Additional Information:
Applicants selected for this position must be prepared to report for
duty even during periods of hazardous weather when other offices are
closed; to work rotating shifts for an organization which is always
open, including weekends, nights, holidays; and willing to
occasionally attend training classes or other seminars which require
travel out of town for typically 1 to 2 weeks?

The Department of Commerce provides reasonable accommodations to
applicants with disabilities. If you need a reasonable accommodation
for any part of the application and hiring process, please notify
Human Resources Office listed below. The decision on granting
reasonable accommodation will be on a case-by-case basis.

Status applicants and those with reinstatement eligibility must be
prepared to submit a copy of an SF-50B "Notification of Personnel
Action" upon request.

Payment of relocation expenses IS authorized.

Applicants will be notified of the outcome of the announcement only
if selected.

If you are a displaced Federal employee you may be entitled to
receive special priority selection under the Interagency Career
Transition Assistance Program (ICTAP). To receive this priority
consideration you must: (1) Be a displaced Federal employee. You MUST
submit a copy of the appropriate documentation such as a RIF
separation notice, a letter from OPM or your agency documenting your
priority consideration. The following categories of candidates are
considered displaced employees. A. Current or former career or career-
conditional (tenure group I or II) competitive service employees who:
(1) Received a specific RIF separation notice; or (2) Separated
because of a compensable injury, whose compensation has been
terminated, and whose former agency certifies that it is unable to
place; or (3) Retired with a disability and whose disability annuity
has been or is being terminated; or (4) Upon receipt of a RIF
separation notice retired on the effective date of the RIF; and can
submit a Standard Form 50 that indicates "Retirement in lieu of RIF";
(5) Retired under the discontinued service retirement option; or (6)
Was separated because he/she declined a transfer of function or
directed reassignment to another commuting area. OR B. Former
Military Reserve or National Guard Technicians who are receiving a
special Office of Personnel Management (OPM) disability retirement
annuity under section 8337 (h) or 8456 of title 5 United States Code.
2. Be applying for a position at or below the grade level of the
position from which you have been separated. The position must not
have a greater promotion potential than the position from which you
were separated. 3. Have a current (or last) performance rating of
record of at least fully successful or equivalent. (This requirement

does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. 6. Be rated well qualified for the position. To be Considered well qualified, applicants must meet the basic Qualification standards; physical, suitability, and education Requirements; and, meet specific evaluation criteria as contained in The rating and ranking questions.

Disabled veterans, handicapped and other applicants eligible for noncompetitive appointment under special appointing authorities, must indicate eligibility in this application and submit proof of eligibility by 12:00 a.m. midnight of the closing date of this announcement. Please fax using the appropriate covers sheet and a legible copy of the corresponding document to (301) 562-4968. Each document must be dialed and faxed in separately as each sheet includes an identification number, which ensure your document is process correctly.

US Department of Commerce, 1401 Constitution Avenue, NW, Washington, DC 20230

# EXHIBIT    48

GS-9 and GS-11 Applicant Listings for
Vacancy Announcement NWS-NCEP-2005-0015



Legend | Logout | Help
Sharon Whitehead, Jun 22, 2007
Maximum System Inactivity Time: 60 minutes

Home    Vacancy    Creating Library    Applicant Manager    Reports    User Manager    Utility

**Vacancy | Applicant**

Applicant Manager Home >> U.S. Department of Commerce >> 54 NOAA >> 54-National Weather Service >> National Centers for Environmental Prediction >> Hydrometeorological Prediction Center >> Meteorologist >> NWS-NCEP-2005-0015:Meteorologist >> SA-DOC-0001 >> Applicant Listing

Return to Vacancy

Staging Area Applications Listing          Certs Listing

Filter      Data Mining                          **Staging Area Details**

Correspond    Change Statuses    Reset Statuses    Staging Area #:  SA-DOC-0001

All Applicant Data Report    Applicant Listing Report    Create Date and    Jan 16, 2005 12:27:22 AM
                                                         Time:
Ineligible Applicant Report
                                                         Created By:  SYSDBA
All Grades | 07 | 09 | 11 |
Current Grade: 09                                        Status:  Closed

Sort by: [ Total score ]

| Status   |    | Name                   | Score          |
|----------|----|------------------------|----------------|
| wo NEW   | NV | SCHECK, JOSHUA         | 83.50/ 100.00  |
| wo NEW   | NV | TRIPOLI, LANCE         | 88.50/ 100.00  |
| wo NEW   | NV | FILLO, NICHOLAS        | 88.00/ 100.00  |
| wo NEW   | NV | O'REILLY, PATRICK      | 88.50/ 100.00  |
| wo NEW   | NV | REID, DENAIR           | 87.40/ 100.00  |
| wo NEW   | TP | HABERECHT, ALAN        | 87.00/ 100.00  |
| wo NEW   | NV | RHOADS, JOSHUA         | 86.50/ 100.00  |
| wo NEW   | NV | MUKHOPADHYAY, SAULESH  | 86.50/ 100.00  |
| wo NEW   | NV | DAY, ROBERT            | 85.80/ 100.00  |
| wo NEW   | NV | WYNNE, TIMOTHY         | 85.80/ 100.00  |
| wo NEW   | NV | MARRIOTT, CHRISTINA    | 85.40/ 100.00  |
| wo NEW   | NV | WISE, ERIC             | 85.40/ 100.00  |
| wo NEW   | NV | KIM, NAMSOUG           | 85.20/ 100.00  |
| wo NEW   | NV | HAMBLIN, NATHAN        | 84.60/ 100.00  |
| wo NEW   | NV | GROSSMAN, GERALD       | 84.20/ 100.00  |
| wo NEW   | NV | KARASEK, MATTHEW       | 83.60/ 100.00  |
| wo NEW   | NV | BLEISTEIN, ANDREA      | 83.00/ 100.00  |
| wo NEW   | TP | KRYSTON, JOSEPH        | 83.60/ 100.00  |

| WQ NEW | | NV | SWEENE, JACQUELYN | 83.40/ 100.00 |
| WQ NEW | | NV | NOVAK, DAVID | 81.50/ 100.00 |
| WQ NEW | | NV | OEHLING, RANDY | 81.50/ 100.00 |
| WQ NEW | | MV | SULLINS, AMBER | 81.50/ 100.00 |
| WQ NEW | | NV | AXE, LIZABETH | 80.50/ 100.00 |
| WQ NEW | | NV | READY, REGINALD | 80.00/ 100.00 |
| NEW | SPCL | TP | ROUND, ROBERT | 78.00/ 100.00 |
| NEW | | NV | FRAZIER, JESSICA | 78.00/ 100.00 |
| NEW | | NV | PERRY, REGINA | 78.00/ 100.00 |
| NEW | | NV | ROBERTS, ERIN | 77.50/ 100.00 |
| NEW | | NV | FOLMER, MICHAEL | 77.50/ 100.00 |
| NEW | | NV | WAUER, BENJAMIN | 75.00/ 100.00 |
| NEW | | NV | MELSON, SARAH | 74.50/ 100.00 |
| NEW | | NV | SMITH, CHANNON | 74.50/ 100.00 |
| NEW | | NV | KONOPKA, RENEE | 74.00/ 100.00 |
| NEW | | NV | DIANA, BARBARA | 73.70/ 100.00 |
| NEW | | NV | BORICH, JOSEPH | 73.00/ 100.00 |

<< < [1] > >>                    Page 1 of 1                    Applications 1 - 35 of 35

Jump to page:                    Show 50 results per page.

Hiring Management Center

Legend | Logout | Help

Sharon Whitehead, Jun 22, 2007
Maximum System Inactivity Time: 60 minutes

| Home | Vacancy | Question Library | Applicant Manager | Reports | User Manager | Utility |

**Vacancy | Applicant**

Applicant Manager Home >> U.S. Department of Commerce >> 54 NOAA >> 54-National Weather Service >> National Centers for Environmental Prediction >> Hydrometeorological Prediction Center >> Meteorologist >> NWS-NCEP-2005-0016:Meteorologist >> SA-DOC-0001 >> Applicant Listing

Return to Vacancy

Staging Area Applications Listing

Grid Listing

Filter    Data listing

**Staging Area Details**

Correspond    Change Statuses    Reset Statuses

All Applicant Data Report    Applicant Listing Report

Ineligible Applicant Report

Staging Area #: SA-DOC-0001

Create Date and Time: Jan 15, 2005 12:27:22 AM

Created By: SYSDBA

Status: Closed

All Grades | 97 | 09 | 11 |
Current Grade: 11

Sort by: | Total score |

| Status | | Name | Score |
|---|---|---|---|
| WQ NEW | NV | SCHECK, JOSHUA | 93.50/ 100.00 |
| WQ NEW | NV | TRIPOLI, LANCE | 89.50/ 100.00 |
| WQ NEW | NV | FILLO, NICHOLAS | 88.40/ 100.00 |
| WQ NEW | NV | REID, DENAIR | 87.40/ 100.00 |
| WQ NEW | TP | HABERECHT, ALAN | 67.00/ 100.00 |
| WQ NEW | NV | RHOADS, JOSHUA | 86.80/ 100.00 |
| WQ NEW | NV | MUKHOPADHYAY, SAULESH | 86.50/ 100.00 |
| WQ NEW | NV | DAY, ROBERT | 85.80/ 100.00 |
| WQ NEW | NV | WYNNE, TIMOTHY | 85.80/ 100.00 |
| WQ NEW | NV | CARRE, EDWARD DANIEL | 85.40/ 100.00 |
| WQ NEW | NV | MARRIOTT, CHRISTINA | 85.40/ 100.00 |
| WQ NEW | NV | GROSSMAN, GERALD | 84.20/ 100.00 |
| WQ NEW | NV | KARASEK, MATTHEW | 83.50/ 100.00 |
| WQ NEW | NV | BLEISTEIN, ANDREA | 83.00/ 100.00 |
| WQ NEW | TP | KRYSTON, JOSEPH | 83.90/ 100.90 |
| WQ NEW | NV | SWEENE, JACQUELYN | 82.40/ 100.90 |
| WQ NEW | NV | NOVAK, DAVID | 81.50/ 100.00 |
| WQ NEW | NV | OEHLING, RANDY | 81.50/ 100.90 |

| | | | | |
|---|---|---|---|---|
| WQ NEW | NV | DONOHO, NATALIA | | 80.50/ 100.00 |
| WQ NEW | NV | READY, REGINALD | | 80.00/ 100.00 |
| NEW | NV | PORRAZZO, VINCENT | | 79.50/ 100.00 |
| NEW | NV | FRAZIER, JESSICA | | 78.00/ 100.00 |
| NEW | NV | PERRY, REGINA | | 78.00/ 100.00 |
| NEW | NV | WAUER, BENJAMIN | | 75.00/ 100.00 |
| NEW | NV | NELSON, SARAH | | 74.50/ 100.00 |

≪ ‹ [1] › ≫                          Page 1 of 1                          Applications 1 - 25 of 25

Jump to page: [    ]                                           Show 50 results per page.

# EXHIBIT   49

GS-9 and GS-11 Applicant Referral Certificates for
Vacancy Announcement NWS-NCEP-2005-0015

Case 1:07-cv-00353-JR    Document 22-9    Filed 01/18/2008    Page 16 of 67
JAN-04-2008 17:37 From:DOC_OGC_ELLD    3017132529    To:202 514 8780    P.42/49

Page 1 of 1

Hiring Management
Monster®

Home    Vacancy    Question Library    Applicant Manager    Reports    User Manager    Utility

**Vacancy | Applicant**

Applicant Manager Home >> U.S. Department of Commerce >> 54 NOAA >> 54-National Weather Service >> National Centers for Environmental Prediction >> Hydrometeorological Prediction Center >> Meteorologist >> NWS-NCEP-2006-0015-Meteorologist >> SA-DOC-0002 >> SA-DOC-0002 >> NWS-NCEP-2005-0015-0003 >> Applicant Listing

### Certificate Applications Listing

Return to Staging Area

Correspond with Applicants    Change Statuses    Certs Listing

Current Grade: All Grades

| Name |
| --- |
| HABERECHT, ALAN |
| TRIPOLI, LANCE |
| KRYSTON, JOSEPH |
| REID, DENAIR |
| GROSSMAN, GERALD |

<< < [1] > >>    Page 1 of 1    Applications 1 - 6 of 6

Jump to page: [____]    Show 50 results per page.



Legend | Logout | Help
Sharon Whitehead, Jun 22, 2007
Maximum System Inactivity Time: 60 minutes

Home          Vacancy          Question Library          Applicant Manager          Reports          User Manager          Utility

**Vacancy | Applicant**

Applicant Manager Home >> U.S. Department of Commerce >> 54 NOAA >> 54-National Weather Service >> National Centers for Environmental Prediction >> Hydrometeorological Prediction Center >> Meteorologist >> NWS-NCEP-2005-0015:Meteorologist >> SA-DOC-0002 >> SA-DOC-0002 >> NWS-NCEP-2005-0015-0002 >> Applicant Listing

Return to Staging Area

Certificate Applications Listing

Correspond with Applicants     Change Statuses

Core Listing

All Grades
Clerical Grade: All Grades

| | Name |
|---|---|
| TP | HABERECHT, ALAN |
| NV | TRIPOLI, LANCE |
| TP | KRYSTON, JOSEPH |
| NV | REID, DENAIR |
| NV | GROSSMAN, GERALD |

<< < [1] > >>          Page 1 of 1          Applications 1 - 5 of 5

Jump to page: [    ]          Show 50 results per page.

# EXHIBIT   50

Vacancy Announcement NWS-NCEP-2005-0017, ROI Tab 14



# Vacancy Information



|  |  |
|---|---|
| **Announcement Number:** | **NWS-NCEP-2005-0017** |
| **Vacancy Description:** | **Meteorologist** |
| **Open Period:** | **12/22/2004 - 01/20/2005** |
| **Series/Grade:** | **GS-1340-12/13** |
| **Salary:** | **$60,638.00 TO $93,742.00** |
| **Promotion Potential:** | **GS-13** |
| **Hiring Agency:** | **NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATIO** |
| **Duty Locations:** | **1 vacancy in Prince Georges County , MD** |
| **For more information, Contact:** | **Glenda Martin, 301-713-0511 glenda.c.martin@noaa.gov** |

**Additional Information**

Who May Apply: All U.S. Citizens

Job Summary:
The National Centers for Environmental Prediction (NCEP) is seeking a
highly motivated, creative individual who will bring new ideas to
their Center.  The individual will be working in the
Hydrometeorological Prediction Center (HPC) in Camp Springs, Maryland
providing journey-level meteorological services.

Position provides journey-level meteorological services involved in
forecasting programs or climatological studies.

Key Requirements:
* Shift work is required
* Must be a U.S. Citizen in order to qualify for this position.
* Ensure that courses on transcript are equivalent to the requirements
* Time-in-grade requirements must be met by the closing date.

6/17/2005

\* Position may be filled at either the GS-12 or GS- 13 grade level.

Position Information:
Full-time
Permanent

Major Duties:
GS-12 & GS-13 Grade Levels

Incumbent serves as the journeyman forecaster preparing meteorologically consistent, high quality, and timely forecast products including the following:  model diagnostics discussion, day 2 and day 36 and 24-hour QPFs, probabilistic snow/icing products, tropical storm tracks, excessive rainfall forecasts, basic weather charts, medium range pressures, pops and temperature forecasts, and all accompanying narratives as required at each desk.

At GS-12 level the meteorologist will focus on one or two of the journeyman desks.  GS-13 Level forecaster will master all journeyman forecast desks, and occasionally serve as senior forecaster and shift supervisor.


Qualifications and Evaluations:
Basic Qualification Requirements: Bachelor's degree in meteorology, atmospheric science, or other natural science major that included:

1) At least 24 semester hours in meteorology including six semester hours in weather analysis and prediction of weather systems (synoptic/mesoscale); six semester hours of atmospheric dynamics and thermodynamics\*; three semester hours of physical meteorology; and two semester hours of remote sensing of the atmosphere and/or instrumentation.
2) Six semester hours of physics with at least one course that includes laboratory sessions\*.
3) Three semester hours of ordinary differential equations\*.
4) At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, computer science.

\*There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major.

                                        OR

Combination of education and experience-course work shown above, plus appropriate experience or additional education.

Applicants must provide documentation containing evidence that courses indicated on transcript are equivalent to the required courses (see "Qualifications and Evaluations") for basic qualifications.

To receive credit for education completed outside the United States you must show proof that the education has been submitted to a private organization that specializes in interpretation of foreign education and such education has been deemed at least equivalent to that gained in conventional U.S. education programs.


In addition to the basic requirements, applicants must have:
One Year of Specialized Experience equivalent to at least the next lower grade level.  Specialized experience must have equipped the applicant with the knowledge, skills and abilities as related to the experience questions listed below..

Applicants must meet all qualification requirements by the closing date of this announcement. Qualification requirements in the vacancy announcements are based on the U.S. Office of Personnel Management (OPM) Qualification Standards Handbook, which contains federal qualification standards. This handbook is available on the Office of Personnel Management's website located at http://www.opm.gov/qualifications.

In addition to the basic requirements, applicants must have: One Year of Specialized Experience equivalent to the next lower grade level or it's equivalent.  Specialized experience must have equipped the applicant with the knowledge, skills and abilities as related to the experience quesitons listed below.

How You Will Be Evaluated:
The Human Resource Division's review of applications is a three-step process. First, all candidates are evaluated to determine if they meet the basic eligibility requirements (i.e., are you a U.S. citizen, meet the "who may apply" description). If the candidate meets the Basic eligibility requirements, their application is reviewed again to determine if their background and/or education meets the OPM qualification requirements as described above. If so, they are considered basically qualified for the position.  The candidates Responses to the experience questions are used to evaluate their work experiences, which could be expected to significantly enhance their performance for the position to be filled.  The answers to these questions determine which candidates are best qualified for the Position and will be referred to the selecting official for consideration. No one is rated ineligible or not qualified solely for failure to possess a positive response to an experience, training, or awards question. Candidates are encouraged to provide Supplemental information in their experience statement which will be taken into consideration by the selecting official in the selection process. The best-qualified candidates will then be identified, or ranked, for referral to the selecting official.

How to Apply:
Application under this announcement requires the applicant to complete and submit a specially designed Quick Hire application. The submission of anything other than the Quick Hire application will result in your application not being considered under this vacancy announcement.

Please fax the appropriate cover sheet and a legible copy of the corresponding document to 301-562-8968.  Each document must be dialed and faxed in separately as each sheet includes an identification number, which ensures your document is processed correctly.

All documents requested must be received by the closing date of this announcement.

Required Documents:
If you are qualifying based on education or if the position has positive education requirements, you must also fax a copy of your college transcripts. If you are claiming veterans' preference, you must fax supporting documentation (i.e., DD-214, SF-15, VA letter) by the closing date of this vacancy announcement.

Status applicants and those with reinstatement eligibility must be prepared to submit a copy of an SF-50B "Notification of Personnel Action" upon request.

Applicants must provide documentation containing evidence that courses indicated on transcript are equivalent to the required courses (see "Qualifications and Evaluations") for basic qualifications.

Applicants called in for interview may be asked to provide additional

documentation at time of interview.

**What to Expect Next:**
Applicants will receive notice that their application has been
received.  Applicants can check the status of their application by
accessing the Department of Commerce, Quick Hire, Applicant Site at
https://jobs1.quickhire.com/scripts/doc.exe and clicking on "View My
Application Status".

**Benefits:**
This is a full-time PERMANENT position.  You will be employed by a
Federal Organization; you are eligible for benefits such as:

- A varied selection of cost-shared health insurance plans
- Life insurance coverage options
- Comprehensive retirement benefits
- A tax-deferred Thrift Savings Plan (401K)
- Annual leave
- Sick leave
- Paid holidays
- You may be eligible for flexible work schedules
- Overtime pay/ Compensatory time
- Participate in a Flexible Spending Account
- Transportation subsidy
- Payment of relocation expenses IS authorized

**Additional Information:**
Applicants selected for this position must be prepared to report for
duty even during periods of hazardous weather when other offices are
closed; to work rotating shifts for an organization which is always
open, including weekends, nights, holidays; and willing to
occasionally attend training classes or other seminars which require
travel out of town for typically 1 to 2 weeks?

The Department of Commerce provides reasonable accommodations to
applicants with disabilities. If you need a reasonable accommodation
for any part of the application and hiring process, please notify
Human Resources Office listed below. The decision on granting
reasonable accommodation will be on a case-by-case basis.

Status applicants and those with reinstatement eligibility must be
prepared to submit a copy of an SF-50B "Notification of Personnel
Action" upon request.

Payment of relocation expenses IS authorized.

Applicants will be notified of the outcome of the announcement only
if selected.

If you are a displaced Federal employee you may be entitled to
receive special priority selection under the Interagency Career
Transition Assistance Program (ICTAP). To receive this priority
consideration you must: (1) Be a displaced Federal employee. You MUST
submit a copy of the appropriate documentation such as a RIF
separation notice, a letter from OPM or your agency documenting your
priority consideration. The following categories of candidates are
considered displaced employees. A. Current or former career or career-
conditional (tenure group I or II) competitive service employees who:
(1) Received a specific RIF separation notice; or (2) Separated
because of a compensable injury, whose compensation has been
terminated, and whose former agency certifies that it is unable to
place; or (3) Retired with a disability and whose disability annuity
has been or is being terminated; or (4) Upon receipt of a RIF
separation notice retired on the effective date of the RIF; and can
submit a Standard Form 50 that indicates "Retirement in lieu of RIF";
(5) Retired under the discontinued service retirement option; or (6)
Was separated because he/she declined a transfer of function or
directed reassignment to another commuting area. OR B. Former

Military Reserve or National Guard Technicians who are receiving a special Office of Personnel Management (OPM) disability retirement annuity under section 8337 (h) or 8456 of title 5 United States Code. 2. Be applying for a position at or below the grade level of the position from which you have been separated. The position must not have a greater promotion potential than the position from which you were separated. 3. Have a current (or last) performance rating of record of at least fully successful or equivalent. (This requirement does not apply to candidates who are eligible due to compensable injury or disability retirement.) A copy of this current performance rating MUST be submitted along with your ICTAP proof of eligibility. 4. Occupy or be displaced from a position in the same local commuting area of the position for which you are requesting priority consideration. 5. File your application and supporting documents by the vacancy announcement closing date and meet all the application criteria. 6. Be rated well qualified for the position. To be Considered well qualified, applicants must meet the basic Qualification standards; physical, suitability, and education Requirements; and, meet specific evaluation criteria as contained in The rating and ranking questions.

Disabled veterans, handicapped and other applicants eligible for noncompetitive appointment under special appointing authorities, must indicate eligibility in this application and submit proof of eligibility by 12:00 a.m. midnight of the closing date of this announcement. Please fax using the appropriate covers sheet and a legible copy of the corresponding document to (301) 562-8968. Each document must be dialed and faxed in separately as each sheet includes an identification number, which ensure your document is process correctly.

Please fax the appropriate cover sheet and a legible copy of the corresponding required documents to 301-562-8968. Each document must be dialed and faxed in separately as each sheet includes an identification number, which ensures your document is processed correctly.

# This is a PREVIEW ONLY! To apply for the vacancy you will answer the questions online.

## Job Specific Questions

## All Grades

**1. Please describe previous projects in which you applied communication abilities**

(Essay Question)

**2. Do you have experience conducting presentations and orally communicating technical details to lay audiences in a manner that they would understand?**
  1. I have not had education, training or experience in performing this task.
  2. I have had education or training in performing this task, but have not yet performed this task on the job.
  3. I have performed this task on the job with close supervision from a supervisor or senior employee.
  4. I have performed this task as a regular part of the job, independently and usually without review by a supervisor or senior employee.
  5. I have supervised performance of this task and/or I have trained others in performance and/or am normally consulted as an expert for assistance in performing this task.

14 — 5

**3. Do you have experience attending meetings, conferences, etc representing an organization?**
   1. I have not had education, training or experience in performing this task.
   2. I have had education or training in performing this task, but have not yet performed this task on the job.
   3. I have performed this task on the job with close supervision from a supervisor or senior employee.
   4. I have performed this task as a regular part of the job, independently and usually without review by a supervisor or senior employee.
   5. I have supervised performance of this task and/or I have trained others in performance and/or am normally consulted as an expert for assistance in performing this task.

**4. Do you have additional college experience beyond the Bachelor's degree in a related major (i.e., meteorology, hydrology, atmospheric science, physics or computer science)?**
   1. Bachelor's degree plus 15 hours of additional graduate level courses.
   2. Masters degree
   3. Masters degree plus 15 hours of additional graduate level courses.
   4. PhD

**5. Have you applied state of the art scientific results to operational forecasting?**
   1. I have had education or training in performing this task, but have not yet performed it in a professional setting.
   2. I have performed this task in a professional setting. My work on this task was monitored closely by a supervisor or senior employee to ensure compliance with proper procedures.
   3. I have performed this task in a professional setting as a regular part of my duties. I have performed it independently and normally without review by a supervisor or senior employee.
   4. I have not had education, training or experience in performing this task.

**6. Have you assessed the current and forecast state of the atmosphere based upon a scientific process which integrates information from meteorological and hydrological data?**
   1. I have performed this task on the job, or as college level labwork. My work on this task was monitored closely by a supervisor, or instructor at an academic institution.
   2. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.
   3. I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have taught or instructed in this task in a college lab.
   4. I have not had education, training or experience in performing this task.

**7. Have you participated or been a member on a weather related local, regional or national teams.**
   1. I have participated on local teams .
   2. I have participated on regional teams
   3. I have participated on national teams.
   4. I have not participated on any teams.

**8. Have you coordinated with other offices and customers the collection and preparation of hydrometeorological forecasts and warnings?**
   1. I have performed this task on the job, or as college level labwork. My work on this task was monitored closely by a supervisor, or instructor at an academic institution.
   2. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.
   3. I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have taught or instructed in this task in a college lab.
   4. I have not had education, training or experience in performing this task.

**9. Have you issued hydrometeorological forecasts, warnings, summary products, and observations?**
   1. I have performed this task on the job, or as college level labwork. My work on this task was monitored closely by a supervisor, or instructor at an academic institution.
   2. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.
   3. I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have taught or instructed in this task in a college lab.

4. I have not had education, training or experience in performing this task.

**10. Have you successfully completed job related training, elective university courses (residence or correspondence) outside of a degree program?**
1. 1 course
2. 2 courses
3. 3 or more courses
4. 0

**11. Have you successfully completed NWS COMET modules?**
1. I have completed 1-2 modules
2. I have completed 3 -4 modules
3. I have completed 5-6 modules
4. I have completed more than 7 modules
5. I have not completed these courses

**12. Have you utilized AWIPS or any other integrated computer workstation platforms containing hydrometeorological data and information for hydrometeorological analysis and forecasting, including basic operator uses such as powering up and down the workstations?**
1. I have performed this task on the job, or as college level labwork. My work on this task was monitored closely by a supervisor, or instructor at an academic institution.
2. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.
3. I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have taught or instructed in this task in a college lab.
4. I have not had education, training or experience in performing this task.

**13. How many articles have you authored/coauthored which were published in conference pre-prints/post-prints.**
1. 1
2. 2
3. 3 or more
4. 0

**14. Number of articles authored/coauthored which were published in a refereed publication (i.e., BAMS, JAM, NWA Digest, Weather & Forecasting).**
1. 1
2. 2
3. 3 or more
4. 0

**15. Number of weather presentations you have given at workshops or conferences.**
1. I have given 3 or more presentations at local workshops/conferences.
2. I have given 2 or more presentations at regional workshops/conferences.
3. I have given presentations at national workshops/conferences.
4. I have not given any presentations

**16. Number of Primary Focal Point or Program Leader positions held (WSR-88D, AWIPS, Hydrology, CPM, Assistant WCM/SOO, PC/LAN, Fire Weather, Marine, Aviation/Public/Short-term/Long-term forecasts, SDM, Verification, AFOS, CRS, ASOS, Upper Air, Storm Data, Quality Assurance) within the last five years.**
1. 1
2. 2
3. 3 or more
4. 0

For support : mgshelp@monster.com.     Contact phone:(866) 656-6831

US Department of Commerce, 1401 Constitution Avenue, NW, Washington, DC 20230

https://jobs1.quickhire.com/scripts/doc.exe/runpreview                14                6/17/2005

# EXHIBIT   51

Position Description for Meteorologist, GS-1340-12, ROI, Tab 15

## Position Description

### Meteorologist GS-1340-12

## Forecast Operations Branch

## National Centers For Environmental Prediction
## Camp Springs, MD

GS-1340-12                                  November 4, 1994

NOTE: THE SENTENCE IN PART I DESCRIBING THE PURPOSE OF THE POSITION AND PARTS II AND III IN THEIR ENTIRETY ARE PERMANENT PARTS OF THE LIBRARY AND MAY NOT BE CHANGED OR EDITED IN ANY WAY.

## I. INTRODUCTION

This position is located in: The Forecast Operations Branch of the Hydrometeorological Prediction Center of NCEP.

This position provides journey-level meteorological services involved in forecasting programs or climatological studies.

## II. MAJOR DUTIES AND RESPONSIBILITIES

Performs a wide range of assignments of considerable difficulty and complexity in forecasting or climatology. May perform one or more of the following:

Prepares and issues forecast and severe weather warnings for aviation, marine and storm surge warnings, public weather forecast, etc. May perform focal-point duties for a specific meteorological program area.

Consults with a wide variety of government and other officials to determine specific needs for climatological services; devises techniques and procedures to assure uniform processing system that is responsive to those needs. Tests and evaluates accuracy and operational feasibility of new meteorological products.

Provides technical guidance on climatological projects such as preparing monthly, seasonal, and annual cross sections of temperature, pressure and density from pole to pole, including standard deviations of parameters and ranges from the earth's surface to mesospheric heights.


## III. FACTOR LEVELS


### Factor 1 - Knowledge Required FL 1-7 1250 pts.

Knowledge of theories, methods and techniques of professional meteorology sufficient to serve as a recognized specialist on assignments of considerable difficulty and complexity, such as serving as shift or focal point forecaster, or specialist for a meteorological sub-discipline.

Ability to develop innovative approaches and techniques for specialized applications sufficient to prepare and issue a variety of forecast products, e.g, public service, aviation, and other specialized weather services; or to determine needs, techniques, and procedures for specific climatological services.

### Factor 2 - Supervisory Controls FL 2-4 450 pts.

Assignments are received in broad terms with a general outline of objectives. Supervisor and employee may collaborate on items of new technology, with most or all technical responsibility delegated to employee. Controversial problems are brought to supervisor for advice and assistance. Completed work is reviewed for adequacy and compliance with overall policy.

### Factor 3 - Guidelines FL 3-4 450 pts.

Standard operating procedures exist in forecast offices; otherwise technical literature is available. Assignments often require significant deviations from guidelines, or development of novel approaches for specific applications or assignments.

### Factor 4 - Complexity FL 4-4 225 pts.

Assignments consist of: independent forecasting on shifts; evaluating observations; analyzing weather systems in terms of a number of computer weather models; and determining whether to issue advisories or warnings. The latter is usually done under pressure of deadlines, often with inadequate, incomplete, or contradictory data. Climatological studies are based on a wide variety of data which must be interpreted and/or reconciled.

### Factor 5 - Scope and Effect FL 5-4 325 pts.

Purpose of work is to make a wide variety of technically sound commitments and

12/16/2005  09:27   3017638085          HPC/OPC                    PAGE  17

recommendations. These are relied upon by management, the general public and special user groups in planning their activities and actions affected by weather.

Factor 6 - Personal Contacts FL 6-3 60 pts.

Contacts are with employees in the unit, officials of other Federal, state and local government agencies, general and specific nongovernmental user groups, and the general public.

Factor 7 - Purpose of Contacts FL 7-2 50 pts.

Contacts are to determine specific service needs and requirements, evaluate quality of service furnished, and make a wide variety of commitments and recommendations.

Factor 8 - Physical Demands FL 8-1 5 pts.

Work is primarily sedentary, and may involve rotating shifts.

Factor 9 - Work Environment FL 9-1 5 pts.

The work is performed in a typical office setting.

TOTAL = 3,020 pts.

This position is exempt from coverage under the Fair Labor Standards Act.

IV. UNIQUE POSITION REQUIREMENTS

**KSA ANALYSIS WORKSHEET**
**Meteorologist**
**NCEP/HPC-FOB**
**GS-1340-12**

| Column 1<br><br>KNOWLEDGE, SKILLS, ABILITIES | Column 2<br><br>ESSENTIAL |
|---|---|
| 1.  * Knowledge of NWS's products | YES |
| 2.  * Ability to analyze meteorological conditions<br><br>    * Scientific knowledge of the world's atmosphere<br><br>    * Knowledge of Numerical Weather Prediction (NWP) Models in use in the United States and in other countries<br><br>    * Skill in written and oral communications<br><br>    * Ability to keep abreast of the latest technology<br><br>     * Ability to assess Numerical Model performance | YES<br><br>YES<br><br>YES<br><br>YES<br><br>YES<br><br>YES |
| 3.<br>     *Ability to analyze situation and make sound recommendations to meteorologists in the National Center as well as meteorologists in NWS field offices<br><br>     *Ability to successfully participate as an active team member in a National Center environment | YES<br><br>YES |

15   4

# EXHIBIT   52

Declaration of Robert Kelly, dated December 15, 2005, ROI, Tab 12

12/16/2005   09:27    3017638085                    HPC/DPC                         PAGE   02

## DECLARATION OF ROBERT W. KELLY

Gerald Grossman

    v.

                                Agency Case Number: 05-54-00161

U.S. Department of Commerce


I, Robert W. Kelly, GS-1340-15, Chief, Forecast Operations Branch,

Hydrometeorological Prediction Center, National Weather Service, National Oceanic

and Atmospheric Administration, U.S. Department of Commerce, pursuant to 28 U.S.C.

§ 1746, hereby declare:


I am submitting this in response to questions by Chief Investigator Sandra Zanelotti,

regarding the complaint filed by Gerald Grossman, applicant for employment.


I understand the claims accepted for investigation to be as follows:


      Gerald Grossman (Complainant) alleges that he was discriminated against due

      to his age (DOB: 2/10/43) when he was not selected for the position of

      Meteorologist, GS-1340-12/13, as advertised under Vacancy Announcement

      Number NWS-NCEP-2005-0017.


For the record I have held my current position since November 2002. My date of birth

is February 1, 1950. I do not know Complainant.


Page __1__ of __4__ Pages                                Initials: _RWK_

James Hoke, Director, Hydrometeorological Prediction Center, was the selecting official for the position of Meteorologist, GS-1340-12/13, as advertised under vacancy announcement number NWS-NCEP-2005-0017. I being the Chief of the Forecast Operations Branch interviewed the candidates for this position and made a recommendation for selection to Mr. Hoke. My recommendation for selection was approved by Mr. Hoke.

Prior to receiving the certificate of eligible candidates from Human Resources I determined that I wanted to interview a minimum of three eligible candidates but no more than five or six eligible candidates. When I received the certificates of eligible candidates I determined that 90 was a good breaking point in the scores to determine who would be interviewed for the position. This score gave me a minimum of three candidates and a maximum of six candidates to be interviewed. The scores each applicant received were generated by the quick hire system based on answers to questions asked during the application process.

I decided to interview all applicants whose scores, rounded to the nearest whole number, were 90 or above. I interviewed five candidates. Complainant was not one of the candidates interviewed. Joshua Scheck (92.89), Harlan Shannon (92.00), Declan Cannon (92.22), Gerald ClayComb (92.22) and Lyle Alexander (89.56), were interviewed for the position. Vijaya Karyampudi (93.56) scored higher than 90 but was not interviewed for the position because he previously worked in the HPC and I had

Page __2__ of __4__ Pages                            Initials: __RWK__

sufficient personal knowledge of his qualifications for the position.  Gerald Grossman (85.78), and Jesus Colon (84.44) were not interviewed for the position, because they scored lower than a 90.

Joshua Scheck, Harlan Shannon and Declan Cannon were on the certificate of non-status applicants at the GS-12 level.  Harlan Shannon, Lyle Alexander, Gerald Grossman and Jesus Colon were on the certificate of status applicants at the GS-12 level.  Vijaya Karyampudi, Gerald Claycomb, and Harlan Shannon were on the certificate of non-status applicants at the GS-13 level. Gerald Claycomb, Harlan Shannon, Alexander Lyle, and Gerald Grossman were on the certificate of status applicants at the GS-13 grade level.  The selection was made from the non-status certificate at the GS-12 level. Complainant was not on this certificate of eligible candidates.

When reviewing the applications of the five candidates who would be interviewed and during the actual interview of them as candidates I used the following ranking factors: Forecasting Experience and Skill, Leadership (demonstrated and potential), Team Participation, Growth (demonstrated and potential).  After the interviews, I ranked Harlan Shannon as the highest and was offered the position.  Harlan Shannon declined the position.  The next person who scored the highest was Joshua Scheck, who had already been hired for another vacancy in our office prior to the offer being made for this position.  The third highest candidate after the interview was Declan Cannon.  Mr.

Page __3__ of __4__ Pages                    Initials: _MWK_

─ Vri∴  ⸱  12 ⸱⸱∴⸱ 3

12/16/2005  09:27   3017638085                HPC/OPC                              PAGE  05

Cannon was offered the position and accepted.

At no time was Complainant's age known or considered.  We selected the best person

for the position.

I have read the above statement consisting of __4__ pages.  I declare under the

penalty of perjury that my statement is true, correct and complete to the best of my

knowledge and belief.  I understand that the information I have given is not to be

considered confidential and that it may be shown to the interested parties.


_____*NW Kelly*_____                          _____*Dec 15, 2005*_____

**Signature**                                 **Executed on**


Page __4__ of __4__ Pages                     Initials: ___*NWK*___

# EXHIBIT   53

Declaration of James E. Hoke, dated December 14, 2005, ROI, Tab 11

## DECLARATION OF JAMES E. HOKE

Gerald Grossman

     v.

U.S. Department of Commerce

Agency Case Number: 05-54-00161

I, James E. Hoke, ES-1340-00, Director, Hydrometeorological Prediction Center (HPC),

National Weather Service, National Oceanic and Atmospheric Administration, U.S.

Department of Commerce, pursuant to 28 U.S.C. § 1746, hereby declare:

I am submitting this in response to questions by Chief Investigator Sandra Zanelotti,

regarding the complaint filed by Gerald Grossman, applicant for employment.

I understand the claims accepted for investigation to be as follows:

> Gerald Grossman (Complainant) alleges that he was discriminated against due
>
> to his age (DOB: 2/10/43) when he was not selected for the position of
>
> Meteorologist, GS-1340-12/13, as advertised under Vacancy Announcement
>
> Number NWS-NCEP-2005-0017.

For the record I have held my current position since about June 1995. My date of birth

is April 9, 1948.

I was the selecting official for the position of Meteorologist, GS-1340-12/13, as

Page __1__ of __4__ Pages                        Initials: __JEH__

advertised under vacancy announcement number NWS-NCEP-2005-0017. Robert
Kelly, Chief of the HPC Forecast Operations Branch, is the first level supervisor for this
position and as such Mr. Kelly interviewed the candidates for this position and made a
recommendation for selection to me. I approved Mr. Kelly's recommendation for
selection.

Mr. Kelly determined prior to conducting any interviews that only those applicants who
scored 90 (after rounding off) or above would be interviewed. Therefore, any applicants
who scored less than 89.5 were not interviewed. These scores are generated by the
quick hire system based on the answers to questions asked during the application
process. Mr. Kelly interviewed five candidates. Complainant was not one of the
candidates interviewed. Joshua Scheck (92.89), Gerald Claycomb (92.22), Harlan
Shannon (92.00), Declan Cannon (90.22), and Lyle Alexander (89.56) were interviewed
for the position. Vijaya Karyampudi (93.56) scored higher than 90 but was not
interviewed for the position because he had recently worked in our office and Mr. Kelly
has extensive knowledge of Vijaya Karyampudi's qualifications for the position. Gerald
Grossman (85.78) and Jesus Colon (84.44) were not interviewed for the position
because they scored lower than a 89.5.

Joshua Scheck, Harlan Shannon, and Declan Cannon were on the certificate of non-
status applicants at the GS-12 level. Harlan Shannon, Lyle Alexander, Gerald
Grossman, and Jesus Colon were on the certificate of status applicants at the GS-12
level. Vijaya Karyampudi, Gerald Claycomb, and Harlan Shannon were on the

Page __2__ of __4__ Pages                                    Initials: _____

certificate of non-status applicants at the GS-13 grade level. Gerald Claycomb, Harlan Shannon, Lyle Alexander, and Gerald Grossman were on the certificate of status applicants at the GS-13 level. The person hired was from the non-status certificate at the GS-12 level. Complainant was not on this certificate of eligible candidates.

During the review of the applications of the candidates who would be interviewed and during the interview of the five candidates Mr. Kelly used the following ranking factors: forecasting experience and skill, demonstrated and potential leadership, team participation, and demonstrated and potential growth. After the interview round Harlan Shannon scored the highest and was offered the position. Harlan Shannon declined the position. The person who scored the next highest was Joshua Scheck, who was hired instead for another vacancy in our office. The third highest candidate after the interview was Declan Cannon. Mr. Cannon was offered the position and accepted.

At no time during the selection process was Complainant's age known or considered. We selected the best available person for the position.

Page _3_ of _4_ Pages                                    Initials: _WH_

11 of 3

I have read the above statement consisting of four pages, including this signature page. I declare under the penalty of perjury that my statement is true, correct, and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

_____
Signature

12/14/2005
_____
Executed on

Page 4 of 4 Pages

Initials: _____

# EXHIBIT  54

Certificates of Eligibles

NWS-NCEP-2005-0017-0001
update cert_templates with:

&lt;Certificate_Title&gt;
U.S. Department of Commerce
Hydrometeorological Prediction Center
Issued On: 01/25/2005

OCCUPATION:  NWS-NCEP-2005-0017 Meteorologist 1340-13
LOCATION:  Prince Georges County , MD

Please return certificate by:  04/25/2005
 Series: 1340

 Grade: 13

     92.22    CLAYCOMB, GERALD

          Phone:

     92.00    SHANNON, HARLAN

          Phone:

     89.56    ALEXANDER, LYLE

          Phone:

     85.78    GROSSMAN, GERALD

Phone:

Selecting Official Signature:

_____     Date:

_____
Selecting Official:  Glenda Martin

For questions or comments please notify Glenda
Martin.

**

NWS-NCEP<sub>T</sub>2005-0017-01

update cert_templates with:

<Certificate_Title>
                                    U.S. Department of
Commerce
                                Hydrometeorological
Prediction Center
                                        Issued On:
01/24/2005


OCCUPATION:  NWS-NCEP-2005-0017 Meteorologist
1340-12
LOCATION:  Prince Georges County , MD

Please return certificate by:  04/24/2005
 Series: 1340

 Grade: 12

      92.00  NV    SHANNON, HARLAN



            Phone:

    89.56  NV    ALEXANDER, LYLE



            Phone:

    85.78  NV    GROSSMAN, GERALD



            Phone:

    84.44  NV    COLON, JESUS

Phone:

Selecting Official Signature:

_____    Date:
_____

Selecting Official:   Glenda Martin

For questions or comments please notify Glenda
Martin.

**

{R}{PAGE_NUMBER}

# Hiring Management
## monster·

NWS-NCEP-2005-0017-0002

update cert_templates with:

<Certificate_Title>

Commerce                                  U.S. Department of

                                          Hydrometeorological

Prediction Center

01/24/2005                                Issued On:


OCCUPATION:   NWS-NCEP-2005-0017 Meteorologist 1340-12

LOCATION:   Prince Georges County , MD

Please return certificate by:  04/24/2005
 Series: 1340

 Grade: 12


     92.89  NV    SCHECK, JOSHUA



                 Phone:

     92.00  NV    SHANNON, HARLAN



                 Phone:

     90.22  NV    CANNON, DECLAN



                 Phone:

Selecting Official Signature:

_____    Date:

Selecting Official:   Glenda Martin

For questions or comments please notify Glenda
Martin.

**

{R}{PAGE_NUMBER}

NWS-NCEP-2005-0017-DEU0003

update cert_templates with:

<Certificate_Title>                     U.S. Department of
Commerce
                          Hydrometeorological
Prediction Center
                          Issued On:
01/25/2005


OCCUPATION:  NWS-NCEP-2005-0017 Meteorologist
1340-13
LOCATION:  Prince Georges County , MD

Please return certificate by:  04/25/2005
 Series: 1340

 Grade: 13

     93.56  NV    KARYAMPUDI, VIJAYA



     92.22  CPS    CLAYCOMB, GERALD



     92.00  NV    SHANNON, HARLAN



Selecting Official Signature:
_____     Date:
_____
Selecting Official:  Glenda Martin

For questions or comments please notify Glenda
Martin.

**
{R}{PAGE_NUMBER}

# EXHIBIT   55

All Applicant Data Report for Declan P. Cannon for
Vacancy Announcement NWS-NCEP-2005-0017, ROI, Tab 24

# U.S. Department of Commerce
# 711 Applicant Data Report

Announcement Number: NWS-NCEP-2 05-0017
Position Title: Meteorologist

Name: DECLAN P CANNON
Address1:
Address2:
City:
State:
Zip Code:
Plus 4:
Phone:
Email:
US Citizen: Y
Veteran Preference: NOT A VET

Core Questions
1. Are you a veteran who was separated from the armed forces under honorable conditions after completing an initial continuous tour of duty of 3 years (may have been released just short of 3 years)?
Answer:
2. No

2. Are you a current Federal employee?
Answer:
2. No

3. Are you a current Federal employee serving under a Veterans Recruitment Appointment (VRA) appointment?
Answer:
2. No

4. If you are a current Federal employee, by what agency and organization are you employed?
Answer: No Answer

5. If you selected "Other", please enter the agency and organization.
Answer: No Answer

6. If you are a Federal employee, under what type of appointment are you currently serving?
Answer:
9. I am not a Federal employee

7. If you selected "Other", please enter your current appointment type.
Answer: No Answer

8. If you are NOT currently serving in the competitive service as a permanent career or career conditional Federal employee, are you eligible for reinstatement?
Answer:
3. Not Applicable

9. If you are, or ever were, a Federal civilian employee, please indicate the pay plan of the highest grade level /pay band you held:
Answer:
22. I am not, nor have I ever been, a Federal civilian employee

10. If you selected "Other", please enter the Pay Plan.
Answer: No Answer

11. If you are, or ever were, a Federal civilian employee, please indicate the highest grade level/pay band you held that corresponds to the pay plan you identified in Question number 9 or 10.
Answer:
17. I am not, nor have I ever been, a Federal civilian employee

4/8/2005

EXHIBIT 24 -45- 1

12. If you are, or ever were, a Federal civilian employee, please indicate the dates of the highest grade level/pay band you indicated in Question number 11 (MM-YYYY to MM-YYYY or Present). If you are not, nor have ever been, a Federal civilian employee, please enter NA.
Answer: NA

13. If you are, or ever were, a Federal employee who held a permanent position in the competitive service, what is the highest grade level/pay band of the full performance level of that position?
Answer:
17. I am not, nor have I ever been, a Federal civilian employee

14. May we contact your current supervisor for a reference?
Answer:
1. Yes

15. Does the Department of Commerce employ any member of your family?
Answer:
2. No

16. If you selected "Yes", please provide the name, relationship, organization in which employed, and location if known.
Answer: No Answer

17. If you are a male at least 8 years of age, born after December 31, 1959, have you registered with the Selective Service System?
Answer:
3. Not Applicable

18. If you are a male at least 8 years of age, born after December 31, 1959 AND you have NOT registered with the Selective Service System, do you have an approved exemption?
Answer:
3. Not Applicable

19. Are you a retiree receiving a Federal annuity?
Answer:
2. No

20. Have you accepted a Voluntary Separation Incentive Payment (VSIP/"buyout") from a Federal agency within the past 5 years?
Answer:
3. Not Applicable

21. Are you eligible for noncompetitive appointment under a Special Appointing Authority?
Answer:
2. No

22. If you are eligible for non-competitive appointment under a Special Appointing Authority, what authority are you applying under?
Answer: No Answer

23. Displaced employee information:
Answer:
3. I am not a displaced employee from a Federal Agency.


**Assessment Questions**
What locations do you wish to apply to?
Prince Georges County , MD

What Grades do you wish to apply to?
12


**All Grades**

1. Please describe previous projects in which you applied communication abilities
Answer (0.0 points): During the course of my meteorological career I have had many opportunities to apply communication abilities. Most significantly, my long tenure in the broadcast meteorology sector has allowed countless opportunities to build a solid foundation in various communication skills. In addition, my recent role as CEO/Sales Manager of an environmental data company has enhanced my abilities in the dissemination of

information, both written and oral.

As a meteorologist at the Weather Channel for 16 years, I was involved on a daily basis with the communication of weather information to a broad viewing audience. This required converting a large amount of technical weather information into terminology that would be understood by the layman. Simultaneously, I provided numerous weather briefings to company meteorologists with regard to daily analysis and forecast weather conditions. I provided seasonal seminars on regional synoptic/mesoscale features across the country including the PSCZ, gap winds, barrier jets, gulf surges, Denver mesocyclone, coastal fronts, Maddox flash flood types, lake effect, cold air damming, etc. As a tropical coordinator, I was responsible for using analysis, satellite imagery and numerical guidance to communicate to all departments any relevant information that affected programming decisions. Throughout my Weather Channel career I was involved in numerous appearances at seminars, school assembly halls, and civic groups.
Three notable events included appearances in Southern California to talk about fire safety, a presentation on tropical climatology to the New York SEMO (State Emergency Management Office), and a presentation on severe weather at the Cincinnati Museum of Natural History and Science.

On a local broadcast level I was able to use my communications abilities to gain the television seals of approval from the National Weather Association and the American Meteorological Society. Working in Birmingham, Alabama meant severe weather coverage was quite demanding. It required continuous hours of uninterrupted broadcasting, using multiple sources of data, and maintaining a calm, knowledgeable demeanor throughout. Here again, many public speaking appearances were part of my annual routine

As CEO/Sales Manager of a private environmental data company I expanded upon my original experience in communicating/training of both meteorologists and non-meteorologists. I produced and led a seminar on Denver area weather patterns to the employees at the Denver International Airport Operations Center. My job responsibilities included training clients in the use of a NOAAPort Receive System and, at times, some basic training of a NAWIPS display system. As is typical with any sales position, I frequently attended professional conferences in order to keep current on new technologies and to establish new contacts.

2. Do you have experience conducting presentations and orally communicating technical details to lay audiences in a manner that they would understand?
Answer (7.0 points):
4. I have performed this task as a regular part of the job, independently and usually without review by a supervisor or senior employee.

3. Do you have experience attending meetings, conferences, etc representing an organization?
Answer (7.0 points):
4. I have performed this task as a regular part of the job, independently and usually without review by a supervisor or senior employee.

4. Do you have additional college experience beyond the Bachelor's degree in a related major (i.e., meteorology, hydrology, atmospheric science, physics or computer science)?
Answer (0 points):

5. Have you applied state of the art scientific results to operational forecasting?
Answer (5.0 points):
3. I have performed this task in a professional setting as a regular part of my duties. I have performed it independently and normally without review by a supervisor or senior employee.

6. Have you assessed the current and forecast state of the atmosphere based upon a scientific process which integrates information from meteorological and hydrological data?
Answer (9.0 points):
3. I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have taught or instructed in this task in a college lab.

7. Have you participated or been a member on a weather related local, regional or national teams.
Answer (5.0 points):
1. I have participated on local teams .

8. Have you coordinated with other offices and customers the collection and preparation of hydrometeorological forecasts and warnings?
Answer (7.0 points):
2. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.

9. Have you issued hydrometeorological forecasts, warnings, summary products, and observations?
Answer (9.0 points):
3. I am considered highly skilled in performing this task. I have supervised performance of this task or am consulted by other workers to assist them in doing this task because of my expertise Alternatively, I have taught or instructed in this task in a college lab.

10. Have you successfully completed job related training, elective university courses (residence or

correspondence) outside of a degree program?
Answer (9.0 points):
3. 3 or more courses


11. Have you successfully completed NWS COMET modules?
Answer (9.0 points):
4. I have completed more than 7 modules


12. Have you utilized AWIPS or any other integrated computer workstation platforms containing
hydrometeorological data and information for hydrometeorological analysis and forecasting, including basic
operator uses such as powering up and down the workstations?
Answer (9.0 points):
3. I am considered highly skilled in performing this task. I have supervised performance of this task or am
consulted by other workers to assist them in doing this task because of my expertise. Alternatively, I have
taught or instructed in this task in a college lab.


13. How many articles have you authored/coauthored which were published in conference pre-prints/post-prints.
Answer (5.0 points):
1. 1


14. Number of articles authored/coauthored which were published in a refereed publication (i.e., BAMS, JAM,
NWA Digest, Weather & Forecasting).
Answer (9.0 points):
4. 0


15. Number of weather presentations you have given at workshops or conferences.
Answer (5.0 points):
1. I have given 3 or more presentations at local workshops/conferences.


16. Number of Primary Focal Point or Program Leader positions held (WSR-88D, AWIPS, Hydrology, CFM, Assistant
MIC/SOO, PC/LAN, Fire Weather, Marine, Aviation/Public/Short-term/Long-term forecasts, SDM, Verification,
AFOS, CRS, ASOS, Upper Air, Storm Data, Quality Assurance) within the last five years.
Answer (5.0 points):
1. 3


**Resume**


                                                    ies)

Have you had a permanent appointment (i.e. career or career conditional) in the United States Competitive
Civil Service? NO

1. Are you a citizen of the United States of America? Yes


3. Do you hold a degree in meteorology, atmospheric science, or other natural science major that included the
24 semester (36 quarter) hours of credit as indicated in `Qualification Requirements`. Yes


1. Are you a status employee in the competitive Federal Service?
No

2. Are you appointable as a Reinstatement eligible?
No

3. Are you appointable as a VEO candidate?
No

4. Are you a CTAP or ICTAP eligible applicant?

No

Military Service
1. Are you a veteran of the United States military service?
NO

General Education Information Mark highest level completed: HS/GED
Last high school (HS) or GED school School's Name: SMITHTOWN HIGH SCHOOL EAST
City: SMITHTOWN State: NY Zip: 11787
Year Diploma or GED Received: 1975

Colleges and Universities Attended School 1 Name: LYNDON STATE COLLEGE
City: LYNDONVILLE State: VT Zip: 05851
Total Credits Earned: 122 Semester Credits Quarter Credits

Major(s): METEOROLOGY
Degree (if any) - Year Received: B.S. METEOROLOGY 1981

Other Qualifications Job-related training courses (give title and year). Job-related skills (other languages,
computer software/hardware, tools, machinery, typing speed, etc. Job-related certifications and licenses
(current only). Job-related honors, awards, and special accomplishments (publications, memberships in
professional/honor societies, leadership activities, public speaking, and performance awards.) Give dates.
Your other qualifications must be limited to no more than 3000 characters (approximately 35 - 40 lines of
text). TRAINING NEXRAD APPLICATIONS AND THE MEDIA 1990 DOPPLER RADAR/SEVERE CONVECTIVE STORMS(TWC) 1997 AMS
SHORT COURSE ON WEATHER DATA SOURCES/DESCRIPTIONS/FORMATS 1998 BARONS RADAR TRAINING 1998 BARONS STORMWARN
TRAINING 1998 WSI WXGRAPHICS TRAINING 1998 DYNCORP WXWIRE TRAINING 1998 NWA QPF WORKSHOP 1999 NWA WATER VAPOR
SATELLITE IMAGERY 1999 AWIPS WORKSHOP AMS 2002 UNIDATA GEMPAK WORKSHOP 2002 SKILLS SATELLITE INTERPRETATION
SFC/UPPER AIR ANALYSIS AND FORECASTING SOME LINUX/UNIX EXPERIENCE NAWIPS FAMILIARITY AWIPS SBN SYSTEM
HARDWARE/SOFTWARE EXPERIENCE(NOAAPORT) WMO DATA SOURCES,FORMATS CERTIFICATIONS AMS MEMBER(TV SEAL OF
APPROVAL) NWA MEMBER(TV SEAL OF APPROVAL) IEEE MEMBER IEE GEOSCIENCE AND REMOTE SENSING SOCIETY SIGMA ZETA
NATIONAL HONOR SOCIETY 1979-1981 SPECIAL ACCOMPLISHMENTS,AWARDS,HONORS FIRE WEATHER SAFETY TALK TO MIDDLE
SCHOOLS IN SOCAL (TWC) 90'S LST WORKSHOPS ON REGIONAL SYNOPTIC/MESOSCALE FEATURES (TWC)1995-1998 SEVERAL STAR
AWARDS AT TWC FOR TROPICAL COVERAGE 1997-1998 CONDUCTED WX WORKSHOP FOR ATC AT DIA OPERATIONS CENTER 2002
MOST ACCURATE FORECAST BHM TV STATIONS(WEATHERATE,INC)2004

Work ExperienceDescribe your paid and non-paid work experience in the spaces below. Your work experience may
be entered in any order. The system will resort your entries based on the To date, after you submit your
application. Please ensure your work experience clearly describes your qualifications for this position.
May we contact your current supervisor? Yes
Work Experience #1
Job Title - CHIEF METEOROLOGIST 04/2004 through 08/2004

Supervisor - ...
Work Experience DescriptionANALYZE METEOROLOGICAL DATA PREPARE FORECASTS USING NWP GUIDANCE,SATELLITE
IMAGERY,AND RADAR PRODUCE WX GRAPHICS ON UNIX BASED SYSTEM PRESENT WXGRAPHICS/FORECAST DURING 5,6,10PM
NEWSCASTS PRESENT SEVERE WEATHER BROADCASTS AS NECESSARY PRESENT WEATHER INFORMATION/EDUCATION TO
SCHOOL/CIVIC GROUPS ROUTINELY MAINTAIN AND UPGRADE UNIX SOFTWARE ON GRAPHICS MACHINES USE BARONS RADAR
SOFTWARE TO ANALYZE/PRESENT SEVERE WEATHER UPDATES MAINTAIN WXWIRE SYSTEM AND IT'S WMO HEADERS
PREPARE/DISSEMINATE FORECASTS FOR RADIO STATION AND WEATHERLINE

Work Experience #2
Job Title - CEO/SALES MANAGER 07/2001 through 04/2004

25

Work Experience DescriptionMAINTAIN/INCREASE CLIENT DATABASE FOR NOAAPORT SYSTEM COMPANY TRAIN CLIENTS ON
NOAAPORT HARDWARE/SOFTWARE TRAIN CLIENTS ON VISUALIZATION HARDWARE/SOFTWARE(NAWIPS) INSTALL NOAAPORT SYSTEMS

APDC 24 415 5

THROUGHOUT COUNTRY ATTEND PERTINENT CONFERENCES/WORKSHOPS FOR SALES ENDEAVORS LIASON TO NWS REGARDING NOAAPORT TRANSITION TO DVB-S

Work Experience #3
Job Title - BROADCAST METEOROLOGIST 02/1998 through 02/2001

Work Experience DescriptionANALYZE METEOROLOGICAL DATA PREPARE FORECASTS USING NWP GUIDANCE,SATELLITE IMAGERY,AND RADAR PRODUCE WX GRAPHICS ON UNIX BASED SYSTEM PRESENT WXGRAPHICS/FORECAST DURING 5,6,10PM WEEKEND NEWSCASTS PRESENT SEVERE WEATHER BROADCASTS AS NECESSARY PRESENT WEATHER INFORMATION/EDUCATION TO SCHOOL/CIVIC GROUPS ROUTINELY MAINTAIN AND UPGRADE UNIX SOFTWARE ON GRAPHICS MACHINES USE BARONS RADAR SOFTWARE TO ANALYZE/PRESENT SEVERE WEATHER UPDATES MAINTAIN WXWIRE SYSTEM AND IT'S WMO HEADERS PREPARE/DISSEMINATE FORECASTS FOR RADIO STATION AND WEATHERLINE

Work Experience #4
Job Title - TROPICAL COORDINATOR 02/1997 through 02/1998

work experience descriptionPREPARED/PRESENTED HOURLY TROPICAL UPDATES AND SPECIAL COVERAGE PROVIDED BRIEFINGS TO ON AIR STAFF

Work Experience #5
Job Title - BROADCAST METEOROLOGIST/SUPERVISOR 02/1982 through 02/1998

Work Experience DescriptionANALYZE METEOROLOGICAL DATA PREPARE FORECASTS USING NWP GUIDANCE,SATELLITE IMAGERY,AND RADAR PRESENT WXGRAPHICS/FORECAST ON NATIONAL CABLE CHANNEL PRESENT SEVERE WEATHER BROADCASTS AS NECESSARY SUPERVISED STAFF OF 6 BROADCAST METEOROLOGISTS PREPARED PERFORMANCE EVALUATIONS AND WORK SCHEDULES PRESENT WEATHER INFORMATION/EDUCATION TO SCHOOL/CIVIC GROUPS

Work Experience #6
Job Title - QUALITY CONTROL METEOROLOGIST 05/1981 through 02/1982

Work Experience DescriptionANALYZED OCEANIC WEATHER DATA AND CHARTS MAINTAINED DATABASE OF WEATHER-ROUTED CLIENTS

Knowledge, Skills, and Abilities QuestionsAnswers to the following knowledge, skill and abilities questions, are required in your application under the Delegated Examining authority. Please provide a response to all of the questions. For every question you answer "yes" or indicate you have experience, please click on the drop-down box below the question and select the number of the work experience description entry, in your application, that BEST describes your experience and your knowledge, skills, and/or abilities that relates to that question. If your relevant experience was gained solely through coursework, click here for instructions.

1. How many focal point/program leader positions have you held in the past three years? 2-3

Select work experience which best describes where experience was gained for this question: CEO/SALES MANAGER with PLANETARY DATA, INC. best describes my experience.
Description of how this experience was acquired:SALES MANAGER OF NOAAPORT COMPANY WITH RESPONSIBILITY OF MAINTAINING CUSTOMER DATABASE , TRAINING SCHEDULES,SOFTWARE SUPPORT AGREEMENTS.I WAS THE SOLE SALES REPRESENTATIVE OF THE COMPANY AND ATTENDED NUMEROUS CONFERENCES,WORKSHOPS TO EDUCATE PROSPECTIVE CLIENTS ON OUR NOAAPORT SYSTEM AND ASSOCIATED DISPLAY SYSTEM. AS THE COMPANY CEO I WAS RESPONSIBLE FOR THE DAILY OPERATIONS AND SCHEDULING OF ALL INSTALLATION AND TRAINING.AS A BROADCAST CHIEF METEOROLOGIST I SERVED AS THE STATION SOURCE ON ALL WEATHER RELATED STORIES AND PARTICIPATED IN NUMEROUS WEATHER TALKS TO VARIOUS CIVIC GROUPS.

2. How many presentations have you given at local or regional weather workshops or conferences? Four or more

Select work experience which best describes where experience was gained for this question: BROADCAST



METEOROLOGIST/SUPERVISOR with WEATHER CHANNEL best describes my experience.
Description of how this experience was acquired:AT TWC I WAS RESPONSIBLE FOR OFFERING SEASONAL WORKSHOPS ON MESOSCALE AND SYNOPTIC PATTERNS ACROSS THE U.S.IN ADDITION, I LED A WORKSHOP ON DENVER LOCAL WEATHER PATTERNS FOR THE OPERATIONS STAFF AT THE DENVER INTERNATIONAL AIRPORT.I WAS AN INVITED SPEAKER FOR THE SOUTHEAST NEW YORK EMERGENCY MANAGEMENT CONFERENCE;MY PRESENTATION WAS ON TROPICAL SYTEMS AND CLIMATOLOGY AFFECTING THE EASTERN SEABOARD.

3. How many presentations have you given at national weather workshops or conferences 1

Select work experience which best describes where experience was gained for this question: BROADCAST METEOROLOGIST/SUPERVISOR with WEATHER CHANNEL best describes my experience.
Description of how this experience was acquired:1988 NATIONAL DROUGHT SYMPOSIUM SPONSORED BY WEATHER CHANNEL.

4. How many years experience do you have working with meteorological workstations? (For example AWIPS, N-AWIPS, etc...not PC's) 2-3
Select work experience which best describes where experience was gained for this question: CEO/SALES MANAGER with PLANETARY DATA, INC. best describes my experience.
Description of how this experience was acquired:PLANETARY DATA'S NGAAPORT SYSTEM IS OFFERED WITH A DISPLAY SYSTEM THAT INCORPORATES NAWIPS SOFTWARE. ON OCCASION I WOULD OFFER SOME TRAINING ON USE OF THE SOFTWARE TO CLIENTS.

5. Have you independently prepared medium range forecasts at either a field office or at a national center? Yes

Select work experience which best describes where experience wAs gained for this question: CHIEF METEOROLOGIST with WIAT TV best describes my experience.
Description of how this experience was acquired:UTILIZING NUMERICAL GUIDANCE AND TELECONNECTIONS I PREPARED MEDIUM RANGE FORECASTS FOR BROADCAST AUDIENCE AT LOCAL STATION. ADDITIONALLY, WHILE EMPLOYED AT THE WEATHER CHANNEL I ROUTINELY PREPARED BOTH SHORT AND LONG TERM FORECASTS USING AN ASSORTMENT OF EXTENDED GUIDANCE PRODUCTS

6. Are you experienced working with forecasters at a weather forecast office other than the one you currently work, or a national center, via phone or chatline to resolve conflicting forecast and analysis opinions? Yes

Select work experience which best describes where experience was gained for this question: BROADCAST METEOROLOGIST/SUPERVISOR with WEATHER CHANNEL best describes my experience.

Description of how this experience was acquired:AS PART OF THE TROPICAL COORDIANTOR SHIFT AT THE WEATHER CHANNEL I WOULD OCCASIONALLY COMMUNICATE DIRECTLY WITH TPC(FORMERLY NHC) TO ENSURE CONSISTENCY IN BULLETIN DISSEMINATION. AS A BROADCAST METEOROLOGIST THERE ARE MANY TIMES WHEN COORDIANTION WAS APPROPRIATE REGARDING SEVERE/SIGNIFICANT WEATHER WAS IMMINENT.

7. How often have you independently performed surface analysis on either a regional (several states) or national scale, in a job which you have held for at least one year?

Frequently (More than one per day)
Select work experience which best describes where experience was gained for this question: BROADCAST METEOROLOGIST with WIAT TV best describes my experience.

Description of how this experience was acquired:AS PART OF A DAILY SCHEDULE I WOULD PERFORM REGIONAL AND MESOSCALE ANALYSIS IN ORDER TO IOMPLEMENT THE FORECAST PREPARATION.

8.Have you occasionally worked independently on a forecast/analysis desk that is generally staffed by a higher graded person than yourself? Yes

Select work experience which best describes where experience was gained for this question: BROADCAST METEOROLOGIST/SUPERVISOR with WEATHER CHANNEL best describes my experience.

Description of how this experience was acquired:AT THE WEATHER CHANNEL I WAS INITIALLY WORKING UNDER THE AUTHORITY OF A LEAD FORECASTER WHO ENSURED PRODUCT QUALITY AND TIMELINESS.

Other Questions

1.Are you willing to attend courses at remote locations (e.g. NWSTC)? Yes

2. Are you willing to make a good faith effort to commute to work even under difficult/dangerous conditions such as weather emergencies Whenever Needed

3. Do you understand that this position requires the employee to work an equitable number of holidays and weekends, including Christmas, Thanksgiving, etc? Yes

EXHIBIT 24 -46- 7



Legenc
Glenda
Maximum System Inactivit

| Home | Vacancy | Question Library | Applicant Manager | Reports | User Manager |

## Vacancy | Applicant

Applicant Fax Data Home >> High School, College, Trade School Info

Vacancy Details: NWS-N CEP-2005-0017 Meteorologist

Staging Area Details: SA-DO C-0002

Applicant:  CANNC N, DECLAN

Return b

Applicant                          Application

Requested Document: Transcript          V ew Page     Rotate Image     Return to Documents Listing

📄 Page 1
📄 Page 2
📄 Page 3

FAX=12012
08=1
(Please do not write or mark above this line.)

# Fax Cover Sheet

| To: | QuickHire Fax Imaging | From: | CANNON, DECLAN |
| Fax: | 091-082-9898 | Pages: | 3 W/COVER E CLAR |
| Phone: | 205 925 6774 | Date: | 1-17 -05 |
| Re: | Applicant Documentation Transcript | | TRANSCRIPT AND CRASM CROSBLETOWN |

Fax Instructions

Fax the appropriate cover sheet and a legible copy of the
corresponding document. Each document must be dialed and faxed in
separately as each sheet includes an identification number, which
ensures your document is processed correctly. You should receive an
email that the fax has been received by HR. If you do not receive the
email then please fax the document again or contact
support@quickhire.com.

From: 2054287834    Page: 2/3    Date: 1/17/2005 2:10:31 AM

HONORS

REVERSE SIDE OF TRANSCRIPT HAS ADDITIONAL INFORMATION

```
25257 CANNON DECLAN              F 77
EN101 FRESHMAN COMP              3.0 C+  6.0
CH101 PRIN OF CHEMISTRY          3.0 A+ 12.0
MA111 ELEM FUNCTIONS I           4.0 B+ 15.0
ME103 CLIMATOLOGY I              3.0 A  12.0
PS101 INTRO TO GOVERNMNT         3.0 A- 12.0
SEM  16.0CR  16.0GR  54.0PTS 3.39GPA
CUM  16.0CR  16.0GR  54.0PTS 3.39GPA
```

```
25257 CANNON DECLAN              S 78
EN102 COMP & LITERATURE          3.0 A- 12.0
CH116 PRIN OF CHEMISTRY          3.0 A+ 12.0
ME115 LAB III                    4.0 B+ 15.0
MA112 ELEM FUNCTIONS II          3.0 A- 12.0
ME106 CLIMATOLOGY II             3.0 A  12.0
PS101 INTRO TO PSYCH             3.0 A  12.0
SEM  16.0CR  16.0GR  60.0PTS 3.75GPA
CUM  32.0CR  32.0GR 114.0PTS 3.56GPA
```

DEANS LIST

```
25257 CANNON DECLAN P            F78
MA211 CALCULUS I                 5.0 A  20.0
ME201 SYNOPTIC ANALY I           4.0 A+ 16.0
ME205 METEOR INSTRUMENTS         3.0 B   9.0
MU100 MUSIC APPRECIATION         3.0 A  12.0
SEM  16.0CR  16.0GR  57.0PTS 3.56GPA
CUM  48.0CR  48.0GR 171.0PTS 3.56GPA
```

DEANS LIST

```
25257 CANNON DECLAN              S 79
MA216 CALCULUS I                 5.0 B  15.0
ME105 AIR POLLUTION              3.0 A  12.0
ME202 SYNOPTIC ANALY II          4.0 A  16.0
ME303 PHYSCLIMATOLOGY            4.0 A  16.0
SEM  16.0CR  16.0GR  59.0PTS 3.69GPA
CUM  64.0CR  64.0GR 230.0PTS 3.59GPA
```

DEANS LIST

```
25257 CANNON DECLAN              F 79
MA317 CALCULUS I                 4.0 A  16.0
ME106 PHYS OCEANOGRAPHY          3.0 A  12.0
ME204 GEN METEOROLOGY I          4.0 A  16.0
PH209 PHYSICS I                  4.0 B+ 12.0
SEM  15.0CR  15.0GR  56.0PTS 3.73GPA
CUM  79.0CR  79.0GR 286.0PTS 3.62GPA
```

DEANS LIST

```
25257 CANNON DECLAN              S 80
MA418 DIFFERENTIAL EQUAN         3.0 A- 12.0
ME302 GEN METEOROLOGY II         4.0 A  16.0
ME306 ADVANCED SYNOPTIC          2.0 A  16.0
PH210 PHYSICS II                 4.0 B+ 12.0
SEM  13.0CR  13.0GR  46.0PTS 3.69GPA
CUM  92.0CR  92.0GR 334.0PTS 3.63GPA
```

```
25257 CANNON DECLAN              F 80
LF101 ELEMENTARY FRENCH          3.0 A  12.0
MA207 FORTRAN PROGRAMING         3.0 B   9.0
MA306 PROBABILITY                3.0 B   9.0
ME401 THEORETICAL MET I          4.0 A  16.0
ME404 FORCSTNGIBRDCSTNG          2.0 CR
SEM  15.0CR  15.0GR  46.0PTS 3.54GPA
CUM 107.0CR 105.0GR 380.0PTS 3.52GPA
```

```
25257 CANNON DECLAN              S 81
LF102 ELEM FRENCH II             3.0 A  12.0
MA300 MATH STATISTICS            3.0 A- 12.0
ME402 THEORETICAL MET II         4.0 A  16.0
ME404 PRACTICFCSTNGIBRDCB        4.0 A  16.0
ME490 I/S ADV SYNOPT ANL         2.0 B+  6.0
RC106 BASIC CANOEING             1.0 CR
SEM  15.0CR  12.0GR  46.0PTS 3.83GPA
CUM 122.0CR 117.0GR 426.0PTS 3.64GPA
```

DEANS LIST

GRADE REPORT

For Information Only

Not An Official Transcript

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

EXHIBIT 24 PAGE 9

From: 2054207834    Page: 3/3    Date: 1/17/2005 2:10:31 AM    Page 1 of 1

Declan Cannon

1) At least 24 semester hours in meteorology (*I have a total of 38 semester hours in meteorology*)
including six semester hours in weather analysis and prediction of weather systems
(synoptic/mesoscale); (*I have 12 semester hours in this category: Synoptic Analysis I and II, Advanced Synoptic Analysis, and Independent Study in Synoptic Analysis*)

six semester hours of atmospheric dynamics and thermodynamics*;
(*I have 8 semester hours in this category: Theoretical Meteorology I and II*)

three semester hours of physical meteorology;
(*I have 8 semester hours in this category: General Meteorology I and II, upper level courses that used the text by Horace Robert Byers and the text by Wallace and Hobbs*)

and two semester hours of remote sensing of the atmosphere and/or instrumentation.
(*I have 4 semester hours in Meteorological Instrumentation*)

2) Six semester hours of physics with at least one course that includes laboratory sessions*.
(*I have 8 semester hours of Physics: both Physics I and II included laboratory sessions*)
3) Three semester hours of ordinary differential equations*.
(*I have 3 semester hours of Differential Equations*)

4) At least nine semester hours of course work appropriate for a physical science major in any combination of three or more of the following: physical hydrology, statistics, chemistry, physical oceanography, physical climatology, radiative transfer, aeronomy, advanced thermodynamics, advanced electricity and magnetism, light and optics, computer science.
(*I have at least 27 semester hours across 5 courses in this category: Climatology I and II, MicroClimatology, Physical Oceanography, Chemistry I and II, Statistics, and Fortran Programming(computer science)*)

*There is a prerequisite or corequisite of calculus for course work in atmospheric dynamics and thermodynamics, physics, and differential equations. Calculus courses must be appropriate for a physical science major.
(*I have had 14 semester hours of Calculus: Calculus I,II, and III*)

1/17/2005

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

# EXHIBIT   56

All Applicant Data Report for Gerald Grossman for
Vacancy Announcement NWS-NCEP-2005-0017

# U.S. Department of Commerce
# All Applicant Data Report

Announcement Number: NWS-NCEP-2005-0017
Position Title: Meteorologist

Name: GERALD GROSSMAN
SSN:
Address:
Address2:
City:
State:
Post Code:
Plus4:
Phone:
Email: frontiaradjust@aol.com
United States Citizen: Y
Date of Birth:
Veteran Preference: NV
Start of Service:
End of Service:

Core Questions
1. Are you a veteran who was separated from the armed forces under honorable conditions after completing an initial continuous tour of duty of 3 years (may have been released just short of 3 years)?
Answer:
2. NO

2. Are you a current Federal employee?
Answer:
2. NO

3. Are you a current Federal employee serving under a Veterans Recruitment Appointment (VRA) appointment?
Answer:
3. NO

6. If you are a Federal employee, under what type of appointment are you currently serving?
Answer:
9. I am not a Federal employee

8. If you are NOT currently serving in the competitive service as a permanent career or career conditional Federal employee, are you eligible for reinstatement?
Answer:
1. Yes

9. If you are, or ever were, a Federal civilian employee, please indicate the pay plan of the highest grade level /pay band you held:
Answer:
10. GS

11. If you are, or ever were, a Federal civilian employee, please indicate the highest grade level/pay band you held that corresponds to the pay plan you identified in Question number 9 or 10.
Answer:
13. 13

12. If you are, or ever were, a Federal civilian employee, please indicate the dates of the highest grade level/pay band you indicated in Question number 11 (MM-YYYY to MM-YYYY or Present). If you are not, nor have ever been, a Federal civilian employee, please enter NA.
Answer: 1978-1984

13. If you are, or ever were, a Federal employee who held a permanent position in the competitive service, what is the highest grade level/pay band of the full performance level of that position?
Answer:

13. 13

14. May we contact your current supervisor for a reference?
Answer:
3. Please contact me first

15. Does the Department of Commerce employ any member of your family?
Answer:
1. Yes.

17. If you are a male at least 18 years of age, born after December 31, 1959, have you registered with the Selective Service System?
Answer:
3. Not Applicable

18. If you are a male at least 18 years of age, born after December 31, 1959 AND you have NOT registered with the Selective Service System, do you have an approved exemption?
Answer:
3. Not Applicable

19. Are you a retiree receiving a Federal annuity?
Answer:
2. No

20. Have you accepted a Voluntary Separation Incentive Payment (VSIP/"buyout") from a Federal agency within the past 5 years?
Answer:
2. No

21. Are you eligible for noncompetitive appointment under a Special Appointing Authority?
Answer:
2. No

23. Displaced employee information:
Answer:
3. I am not a displaced employee from a Federal Agency.

Assessment Questions
What locations do you wish to apply to?
Prince Georges County , MD

What grades do you wish to apply to?
12
13

All Grades

1. Please describe previous projects in which you applied communication abilities
Answer: While employed as a meteorologist at WTOP, I gave synoptic map discussions on a regular basis. These discussions were attended by up to 30 forecasters and scientists.

In 1979, I gave a presentation on the "President's Day Snowstorm" at the East Coast Storm Conference.

While working as a Commodity Trading Adviser, I regularly gave presentations to investors with respect to my trading program.

With respect to my patented Power Pivot Golf Shoe (patented in 1997). I have given numerous presentations to prospective investors.

2. Do you have experience conducting presentations and orally communicating technical details to lay audiences in a manner that they would understand?
Answer:
4. I have performed this task as a regular part of the job, independently and usually without review by a supervisor or senior employee.

3. Do you have experience attending meetings, conferences, etc representing an organization?
Answer:
4. I have performed this task as a regular part of the job, independently and usually without review by a supervisor or senior employee.

4. Do you have additional college experience beyond the bachelor's degree in a related major (i.e., meteorology, hydrology, atmospheric science, physics or computer science)?
Answer:
3. Masters degree plus 15 hours of additional graduate level courses.

5. Have you applied state of the art scientific results to operational forecasting?
Answer:
2. I have performed this task in a professional setting as a regular part of my duties. I have performed it independently and normally without review by a supervisor or senior employee.

6. Have you assessed the current and forecast state of the atmosphere based upon a scientific process which integrates information from meteorological and hydrological data?
Answer:
2. I have performed this as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.

7. Have you participated or been a member on a weather related local, regional or national teams.
Answer:
1. I have participated on local teams .

8. Have you coordinated with other offices and customers the collection and preparation of hydrometeorological forecasts and warnings?
Answer:
3. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.

9. Have you issued hydrometeorological forecasts, warnings, summary products, and observations?
Answer:
2. I have performed this task as a regular part of a job. I have performed it independently and normally without review by a supervisor or academic instructor.

10. Have you successfully completed job related training, elective university courses (residence or correspondence) outside of a degree program?
Answer:
1. 1 course

11. Have you successfully completed NWS COMET modules?
Answer:
5. I have not completed those courses

12. Have you utilized AWIPS or any other integrated computer workstation platforms containing hydrometeorological data and information for hydrometeorological analysis and forecasting, including basic operator uses such as powering up and down the workstations?
Answer:
4. I have not had education, training or experience in performing this task.

13. How many articles have you authored/coauthored which were published in conference pre-prints/post-prints.
Answer:
4. 0

14. Number of articles authored/coauthored which were published in a refereed publication (i.e., BAMS, JAM, NWA Digest, Weather & Forecasting).
Answer:
1. 1

15. Number of weather presentations you have given at workshops or conferences.
Answer:
3. I have given presentations at national workshops/conferences.

16. Number of Primary Focal Point or Program Leader positions held (WSR-88D, AWIPS, Hydrology, CPM, Assistant WCM/SOO, PC/LAN, Fire Weather, Marine, Aviation/Public/Short-term/Long-term forecasts, SCM, Verification, AFOS, CRS, ASOS, Upper Air, Storm Data, Quality Assurance) within the last five years.
Answer:
4. 0

Resume
Full Name: Gerald Crossman
Address:

Telephone (day and evening): ~~XXXXXXXX~~

**EDUCATION**

B. A. Degree in Mathematics from Boston University, 1965
Master's Degree in Meteorology from the University of Maryland, 1972

My Master's Thesis, "The Effect of Latent Heat on a Tropical Storm over Land" was published in the "Monthly Weather Review" in 1972.

**WORK EXPERIENCE**

Between June 1967 and January 1969, I was employed as an oceanographer with the National Oceanographic Data Center. I monitored marine buoy weather data for accuracy by comparing that data to nearby ship reports. I was hired as a GS-5 and promoted to a GS-7. My supervisor's name was Sidney Marcus.

Between June 1972 and August 1985, I was employed as a meteorologist with the National Centers for Environmental Prediction, Auth Rd., Camp Springs, MD. I was hired as a GS-9 and spent my last seven years as a GS-13.

I worked at least one year at each of the following branches:

Surface Analysis Branch: Prepared surface charts for Northern Hemisphere. Interpretation of satellite data and ship reports over the ocean was an important part of this task.

Aviation Branch: Produced Northern Hemisphere aviation forecasts, including surface isobaric patterns, cloud and turbulence forecasts. Interpreted ship reports and utilized satellite information over the oceans.

Heavy Precipitation Branch: Prepared 1-2 day quantitative precipitation forecasts. Also predicted areas of flash flooding and heavy snow. For these forecasts, we made extensive use of numerical computer model guidance as well as studies of model biases. Also utilized studies of precipitation forecasting mechanisms, such as warm advection, vorticity advection and slow moving frontal systems. Made extensive use of lifted index forecasts and infra-red satellite imagery.

Extended Forecast Branch: Prepared 3-5 day and 6-10 day temperature and precipitation forecasts for the United States, making extensive use of U. S. and European models, as well as studies of model biases.

Basic Weather Branch: Prepared forecasts of weather systems over the U. S. at 6 hour intervals going out to 48 hours, including frontal boundaries, precipitation areas (to include rain/snow boundaries) as well as frontal locations. Coordinated hurricane positions with National Hurricane Center. Wrote discussions and interfaced with field offices with respect to important weather systems.

In addition to these duties for each of these positions, I also lead synoptic map discussions that were attended by up to 30 forecasters and scientists.

I also attended annual meetings of the East Coast Storm Conference. In 1979, I gave an in-depth analysis of the President's Day Snowstorm.

In 1977, I received a rating of "outstanding".
In 1984, I won a cash award for outstanding forecasting.

From 1985 through 1995, I was a Commodity Trading Advisor who managed funds and traded weather sensitive commodities (agricultural and energy futures markets). During my peak year, 1991, I managed $13 million.

From 1988 through 1990, I was listed as one of the top five U. S. trading advisors in Barclay's "Managed Accounts Report".

Was honored in "Business Week" in 1994 as top CTA trading between $1 million and $10 million.

In June 1994, was only meteorologist in the U. S. commodity industry to forecast two devastating freezes in the Brazilian coffee producing region.

From 1996 to the present, I have been a weather forecasting consultant for large commodity funds.

**OTHER ACCOMPLISHMENTS**

In 1997, was granted two U. S. patents for a revolutionary method of swinging a golf club using a uniquely designed forward golf shoe.

Was consultant to "Washington Weather", a source book for DC weather published in 2002.

# EXHIBIT   57

Complainant's Comments on Partial Dismissal, dated April 21, 2006, submitted by
Gerald Grossman's counsel to the EEOC Administrative Judge

## IN THE UNITED STATES
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

FILED

APR 2 8 2006

EEOC - BALT. DIST.

**GERALD GROSSMAN**

   **Complainant,**

v.

**CARLOS M. GUTIERREZ, SECRETARY**
**U.S. DEPARTMENT OF COMMERCE**

   **Agency.**

EEOC No.: 531-2006-00086X

### COMPLAINANT'S COMMENTS ON PARTIAL DISMISSAL

   NOW COMES Complainant, Gerald Grossman, and responds to the Acknowledgment Order as follows[1]:

1.   Complainant concedes that Agency properly dismissed four of his allegations for failure to state a claim assuming that the positions were never filled;

2.   Complainant is without information and/or belief to challenge the dismissal of other claims based upon untimeliness since Agency is in custody and control of all evidentiary, pertinent information;

3.   Complainant would respectfully request that Agency is required to produce the SF-50's of the individuals selected to determine whether or not a dismissal is appropriate based upon untimeliness.

Respectfully submitted:

Date: April 21, 2006

Nathaniel D. Johnson (MD #14729)
3195 Old Washington Road
Waldorf, MD 20602

_____

[1] Complainant's representative received the Order on March 22, 2006.

## CERTIFICATE OF SERVICE

I, Nathaniel D. Johnson, affirm under the penalty of perjury that on this date, April 21, 2006, the foregoing Notice of Deposition was sent, via facsimile & pre-paid postage, to the following addressee :


Christopher M. Paridon, Esq.
Agency Representative
4700 Silver Hill Road
Suitland, MD 20746-2401

Nathaniel D. Johnson, Affiant

# EXHIBIT   58

Memorandum Opinion, dated January 11, 1999

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| CALVIN L. OSBORNE, |
| Plaintiff, |
| v. |
| ANDREW HOVE, as Chairman, Federal Deposit Insurance Corporation, |
| Defendant. |

Civil Action 97-1630 (HHK)

**F I L E D**

**JAN 1 1 1999**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**MEMORANDUM OPINION**

Calvin L. Osborne, an African American male attorney, alleges that he was a victim of race and sex discrimination and sexual harassment during his employment at the Federal Deposit Insurance Corporation ("FDIC") in violation of Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. § 2000e et seq. The FDIC has moved to dismiss Osborne's complaint or, in the alternative, for summary judgment. Because Osborne failed to exhaust his administrative remedies with respect to his discrimination claims and filed his sexual harassment claim untimely, the motion must be granted.

**I. FACTUAL BACKGROUND**

Osborne was employed by the FDIC under a renewable four-year contract that expired August 22, 1996. In February 1996, Osborne was assigned to work with Dina Biblin, a white female attorney, under the direct supervision of Loretta Pitt, an African American. Osborne soon became dissatisfied with this assignment. On February 12, 1996, Osborne wrote a memo to the general supervisor for his section,

/4

Tom Schulz, complaining of "increasing acrimony" between Biblin and himself. Osborne alleges that during the subsequent months, Biblin verbally abused him and forced him to endure lewd sexual comments, and that the stress of working with Biblin resulted in symptoms requiring medical attention.

In early August 1996, without notification, Schulz detailed Osborne to another section, thereby requiring Osborne to move his office to another building. Osborne questions the legitimacy of this reassignment. First, Osborne contends that the fact he never received a work assignment in the new section demonstrates that he was not actually needed there. Second, Osborne notes that his old office was not used during his reassignment, but remained vacant until after his contract expired. Finally, Osborne learned that Schulz had granted contract extensions to other employees. Osborne alleges that all of the extensions were granted to white women who had "no relevant work experience as to the tasks at hand."

Believing himself to be a victim of racial discrimination, Osborne contacted Karen Howze, an Equal Employment Opportunity Commission (the "commission") counselor, on August 12, 1996, alleging that the decisions to move his office and not to extend his contract were made because of his race. Osborne subsequently agreed to a 60-day extension to complete the initial investigation. The counselor conducted an initial interview on October 3, 1996. After counseling proved unsuccessful, Osborne received a "Notice of Right to File a Formal Complaint" letter on October 23, 1996.

2

Osborne filed his formal complaint with the commission on November 13, 1996, adding the allegation that Biblin had subjected him to sexual harassment in February, March and April 1996. The complaint was filed under Docket No. FDIC 97-10. On April 7, 1997, the commission issued a "Final Agency Decision" under Docket No. FDIC 97-10p, dismissing the sexual harassment allegation as untimely, and noting that the remaining claims were accepted for investigation under Docket No. FDIC 97-10. Accordingly, the FDIC on April 8, 1997, authorized Sondra Johnson to conduct an investigation of "all aspects" of Osborne's allegations relating to his office move and contract non-renewal.

On May 27, 1997, Johnson telephoned Osborne to obtain further information regarding the formal complaint. Osborne refused to respond. Instead, he observed that Johnson was affiliated with the same firm as counselor Howze and concluded that further investigations would be "futile." Osborne filed this suit on July 17, 1997, bringing claims for his reassignment, the expiration of his contract, and Biblin's alleged acts of sexual harassment.

## II. STANDARDS OF REVIEW

In its motion to dismiss, or in the alternative, for summary judgment, the FDIC argues that Osborne failed to exhaust his administrative remedies as to his claims regarding his reassignment and the expiration of his contract and that Osborne's sexual harassment claims were properly dismissed as untimely.

1

**A. Dismissal**

A Rule 12(b)(6) motion "tests the legal sufficiency of the complaint." <u>ACLU</u>

<u>Foundation of Southern Calif. v. Barr</u>, 952 F.2d 457, 472 (D.C. Cir. 1991). When

reviewing such motions, the court must take the allegations in non-movant's pleading

as true and must construe them in a light most favorable to the non-moving party.

<u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Sinclair v. Kleindienst</u>, 711 F.2d 291,

293 (D.C. Cir. 1983). Reviewed in this light, a motion to dismiss may not be granted

"unless it appears that a plaintiff can prove no facts in support of the claim which

would entitle the plaintiff to relief." <u>Conley</u>, 355 U.S. at 45-46.

**B. Summary Judgment**

A motion for summary judgment should be granted if and only if it is shown

"that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party's

"initial responsibility" consists of "informing the [trial] court of the basis for its

motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it

believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp.</u>

<u>v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks

omitted).

If the moving party meets its burden, the burden then shifts to the non-

moving party to establish that a genuine issue as to any material fact actually does

exist. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106

4

S. Ct. 1348, 1355 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. <u>Laningham v. Navy,</u> 813 F.2d 1236, 1242 (D.C. Cir. 1987). Such evidence must consist of more than mere unsupported allegations or denials and must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Celotex,</u> 477 U.S. at 322 n.3., 106 U.S. at 2552 n.3. If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986).

### III. DISCUSSION

#### A. The Reassignment and Contract Expiration

Congress intended cooperation and conciliation to be the preferred methods of enforcing Title VII of the Civil Rights Act of 1964. <u>W.R. Grace & Co. v. Local Union 459,</u> 461 U.S. 757, 770 (1983). Accordingly, Congress established a role for the Equal Employment Opportunity Commission in settling Title VII disputes before a suit may be brought in federal district court. <u>See</u> 42 U.S.C. § 2000e-5(b). When, in 1972, Congress amended Title VII to provide federal employees "the full rights available in the courts as are granted to individuals in the private sector under Title VII," <u>Chandler v. Roudebush,</u> 425 U.S. 840, 841 (1976) (quoting S. Rep. No. 92-415, p. 16 (1971)), the commission's role in dispute resolution was retained. Specifically, Congress enacted § 717(c), which imposes an administrative exhaustion requirement before an aggrieved federal employee may file a civil action in federal district court.

5

See 42 U.S.C. § 2000e-16(c); Brown v. General Services Administration, 425 U.S.
820, 832 (1976). Administrative exhaustion is, therefore, a jurisdictional
requirement to a Title VII action by a federal employee[1]. Brown, 425 U.S. at 833.

In the delicate area of discrimination, "it is particularly important that the
agency develop a record and have the opportunity to exercise its discretion, to apply
its expertise, and, possibly, to discover and correct its own errors." Jordan v. United
States, 522 F.2d 1128, 1132 (8th Cir. 1975). This public policy favoring
investigation and settlement through the administrative process requires the full
cooperation of plaintiffs throughout that process. Plaintiffs who resort to the
administrative process but do not cooperate in the proceedings have been deemed not
to have exhausted their administrative remedies. See Barnes v. Levitt, 118 F.3d 404,
409 (5th Cir. 1997).

In Barnes, the plaintiff, a staff attorney for the Securities Exchange
Commission cooperated throughout a four-month investigation into her informal
complaint, but refused to respond to requests for detailed information into her formal
complaint, on the grounds that "the SEC has had the information for years and
refused to conduct a meaningful investigation and/or do anything to stop it." Id. at
407. Because of inconsistencies between the plaintiff's informal and formal
complaints, the plaintiff's earlier interviews did not provide "information sufficiently

---

[1] FDIC employees are federal employees for the purposes of Title VII. See Matos
v. Hove, 940 F. Supp. 67, 71 n.2 (S.D.N.Y. 1996).

specific to enable the agency to conduct a meaningful investigation." Id. at 410 (quoting Johnson v. Bergland, 614 F.2d 415, 418 (5th Cir. 1980). In finding that the district court lacked jurisdiction to adjudicate the plaintiff's Title VII claims, the Fifth Circuit held that "[c]ooperation in an earlier informal process is not sufficient to satisfy the obligation to exhaust administrative remedies by cooperating in a subsequent formal investigation." 118 F.3d at 410.

In the instant case, it is undisputed that Osborne refused to respond to Johnson's inquiries on May 27, 1997. Nevertheless, Osborne alleges that he "cooperated in good faith with the investigation at every stage." Pl.'s Statement of Facts ¶ 10. Osborne notes that prior to April 7, 1997, he "was very receptive to every call or request made by FDIC's EEO Office and openly related all requested facts."

Osborne's conclusion that he had cooperated in "every stage" of the investigation thus appears to be based on his belief that the "Final Agency Decision" of April 7, 1997, was final with respect to all allegations in his formal complaint. It was not. The decision of April 7, 1997, was filed under Docket No. FDIC 97-10p and clearly stated that only "[t]he dismissed portion has been docketed as FDIC 97-10p." Final Agency Decision at 2. The decision also clearly stated that the remaining allegations were accepted for investigation under the original docket number, FDIC 97-10. Id. Thus, the decision of April 7, 1997, did not mark the end of the investigation into Osborne's formal complaint; indeed, it did not even address the merits of the surviving allegations.

While there are no obvious inconsistencies between Osborne's informal complaint and his formal complaint, the latter adds many imprecise assertions of fact, calling for a far more searching investigation than the former. For example, the formal complaint claims disparate treatment by Schulz in his failure to speak to Osborne or to "provide any relief" regarding Biblin's alleged behavior. See Pl.'s Exh. 6. The formal complaint also alleges that Osborne was treated disparately in the amount of time he was allowed to search for another job. Id. The formal complaint also states that the section where Osborne was reassigned "suffered from a reputation of racism." Id.

Osborne's cooperation with Howze at the informal complaint stage cannot serve to satisfy the exhaustion requirement. See Barnes, 118 F.3d at 410. Moreover, Osborne's duty to cooperate with the investigation of his formal complaint was unaffected by the April 7, 1997, agency decision, because that decision did not address in any way the merits of the surviving claims. See Wade v. Secretary of the Army, 796 F.2d 1369, 1376 (11th Cir. 1986) ("[A] complainant who fails to provide the agency with the information necessary to evaluate the merits of his or her complaint cannot be deemed to have exhausted administrative remedies."). Nothing in the April 7, 1997, decision had the effect of ending the investigation or rendering it "futile." By refusing to cooperate with Johnson, Osborne ensured that the FDIC would be unable to obtain information sufficiently specific to conduct a meaningful investigation of the formal complaint. Accordingly, the court finds that it lacks

8

jurisdiction to adjudicate Osborne's first two claims, and will dismiss them without prejudice.

**B. The Sexual Harassment Claim**

Equal Employment Opportunity Commission regulations provide that a federal employee, prior to filing a Title VII action against his employer, must contact an EEOC counselor within 45 days of the date of the alleged discriminatory event, or the date that he knew or should have known of the discriminatory event. 29 C.F.R. ¶ 1614.105. The time limit must be extended if "despite due diligence he or she was prevented by circumstances beyond his or her control" from contacting the counselor within the 45-day period. Id.

Osborne has offered no support for a finding that he was prevented by circumstances beyond his control from contacting Howze within 45 days of the alleged incidents of sexual harassment.[2] Therefore, the court regards Osborne as subject to the 45-day time limit.

It is undisputed that Osborne's initial contact with counselor Howze was on August 12, 1996. The parties are in dispute, however, as to when the two alleged incidents of sexual harassment may have taken place. The FDIC contends that any

---

[2]Osborne contends that he "did not know and would have no reason to know that he had 45 days to complain of the sexual harassment." Pl.'s Br. at 5. Such ignorance of the law is not a circumstance beyond the control of a member of the bar of this court, and in any case does not warrant equitable tolling of the 45-day period. See Richards v. Mileski, 662 F.2d 65, 71, n.10 (D.C.Cir.1981) (ignorance of the law does not ordinarily toll the statute of limitations).

9

such incidents must have taken place in February, March or April, citing Osborne's

February 12, 1996, memo to Schulz, Pl.'s Exh. 2, and a statement by Pitt that her

discussions with Osborne concerning his problems with Biblin occurred between

February and early April. EEO Counselor's Report, Statement of Loretta Pitt ¶ 6,

Def.'s Exh. 8, at 10.

The date of Osborne's memo to Schulz complaining of Biblin's "tone" is not

conclusive. The memo does not allege sexual harassment, and Osborne does not

offer it in support of his allegations of sexual harassment.[3]

On the other hand, Pitt's statement, taken together with Osborne's formal

complaint to the commission, tends to support the conclusion that any harassment of

Osborne by Biblin took place more than 45 days before August 12, 1996. Placing

Pitt's intervention between Osborne and Biblin between February and early April is

consistent with the reasonable assumption that Osborne's formal complaint generally

refers to events in chronological order. That complaint states that Pitt "placed a

moratorium on communication" between Biblin and Osborne, which Biblin allegedly

broke on the first day that Pitt was absent from the office. Pl.'s Exh. 6. The first

alleged incident of sexual harassment occurred "a couple of days later." Id. The

---

[3]Osborne's February 12, 1996, memo to Schulz alleged an incident in which
Biblin said, "I am not breathing down your neck and if I were you would know it
because I would leave my footprints all over your back," Pl.'s Exh. 2, but Osborne
contends that the memo contained no allegations of sexual harassment and none
had taken place as of February 12. On the FDIC's motion for summary judgment,
the court infers that Osborne does not allege that this incident amounted to sexual
harassment.

10

other alleged incident, which took place "on another occasion," is described next, followed by an account of Osborne's meeting "in June" with "another supervisor, Bob Clark," during which Osborne stated he had "less than 90 days" remaining on his contract. Id.

Had any incidents of sexual harassment taken place before a meeting "in June" but within 45 days of August 12, 1996, they would have to have occurred on June 28, 1996, the last working day of the month.[4] By implication, the meeting with Bob Clark would also have to have taken place on that same day. There is no mention in the pleadings of such events being so contemporaneous. Moreover, on June 28, there were 55 days remaining on Osborne's contract. It would seem more natural for Osborne, in stressing that other similarly situated employees were being allowed more time to search for jobs, to have estimated the time remaining as "less than 60 days" rather than as "less than 90 days."

In summary, Pitt's statement, when read together with Osborne's formal complaint, tends to undermine the possibility that Osborne met the 45-day requirement. The court therefore finds that the FDIC has satisfied its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact concerning whether the alleged acts of sexual harassment took place more than 45 days before August 12, 1996.

---

[4]June 29, 1996 was a Saturday and June 30, 1996, was a Sunday.

The Final Agency Decision concluded from Osborne's formal complaint that the alleged incidents of sexual harassment took place in February, March, and early April 1996. Final Agency Decision at 2. In his complaint to this court, Osborne never challenged this factual finding, even though it was the basis for the dismissal of Osborne's sexual harassment claim. In response to the motion for summary judgment, Osborne's only factual contention regarding the dates of the alleged incidents is "that he did not know exactly what date the actions occurred and . . . that it could have been as late as summer 1996." Pl.'s Resp. at 5. This unsupported statement is not significantly probative and does not raise a genuine issue of material fact. See Anderson, 477 U.S. at 256 (nonmoving party "may not rest upon mere allegations or denials of [the movant's] pleading"). The court will therefore grant summary judgment in favor of the FDIC on Osborne's sexual harassment claim.

## IV. CONCLUSION

For the foregoing reasons, the FDIC's motion to dismiss or, in the alternative, for summary judgment will be granted. An appropriate order accompanies this memorandum.

Dated: _1/11/99_

_/Henry Kennedy, Jr._
Henry H. Kennedy. Jr.
United States District Judge

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CALVIN L. OSBORNE,
                              Plaintiff,

                    v.

ANDREW HOVE, as Chairman, Federal
Deposit Insurance Corporation,
                              Defendant.

Civil Action 97-1630 (HHK)

**F I L E D**

JAN 1 1 1999

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**ORDER AND JUDGMENT**

Pursuant to Fed. R. Civ. P. 58 and for the reasons stated by the court in its
memorandum docketed this same day, it is this 11th day of January, 1999, hereby

**ORDERED and ADJUDGED** that judgment is entered in favor of the
defendant; and it is further

**ORDERED and ADJUDGED** that the complaint in this case is dismissed.

Henry H. Kennedy, Jr.
United States District Judge

15

# EXHIBIT    59

Order, dated July 7, 1993

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARA S. LEE, | |
| Plaintiff, | |
| v. | |
| CARL V. D'ALESSANDRO, ASSOCIATE DIRECTOR, BUREAU OF ENGRAVING AND PRINTING, et al., | |
| Defendants. | |
| CLARA S. LEE, | |
| Plaintiff, | |
| v. | |
| JAMES L. WITT, DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY, et al., | |
| Defendants. | |



Civil Action No. 92-1505

**FILED**

JUL 7 - 1993

Clerk, U.S. District Court
District of Columbia

Civil Action No. 92-1636

<u>ORDER</u>

Upon consideration of plaintiff's Petition for Reconsideration, defendants' opposition thereto, and the Court finding no basis upon which to reconsider its May 4, 1993 Order dismissing these actions, it is

ORDERED that plaintiff's petition is DENIED.

_7/7/93_
Date

_____
GEORGE H. REVERCOMB
United States District Judge

Copies to:

Clara S. Lee
11246B Snowflake Court
Columbia, MD 21044

W. Mark Nebeker
Assistant U.S. Attorney
555 Fourth Street, N.W.
Room 4828
Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

**MAY 04 1993**

Clerk, U.S. District Court
District of Columbia

| | |
|---|---|
| CLARA S. LEE,        Plaintiff, <br><br> v. <br><br> LLOYD BENTSEN, SECRETARY OF THE TREASURY,[1]       Defendant. | Civil Action No. 87-977 |
| CLARA S. LEE,        Plaintiff, <br><br> v. <br><br> CARL V. D'ALESSANDRO, ASSOCIATE DIRECTOR, BUREAU OF ENGRAVING AND PRINTING, et al.,       Defendants. | Civil Action No. 92-1505 |
| CLARA S. LEE,        Plaintiff, <br><br> v. <br><br> WALLACE E. STICKNEY, DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY, et al.,       Defendants. | Civil Action No. 92-1636 |

<u>ORDER</u>

These are three related cases, in which plaintiff appears <u>pro se</u>, and which the Court hereby consolidates for purposes of ruling on pending motions. Before the Court are three motions: (1) defendant's Motion for Entry of Final Judgment in Action 87-977; (2) defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment in Action 92-1505; and (3) defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment in

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Lloyd Bentsen is substituted for Nicholas F. Brady as defendant.



Action 92-1636. All motions have been fully briefed, and a consolidated hearing, at which oral argument was heard, took place on February 24, 1993.

## I.  Background

All of these cases arise from alleged discriminatory or retaliatory behavior directed toward plaintiff during her employment at two federal agencies, the Bureau of Engraving and Printing ("BEP") and the Federal Emergency Management Agency ("FEMA").

### A.  Lee v. Bentsen

In July 1989 the Court entered judgment for plaintiff in Action 87-977 and ordered relief in the form of backpay pursuant to 5 U.S.C. § 5596, interest and attorneys' fees.  Lee v. Brady, No. 87-977 (D.D.C. July 13, 1989), aff'd sub nom. Lee v. Baker, No. 90-5324 (D.C. Cir. Mar. 17, 1992). The award of backpay has been satisfied, but a dispute remains over the amount of interest owed to plaintiff. Further, plaintiff is hesitant to accept payment in satisfaction of all outstanding claims in the case while her other related actions remain pending, so in addition to the dispute over the amount of interest owing, resolution of the merits of Actions 92-1505 and 92-1636 is necessary before plaintiff will consent to any final judgement in Action 87-977. Payment of attorneys' fees also awaits resolution of the interest dispute.

2

B.  Lee v. D'Alessandro

Action 92-1505 is actually three actions that have been
consolidated:  Lee v. D'Alessandro, No. 92-1505; Lee v. Daly, No.
92-1537 (dismissed by Order of November 19, 1992, per agreement
of parties that claims raised therein would be deemed raised in
Action 92-1505); and Lee v. Baker, No. 92-1538 (same).  See Lee
v. Stickney, No. 92-1636 (D.D.C. Sept. 4, 1992) (order noting
agreement of parties that Actions 92-1505, 92-1537 and 92-1538
should be consolidated into single action).

The original complaint in Action 92-1505 named only Carl V.
D'Alessandro as defendant, based jurisdiction on diversity of
citizenship, and sought $500,000 in relief for certain allegedly
false statements made by defendant about plaintiff at a Merit
Systems Protection Board hearing on July 25, 1991, to wit, that
plaintiff was "living in sin with a Bureau of Engraving and
Printing employee [defendant] had fired."  Compl. (92-1505) at
¶ 4.  The complaint in Action 92-1537 accused three officials of
BEP, Peter H. Daly, Milton J. Seidel and George L. Shue, of
"deliberate procrastination and unnecessary litigation" and seeks
damages in the amount of $3 million.  Compl. (92-1537) at ¶ 4.
The complaint in Action 92-1538 seeks $1 million dollars in
damages and makes essentially identical accusations as in Action
92-1537, only this time against the Secretary of State and the
Secretary of the Treasury.  Peter Daly also is named for a second
time in Action 92-1538.  All three of these complaints arise out
of plaintiff's earlier discrimination case, Action 87-977, and

3

challenge either actions or statements made by plaintiff's adversaries in the course of that litigation.

In October 1992 plaintiff filed an amended complaint in Action 92-1505, which named all defendants sued in Actions 92-1505 (the original complaint), 92-1537, and 92-1538.[2] The amended complaint, entitled "CONTEMPT OF COURT ORDERS AND RETALIATION," reasserts the claims described above. In addition, the complaint, which seeks to enjoin defendants from further similar behavior and a total of $4.5 million in damages, summarizes the wrongs alleged by plaintiff as follows:

> a) bifurcating the payment to her of the interest on back pay award; b) unnecessarily appealing this portion of the case to the United States Court of Appeals for the District of Columbia Circuit; c) filing numerous requests for extensions of time, and d) using irrelevant reasons to keep this portion of the case before the U.S. Court of Appeals.

Am. Compl. (92-1505) at ¶ 1.

C.  Lee v. Stickney

Action 92-1636 sues Wallace E. Stickney, the director of FEMA and four officials of FEMA's Office of Human Resources Management, including Adell Betts, the chief of the Division of Equal Opportunity. By agreement of the parties and Court order, this action is based solely on Title VII of the Civil Rights Act

---

[2] The amended complaint indicates that the Secretary of State and the Secretary of the Treasury are sued in their official capacity. All other defendants are sued in both their official and unofficial capacities. Am. Compl. (92-1505) at ¶ 8.

4

of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>  <u>Lee v. Stickney</u>,
No. 92-1636 (D.D.C. Sept. 4, 1992).

Apparently, after plaintiff's discharge from BEP, for which
she won relief in Action 87-977, plaintiff was hired, first on a
temporary basis and then permanently, by FEMA.  Compl. (92-1636)
at ¶ 4.  This action stems out of an "informal EEO Complaint
based on continuous discrimination" filed after plaintiff
"received a lowered performance rating at FEMA."  <u>Id.</u>  The heart
of the complaint, however, does not concern the substantive
discrimination claims raised by plaintiff.  Rather, plaintiff
alleges procedural irregularities in the handling of her
complaint.

Plaintiff filed an informal EEO complaint on October 16,
1991, and, after receiving "the EEO Counselor's notice of final
interview," a formal EEO complaint on December 16, 1991.  Pl.'s
Mem. in Opp'n to Def.'s Mot. to Dismiss at ¶ 2 [hereinafter
"Pl.'s Mem."].  On March 25, 1992, Thomas R. McQuillan, Executive
Director of Management Services at FEMA issued a letter informing
plaintiff that certain claims raised in her formal complaint were
accepted for further investigation while other claims were
rejected.  <u>See</u> Compl. (92-1636) Ex. I, at 1 (letter from
McQuillan to Lee dated Mar. 25, 1992).  Mr. McQuillan expressly
informed plaintiff:

> This is a final agency decision with respect
> to the rejected portions of your complaint.
> If you are dissatisfied with this final
> decision, you may file an appeal with the
> Equal Employment Opportunity Commission
> within 20 calendar days of the receipt of

5

> this decision.  The 20-day period for filing
> an appeal begins on the day after the date of
> receipt of this decision.
>
> . . . .
>
> In lieu of an appeal to EEOC, a civil action
> may be filed in an appropriate U.S. District
> Court within 30 calendar days of receipt of
> this decision.

Id. Ex. I, at 3-4.

Plaintiff acknowledges receiving Mr. McQuillan's letter on
April 8, 1992.  Pl.'s Mem. at ¶ 4.  Instead of lodging an appeal
with the EEOC or filing an action in district court, though,
plaintiff responded to the final agency decision regarding her
rejected claims by sending a letter to defendant Adell Betts,
stating:  "Procedural irregularities and misrepresentations in
the EEO Counselor's Report have distorted the facts and
apparently led to the Agency's final decision which I cannot
accept."  Compl. (92-1636) Ex. J, at 1 (letter from Lee to Betts
dated Apr. 25, 1992).

Ms. Betts replied to plaintiff's letter three days later,
informing plaintiff:  "As indicated in the Agency's decision
letter (dated March 25, 1992), if you are dissatisfied with this
final decision, you must appeal with the Equal Employment
Opportunity Commission within 20 calendar days of the receipt of
the decision.  Your appeal cannot be accepted by the Agency.  Id.
Ex. K, at 1 (letter from Betts to Lee dated Apr. 28, 1992).  This
message was iterated in May 1992:

> In the March 25, 1992 decision letter you
> were informed of the issues in your complaint
> which have been accepted and those which have

6

been rejected.  That letter also informed you of your right to appeal to the Equal Employment Opportunity Commission (EEOC) the Agency's decision on those issues which were rejected.  You were again advised of your appeal rights in my April 28, 1992, letter to you.  I have not received any notification that you have exercised this appeal right. Even if you have filed an appeal with EEOC, we must go ahead with the investigation of those issues that have been accepted.  If you prevail on appeal, the remaining issues will be covered in a supplemental investigation.

Id. Ex. L, at 1 (letter from Betts to Lee dated May 15, 1992).

Despite being thrice informed as to her appeal rights, plaintiff did not pursue an appeal of FEMA's final agency action with regard to her rejected claims until the instant case was filed on July 13, 1992, ninety-six days after she received notice of final agency action.

As for those claims not rejected by FEMA on March 25, 1992, the investigation never got off the ground.  Plaintiff never met with the EEO investigator assigned to her case, Alexander Faison, because of what plaintiff terms a "conflict-of-interest issue." Id. Ex. M (letter from Lee to Betts dated May 26, 1992). Plaintiff describes the issue as follows:  "Mr. Faison is a former agency employee.  As Position Classification Specialist, I reviewed his job description and as Employee Development Specialist counseled his former subordinate employee (Upward Mobility Program), i.e. we have past professional history." Id.

FEMA responded to plaintiff's concerns about a conflict of interest by letter dated June 22, 1992, stating, "the mere fact that you have past professional history is not sufficient to

7

establish a conflict of interest and, therefore, withdraw [Mr.

Faison's] contract on your case." Id. Ex. N, at 2 (letter from

Betts to Lee dated June 22, 1992).  FEMA's response concluded

with the following warning:

> In accordance with 29 CFR 1613.215(a)(6) you
> are hereby issued notice that your complaint
> will be cancelled for failure to prosecute
> because you will not go forward with the
> investigation.  This decision is based on the
> fact that in spite of our efforts to
> accommodate your concerns, you have not
> proceeded with the investigation after
> several requests.  Specifically, your
> complaint was assigned for investigation on
> April 20, 1992.  By letter dated May 1, 1992,
> Mr. Faison indicated that he had contacted
> you three times to pursue the investigation.
> My letter to you, dated May 15, 1992, again
> requested that you set up an interview with
> Mr. Faison by May 22, 1992.  You have 15
> calendar days from receipt of this notice to
> schedule an interview with Mr. Faison to take
> your affidavit and to begin investigating
> your complaint. . . . If you fail to schedule
> this interview within the 15-day timeframe
> your complaint will be cancelled.

Id.  Despite the conclusion and warning issued by FEMA, plaintiff

did not arrange an interview with Mr. Faison.  Instead, plaintiff

filed this action on July 13, 1992.  Her EEO complaint was

cancelled for failure to prosecute on August 6, 1992.  Pl.'s Mem.

Ex. 10 (letter from Stickney to Lee dated Aug. 6, 1992).

8

### Discussion

The legal resolution of these three actions, as it happens, is far less complicated than their factual presentation.[3] For example, on the facts as set forth by plaintiff, it is clear that under no legal theory may she proceed with her discrimination claim in Action 92-1636.

As for the claims rejected by FEMA for investigation, plaintiff failed to comply with the deadlines prescribed by 42 U.S.C. § 2000e-16(c) by waiting ninety-six days after notice of final agency action before filing her appeal in this case.[4] Absent some basis for the equitable tolling of Title VII's deadlines, the Court must dismiss the complaint. Irwin v.

---

[3] Procedurally, the Court notes that it treats the motions before it in Actions 92-1505 and 92-1636 as motions to dismiss. Accordingly, "the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 304 (2d ed. 1990); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Shear v. National Rifle Ass'n, 606 F.2d 1251, 1253 (D.C. Cir. 1979). The Court's inquiry essentially is limited to the content of the complaint, although items appearing in the record of the case also may be taken into account. While the Court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory, as a practical matter, a dismissal is appropriate in cases "in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Wright & Miller, supra, § 1357, at 344.

[4] The Court notes that its conclusion is not altered by the Civil Rights Act of 1991, Pub. L. No. 102-166, § 114(1), 105 Stat. 1079 (codified at 42 U.S.C. § 2000e-16(c), which increased the time in which an aggrieved employee can appeal a final agency action from within thirty days of receipt of notice of final action to within ninety days. Under the former version of the statute, plaintiff's complaint was sixty-six days late; under the amended statute the complaint was six days late.

- 9

Veterans Admin., 498 U.S. 89, 92, 95-96 (1990) (Title VII appeal filed fourteen days late held properly dismissed).

Plaintiff does not assert any equitable basis for tolling the appeal deadline, nor could she with credibility on the basis of the facts as set forth in her complaint. Plaintiff has an extensive, and successful, history in prosecuting Title VII claims on her own behalf. Action 97-977, considered herein, illustrates this point. Further, plaintiff was notified in writing of appeal procedures no less than three times, but refused to timely follow the advice she received. "Federal courts have typically extended equitable relief only sparingly," id. at 96, and in this case, the Court finds no justification whatsoever for tolling the deadline requirement.

As for the claims accepted for investigation by FEMA, plaintiff fares no better. By failing to meet with the EEO investigator assigned to her case, plaintiff prevented completion of the investigation of her claims. Thus, plaintiff failed to exhaust her administrative remedy, and that fact precludes her from seeking redress in this Court. See, e.g., Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 772 (9th Cir. 1991) ("[A]n administrative exhaustion rule is meaningless if claimants may impede and abandon the administrative process and yet still be heard in the federal courts.").[5]  In sum, because

---

[5] Even if plaintiff was correct that a conflict of interest was present, that issue could have been raised on appeal following a final, adverse agency action. Instead, plaintiff gave FEMA no opportunity to reach any final conclusion, adverse or otherwise.

10

plaintiff failed to comply with the procedural requirements imposed by Title VII, Action 92-1636 must be dismissed.

Action 92-1505 also must be dismissed on the facts as presented by plaintiff. The defendants sued in an individual capacity are immune from liability for two reasons: (1) they were performing discretionary functions—testifying at a Merit Systems Protection Board hearing and determining litigation strategy; and (2) there is no allegation that they violated any statutory or constitutional right of the plaintiff. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

To the extent that plaintiff seeks to recover monetary damages against the government for common law torts, her action is governed by the Federal Tort Claims Act ("FTCA"), as amended, 28 U.S.C. §§ 2671-2680. The requirements of the Act itself preclude plaintiff's suit. "[T]he exclusive remedy for common law tort claims is an action against the United States rather than against the individuals or particular governmental agencies." Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). Plaintiff's failure to sue the United States government justifies dismissal of the case as against all defendants named in an official capacity. Id. at 1316-17. Moreover, the specific claims made by plaintiff—presumably slander and abuse of process—are explicitly excluded from the waiver of sovereign immunity in the FTCA. 28 U.S.C. § 2680(h).

Finally, and fundamentally, the facts set forth in the amended complaint in Action 92-1505 simply do not state a

cognizable claim under any legal theory known to the Court. The
claim of slander is barred by defendant D'Alessandro's immunity
and is not cognizable under the FTCA. The allegation of
"deliberate procrastination and unnecessary litigation," Compl.
(92-1537) at ¶ 4, without more, fails to state a cause of action
under any circumstance. The Court observes that the various
complaints now consolidated into Action 92-1505 are couched in
terms of "Contempt of Court Order." See, e.g., Am. Compl. (92-
1505) at ¶ 9.[6] To the extent plaintiff is merely trying to
relitigate Action 87-977, her claims are barred by the doctrines
of res judicata and collateral estoppel. See Allen v. McCurry,
449 U.S. 90, 94 (1980).

Because the Court will today dismiss Actions 92-1505 and 92-
1636, one of the two obstacles to resolving the interest dispute
in Action 87-977 will be removed. The amount of interest owing
remains in dispute, however, and the Court cannot resolve the
issue with the information before it. The government's most
recent calculation of interest owed to plaintiff expired March
31, 1993. See Mem. of P. & A. in Supp. of Def.'s Mot. for Entry
of Final J. at 2 n.2. Therefore, the Court will deny defendant's
motion for entry of final judgment without prejudice to refile
the motion once interest has been recalculated. The Court
expresses its hope that the parties may decide to work out an

---

[6] The amended complaint in Action 92-1505 invokes this
Court's jurisdiction with an apparent reference to Action 87-977:
"[T]hese claims constitute a continuation of a matter adjudicated
before this Court and not settled as ordered by the Court." Am
Compl. (92-1505) at ¶ 5.

12

agreeable solution on their own without further resort to
judicial intervention.

On the basis of the foregoing factual presentation and legal
analysis, it is

ORDE ED that defendant's Motion for Entry of Final Judgment
in Action 87-977 is DENIED WITHOUT PREJUDICE to refile upon
recalculating current interest owed to plaintiff; and it is

FURTHER ORDERED that defendants' Motion to Dismiss or, in
the Alternative, for Summary Judgment in Action 92-1505 is
GRANTED; Action 92-1505 is DISMISSED; and it is

FURTHER ORDERED that defendants' Motion to Dismiss or, in
the Alternative, for Summary Judgment in Action 92-1636 is
GRANTED; Action 92-1636 is DISMISSED.

5/4/93
_____
Date

_____
GEORGE H. REVERCOMB
United States District Judge

Copies to:

Clara S. Lee
11246B Snowflake Court
Columbia, MD 21044

Dianne M. Sullivan
Assistant U.S. Attorney
555 Fourth Street, N.W.
Room 4820
Warhington, D.C. 20001

13

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 93-5251**                    **September Term, 1993**

92cv01636

Clara S. Lee,

        **Appellant**

       **v.**

James L. Witt, Director of the
Federal Emergency Management
Agency, <u>et al</u>.,

    **93-5253**

Clara S. Lee,

        **Appellant**

       **v.**

Lloyd E. Bentsen, Secretary of the
 Treasury, <u>et al</u>.

                      States Court of App-
                For the District of Columbia Circuit

            FILED FEB 28 1994

              RON GARVIN
                CLERK

92cv01505

    **BEFORE:**   Edwards, Buckley and Sentelle, Circuit Judges

---

## O R D E R

    Upon consideration of appellant's motions for summary affirmance, construed as motions for summary reversal; appellees' oppositions thereto and motions for summary affirmance; the court's orders to show cause filed November 5, 1993; and appellant's responses thereto and motions for summary reversal' it is

    **ORDERED** that the orders to show cause be discharged.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 93-5251                            September Term, 1993

**FURTHER ORDERED** that appellees' motions for summary affirmance be granted. Appellant's notice of appeal, filed August 2, 1993, was timely only as to the district court's order filed July 7, 1993, denying appellant's petition for reconsideration. See Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991) (post-judgment motion filed later than ten days after entry of judgment considered under Fed. R. Civ. P. 60(b), does not toll time for appeal), cert. denied, 112 S. Ct. 1578 (1992). Consequently, only that order, and not the district court's May 4, 1993, order dismissing her actions, is before this court. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). As appellant's petition offered no grounds warranting reconsideration of the district court's prior order, the court did not abuse its discretion, see id.; Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1988), in denying the petition. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C. Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is

**FURTHER ORDERED** that the motions for summary reversal be denied.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41. The Clerk is further directed to file a copy of this order in both Docket Nos. 93-5251 and 93-5253.

**Per Curiam**

-2-

# EXHIBIT   60

Memorandum For the Record, dated November 21, 2005

MEMORANDUM FOR THE RECORD

A copy of the original request for information was apparently not filed by the administrative staff. However, USPS Form 3811 was sent to the Complainant's attorney, Mr. Johnson, and was signed for on September 16, 2005.  I have included an unsigned copy of the letter that was sent to the attorney.

Also, I spoke with the attorney, Mr. Johnson (after I initiated a phone call as to whereabouts of the response to the request for information), during the afternoon of November 9, 2005. He indicated that he would fax a response later that day to 202-482-5375. He said that we would probably receive something after business hours.

On November 15, 2005, and not having received anything from Mr. Johnson, I left Mr. Johnson a message at 2:00 PM regarding the status of the response to the request for information. I have not heard back from Mr. Johnson.

*[signature] Paul Skodak*

*11/21/05*

*4:10 PM*

**UNITED STATES DEPARTMENT OF COMMERCE**
**Chief Financial Officer**
**Assistant Secretary for Administration**
Washington, D.C. 20230

Nathaniel Johnson
3195 Old Washington Road
Waldorf, MD 20602

Complaint Number: 05-54-00161

Dear Mr. Johnson:

This refers to the complaint of discrimination filed by Gerald Grossman on June 29, 2005. Before we can continue processing this complaint, we need further information in order to determine whether this complaint meets procedural prerequisites.

Please have Mr. Grossman answer the following questions in as much detail as he can. At a minimum, please specify the month and year in which each action took place.

1. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0015, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

2. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number NWS-NCEP-2005-0017, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

3. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04122-GCM, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

4. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04121-GCM, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

5. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04102-GCM, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

6. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04101-GCM please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

7. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04134-GCM, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

8. With respect to the position of Meteorologist, as advertised under Vacancy Announcement Number H-NWS-04134-GCM, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

9. With respect to the position of Senior Forecaster, as advertised under Vacancy Announcement Number NOS-CCOS-2004-0015please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

10. With respect to the position of Senior Forecaster, as advertised under Vacancy Announcement Number C-NWSC-04085TMP, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

11. With respect to the position of General Forecaster, as advertised under Vacancy Announcement Number WS-4090801-12please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

12. With respect to the position of General Forecaster, as advertised under Vacancy Announcement Number EWS-4090802-12.S, please note:

a) the date (or approximate date) the selection was made
b) the date (or approximate date) that you learned of your non-selection
c) how you learned of your non-selection (notification by e-mail, letter, phone call, etc.)

Please respond within **15 calendar days** of your receipt of this letter. Your answers may be typed or legibly handwritten. If you do not respond within that time period, or if your response does not address our requests for information, we may dismiss those claims, as permitted by EEOC regulations at 29 C.F.R. § 1614.107(a)(7) (1999).

You may respond to me at:

Susan Thomas
Acting Chief, Program Implementation Division
Office of Civil Rights, Room 6012
Washington, DC 20230

Sincerely,

Susan E. Thomas
Acting Chief, Program Implementation Division
Office of Civil Rights

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X ☐ Agent ☐ Addressee |
| | B. Received by (*Printed Name*)    C. Date of Delivery 9/16/05 |
| | D. Is delivery address different from item 1? ☐ Yes delivery address below: ☐ No |
| | ☐ Certified Mail  ☐ Express Mail ☐ Registered  ☐ Return Receipt for Merchandise ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number (*Transfer from service label*) | |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |