UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF GERALD GROSSMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARLOS M. GUTIERREZ, Secretary, ) <br> U.S. Department of Commerce, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 07-0353 (JR) |

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to the above-captioned action, the Estate of Gerald Grossman ("Plaintiff") and Carlos M. Gutierrez, Secretary, United States Department of Commerce, in his official capacity, ("Defendant") (collectively, the "Parties"), hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, Plaintiff and Defendant unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action. Plaintiff agrees to accept the terms set forth herein in full satisfaction and settlement of any and all claims, demands, rights and causes of action of any nature based upon, arising from, or related to Mr. Grossman's applications for employment with Defendant, including but not limited to any and all claims Plaintiff asserted or could have asserted in the above-styled action, based upon acts or events occurring up to the date this Stipulation is filed with the Court.

2. The Defendant shall, subject to the conditions and limitations set forth herein, pay the

gross amount of Seven Thousand Dollars ($7,000.00), inclusive of all attorney's fees, costs and expenses in full and final settlement of the above-styled action and any and all claims that were, could or should have been brought as of the date of the filing of this Stipulation by the Court. The payment of the foregoing sum shall be made by wire transfer to Plaintiff's bank account. Counsel for the defendant agrees that, upon receiving all necessary payment information from Plaintiff and the Court's entry of the Order, it will take all reasonable steps to ensure timely payment. The Parties understand that Plaintiff shall be responsible for any tax liabilities arising from payments made pursuant to this agreement.

3. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in the above-styled action, including (but not limited to) all claims of violations of the Age Discrimination in Employment Act, as amended, and all claims for damages or equitable relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation, including pecuniary and non-pecuniary damages, medical expenses and other tangible and intangible losses.

4. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or un-asserted, against the Defendant and/or its agents, servants or employees, past or present, that arose as a result of Mr. Grossman's applications for employment or other contacts he or Plaintiff had with the Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. Such waived, released, discharged, and abandoned claims include, but are not limited to, the above-styled litigation and any other claims arising out of the events involved in said litigation or claims arising from Mr. Grossman's

applications for employment or his or Plaintiff's other contacts with Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. This Stipulation shall also include all Mr. Grossman's or Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised, or that could have been raised, in this action, except as otherwise specified above.

5. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the same claims or issues raised in the above-styled action or Mr. Grossman's applications for employment or other contacts he or Plaintiff had with Defendant of which they knew or should have known as of the date on which this Stipulation is signed.

6. The representative of the Estate acknowledges that he has read this entire Stipulation and that he understands all of its terms and conditions. The representative of the Estate acknowledges that his attorney has reviewed and explained the provisions of this Stipulation to his satisfaction and that Defendant has provided reasonable and sufficient time for this purpose. Pursuant to 29 U.S.C. § 626(f)(2), the representative of the Estate understands that by executing this Agreement, he is relinquishing any rights or claims which arose or could have arisen under 29 U.S.C. § 633a (the "Age Discrimination in Employment Act" or "ADEA") and the Older Workers' Benefit Protection Act ("OWBPA"). Plaintiff does not waive rights or claims which may arise after this waiver is executed; he understands and agrees that he is waiving these rights and claims only in exchange for consideration in addition to anything of value which he is

already entitled; he agrees that he is hereby being advised by the Defendant, in writing, to consult with an attorney prior to executing this Stipulation; and he agrees that he has been provided a reasonable period of time in which to consider this Stipulation prior to executing it.

7. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees, past or present, violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever. This Stipulation of Settlement is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

8. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

9. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors and assigns.

10. The Parties agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

11. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the Parties.

12. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

09/19/2005  22:15                                                                                          #0280 P

13. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein, and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

14. This Stipulation of Settlement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

15. The individuals signing this Agreement on behalf of the Estate of Gerald Grossman represent and warrant that they are authorized by the Estate to execute this Agreement and that they fully represent any interests in this matter held by Mr. Grossman or his Estate. The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

_____  4/11/08
THE ESTATE OF GERALD GROSSMAN
Plaintiff

JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney

RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4226
Washington, D.C. 20530

_____
NATHANIEL D. JOHNSON
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

13. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

14. This Stipulation of Settlement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

15. The individuals signing this Agreement on behalf of the Estate of Gerald Grossman represent and warrant that they are authorized by the Estate to execute this Agreement and that they fully represent any interests in this matter held by Mr. Grossman or his Estate. The United States signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

_____
THE ESTATE OF GERALD GROSSMAN
Plaintiff

_____
NATHANIEL D. JOHNSON
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road
Suite 200
Waldorf, MD 20602

_____
JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4226
Washington, D.C. 20530

Upon consideration of the foregoing settlement agreement and stipulation, this matter is hereby dismissed with prejudice on this _____ day of _____, 2008.

SO ORDERED.

_____
HONORABLE JAMES ROBERTSON,
UNITED STATES DISTRICT JUDGE